IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*, | § § § | |
| Plaintiffs, | § § | Civil Action No. 4:21-01074-P |
| v. | § § | |
| UNITED AIRLINES, INC., | § § | |
| Defendant. | § § | |

**DEFENDANT'S PARTIAL MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND BRIEF IN SUPPORT**

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................ 1

STATEMENT OF RELEVANT FACTS ..................................................................................... 1

DISCUSSION ................................................................................................................................ 2

      A.      United Is Not Subject to General Jurisdiction in This Court ................................. 2

      B.      United Is Not Subject to Specific Jurisdiction With Respect To Absent Putative Class Members Whose Claims Are Not Connected To Texas ................ 3

CONCLUSION ............................................................................................................................. 9

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Agher v. Envoy Air Inc.*,
   No. CV 18-6753-R, 2018 WL 6444888 (C.D. Cal. Oct. 12, 2018) .......................................... 3

*Amchem Prod., Inc. v. Windsor*,
   521 U.S. 591 (1997) ............................................................................................................... 8

*Bassett v. Sinterloy Corp.*,
   No. 01 C 3141, 2002 WL 1888477 (N.D. Ill. Aug. 15, 2002) ................................................ 7

*BNSF Ry. Co. v. Tyrrell*,
   137 S. Ct. 1549 (2017) ........................................................................................................... 2

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*,
   137 S. Ct. 1773 (2017) .................................................................................................. passim

*Canaday v. Anthem Co.*,
   9 F.4th 392 (6th Cir. 2021) .................................................................................................... 7

*Coffey v. Mesa Airlines Inc.*,
   No. CV 18-3688-DMG, 2019 WL 4492952 (C.D. Cal. Apr. 15, 2019) ................................. 6

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ............................................................................................................... 2

*Hardin v. United Airlines, Inc.*,
   No. H-20-3893, 2021 WL 3771768 (S.D. Tex. July 15, 2021) .......................................... 3, 6

*King v. Enter. Leasing Co. of DFW*,
   No. 3:05-CV-0026-D, 2006 WL 784885 (N.D. Tex. Mar. 28, 2006) ..................................... 7

*Martinez v. Tyson Foods, Inc.*,
   No. 4:20-cv-00528-P, 2021 WL 1289898 (N.D. Tex. Apr. 7, 2021) (Pittman,
   J.) ................................................................................................................................. passim

*Molock v. Whole Foods Mkt. Grp., Inc.*,
   952 F.3d 293 (D.C. Cir. 2020) ............................................................................................... 8

*Monkton Ins. Servs., Ltd. v. Ritter*,
  768 F.3d 429 (5th Cir. 2014) ...................................................................................3, 5

*Mussat v. IQVIA, Inc.*,
  953 F.3d 441 (7th Cir. 2020) ..........................................................................................8

*Stacker v. Intellisource, LLC*,
  No. 20-2581-JWB, 2021 WL 2646444 (D. Kan. June 28, 2021) ...............................8

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021).................................................................................................8

*Victor Elias Photography, LLC v. Leonardo Worldwide Corp.*,
  No. H-18-2142, 2019 WL 3713724 (S.D. Tex. Jan. 25, 2019)...................................3

*Walden v. Fiore*,
  571 U.S. 277 (2014)....................................................................................................5

*Williams v. NIBCO, Inc.*,
  No. SA-20-CV-0048-JKP-RBF, 2021 WL 1069044 (W.D. Tex. Mar. 18,
  2021) ...........................................................................................................................4

**STATUTES**

28 U.S.C. § 1332............................................................................................................8

42 U.S.C. § 2000e-5...................................................................................................4, 5

NOW COMES Defendant, United Airlines, Inc. ("United") and moves for partial dismissal, for lack of personal jurisdiction, pursuant to Rule 12(b)(2).[1]

## INTRODUCTION

This putative nationwide class action—which would have implications for United's 68,000 domestic active employees located in airports across the country and United's corporate headquarters in Chicago, Illinois—cannot be brought in the Northern District of Texas. The case cannot proceed in this forum on behalf of a nationwide putative class because the Court lacks personal jurisdiction over United for purposes of out-of-state putative class members. Even if plaintiffs could ultimately satisfy Rule 23 and obtain class action certification—and they cannot— the claims of any putative class members that are not connected to Texas, as well as any analogous claims by named plaintiffs (including Seth Adam Turnbough), should be dismissed now for lack of personal jurisdiction.

