IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID SAMBRANO, individually, and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § | 4:21-CV-01074-P |
| UNITED AIRLINES, INC., | § § § | |
| Defendant. | § § | |

**APPENDIX IN SUPPORT OF DEFENDANT'S PARTIAL**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

NOW COMES, Defendant United Airlines, Inc. and files this Appendix in Support of its Partial Motion to Dismiss for Lack of Personal Jurisdiction.

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---|---|---|
| A | Declaration of Kirk Limacher dated October 7, 2021 | App. 1 - 4 |

Respectfully submitted,

　　　　/s/ Jordan M. Matthews　　　　
Jordan M. Matthews
IL Bar No. 6300503
JONES DAY
77 W. Wacker Drive, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: jmatthews@jonesday.com

        Donald J. Munro
        D.C. Bar No. 453600
        JONES DAY
        51 Louisiana Avenue, NW
        Washington, DC 20001
        Telephone: (202) 879-3939
        Facsimile: (202) 626-1700
        Email: dmunro@jonesday.com

        Alexander V. Maugeri
        NY Bar No. 5062666
        JONES DAY
        250 Vesey Street
        New York, NY  10281-1047
        Telephone: (212) 326-3880
        Facsimile: (212) 755-7306
        Email: amaugeri@jonesday.com

        Russell D. Cawyer
        State Bar No. 00793482
        **KELLY HART & HALLMAN LLP**
        201 Main St., Ste. 2500
        Fort Worth, Texas  76102
        (817) 878-3562 (telephone)
        (817) 335-2820 (facsimile)
        Email: russell.cawyer@kellyhart.com

        **ATTORNEYS FOR DEFENDANT**
        **UNITED AIRLINES, INC.**

## CERTIFICATE OF SERVICE

On October 7, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

          /s/ Jordan M. Matthews
        Jordan M. Matthews

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:21-01074-P |
| v. | § § | |
| UNITED AIRLINES, INC., | § § | |
| Defendant. | § § § § | |

### DECLARATION OF KIRK LIMACHER

I, Kirk Limacher, declare as follows:

1. I currently serve as the Vice President of Human Resource Services for United Airlines, Inc. ("United"). I have held this position since October 2016. I have knowledge of United's business operations and airport locations.

**A. Overview of United**

2. United has the most comprehensive route network among North American carriers.

3. United is a Delaware corporation with its principal place of business in Chicago, Illinois.

4. United's corporate headquarters are in Chicago and its senior leadership team manages the Company's worldwide operations from there.

5. United employs 68,000 domestic active employees located in airports across the country, United's corporate headquarters, and all its offices.

1



App. 1

6. United operates over 600 individual aircrafts and approximately 1,800 flights every day; of those, only 27% begin or end at an airport in Texas.

7. United operates hubs at seven airports throughout the continental United States, only one of which is in Texas: Chicago-O'Hare, Denver, Houston, Los Angeles, Newark, San Francisco, and Washington Dulles International Airports. United's flight attendants and flight crew, including Captains, are based out of one of these seven hubs. Flight attendants can also be based at one of twelve additional flight attendant bases: London, Guam, Boston, Cleveland, Tampa, Orlando, Ft. Lauderdale, Austin, Phoenix, Las Vegas, San Diego, and Honolulu. Additionally, pilots can also be based in Guam and Cleveland. Each plaintiff is based at a specific airport location. With respect to crew, the assigned airport is commonly referred to as a pilot or flight attendant's base. Generally, a base is referenced by an airport code. For instance, a flight attendant based in San Francisco will have a base code of SFO. Likewise, a pilot based in Newark, New Jersey will have a base code EWR.

8. Crew members report to their base to begin and end their assignments, which could last anywhere from one day to several days long with layovers in various cities. Each pilot reports to an Assistant Chief Pilot(s) and/or Chief Pilot at his respective base. The Assistant Chief Pilot(s) and Chief Pilot have offices and report to work each day at the airport where the pilot is based. Similarly, each flight attendant reports to an Inflight Supervisor who has offices in the base and reports to work each day in the base. While pilots and flight attendants fly aircrafts across the system, they report to their base to begin and end each trip, as their flights originate and terminate at their bases and that is where they perform their pre-flight and post-flight work.

App. 3

9. United does not operate a hub at the Dallas Fort Worth Airport (DFW); instead, its Texas hub is in Houston at the George Bush Intercontinental Airport (IAH). Only 160 United employees are based out of DFW (64 Customer Service Agents, 64 Ramp employees, 16 Mechanics, and 16 Management employees). No flight attendants or pilots are based out of DFW. There are only approximately 30 United flights in and out of DFW each day. Relative to United's other operations, DFW accounts for less than two percent of all United mainline flights.

10. Only 16% of United's over 60,000 U.S. workforce are employed in Texas.

11. United does not dictate where pilots or flight attendants live. Many employees decide to live near their base airport and others decide to commute to work. Except in situations involving extreme weather, United does not actively assist its employees in commuting regardless of the mode of transportation. Employers are permitted to use travel privileges to travel for personal travel, including commuting, on United flights when space is available ("space available" flights).

12. United's vaccine policy applies to its employees solely in their capacity as employees. For example, a United employee is not required to show proof of vaccination status when seeking to use their travel privileges.

B. **Plaintiffs in *Sambrano v. United Airlines***

13. Named plaintiff Seth Adam Turnbough is employed at Chicago-O'Hare International Airport and resides in the Chicago suburbs.

14. Named plaintiff David Eric Sambrano is employed at the Newark Liberty International Airport.

15. Named plaintiff Genise Gale Kincannon is employed at the San Francisco International Airport.

3

16.     Based on a review of regularly maintained United business records, Mr. Turnbough has not used his travel privileges (referred to by Mr. Turnbough as "ride share passes" in his affidavit) to fly in or out of DFW since summer 2019. In fact, since January 2016, he has only taken two total flights in or out of DFW using his travel privileges. In terms of Mr. Turnbough's business trips for United, out of hundreds of trips taken since the beginning of 2016, less than ten of those trips have involved DFW, and he has not taken a single trip involving DFW since United announced its COVID-19 Vaccination Policy on August 6, 2021.

17.     Based on a review of regularly maintained United business records, for the period from October 2018 through present, Ms. Kincannon has not worked a single flight through DFW as a flight attendant.

18.     Based on a review of regularly maintained United business records, for the period from January 2016 through present, Mr. Sambrano has not flown a single flight through DFW as a captain.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 7, 2021.

Kirk Limacher