IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 4:21-01074-P |
| v. | § § | |
| UNITED AIRLINES, INC., | § § | |
| Defendant. | § § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

Page

I. There Is No General Jurisdiction Over United in Texas ................................................... 1

II. There Is No Specific Jurisdiction For Claims Unconnected to United's Texas Conduct ............................................................................................................................. 2

    A. Absent Class Members Whose Claims Are Not Connected to Texas ................... 3

    B. Three Named Plaintiffs Whose Claims Are Not Connected to Texas ................... 5

CONCLUSION ............................................................................................................................. 7

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Ariz. Christian Sch. Tuition Org. v. Winn*,
  563 U.S. 125 (2011).................................................................................................3

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*,
  137 S. Ct. 1773 (2017)....................................................................................... *passim*

*Canaday v. Anthem Cos., Inc.*,
  9 F.4th 392 (6th Cir. 2021) .......................................................................................4

*Coffey v. Mesa Airlines Inc.*,
  2019 WL 4492952 (C.D. Cal. Apr. 15, 2019) ..........................................................7

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)..............................................................................................1, 2

*Devlin v. Scardelletti*,
  536 U.S. 1 (2002).......................................................................................................3

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
  545 U.S. 546 (2005)..................................................................................................4

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Court*,
  141 S. Ct. 1017 (2021).........................................................................................1, 6

*Fowler v. Deloitte & Touche, LLP*,
  2017 WL 1293983 (W.D. La. Mar. 24, 2017) ..........................................................7

*Johnson v. U.S. Dep't of Transp.*,
  2019 WL 7987679 (N.D. Tex. June 26, 2019) .........................................................7

*Libersat v. Sundance Energy, Inc.*,
  978 F.3d 315 (5th Cir. 2020) ....................................................................................6

*Lyngaas v. Curaden AG*,
  992 F.3d 412 (6th Cir. 2021) ....................................................................................4

*Martinez v. Tyson Foods, Inc.*,
  2021 WL 1289898 (N.D. Tex. Apr. 7, 2021) ...................................................3. 4, 5

*Snyder v. Harris*,
   394 U.S. 332 (1969) ............................................................................................................4

*Supreme Tribe of Ben Hur v. Cauble*,
   255 U.S. 356 (1921) ............................................................................................................4

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) ........................................................................................................3

*Vallarta v. United Airlines, Inc.*,
   497 F. Supp. 3d 790 (N.D. Cal. 2020) ................................................................................2

*Walden v. Fiore*,
   571 U.S. 277 (2014) ...................................................................................................1, 6, 7

*Washington v. Reno*,
   35 F.3d 1093 (6th Cir. 1994) ..............................................................................................5

*Zahn v. Int'l Paper Co.*,
   414 U.S. 291 (1973) ............................................................................................................4

*Zito v. United Airlines, Inc.*,
   523 F. Supp. 3d 377 (W.D.N.Y. 2021) ...............................................................................2

**STATUTES**

28 U.S.C. 1332 ............................................................................................................................4

42 U.S.C. § 2000e-5 .....................................................................................................................7

Plaintiffs' opposition ("Opp.") to United's motion ("Mot.") fails to come to grips with governing law. As to general jurisdiction, plaintiffs try to return to the old approach of "continuous and systematic" contacts, instead of the "essentially at home" standard adopted in *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014). As to specific jurisdiction for the putative class members whose claims are unconnected to Texas, plaintiffs try to distinguish *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1781 (2017), on the ground that this is a class action, but neither they, nor any of the non-binding cases they cite, can overcome the precedent and principle that Rule 23 cannot exempt absent class members from due process rules. And as to specific jurisdiction over named plaintiffs Mr. Turnbough, Ms. Kincannon, and Mr. Sambrano, plaintiffs rest on the proposition that they will "suffer[] in Texas" due to United's policies, Opp. 2, but any in-state effect of United's denial of their requested out-of-state workplace accommodation does not make their claims sufficiently connected to United's in-state conduct, *see Walden v. Fiore*, 571 U.S. 277, 284 (2014).

