**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED AIRLINES, INC., <br><br> *Defendant*. | Civil Action No.: 4:21-cv-01074-P |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S TRIAL BRIEF AND SUPPLEMENTAL
NOTICE REGARDING PLAINTIFFS' REQUEST FOR CLASS-WIDE RELIEF**

## TABLE OF CONTENTS

ARGUMENT ................................................................................................................... 1

    I.    United's Procedural Arguments Are Based On A Misreading Of Applicable Law. ........... 1

        A.    Contrary to United's claims, class-wide relief is proper here. ................................ 1

        B.    Contrary to United's claims, the EEOC exhaustion requirement also does not affect this Court's authority to enter an injunction. ................................................. 4

    II.    United's Substantive Arguments Also Rely On A Misreading Of The Law. ................. 6

    III.    United's October 10 Notice Was Procedurally Improper And Substantively Incorrect. . 8

CONCLUSION ................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Alexander v. Sandoval,*
    532 U.S. 275 (2001) ....................................................................................................... 5

*Barrington v. United Airlines, Inc.,*
    No. 1:21-cv-02602-RMR (D. Colo.) ............................................................................. 4

*Beckerich v. St. Elizabeth Med. Ctr.,*
    2021 WL 4398027 (D. Ky. Sept. 24, 2021) .................................................................. 7

*Big Tyme Invs., LLC v. Edwards,*
    985 F.3d 456 (5th Cir. 2021) ......................................................................................... 6

*Burlington N. & Santa Fe Ry. Co. v. White,*
    548 U.S. 53 (2006) ......................................................................................................... 6

*Dahl v. Bd. of Trs. of W. Mich. Univ.,*
    --- F.4th ----, 2021 WL 4618519 (6th Cir. Oct. 7. 2021) ............................................. 8

*Dahl v. Bd. of Trs. of W. Mich. Univ.,*
    No. 1:21-cv-757 (W.D. Mich. Sept. 13, 2021) ............................................................ 7

*Dep't of Homeland Sec. v. New York,*
    140 S. Ct. 599 (2020) ..................................................................................................... 2

*Fish v. Kobach,*
    189 F. Supp. 3d 1107 (D. Kan. 2016) ........................................................................... 2

*Fort Bend Cty. v. Davis,*
    139 S. Ct. 1843 (2019) ................................................................................................... 5

*Drew v. Liberty Mutual Insurance Co.,*
    480 F.2d 69 (5th Cir. 1973) ....................................................................................... 4, 5

*Hernandez v. Reno,*
   91 F.3d 776 (5th Cir. 1996) .................................................................. 3

*Johnston v. Harris Cty. Flood Control Dist.,*
   869 F.2d 1565 (5th Cir. 1989) .............................................................. 8

*Just Film, Inc. v. Merchant Servs.,*
   474 F. App'x 493 (9th Cir. 2012) ......................................................... 3

*Knights of the Ku Klux Klan v. E. Baton Rouge Par. Sch. Bd.,*
   578 F.2d 1122 (5th Cir. 1978) .............................................................. 6

*Love v. City of Dallas,*
   No. 3:96-CV-0532-R, 1997 WL 278126 (N.D. Tex. May 14, 1997) ......... 6

*Rodriguez de Quijas v. Shearson/Am. Exp., Inc.,*
   490 U.S. 477 (1989) ............................................................................ 5

*Rodriguez v. Providence Cmty. Corr., Inc.,*
   155 F. Supp. 3d 758 (M.D. Tenn. 2015) .............................................. 2

*Ross v. Blake,*
   136 S. Ct. 1850 (2016) ......................................................................... 5

*Severson v. Heartland Woodcraft, Inc.,*
   872 F.3d 476 (7th Cir. 2017) .............................................................. 6

*Thomas v. Johnston,*
   557 F. Supp. 879 (W.D. Tex. 1983) .................................................... 2

*Trump v. Hawaii,*
   138 S. Ct. 2392 (2018) ......................................................................... 2

