IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID SAMBRANO, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendant. | Civil Action No.<br><br>4:21-CV-01074-P |

### DEFENDANT'S MOTION TO CLARIFY OR MODIFY THE TEMPORARY RESTRAINING ORDER AND MEMORANDUM IN SUPPORT

Defendant United Airlines, Inc. ("United") hereby requests that the Court clarify and/or modify its October 12, 2021 Temporary Restraining Order ("TRO"), ECF No. 66, in two respects. First, the Court should clarify that those accommodated non-customer facing employees who, as of October 18, 2021, are entitled to remain at work under a newly-created testing program may be placed on unpaid leave if they refuse to consent to testing. Second, the Court should clarify that its Order was intended to preserve the status quo and not to require United to reopen the Request for Accommodation Process ("RAP") for employees who had failed, prior to this litigation, to ever request an accommodation and are now, as a result, in the midst of disciplinary termination proceedings.

United has conferred with counsel for plaintiffs as to both of these issues. On the first question regarding employees who reject testing, plaintiffs stated that they "believe the testing accommodation is reasonable," but declined to take a position on how the TRO should be applied when employees refuse to test. On the second issue, plaintiffs informed United that they oppose this Motion.

Page 1

# ARGUMENT

The October 12 Order states that it is intended "to avoid risking irreparable injury and ***to maintain the status quo in this case*** pending the Court's hearing and resolution of plaintiffs' Motion for Preliminary Injunction." ECF No. 66 at 1 (emphasis added). The Order includes two operative provisions:

> "It is, therefore, ORDERED that, for the duration of this Temporary Restraining Order, United Airlines, Inc. is TEMPORARILY RESTRAINED and ENJOINED from placing any employee on unpaid leave if that employee was granted either a religious or medical exemption from United Airlines, Inc.'s COVID-19 vaccine mandate."

> "It is further ORDERED that United Airlines, Inc. is TEMPORARILY RESTRAINED and ENJOINED from denying any requests for religious or medical accommodations from United Airlines, Inc.'s COVID-19 vaccine mandate due to timeliness (i.e., because the requests were submitted after the August 31, 2021 deadline)."

*Id.* at 2. The Court indicated that it was entering this Order to extend, in effect, the stipulated agreement between the parties that was read into the record on September 24, 2021. *Id.* at 1-2.

### A.     Unpaid Leave for Employees Who Refuse Testing Accommodation

Since the Order was entered, two issues have arisen. First, on October 12, 2021, United announced that it would, as of October 18, implement a new testing and masking program for certain accommodated employees who work in non-customer facing positions (such as "below the wing" ramp jobs). App. 1 ¶ 2 (Second Supplemental Declaration of Kirk Limacher). Employees with an approved RAP will be required to provide a negative COVID test result twice a week and, with limited exceptions, wear a N95 mask at all times. *See* ECF No. 41 at 18; *see also* App. 1 ¶ 2. Those who comply are not required to remain out of the workplace on unpaid leave. *Id.* However, since this new accommodation was announced, some accommodated employees have indicated that they will refuse to submit test results. *Id.* 2 ¶ 3. In addition, some employees have already begun violating the mask policy. *Id.*

Under ordinary circumstances, United would place accommodated employees who refuse to comply with the airline's new testing and masking rules on unpaid leave. *Id.* 1 ¶ 2. And because this issue arose after the Court issued the TRO, there is no reason to think that the Court intended to bar United from taking such action against employees who refuse to comply with indisputably reasonable alternative accommodations. However, because the language of the TRO is quite broad, it is unclear if United currently has any recourse with respect to those individuals. Hence, United asks the Court to clarify or modify the language of the TRO to address this development. The proposed revision would states as follows (proposed addition in ***bold italics***):

> "It is, therefore, ORDERED that, for the duration of this Temporary Restraining Order, United Airlines, Inc. is TEMPORARILY RESTRAINED and ENJOINED from placing any employee on unpaid leave if that employee was granted either a religious or medical exemption from United Airlines, Inc.'s COVID-19 vaccine mandate ***unless such employee was offered and refused the option of remaining at work subject to masking and COVID-19 testing requirements***."

