# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED AIRLINES, INC., <br><br> *Defendant.* | Civil Action No.: 4:21-cv-01074-P |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S ADVICE TO THE COURT

On October 15, 2021, Defendant United Airlines, Inc. ("United") notified the Court that the U.S. District Court for the District of Colorado denied a motion for a temporary restraining order in *Barrington v. United Airlines*, No. 1:21-cv-02602 (D. Colo.). *See* Def.'s Advice to the Court (ECF No. 69). Presumably, United believes that the *Barrington* decision supports its arguments before this Court. Instead, United has unwittingly confirmed the need for preliminary injunctive relief in this case.

Indeed, *Barrington* differs from this case in a material way. In *Barrington*, "[n]either party … cited to case law addressing whether temporary, but indefinite, unpaid leave constitutes a reasonable accommodation under Title VII." Order at 7, *Barrington*, No. 1:21-cv-02602 (D. Colo. Oct. 14, 2021) (ECF No. 23) ("*Barrington* Order"). Not so here. Plaintiffs have identified extensive case law showing that temporary unpaid leave is not a reasonable accommodation. *See* Memo. in Supp. of Mot. for Prelim. Inj. at 10-11 (ECF No. 6) ("PI Mot."); Pls.' Trial Br. at 4-5 (ECF No. 37). In fact, far from being "a reasonable accommodation," unrequested unpaid leave is an adverse employment action. *See, e.g., Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S.

53, 72 (2006) (holding that 37 days of unpaid leave, even when later reimbursed, constituted an adverse employment action); *Love v. City of Dallas*, No. 3:96-cv-0532-R, 1997 WL 278126, at *6 (N.D. Tex. May 14, 1997) (noting that unpaid leave is effectively termination).

Although Plaintiffs have identified this authority several times, United has yet to explain how unpaid leave can be both an adverse employment action and a reasonable accommodation. Of course, it cannot be. And the few cases discussing unpaid leave as a reasonable accommodation differ substantially from this case—they involve employees requesting unpaid leave to avoid termination. *See* PI Mot. at 12 n.3. Had the *Barrington* plaintiff identified this authority, Plaintiffs are confident that the *Barrington* court would have concluded that United's "accommodation" is really no accommodation at all. By pointing to the *Barrington* decision, United inadvertently highlights this key fact, which demonstrates why the Court should grant Plaintiffs' motion for a preliminary injunction.

Further, the *Barrington* court did not address a key irreparable harm that Plaintiffs identified here—unpaid leave will remove Plaintiffs (and similarly situated United employees) from the seniority system. As Kirk Limacher testified at the recent evidentiary hearing, United would not be able to return "accommodated" employees to their places in seniority upon return. More importantly, while on unpaid leave, the "accommodated" employees will be unable to bid for jobs, schedules, locations, etc. As Plaintiffs demonstrated, those lost bidding opportunities cannot be undone—they are lost forever, and they will have negative impacts on each Plaintiff's job going forward.

This case differs from *Barrington* in one additional way. One accommodation that the *Barrington* plaintiff requested was transfer to another position. *See Barrington* Order at 9. The *Barrington* court noted that employers are "not obligated to relocate Plaintiff within the company

in order to comply with Title VII." *Id.* In this case, Plaintiffs have not requested transfer to other positions. They merely ask the Court to prevent United from placing them on indefinite unpaid leave. As Plaintiffs demonstrated at the recent evidentiary hearing, there are ample accommodations available that impose little to no cost—for example, periodic testing or symptom screening. *Barrington*'s discussion of transfer is entirely irrelevant here.

In short, the *Barrington* decision highlighted a key gap in that case—any authority showing that unrequested unpaid leave can be a reasonable accommodation. In contrast, Plaintiffs have demonstrated that unpaid leave cannot be a reasonable accommodation, *and* that United has multiple reasonable options that it could provide at minimal if any incremental cost. Accordingly, this case differs substantially from *Barrington.* Indeed, that decision's logic *supports* entry of a preliminary injunction here.

October 18, 2021

Respectfully submitted,

*/s/ John C. Sullivan*
John C. Sullivan
Texas Bar No. 24083920
john.sullivan@the-sl-lawfirm.com
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891

*/s/ Robert C. Wiegand*
Robert C. Wiegand
Texas Bar No. 00791924
bob.wiegand@swolegal.com
Melissa J. Swindle
Texas Bar No. 24013600
Melissa.swindle@swolegal.com
Stewart Wiegand & Owens PC
325 N. St. Paul Street, Suite 3750
Dallas, TX 75201
Telephone: (469) 899-9800
Facsimile: (469) 899-9810

/s/ Mark R. Paoletta
Mark R. Paoletta*
D.C. Bar No. 422746
mpaoletta@schaerr-jaffe.com
Gene C. Schaerr*
D.C. Bar No. 416368
Brian J. Field*
D.C. Bar No. 985577
Kenneth A. Klukowski*
D.C. Bar No. 1046093
Joshua J. Prince*
D.C. Bar No. 1685532
Annika M. Boone*
Utah Bar No. 17176
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136

* Admitted *pro hac vice*

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served via the Court's electronic filing system upon all counsel of record.

*/s/ Robert C. Wiegand*
Robert C. Wiegand
