UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED AIRLINES, INC., <br><br> *Defendant*. | Civil Action No.: 4:21- 01074-P |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65(b)(2) and Local Civil Rule 7.1, Plaintiffs respectfully request that the Court extend the temporary restraining order entered on October 12, 2021 **[ECF 66]**, as clarified by the Court's October 18, 201 Order **[ECF 72]**, enjoining Defendant United Airlines, Inc. ("United") from the conduct described therein.  The temporary restraining order expires on October 26, 2021.  The Court ordered mediation **[ECF 81]** is scheduled to occur on October 26, 2021.

Federal Rule of Civil Procedure 65(b)(2) allows a court to extend a temporary restraining order for a period of 14 days if good cause is shown.  See also *Almetals, Inc. V. Wickeder Westfalenstahl, GMBH,* 2008 WL 624067, at *2 (E.D.Mich. Mar.06, 2008) (noting that a temporary restraining order may be extended beyond the time limit set in Rule 65(b) "if the moving party has exercised good faith in seeking the preliminary injunction hearing, but has been unsuccessful, and if the danger of irreparable injury continues.") (quoting *Maine v. Fri,* 482 F.2d

1

439, 441 n. 1 (1st Cir.1973), in turn citing 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2953 (1973)).

Good cause exists because the temporary restraining order may expire before the Court can rule on whether a preliminary injunction is warranted, and before the parties are able to effectuate the terms of a settlement agreement, if any, that may be reached at mediation on October 26, 2021. An extension of the temporary restraining order is necessary to avoid risking irreparable injury and to maintain the status quo in this case pending resolution of Plaintiff's Motion for Preliminary Injunction **[ECF 5]**, or pending the effectuation of a settlement agreement, if any agreement is reached during mediation. Plaintiffs have exercised good faith in seeking the preliminary injunction, and the Court has already heard Plaintiffs' motion. Plaintiffs have posted the $5,000.00 bond required by the original Temporary Restraining Order. **[ECF 66].**

Based upon the foregoing, Plaintiffs respectfully request the Court extend the temporary restraining order until November 9, 2021, or for as much time as the Court deems appropriate.

October 21, 2021                                      Respectfully submitted,

                                                                    */s/ John C. Sullivan*
John C. Sullivan
Texas Bar No. 24083920
john.sullivan@the-sl-lawfirm.com
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891

*/s/ Robert C. Wiegand*
Robert C. Wiegand
Texas Bar No. 00791924
bob.wiegand@swolegal.com
Melissa J. Swindle
Texas Bar No. 24013600
Melissa.swindle@swolegal.com
Stewart Wiegand & Owens PC
325 N. St. Paul Street, Suite 3750
Dallas, TX 75201
Telephone: (469) 899-9800
Facsimile: (469) 899-9810

*/s/ Mark R. Paoletta*
Mark R. Paoletta*
D.C. Bar No. 422746
mpaoletta@schaerr-jaffe.com
Gene C. Schaerr*
D.C. Bar No. 416368
Brian J. Field*
D.C. Bar No. 985577
Kenneth A. Klukowski*
D.C. Bar No. 1046093
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136

*Counsel for Plaintiffs and the Proposed Class*

3

## CERTIFICATE OF SERVICE

    A true and correct copy of the foregoing motion has been served via the Court's electronic filing system upon all counsel of record.

                                        */s/ Robert C. Wiegand*
                                        Robert C. Wiegand, Attorney for Plaintiffs