IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID SAMBRANO, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendant. | Civil Action No.<br><br>4:21-CV-01074-P |

**DEFENDANT UNITED AIRLINES, INC.'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

## INTRODUCTION

This Court should not extend the Temporary Restraining Order ("TRO") that it entered on October 12, 2021.  ECF No. 66.  Any TRO must be supported by findings with respect to all of the four factors necessary for injunctive relief.  As the preliminary injunction hearing and post-trial briefing have made quite clear, plaintiffs cannot satisfy any of the four factors, much less all of them.  In particular, extending the TRO would cause (further) irreparable harm to United, which is incurring approximately $1.4 million every two weeks to provide paid leave for unvaccinated pilots.  It is doing so because there is no other option available—vaccinated employees simply will not fly with the unvaccinated crew.  By contrast, plaintiffs have still not identified any harm that they will suffer from unpaid leave that could not be redressed with money damages and retroactive seniority if they ultimately prevail on the merits.

It should also be emphasized that, at the outset of this litigation, United voluntarily agreed to a *de facto* TRO, which means that it has already suffered a delay that exceeds the maximum 28 days contemplated in Rule 65.  In these circumstances, an extension of the TRO is especially unwarranted.  We address these points in more detail below.

## ARGUMENT

### A. A Temporary Restraining Order Requires Application of the Four-Factor Standard For Injunctive Relief.

A TRO, no less than a preliminary injunction, requires plaintiffs "to establish (1) there is a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary injunction will not disserve the public interest . . . . *see also* Fed. R. Civ. P. 65; *Hassani v. Napolitano*, No. 3:09-cv-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. 2009) (Fitzwater, J.) (explaining that a TRO is "simply a highly accelerated and temporary form of

2

preliminary injunctive relief," which requires that the party seeking such relief to establish the same four elements for obtaining a preliminary injunction)." *BNSF Ry. Co. v. Int'l Ass'n of Sheet Metal, Air, Rail, & Transp. Workers*, No. 4:21-cv-00432-P, 2021 WL 2695141, at *2 (N.D. Tex. Mar. 19, 2021) (Pittman, J.); *accord Turner v. Epps*, 460 Fed. Appx. 322, 325 n.3 (5th Cir. 2012). It is therefore legal error to grant a TRO without a ruling that all four factors of the injunctive-relief standard are satisfied. *See id.*

In this case, the Court has not made any "ruling on the merits of the parties' arguments," ECF No. 66 at 2, and thus necessarily has not yet concluded that plaintiffs have a substantial likelihood of success on the merits. Nor has the Court made any findings with regard to the harms imposed on United or a "substantial threat of irreparable harm" to the plaintiffs. While the Court issued the original TRO "to avoid *the risk* of irreparable harm to the parties," *id.* (emphasis added), a "risk" of irreparable harm to the plaintiffs is insufficient. *Winter v. NRDC*, 555 U.S. 7, 22 (2008) (rejecting the "Ninth Circuit's 'possibility' standard [as] too lenient" and explaining that issuing injunctive relief "based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief").

United understands and appreciates that the purpose of the pending TRO was "to maintain the status quo while the Court holds an evidentiary hearing on the Motion for Preliminary Injunction." ECF No. 66 at 2. United respectfully submits that such a rationale is no longer applicable now that briefing and the two-day evidentiary hearing on the motion for preliminary injunction is complete.

### B. Plaintiffs Cannot Satisfy The TRO Standard, Especially With Respect To The Balance Of Harms.

For all of the reasons United has provided in its prior briefing and at the evidentiary hearing, plaintiffs cannot demonstrate a substantial likelihood of success on the merits, much less on a class-wide basis before a class is even certified or likely to be certified. Rather than rehashing those arguments, this brief focuses on the balance of harms that has developed under the existing TRO and would persist under an extension. In particular, extending the TRO will cause irreparable harm to United, whereas plaintiffs will not suffer any irreparable harm in the absence of an extension.

First, it is undisputed that United has already suffered irreparable damage in this case. Because of the TRO, United has been forced to place unvaccinated pilots on paid leave, which costs approximately $1.4 million every two weeks. *See* App. 1, Third Supplemental Declaration of Kirk Limacher ("Limacher Decl.") ¶ 2. United had no choice but to place unvaccinated pilots on paid leave because—as the evidence at the hearing showed—vaccinated pilots in United's workforce refuse to risk their safety flying with unvaccinated pilots. *See, e.g.*, Hr'g Testimony of B. Quigley; Limacher Decl. ¶ 3. The Court heard similar testimony from a flight attendant at the hearing about the impact plaintiffs would have on their co-workers if they remain in the workplace. *See* Hr'g Testimony of S. Lukasik.