## STATEMENT OF RELEVANT FACTS

United employs 68,000 domestic active employees and has the most comprehensive route network among North American carriers. App. 1 ¶¶ 2, 5. It has its principal place of business and headquarters in Chicago, Illinois, where its senior leadership team manages its worldwide operations. *Id.* 1-2 ¶¶ 3, 4, 6. It is incorporated in Delaware. *Id.* 1 ¶ 3.

Like other large carriers, United operates its aircrafts from airports across the country and operates hubs at seven airports throughout the United States, only one of which is in Texas: Chicago-O'Hare, Denver, Houston, Los Angeles, Newark, San Francisco and Dulles. *Id.* 2 ¶ 7. United operates over 600 individual aircrafts and approximately 1,800 flights every day; of those,

---

[1] United also brings this motion pursuant Rule 12(f), to the extent a motion to strike is the appropriate method to contest personal jurisdiction over the putative class members' claims that are not connected to Texas.

only 27% begin or end at an airport in Texas. *Id.* 2 ¶ 6.  Only 16% of United's over 60,000 U.S. workforce are employed in Texas. *Id.* 3 ¶ 10.

United does not operate a hub at the Dallas Fort Worth Airport (DFW); instead, its Texas hub is in Houston at the George Bush Intercontinental Airport. *Id.* 3 ¶ 9.  Only 160 United employees are based out of DFW, and no flight attendants or pilots are based out of DFW. *Id.* There are only approximately 30 United flights in and out of DFW each day. *Id.* Relative to United's other operations DFW accounts for less than 2% of all United mainline flights. *Id.*

Plaintiffs—six United employees (one who lives in Illinois and five in Texas)—filed suit here in the Northern District of Texas to challenge United's vaccine policy under Title VII and the Americans with Disabilities Act (ADA).  Plaintiffs ask the Court for an injunction (on behalf of an as-yet uncertified putative class action) that would apply nationwide to *all* United employees who have requested religious or medical accommodations from United's vaccine policy.

## DISCUSSION

**The Court Lacks Personal Jurisdiction As To Putative Class Members Whose Claims Are Not Connected To Texas.**

When a nonresident defendant objects to "personal jurisdiction, the plaintiff bears the burden of establishing that in personam jurisdiction exists." *Martinez v. Tyson Foods, Inc.*, No. 4:20-cv-00528-P, 2021 WL 1289898, at *2 (N.D. Tex. Apr. 7, 2021) (Pittman, J.) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).

### A.    United Is Not Subject to General Jurisdiction in This Court.

Absent an "exceptional case," a corporation only is "at home" and subject to general personal jurisdiction where it is incorporated and where it has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 138-39, 139 n.19 (2014); *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (railroad not subject to general personal jurisdiction in Montana despite

2

over 2,000 miles of railroad track and 2,000 employees within the state). United is "at home" in Delaware and Illinois. App. 1 ¶ 3; *see* Compl. ¶ 11 ("United is a Delaware corporation with its principal place of business in Chicago, Illinois.").