## I.     THERE IS NO GENERAL JURISDICTION OVER UNITED IN TEXAS

Although plaintiffs grudgingly concede that a "corporation that operates in many places can scarcely be deemed at home in all of them," Opp. 6 (citing *Daimler*, 571 U.S. at 139 n.20), they nevertheless invoke the "continuous and systematic" approach that was largely abandoned in *Daimler* for that very reason. *Compare* Opp. 3 (asserting that this "Court has general jurisdiction over United because of United's *continuous and systematic* affiliation with Texas"), *with Daimler*, 571 U.S. at 138-39. The proper question, instead, is whether United's connections to Texas "render [it] essentially at home" there, and they plainly do not. *Id.* Likewise, plaintiffs' heavy reliance on *Ford Motor Co. v. Mont. Eighth Jud. Dist. Court*, 141 S. Ct. 1017 (2021), is entirely misplaced. *Ford*'s main holding concerned *specific* personal jurisdiction, precisely because the Court recognized that, even though Ford's "business is everywhere," it was subject to general

jurisdiction only in its place of incorporation and principal place of business. *Id.* at 1022, 1024. This makes sense, as the "business is everywhere" approach is the *opposite* of being "at home" in one or two locations. *Daimler*, 571 U.S. at 138-39.

Here, Texas is just one of seven United "hubs," where less than 30% of business is conducted and less than 20% of employees work. Opp. 5; App. 2-3 ¶¶ 6-7, 10. To characterize United as being "at home" in Texas is self-refuting. In fact, courts have routinely rejected attempts to establish that United is at home anywhere other than Delaware and Illinois—including in states where United has even greater connections than Texas. *E.g., Vallarta v. United Airlines, Inc.*, 497 F. Supp. 3d 790, 799 (N.D. Cal. 2020) (no general jurisdiction in California, where United has *two hubs* and "a substantial number of employees"); *Zito v. United Airlines, Inc.*, 523 F. Supp. 3d 377, 383-84 (W.D.N.Y. 2021) (no general jurisdiction in New York). Notably, while plaintiffs purport to distinguish cases from United's motion (Opp. 4-5), plaintiffs do not cite even a single post-*Daimler* case holding *in any circumstance* that a corporation is at "home" in a forum other than place of incorporation or principal place of business.[1]

In short, both law and logic foreclose general jurisdiction over United in this forum, which would allow even employees whose claims are *entirely unconnected to Texas* to sue here.

## II. THERE IS NO SPECIFIC JURISDICTION FOR CLAIMS UNCONNECTED TO UNITED'S TEXAS CONDUCT

As the Supreme Court's *Bristol-Myers* decision and this Court's *Martinez* decision make clear, plaintiffs' assertion that *some* of the named plaintiffs may have claims that are sufficiently connected to Texas (Opp. 10-13) is not enough to establish specific jurisdiction for *other* named

---

[1] As for the cases cited by United (Mot. 3), United did not cite *Victor Elias* and *Agher* to suggest that they are factually identical, but rather to illustrate how demanding the general jurisdiction analysis is and how unprecedented it would be for this Court to deem this to be the "exceptional case" *Daimler* reserved as a theoretical possibility. As for *Hardin*, while the plaintiff there did not address United's arguments as to personal jurisdiction, the Court still analyzed general and specific jurisdiction on the record before it.

plaintiffs and absent class members whose claims lack the requisite connection. *Bristol-Myers*, 137 S. Ct. at 1781; *Martinez v. Tyson Foods, Inc.*, 2021 WL 1289898, at *3 (N.D. Tex. Apr. 7, 2021) (Pittman, J.). Plaintiffs erroneously dispute that this principle extends to absent members in a putative class action, and although plaintiffs acknowledge that the principle applies to each of the named plaintiffs, they erroneously contend that all of them satisfy it.

### A. Absent Class Members Whose Claims Are Not Connected to Texas

**1.** Plaintiffs make only two substantive arguments in defense of the proposition that *Bristol-Myers* does not apply to putative class actions. Each one disregards binding precedent.

*First*, plaintiffs heavily emphasize that courts before *Bristol-Myers* did not object to class actions even though absent class members lacked personal jurisdiction over the defendants. Opp. 10-11. But none of those cases specifically addressed the question, and the Supreme Court has held that "[w]hen a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no defect existed." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 144 (2011).

*Second*, plaintiffs invoke the reasoning of post-*Bristol Myers* decisions by the Sixth and Seventh Circuits (and similar district court cases), but they ignore United's explanation (Mot. 8) of the flawed reasoning used in those cases. Plaintiffs simply repeat the theory that "absent class members" are "not full parties to the case for many purposes." Opp. 11. But "for many purposes" is not the same thing as "for all purposes." And critically, plaintiffs disregard that the Supreme Court held just this year that absent class members must have Article III standing. Mot. 8 (discussing *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190 (2021)); *see Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002) (treating absent class members as "parties" for appealing orders approving class settlement over their objections). Plaintiffs provide no explanation why absent class members must satisfy Article III but not the Due Process Clause—both are constitutional limits on the

Court's adjudicatory power that no rule of civil procedure can abrogate.