*Zepeda v. INS,*
   753 F.2d 719 (9th Cir. 1983) .............................................................. 3

**Statutes**

42 U.S.C. § 12117 ......................................................................................... 5

42 U.S.C. § 2000e-5 ...................................................................................... 5

**Other Authorities**

Leslie Josephs, *'We will comply:' Spirit Airlines CEO prepares staff for federal COVID vaccine mandate* (Oct. 8, 2021), CNBC, https://www.cnbc.com/2021/10/08/we-will-comply-spirit-airlines-ceo-prepares-staff-for-federal-covid-vaccine-mandate.html. ....................... 8

*Newberg on Class Actions* §4:30 (5th ed. June 2021 update) ......................... 1

Plaintiffs file this Response to address inaccurate and misleading statements made by Defendant United Airlines ("United") in two recent filings. First, Plaintiffs address mischaracterizations of law included in United's Supplemental Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 41) ("Supp. Br."). As Plaintiffs have demonstrated, United has repeatedly misconstrued precedent in service of its arguments. *See, e.g.*, Pls.' Opp. to Mot. to Dismiss at 5, 8 (ECF No. 55) (noting United's mischaracterization of caselaw). Plaintiffs submit this response to clarify (once again) the actual state of the law, which persuasively supports Plaintiffs' request for a preliminary injunction and which United pervasively misconstrued. Although not expressly addressed here, Plaintiffs respectfully refer the Court to their motion for a preliminary injunction (ECF No. 6) and the trial brief (ECF No. 37), which conclusively demonstrate that United's proposed accommodation will irreparably harm Plaintiffs and that United can implement alternative accommodations with little to no expense.

Second, Plaintiffs respond to United's inaccurate and improper Supplemental Notice Regarding Plaintiffs' Request for Class-Wide Relief. ECF No. 56. That filing is not only procedurally improper—because it introduces substantive argument without leave to file and because it relates to class discovery—it also relies on innuendo rather than substance. The Notice is merely a ham-handed attempt to obfuscate United's own actions and thereby distract the parties (and perhaps the Court) with irrelevancies.

## ARGUMENT

### I.   United's Procedural Arguments Are Based On A Misreading Of Applicable Law.

#### A.   Contrary to United's claims, class-wide relief is proper here.

It is black-letter law that a court has the authority to issue relief prior to class certification. *See Newberg on Class Actions* §4:30 (5th ed. June 2021 update) ("[A] court may issue a classwide preliminary injunction in a putative class action suit prior to a ruling on the class certification

motion or in conjunction with it." (collecting cases)).  Multiple courts have recognized this.  *See, e.g.*, *Thomas v. Johnston*, 557 F. Supp. 879, 916 & n.29 (W.D. Tex. 1983); *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1148 (D. Kan. 2016); *Rodriguez v. Providence Cmty. Corr., Inc*., 155 F. Supp. 3d 758, 767 (M.D. Tenn. 2015) (collecting even more cases).

United's cases, when read in full, do not dispute this.  For example, United suggests that Justice Gorsuch's concurrence in *Department of Homeland Security v. New York*, 140 S. Ct. 599 (2020), "foreclose[s]" Plaintiffs' argument that the Court may grant class-wide injunctive relief before class certification.  Supp. Br. at 3.  Not so.  Even a cursory look at Justice Gorsuch's concurring opinion reveals that he does not equate the kind of relief that Plaintiffs' request here with what is disapprovingly known as a "nationwide injunction."  Justice Gorsuch criticized nationwide injunctions against government officials saying "[t]hese plaintiffs have urged courts to enjoin the rule's enforcement *not only* as it applies to them, or *even to some definable group having something to do with their claimed injury*, but as it applies to *anyone*."  140 S. Ct. at 599 (emphases added).  Plaintiffs request no such injunction here; they ask the Court to enjoin United's unlawful actions directed at a specific class of employees against whom United—a private entity—has acted uniformly and whose group is based entirely on "something to do with their claimed injury."  *Id.*