This would maintain the status quo for (1) all employees not offered an alternative accommodation and (2) all employees complying with United's new testing/masking protocols.

### B. Newly Filed Accommodation Requests

As discussed at the recent hearing, virtually all United employees either chose to be vaccinated or sought and were granted an accommodation. App. 2 ¶ 4. However, approximately 200 employees refused to pursue either option. *Id.* 2 ¶ 5. They were not subject to the parties' stipulated agreement of September 24, which only covered persons who had submitted an accommodation request "on or before September 23, 2021." *Id.* As a result, since late September, United has – in accordance with its collectively bargained disciplinary rules – been in the process of terminating those individuals. *Id.* 2 ¶ 6. As of earlier this week, those disciplinary processes were nearing a conclusion. *Id.*

However, once the TRO was entered, a number of those individuals suddenly announced that they would be filing for RAPs. *Id.* 2 ¶ 7. They are pointing to the second operative paragraph of the Court's Order, which prohibits United from "denying any requests for religious or medical accommodations . . . due to timeliness." *Id.*; ECF No. 66 at 2. They claim that this language means that United is obligated to re-open the accommodation process and consider new requests from employees who never filed before. *Id.*

The Court should clarify that its TRO was not intended to *alter* the status quo by reopening the accommodation process.[1] Rather, as the Court expressly stated, the intent was to "*maintain*" the status quo, which means that the Order should cover individuals like named plaintiff David Castillo, who had submitted an accommodation – albeit late – prior to September 23, 2021. Requests that are coming in now – only after the TRO was entered – are all from individuals who are taking advantage of what they see as an opportunity to delay their pending terminations. Indeed, by definition, those individuals were not even members of the putative class as of the date this case was filed.

To address this, the Court should clarify the scope of the second operative paragraph of the TRO by adding the following (proposed addition in **bold italics**):

> "It is further ORDERED that United Airlines, Inc. is TEMPORARILY RESTRAINED and ENJOINED from denying any requests ***made on or before September 23, 2021,*** for religious or medical accommodations from United Airlines, Inc.'s COVID-19 vaccine mandate due to timeliness (i.e., because the requests were submitted after the August 31, 2021 deadline)."

Clarifying the Order along these lines will make the TRO consistent with the terms of the stipulated agreement between the parties.

---

[1] Ordering United to reopen the RAP process would, in effect, convert the TRO from a prohibitory injunction to a disfavored "mandatory" injunction, *i.e.*, an injunction that requires a party to take action beyond just maintaining the status quo. *See, e.g., Radius Bank v. Stafford Transp. of La., Inc.*, 2020 WL 1288904, at *2 (N.D. Tex. Mar. 18, 2020); *Martinez v. Mathews*, 544 F.2d 1233, 1234 (5th Cir. 1976).

Dated: October 17, 2021                               Respectfully submitted,

                                                               */s/ Jordan M. Matthews*
Jordan M. Matthews
IL Bar No. 6300503
JONES DAY
77 W. Wacker Drive, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: jmatthews@jonesday.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: dmunro@jonesday.com

Alexander V. Maugeri
NY Bar No. 5062666
JONES DAY
250 Vesey Street
New York, NY  10281-1047
Telephone: (212) 326-3880
Facsimile: (212) 755-7306
Email: amaugeri@jonesday.com

Russell D. Cawyer
State Bar No. 00793482
**KELLY HART & HALLMAN LLP**
201 Main St., Ste. 2500
Fort Worth, Texas  76102
(817) 878-3562 (telephone)
(817) 335-2820 (facsimile)
Email: russell.cawyer@kellyhart.com

**ATTORNEYS FOR DEFENDANT
UNITED AIRLINES, INC.**

## **CERTIFICATE OF SERVICE**

On October 17, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                           */s/ Jordan M. Matthews*
                                           Jordan M. Matthews

## CERTIFICATE OF CONFERENCE

On October 15, 2021, Donald J. Munro, counsel for United, conferred with Robert C. Wiegand, counsel for plaintiffs, regarding the relief sought in the foregoing motion. The parties could not reach agreement because plaintiffs are opposed to the relief sought. Accordingly, the foregoing is presented to the Court as opposed.

*/s/ Jordan M. Matthews*
Jordan M. Matthews