These costs are unrecoverable. The nominal $5,000 bond supplied by plaintiffs is, of course, inadequate, and United has no effective way to recoup its costs from the named plaintiffs or the putative class members. Thus, absent a significant increase in the bond, any extension of the TRO would impose irreparable and significant harm on United. It would also be unfair to United's vaccinated employees, who must take up the slack for their unvaccinated colleagues.

Second, and by contrast, plaintiffs still have not and cannot demonstrate *irreparable* harm. They still have not identified a single employment case that has ever found irreparable harm from being placed on unpaid leave, which is clearly not irreparable given the availability of compensatory relief if they ultimately prevail on the merits. Instead, plaintiffs emphasized the adverse effects on seniority. However, it is well-settled that any such injury can also be remedied through retrospective relief. *See Zipes v. Trans World Airline, Inc.*, 455 U.S. 385, 386 (1982); *see also* ECF No. 77 at 15. In their post-trial brief, plaintiffs do not contest this point, recognizing that "employees might be placed back into their seniority positions," ECF No. 79 at 14 n.3. They appear to have narrowed their focus even further, claiming that plaintiffs will lose unspecified "opportunity to bid on various jobs, schedules, and benefits." *Id.* Plaintiffs have not shown why any of this cannot be compensated through monetary relief and other appropriate injunctive relief under Title VII and the ADA in the event they prevailed on their claims after a full-litigation on the merits. And even if they could make that showing, any such marginal injuries are vastly outweighed by the substantial and unrecoverable costs imposed on United.

    **C.**    **Any Extension of the TRO Would Be Inequitable In These Circumstances.**

Plaintiffs ask this Court to extend the TRO by at least 14 days, and suggest that this Court has the discretion to extend it even further. *See* ECF No. 83 at 2 (seeking an extension of the TRO "until November 9, 2021, or for as much time as the Court deems appropriate"). They cite an out-of-circuit district-court decision in a case involving a dispute where it was impossible to hold a preliminary injunction hearing within the time limitations of Rule 65(b). *See Almetals, Inc. v. Wickeder Westfalenstahl, GMBH*, 2008 WL 624067, at *2 (E.D. Mich. Mar. 06, 2008).

However, Federal Rule of Civil Procedure 65(b)(2) is quite clear that a TRO can be sustained for *at most* a period "not to exceed 14 days," with a single extension of "a like period." Accordingly, as the Fifth Circuit has squarely held, a TRO cannot be entered for a period of more

5

than 28 days, or else it converts into a preliminary injunction (which is immediately appealable under 28 U.S.C. § 1292(a)). *See, e.g.*, *Connell v. Dulien Steel Prods., Inc.,* 240 F.2d 414, 417 (5th Cir. 1957); *see also Riels v. Bank of America, N.A.*, No. 2:14cv57–KS–MTP, 2014 WL 4964185, at *2 (S.D. Miss. Oct. 3, 2014); *Chicago United Indus., Ltd. v. City of Chicago,* 445 F.3d 940, 946 (7th Cir. 2006); 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3922.1 (3d ed. 2019). That is true, moreover, regardless of whether the TRO is issued without notice to the adverse party or not. *Connell*, 240 F.2d at 417.

Furthermore, in the circumstances of this case, any extension of the TRO would be inequitable. The initial 14-day TRO was entered only after United had voluntarily agreed on September 24 to delay implementation of its challenged vaccine policies until October 15. Accordingly, by the time the initial TRO expires on October 26, these proceedings will effectively have delayed implementation of United's policy by 32 days, which exceeds the maximum period allowed under Rule 65.

## CONCLUSION

For the foregoing reasons, as well as those stated in previous briefing, plaintiffs' motion to extend the Temporary Restraining Order should be denied.

Dated: October 22, 2021	Respectfully submitted,

      */s/ Jordan M. Matthews*
Jordan M. Matthews
IL Bar No. 6300503
JONES DAY
77 W. Wacker Drive, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: jmatthews@jonesday.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: dmunro@jonesday.com

Alexander V. Maugeri
NY Bar No. 5062666
JONES DAY
250 Vesey Street
New York, NY  10281-1047
Telephone: (212) 326-3880
Facsimile: (212) 755-7306
Email: amaugeri@jonesday.com

Russell D. Cawyer
State Bar No. 00793482
**KELLY HART & HALLMAN LLP**
201 Main St., Ste. 2500
Fort Worth, Texas  76102
(817) 878-3562 (telephone)
(817) 335-2820 (facsimile)
Email: russell.cawyer@kellyhart.com

**ATTORNEYS FOR DEFENDANT UNITED AIRLINES, INC.**

## **CERTIFICATE OF SERVICE**

On October 22, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                     */s/ Jordan M. Matthews*
                                                      Jordan M. Matthews