And this is not an "exceptional case" in which United could be deemed "at home" in Texas. The Fifth Circuit has held that it is "incredibly difficult" to establish exceptional circumstances. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). Plaintiffs have not—and cannot—carry that burden here. Indeed, the Southern District of Texas recently held that a plaintiff had not "allege[d], or produce[d] evidence showing" that "United's operations are so substantial as to render it essentially at home in Texas." *Hardin v. United Airlines, Inc.*, No. H-20-3893, 2021 WL 3771768, at *2 (S.D. Tex. July 15, 2021) (United not "subject to general jurisdiction in Texas"); *see also, e.g.*, *Agher v. Envoy Air Inc.*, No. CV 18-6753-R, 2018 WL 6444888, at *2 (C.D. Cal. Oct. 12, 2018) (airline not subject to general personal jurisdiction in California where it employed 8,500 people and had 16% of its flights); *Victor Elias Photography, LLC v. Leonardo Worldwide Corp.*, No. H-18-2142, 2019 WL 3713724, at *2 (S.D. Tex. Jan. 25, 2019) (Marriott not subject to general personal jurisdiction in Texas despite being alleged to "operate[], franchise[], and/or license[] more properties in Texas than any other state" and having, through affiliates, 487 properties in Texas.").

### B. United Is Not Subject to Specific Jurisdiction With Respect To Absent Putative Class Members Whose Claims Are Not Connected To Texas.

"In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear Dunlop Tires Operations,*

3

*S.A. v. Brown*, 564 U.S. 915, 918 (2011)). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.*

Accordingly, in *Bristol-Myers*, when confronted with a mass-action suit in state court by plaintiffs "consisting of 86 California residents and 592 residents of 33 other states," all raising the same state-law claim, "[t]he Supreme Court held that the California court did not have specific jurisdiction over the out-of-state defendants because the out-of-state plaintiffs' claims had no connection to California." *Martinez*, 2021 WL 1289898, at *3. In contrast to those named plaintiffs whose claims arise in Texas because they will be subject to the United vaccine policy while working from Texas, personal jurisdiction over United is lacking as to all putative class members and named plaintiffs whose claims are not connected to Texas because they will not be subjected there to the challenged policy. (Likewise, such plaintiffs and putative class members also cannot establish venue in Texas under the specific venue provision that governs suits brought under Title VII and the ADA, *see* 42 U.S.C. § 2000e-5(f)(3), because, *as to them*, Texas is not "the State in which the unlawful employment practice is alleged to have been committed" (nor is it where they otherwise would have worked or where the relevant employment records are maintained and administered).)

For example, as to the named plaintiffs, Mr. Turnbough's claims are not connected to Texas.[2] As Plaintiffs concede, Mr. Turnbough is "a 737 Captain with United Airlines and based in Chicago." Pl. App. in Support of Mem. Supporting Mot. for TRO and PI at 13 ¶ 2 (hereinafter "Pl. App."). Mr. Turnbough also is "a resident of Schaumburg, Illinois." *Id.* 13 ¶ 2. His sole purported connection to Texas is an assertion that he "*regularly* fl[ies] into the [DFW] Airport for United *on business and* travel[s] there on [his] *ride share passes* from the company to visit [his]

---

[2] *See Williams v. NIBCO, Inc.*, No. SA-20-CV-0048-JKP-RBF, 2021 WL 1069044, at *6 (W.D. Tex. Mar. 18, 2021) ("[P]laintiffs must establish personal jurisdiction for each named representative.").

4

family in the Dallas area." *Id.* This is incorrect. Mr. Turnbough has not flown through DFW using his ride share passes *since summer 2019*. App. 4 ¶ 16. In fact, since January 2016, he has only taken two total flights through DFW on ride share travel. *Id.* In terms of Mr. Turnbough's business trips for United, out of hundreds of trips taken since the beginning of 2016, less than ten of those trips have involved DFW.[3] *Id.* This information is also irrelevant. These contacts with Texas are not "suit-related conduct" because none involve the application of the vaccine policy to his job, and thus they cannot establish the necessary connection between the forum and his employment discrimination claims. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."). In addition, the two other named plaintiffs who do not work at DFW—Genise Gale Kincannon, a flight attendant based in San Francisco, California, and David Eric Sambrano, a Captain based in Newark, New Jersey, App. 3 ¶¶ 14-15— also have failed to establish personal jurisdiction in Texas. Because "the plaintiff cannot be the only link between the defendant and the forum," the mere fact that they live in Texas does not demonstrate that their claims challenging United's policy are connected to Texas. *See Walden*, 571 U.S. at 285; *Monkton*, 768 F.3d at 433 (same). United's records reflect that, for the period from October 2018 through present, Ms. Kincannon has not worked a single flight through DFW as a flight attendant; similarly, for the period from January 2016 through present, Mr. Sambrano has not flown a single flight through DFW as a captain. App. 4 ¶¶ 17-18. Nor is it sufficient that

---

[3] Moreover, Mr. Turnbough has not taken a single business trip involving DFW since United announced its COVID-19 Vaccination Policy on August 6, 2021. App. 4 ¶ 16.