By contrast, the contexts in which absent class members are disregarded are all materially different. *See Lyngaas v. Curaden AG*, 992 F.3d 412, 443 (6th Cir. 2021) (Thapar, J., dissenting). For example, contrary to the Seventh Circuit's suggestion, absent class members traditionally *were* considered parties who independently needed to satisfy the amount in controversy in diversity suits. *See Zahn v. Int'l Paper Co.*, 414 U.S. 291 (1973). Although this is no longer the rule, that is only because Congress expressly abrogated it by statute, *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566-67 (2005), and it has done no such thing here. To the contrary, Fed. R. Civ. P. 4(k) incorporates state due process limits. *See Martinez*, 2021 WL 1289898, at *4; *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 399 (6th Cir. 2021) (Sutton, J.). Likewise, while the Seventh Circuit is correct that absent class members traditionally were not considered for purposes of determining the statutory requirement of complete diversity of citizenship, *see Exxon Mobil*, 545 U.S. at 583 n.3 (citing *Supreme Tribe of Ben Hur v. Cauble*, 255 U.S. 356, 366 (1921)), that rule was not based on the view that the absent class members were "not full parties": rather, it was based on an analogy to the principle that diversity of citizenship is determined at the time of the complaint regardless of later addition of parties. *See Ben Hur*, 255 U.S. at 366; *see also Snyder v. Harris*, 394 U.S. 332, 355 n.23 (1969) (Fortas, J., dissenting). Moreover, that is not even the current rule, because Congress has abrogated it and made the citizenship of absent class members relevant to the diversity determination. 28 U.S.C. 1332(d); *see Exxon Mobil*, 545 U.S. at 571.

Accordingly, plaintiffs have not identified any principled reason why absent class members should be excused from satisfying due process requirements, and they have ignored Supreme Court precedent and common sense to the contrary. In short, they simply ask this Court to follow some poorly reasoned, non-binding opinions. This Court should decline "to follow th[ose] flawed, non-

-4-

binding, non-textual, and unpersuasive" cases, as it did in *Martinez*. 2021 WL 1289898, at *4.

**2.** Plaintiffs also object that United's personal-jurisdiction objection about absent class members is unripe. But this Court rejected that argument in *Martinez*: plaintiffs' "reliance on *Cruson* is misplaced because, in that case, the [Fifth Circuit] analyzed whether a personal jurisdiction defense had been brought too late instead of whether it was premature, which is the issue in this case." 2021 WL 1289898, at *2. Plaintiffs try to distinguish *Martinez* on the ground that determining personal jurisdiction from the outset "makes sense" in cases involving collective actions, which require absent plaintiffs to opt-in, but not "where class certification is a prerequisite to any class member even coming within the Court's jurisdiction." Opp. 14. That distinction is illusory, however, given that plaintiffs seek a class-wide preliminary injunction now, which likewise demands a prompt determination whether the absent class members whose claims are not connected to Texas are properly part of this case at all. Just as in *Martinez*, "prolonging this determination would only sow confusion." 2021 WL 1289898, at *2.[2]

**B. Three Named Plaintiffs Whose Claims Are Not Connected to Texas**

United moved to dismiss the three named plaintiffs whose employment with United is based in states other than Texas. Mot. 4-6. Plaintiffs' only response is to ask the Court to rule that because they will be harmed in Texas (on the theory that Mr. Sambrano and Ms. Kincannon reside here and that Mr. Turnbough, an Illinois resident, has occasionally flown through here), there is

---

[2] Plaintiffs defend their contention (Opp. 13 n.4) that they may seek preliminary class-wide relief even absent class certification by invoking *Washington v. Reno*, 35 F.3d 1093, 1097 (6th Cir. 1994). But in *Washington*, the Sixth Circuit upheld the class-wide injunction only "[b]ecause relief for the named plaintiffs in this case would also necessarily extend to [the whole class]." *Id.* at 1103-04. That is not so here, because accommodating the named plaintiffs alone would fully redress their injuries. And insofar as *Washington* could be read to more broadly support class-wide preliminary relief absent class certification or even a likelihood thereof, that out-of-circuit decision is contrary to binding precedent and fundamental principles of Article III standing, equitable limitations, and Rule 23 certification. *See* Defendant's Supplemental Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction, Dkt. 41, at 3-5.

specific personal jurisdiction over United for their claims. That argument flouts *Walden*'s holding that in-state injury alone is insufficient to establish specific jurisdiction. 571 U.S. at 284; *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 322 (5th Cir. 2020) (rejecting plaintiffs' specific jurisdiction argument that defendant's "harming him in Louisiana[] provides a sufficient contact with Louisiana," and explaining that, under *Walden*, "the proper question is not where the plaintiff experienced a particular injury or effect" (cleaned up)).