The availability of an injunction here is confirmed by Justice Thomas's concurrence in *Trump v. Hawaii*, 138 S. Ct. 2392, 2424-29 (2018) (Thomas, J, concurring).  Like Justice Gorsuch, Justice Thomas identifies "universal" or "nationwide" injunctions as "[i]njunctions prohibiting the executive branch from applying a law or policy against *anyone*."  *Id.* at 2424 (emphasis added).[1] Not only is that different than this case, reading the opinion in full shows that traditional courts of

---

[1] Because Plaintiffs do not request relief against any government entity, this suit does not raise the separation-of-powers question underlying actual "nationwide injunctions."

equity countenanced precisely the type of relief sought here.  In 1789, "one of the bases for an exercise of equitable power was the avoidance of 'multiplicity of suits.'  Courts would employ 'bills of peace' to consider and resolve a number of suits in a single proceeding.  And some authorities stated that these suits could be filed by one plaintiff on behalf of a number of others." *Id.* at 2427 (citations omitted).  United's claim that "binding" precedent forecloses precertification class-wide relief is thus not only unsupported, it is actively refuted by United's own citations.

United's characterization of *Hernandez v. Reno*, 91 F.3d 776 (5th Cir. 1996), is exceptionally misleading.  Supp. Br. at 4.  United states that the *Hernandez* court criticized the breadth of the district court's injunction, implying that the district court had issued a broad injunction before addressing class certification.  *Id.*  But United failed to mention that *Hernandez* involved the grant of a permanent injunction *after class certification had been denied*.  The Fifth Circuit modified the injunction there to apply to the plaintiff only, instructing that, if on remand the trial court decided to certify a class, "the question of the breadth of the injunction" could be revisited.  *Hernandez*, 91 F.3d at 781.  Likewise, *Zepeda v. INS*, 753 F.2d 719, 722 (9th Cir. 1983), dealt with a request for a preliminary injunction *after* the district court had denied class certification.  And the Ninth Circuit has since distinguished *Zepeda* on precisely that ground.  *See Just Film, Inc. v. Merchant Servs*., 474 F. App'x 493, 495 (9th Cir. 2012) (unpublished) (finding that the district court did not abuse its discretion in entering a pre-certification class-wide preliminary injunction and noting that "[w]e do not read *Zepeda* to preclude our result because in *Zepeda* the trial court had denied class certification and here the trial court has not yet decided the class certification issue").

Finally, United's argument that class treatment is unwarranted because of the individualized nature of employee claims is belied by what United told the U.S. District Court in

3

Colorado just last week.  United, through its same counsel here, argued in an opposition to another plaintiff's motion for a temporary restraining order that it could not be forced to accommodate the individual plaintiff there because United needed a *company-wide* approach for accommodations to its vaccine mandate to ensure the effectiveness of its policy.  Def.'s TRO Opp. at 12, *Barrington v. United Airlines, Inc.*, No. 1:21-cv-02602-RMR (D. Colo.) (ECF No. 16).[2]  While United tells the Colorado District Court that an individual plaintiff's motion for a temporary restraining order must be denied because United needs to implement company-wide accommodations, it turns around and tells this Court that company-wide relief is not possible because it is working to provide individual accommodations.  Supp. Br. at 5.  United told the truth in *Barrington*: and that is why the company created the class here by its across-the-board, group-wide approach to the issue.

> **B.**   **Contrary to United's claims, the EEOC exhaustion requirement also does not affect this Court's authority to enter an injunction.**

As to the EEOC exhaustion requirement, the Fifth Circuit's decision in *Drew v. Liberty Mutual Insurance Co.*, 480 F.2d 69 (5th Cir. 1973), refutes United's argument.  But *Drew* is not only binding authority, it is also correct—and United's mischaracterizations of caselaw do not show otherwise.