5

one or both of these plaintiffs may "commute" to work using United flights, because that alone does not prove that United's challenged policy applies to them while in Texas.[4]

More importantly, there is no evidence whatsoever as to whether the putative absent class members' claims are connected to *Texas*, and it is highly likely that many of their claims do not because the employees at issue will not be subjected to the United vaccination policy while in *Texas*. And under *Bristol-Myers*, the claims of all such putative class members and of the named class members whose claims also are not connected to Texas cannot simply tag along with the claims of any plaintiffs who can establish specific personal jurisdiction in Texas. *See* 137 S. Ct. at 1781 ("The mere fact that *other* plaintiffs were [injured] in [Texas]—and allegedly sustained the same injuries as did the nonresidents—does not allow the [State] to assert specific jurisdiction over the nonresidents' claims.").

Indeed, in *Martinez*, this Court applied *Bristol-Myers* to grant a motion to dismiss for lack of personal jurisdiction the "claims of out-of-state putative collective members" in a collective action under the Fair Labor Standards Act ("FLSA"). 2021 WL 1289898, at *2 (concluding that Fifth Circuit case law enables a defendant to assert this argument in a Rule 12(b)(2) motion prior to the class certification stage). In so holding, this Court rejected attempts to limit *Bristol-Myers* to state-law claims in state court, explaining that *Bristol-Myers* generally applies with full force to federal-law claims in federal court as well.

---

[4] United does not dictate where its flight attendants or pilots live: many employees elect to live near their base airports and others elect to commute to work. App. 3 ¶ 11. Although employees are permitted to use their flight privileges to travel on United flights when space is available, United does not actively assist them in commuting regardless of the mode of transportation except in rare circumstances. *Id.* Finally, consistent with this, the Vaccine policy does not apply to United employees using use ride share. *Id.* 3 ¶ 12. The kinds of other alleged connection to Texas (Pl. App. 28 ¶¶ 2-3, Pl. App. 2 ¶¶ 4) also fall short. *See, e.g.*, *Hardin*, 2021 WL 3771768, at *3 (no specific personal jurisdiction for United flight attendant's Title VII claim despite various contacts with Texas); *Coffey v. Mesa Airlines Inc.*, No. CV 18-3688-DMG, 2019 WL 4492952, at *6 (C.D. Cal. Apr. 15, 2019) (no specific personal jurisdiction over airline in California in ADA failure-to-accommodate suit by pilot who lived in California but was based out of Texas when challenging employment decisions made by managers in Texas and Arizona).

6

In particular, this Court declined "to follow the flawed, non-binding, non-textual and unpersuasive" cases that had distinguished *Bristol-Myers* on the basis that FLSA claims are "federal claim[s] created by Congress specifically to address employment practices nationwide." *Martinez*, 2021 WL 1289898, at *4. As this Court correctly recognized, that distinction fails in light of Federal Rule of Civil Procedure 4(k). Rule 4(k) provides, in relevant part, that "filing a waiver of service establishes personal jurisdiction over a defendant" either (i) "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located" or (ii) "when authorized by a federal statute." Fed. R. Civ. P. 4(k)(1).