Plaintiffs attempt to distinguish *Walden* on the ground that the defendant there had no general connections with the forum state. Opp. 7-8. But specific jurisdiction requires that *plaintiffs' own claims* must be connected to the defendants' forum conduct. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781-782. It thus is insufficient that, as plaintiffs emphasize, United does business in Texas, as plaintiffs' failure-to-accommodate claims are "unrelated to that activity." *Id.* at 1781 (cleaned up). And similarly, this is not a case like *Ford*, where the company did substantial business in the forum states *and* their "products malfunctioned" there (the critical distinction from *Bristol-Myers*). *See Ford*, 141 S. Ct. at 1031. Here, plaintiffs bring an employment-law challenge to United's vaccination accommodation policies (adopted and implemented in Illinois), but Mr. Turnbough, Ms. Kincannon, and Mr. Sambrano are employed by United, respectively, in Illinois, California, and New Jersey, and Mr. Turnbough does not even live here.

As to Mr. Turnbough, plaintiffs rely on his having sometimes flown to DFW in the past. Opp. 9-10. But that hardly shows he would do so in the future while the challenged policies are in effect, especially since it appears he intends to take leave instead. Regardless, his claim challenging the denial of his preferred workplace accommodation is connected to United's conduct in Illinois, where he works (and also lives), not in every state where he would fly on the job. *Cf. Ford*, 141 S. Ct. at 1028 n.4 (distinguishing between "isolated or sporadic transactions" and

"continuous ones"); *id.* at 1031 (distinguishing between the *Bristol-Myers* plaintiffs who "were engaged in forum-shopping" and the *Ford* plaintiffs who "brought suit in the most natural State"). As to Ms. Kincannon and Mr. Sambrano, plaintiffs do not even try to argue that they travel with United in Texas, relying instead exclusively on the fact that they live in Texas, such that United's accommodation "directly affects them in Texas because while they are on unpaid leave, they will be grounded in their home states." Opp. 9. But again, that is insufficient under *Walden*. *E.g.*, *Coffey v. Mesa Airlines Inc.*, 2019 WL 4492952, at *6 (C.D. Cal. Apr. 15, 2019) (no specific jurisdiction when airline's employment decisions made outside the forum even though it knew plaintiff lived in the forum).

Finally, plaintiffs did not respond to the point (Mot. 4) that these three plaintiffs' claims also must be dismissed for lack of venue. Even if their claims "arise out of or relate to" United's Texas conduct for personal jurisdiction, that would not establish Texas as "the State in which the unlawful employment practice" occurred for venue. 42 U.S.C. § 2000e-5(f)(3); *see Johnson v. U.S. Dep't of Transp.*, 2019 WL 7987679, at *2 (N.D. Tex. June 26, 2019) (no venue because defendant made the employment decision elsewhere (collecting cases)); *Fowler v. Deloitte & Touche, LLP*, 2017 WL 1293983, at *8 (W.D. La. Mar. 24, 2017) ("[A]n employment practice is 'committed' where the alleged discriminatory conduct occurred, rather than where its effects are felt.").

## CONCLUSION

Defendant's motion to dismiss should be granted, such that non-Texas putative class claims and the individual claims of Mr. Turnbough, Ms. Kincannon, and Mr. Sambrano are dismissed.[3]

---

[3] There is no basis for discovery here (Opp. 3 n.1). The lack of personal jurisdiction for the class is a purely legal question that will not change based on discovery; as for specific jurisdiction with respect to the three named plaintiffs, the proper inquiry is whether *their own claims* are connected to United's conduct, and so any relevant facts are already in plaintiffs' possession.

Dated: October 11, 2021                                     Respectfully submitted,

                                                                           */s/ Jordan M. Matthews*
Jordan M. Matthews
IL Bar No. 6300503
JONES DAY
77 W. Wacker Drive, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: jmatthews@jonesday.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: dmunro@jonesday.com

Alexander V. Maugeri
N.Y. Bar No. 5062666
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone:  212.326.3939
Facsimile:  212.755.7306
Email: amaugeri@jonesday.com

Russell D. Cawyer
State Bar No. 00793482
Kelly Hart & Hallman LLP
201 Main St., Ste. 2500
Fort Worth, Texas  76102
Telephone: (817) 878-3562
Facsimile: (817) 335-2820
Email: russell.cawyer@kellyhart.com

**ATTORNEYS FOR DEFENDANT UNITED AIRLINES, INC.**

## **CERTIFICATE OF SERVICE**

      On October 11, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                    */s/ Jordan M. Matthews*
                                    Jordan M. Matthews