There is no dispute that exhaustion is mandatory and that the underlying claims here must proceed through the EEOC.  Thus, the "textual" argument United offers (Supp. Br. at 6) does not apply because Plaintiffs have already begun and will still follow through with the EEOC process. The fact that Congress granted the EEOC the ability to seek an injunction does not alter anything. As Plaintiffs noted previously, an injunction was long possible in this type of case; Congress's failure to codify it directly thus implies nothing.  It was the *agency* that needed an explicit right to an injunction added to the statutory scheme because it did not previously have it.  *See* Mot. for

---

[2] That opposition is included here as Exhibit A.

TRO at 7-8 (ECF No. 6).  United offers no relevant support for a negative inference being drawn against a plaintiff's ability to invoke a federal district court's equitable power.

*Drew* is not to the contrary—it merely taps into a district court's equitable authority to maintain the status quo so that a defendant does not ring a bell that cannot be unrung.  United's proposed authority challenging this proposition is again misstated.  For example, *Fort Bend County* supports Plaintiffs position by confirming that the EEOC exhaustion requirement here is a claim-processing rule, *not* a jurisdictional requirement.  *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1846 (2019).  No fair reading of *Fort Bend County* suggests that it alters *Drew*.  Supp. Br. at 6-7. Similarly, *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016), has not "implicitly overruled" *Drew* either. Setting aside the fact that the Fifth Circuit would have to make that determination, *see Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989), *Drew* is consistent with *Ross* because the statutory-exhaustion requirement is not excused by a status-quo-preserving injunction—and Plaintiffs aren't asking to be excused from the exhaustion requirement.  This Court should decline Defendant's not-so-subtle invitation to flout Fifth Circuit precedent.

Continuing on this theme, United's reliance on *Alexander v. Sandoval*, 532 U.S. 275 (2001), is destroyed by the actual holding there.  Supp. Br. at 6-7.  The issue in *Sandoval* was whether a private right of action existed under the law—a question the Court referred to as "*substantive* federal law itself." *Id.* at 286 (emphasis added).  That is neither logically nor legally equivalent to a claim-processing rule for exhaustion.  While it is sound to establish the existence of a private right of action prior to entering an injunction—to confirm jurisdiction—United has offered nothing indicating that the same is true of a procedural claim-processing rule.  Because there is not—and cannot be—any question concerning the existence of a private right of action in this case, 42 U.S.C. § 2000e-5(f), (g) (Title VII); 42 U.S.C. § 12117 (ADA), *Sandoval* does not

apply as United wishes it would.  As noted previously, Plaintiffs are not asking the Court to set aside the statutory-exhaustion requirement—just that United be enjoined from continuing its unlawful refusal to provide meaningful accommodation prior to the EEOC weighing in.

## II.     United's Substantive Arguments Also Rely On A Misreading Of The Law.

As to substance, United first claims that Plaintiffs misstated the applicable standard of review.  But United cited no case suggesting that *Knights of the Ku Klux Klan v. E. Baton Rouge Par. Sch. Bd.*, 578 F.2d 1122, 1125 (5th Cir. 1978)—or its discussion of the showing required to obtain a preliminary injunction—has been overruled.  Nor did Plaintiffs suggest that they did not have to establish each of the four elements of a preliminary injunction—merely that "when one or more of the factors is very strongly established, this will ordinarily be seen as compensating for a weaker showing as to another or others."  *Id.*  This is consistent with *Big Tyme Invs., LLC v. Edwards*, 985 F.3d 456, 464 (5th Cir. 2021), which noted the unremarkable—and undisputed—proposition that the party seeking the injunction has the burden of persuasion on all four elements.

Beyond that, United doubles down on its claim that unpaid leave is a reasonable accommodation—without addressing either *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), or *Love v. City of Dallas*, No. 3:96-CV-0532-R, 1997 WL 278126, at *6 (N.D. Tex. May 14, 1997).  Supp. Br. at 12, 19.  United's silence is unsurprising since a reasonable *accommodation* is, as relevant here, a change in a condition of employment that enables an employee to perform the essential functions of their job just like an unaccommodated person.  *See Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 481 (7th Cir. 2017) ("[A] long-term leave of absence cannot be a reasonable accommodation" because "not working is not a means to

perform the job's essential functions.") (cleaned up).  That is not what took place here.[3]