Like the FLSA at issue in *Martinez*, neither Title VII nor the ADA "authorize nationwide service of process." *E.g., King v. Enter. Leasing Co. of DFW*, No. 3:05-CV-0026-D, 2006 WL 784885, at *3 (N.D. Tex. Mar. 28, 2006) ("Title VII does not provide for nationwide service of process."); *Bassett v. Sinterloy Corp.*, No. 01 C 3141, 2002 WL 1888477, at *2 (N.D. Ill. Aug. 15, 2002) (explaining that "the ADA does not provide for nationwide service of process"). And thus, pursuant to Rule 4(k), federal district courts adjudicating claims under the FLSA, Title VII, and the ADA "are bound to the same limits as state courts." *Martinez*, 2021 WL 1289898, at *4; *see Canaday v. Anthem Co.*, 9 F.4th 392, 399 (6th Cir. 2021) (Sutton, J.) (holding that when a federal statute "does not offer nationwide service of process," "Rule 4(k) does not fill this gap; instead, it ties "personal jurisdiction over a defendant to the host State's jurisdiction over it"). Because the Texas long-arm statute extends to the constitutional maximum, Rule 4 requires the forum court to conduct the same Due Process Clause analysis under the Fourteenth Amendment that the Supreme Court conducted in *Bristol-Myers*. *See* 137 S. Ct. at 1779 (evaluating how "the Fourteenth Amendment limits the personal jurisdiction of state courts"); *Martinez*, 2021 WL 1289898, at *2-4 (same).

Nor can plaintiffs here try to distinguish *Bristol-Myers* and *Martinez* on the grounds that those cases involved "mass" or "collective" actions, rather than a certified class action under Fed. R. Civ. P. Rule 23.  *See Stacker v. Intellisource, LLC*, No. 20-2581-JWB, 2021 WL 2646444, at *8 (D. Kan. June 28, 2021) ("While there are differences between *Bristol-Myers'* mass action and a Rule 23 nationwide class action, the court agrees that the due process concerns recognized in *Bristol-Myers* and other Supreme Court precedent would foreclose a nationwide class action that is not limited to a nonresidents defendant's conduct in the forum state.").  To be sure, some courts have held otherwise, reasoning that "absent class members are not full parties to the case" and thus are sometimes disregarded for certain statutory purposes (like assessing complete diversity of citizenship under 28 U.S.C. § 1332).  *See Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020).  But the reasoning of those cases has been abrogated by the Supreme Court's recent decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), which held that "[e]very class member must have Article III standing" because "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." *Id.* at 2208.  The same equally applies with respect to the Due Process Clause limitations on adjudicating claims of out-of-state plaintiffs.  *See Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 307 (D.C. Cir. 2020) (Silberman, J., dissenting) (refusing to ignore *Bristol-Myers* based on "party status" because, "like the class action mechanism cannot circumvent the requirements of Article III, it is *not a license* for courts *to enter judgment on claims over which they have no power*" (emphasis added)).  A class action is merely a "procedural" device for aggregating claims of multiple plaintiffs that cannot "abridge, enlarge, or modify any substantive right," *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997), and so it obviously cannot be used to obliterate a constitutional defense that the defendant otherwise would have in a suit brought independent of that rule.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of personal jurisdiction should be granted and the case limited to only those plaintiffs' claims as to whom personal jurisdiction over United can be established. And of course, for the same reason, any preliminary injunctive relief this Court may otherwise grant should in no circumstance extend beyond such persons.


Dated: October 7, 2021

Respectfully submitted,

*/s/ Jordan M. Matthews*
Jordan M. Matthews
IL Bar No. 6300503
JONES DAY
77 W. Wacker Drive, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: jmatthews@jonesday.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: dmunro@jonesday.com

Alexander V. Maugeri
N.Y. Bar No. 5062666
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone:  212.326.3939
Facsimile:  212.755.7306
Email: amaugeri@jonesday.com

Russell D. Cawyer
State Bar No. 00793482
Kelly Hart & Hallman LLP
201 Main St., Ste. 2500
Fort Worth, Texas  76102
Telephone: (817) 878-3562
Facsimile: (817) 335-2820
Email: russell.cawyer@kellyhart.com

**ATTORNEYS FOR DEFENDANT UNITED AIRLINES, INC.**

## CERTIFICATE OF SERVICE

On October 7, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Jordan M. Matthews
Jordan M. Matthews

11