At the same time, it does not matter that United calls its purported accommodation "temporary."  Title VII and the ADA provide for accommodations to be determined while affected employees are still working, not after they have been furloughed.  Even if United intends to bring employees back at some point, Supp. Br. at 12, 18, it is unknown when that intention might come to fruition and the company has no legal right to make Plaintiffs' livelihoods subject only to the company's good graces—especially when the company has already failed to act in good faith during the accommodation process.  An injunction is proper since "[t]he policy [United] describes is not the policy [United] sent to [its employees]."  *Dahl v. Bd. of Trs. of W. Mich. Univ.*, No. 1:21-cv-757, slip op. at 7-8 (W.D. Mich. Sept. 13, 2021) (issuing injunction against University policy barring unvaccinated student athletes from participating in sports after students seeking religious exemptions were ignored or denied).  Indeed, when United announced its COVID-19 vaccine mandate, it stated that accommodations would be available for religious and medical reasons.  Compl. ¶ 28 (ECF No. 1).  Now, United offers nothing close to a reasonable accommodation.[4]

As the facts show—and will show at the hearing—employees who requested medical accommodations were not provided a reasonable accommodation to keep them working like those unaccommodated.  Employees who requested a religious accommodation were treated even worse.  These violations of federal law warrant an immediate preliminary injunction and, as the Supreme Court noted in *Burlington*, the possibility of money damages does not detract from the need for an

---

[3] The Supreme Court has noted that a "tangible employment action" in the retaliation context can be marked even by "a significant change in benefits."  *Burlington Industries, Inc.* v. *Ellerth*, 524 U.S. 742, 761–62 (1998).

[4] The complete lack of a reasonable accommodation here explains why this case differs from *Beckerich v. St. Elizabeth Med. Ctr.*, 2021 WL 4398027 (D. Ky. Sept. 24, 2021) (denying request to enjoin vaccine mandate where hospital had only denied 5% of religious and 15% of medical exemptions—as opposed to United effectively denying 100% of those requests here).

injunction to prevent discrimination in violation of Title VII.  548 U.S. at 72–73.

A recent case from the Sixth Circuit underscores why the stay factors cut in favor of an injunction here.  *See Dahl v. Bd. of Trs. of W. Mich. Univ.*, --- F.4th ----, 2021 WL 4618519 (6th Cir. Oct. 7. 2021) (per curiam).  Although *Dahl* is a free exercise case, First Amendment rights are similar to Title VII rights, *Johnston v. Harris Cty. Flood Control Dist.*, 869 F.2d 1565, 1576 (5th Cir. 1989), and the Sixth Circuit panel specifically dealt with the same competing harms at issue here.  The Sixth Circuit noted that the University's claims of COVID-19 spread were "somewhat speculative" and that the University failed to consider athletes' exposure to unvaccinated students at large.  *Dahl*, 2021 WL 4618519, at *6.  Moreover, the Sixth Circuit noted that the "risk associated" with unvaccinated athletes participating in sporting events is "presumably ameliorat[ed]" by the fact that the injunction allowed the University to require "plaintiffs to wear masks at practice and get tested for COVID-19."  *Id.*  Those facts are present here, too: United employees are and will be exposed daily to hundreds of *unvaccinated* passengers (or even crew mates from other countries) even if every U.S.-based employee were vaccinated, and measures such as masks and testing will certainly remain in place under any preliminary injunction.[5]

## III.    United's October 10 Notice Was Procedurally Improper And Substantively Incorrect.

On October 10, 2021, United filed what it styled as a Supplemental Notice Regarding Plaintiffs' Request for Class-Wide Relief.  ECF No. 56 ("Notice").  That Notice, however, had nothing to do with Plaintiffs' request for class-wide relief, and United clearly opted for this

---

[5] As Plaintiffs have already demonstrated, United could achieve its same objectives by allowing accommodated employees to take periodic COVID-19 tests.  *See* Pls.' Tr. Br. at 6-7 (ECF No. 37). It is worth noting that Spirit Airlines recently announced that it will implement a COVID-19 vaccine mandate that requires either vaccination or periodic testing.  Leslie Josephs*, 'We will comply:' Spirit Airlines CEO prepares staff for federal COVID vaccine mandate* (Oct. 8, 2021), CNBC, https://www.cnbc.com/2021/10/08/we-will-comply-spirit-airlines-ceo-prepares-staff-for-federal-covid-vaccine-mandate.html.

characterization to avoid asking the Court for leave to file the document—knowing that such a request would likely be denied because the filing has nothing to do with the pending Motion for Preliminary Injunction.  Instead, United speculates that a statement made by a non-party to other non-parties *might* have led those non-parties to delete records that *might* at some point be pertinent to this case.  To restate United's argument is to refute it.

The Notice should be disregarded for other reasons, too.  *First*, United mischaracterizes the facts.  United claims that a non-party has been engaged in "a concerted effort to destroy evidence relevant to (at least) putative class members' claims[.]"  Notice at 2.  Yet, the sworn affidavits United attached to its Notice explain that the authors of the statement were directing the recipients to avoid "violating United's social media policies."  Cox Stmt. at 1 (ECF No. 56-1).  To be sure, the message in question was "inartful," Runyan Stmt. at 2, and "poorly worded," Walker Stmt. at 1.  But a review of the full record, from August 2021 through the present, confirms that the non-party issuing the statement intended only to encourage the recipients to ensure compliance with *United's* policies rather than to encourage anyone to destroy relevant materials.  Hardly a "concerted effort," United has glommed onto one isolated—and "wrong," Walker Stmt. at 1— statement.  The Court should reject United's attempt to manufacture a non-existent conspiracy from this singular, incorrect statement.

*Second*, the alleged "newly discovered evidence" has no bearing on the pending Motion for Preliminary Injunction, and the Notice itself confirms that United had no basis for its filing. Indeed, after presenting several pages of hyperbole and innuendo, United ultimately states that it does not know one way or the other if any materials have been destroyed.  *See* Notice at 5.  And United expressly states that it is not suggesting that "any of the six named plaintiffs . . . are involved in potential spoliation."  *Id.*  Thus, even though it cannot identify any evidence suggesting that

9

materials were actually destroyed (by Plaintiffs or anyone else), United nonetheless thought it necessary to file this Notice days before the Preliminary Injunction hearing.  The Court should reject United's transparent attempt to distract from its civil rights violations.

The one thing United got right in its Notice is that the discovery process is the means to explore a party's compliance with its obligations to preserve records.  *See* Notice at 5.  That will take place at the appropriate time for both sides.

## CONCLUSION

The motion for a preliminary injunction should be granted.

October 11, 2021

Respectfully submitted,

*/s/ John C. Sullivan*
John C. Sullivan
Texas Bar No. 24083920
john.sullivan@the-sl-lawfirm.com
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891

*/s/ Robert C. Wiegand*
Robert C. Wiegand
Texas Bar No. 00791924
bob.wiegand@swolegal.com
Melissa J. Swindle
Texas Bar No. 24013600
Melissa.swindle@swolegal.com
Stewart Wiegand & Owens PC
325 N. St. Paul Street, Suite 3750
Dallas, TX 75201
Telephone: (469) 899-9800
Facsimile: (469) 899-9810

*/s/ Mark R. Paoletta*
Mark R. Paoletta*
D.C. Bar No. 422746
mpaoletta@schaerr-jaffe.com
Gene C. Schaerr*
D.C. Bar No. 416368
Brian J. Field*
D.C. Bar No. 985577
Kenneth A. Klukowski*
D.C. Bar No. 1046093
Joshua J. Prince*
D.C. Bar No. 1685532
Annika M. Boone*
Utah Bar No. 17176
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136

* Admitted *pro hac vice*

*Counsel for Plaintiffs and the
Proposed Class*

11

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing has been served via the Court's electronic filing system upon all counsel of record.

<u>*/s/ Robert C. Wiegand*</u>
Robert C. Wiegand