UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DAVID SAMBRANO ET AL.,**

   Plaintiffs,

v.                                               No. 4:21-cv-1074-P

**UNITED AIRLINES, INC.,**

   Defendant.

## ORDER EXTENDING
## TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiffs' Motion to Extend Temporary Restraining Order, filed October 21, 2021. ECF No. 82. The Court initially held a hearing on Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 5) on September 24, 2021. *See* ECF No. 10. At this hearing, the Parties reached an agreement that obviated the need for the Court to then rule on the Motion. *See* ECF No. 28. The Court thus deferred ruling on Plaintiffs' Motion at that time. *See id.*

The Court then set Plaintiffs' Motion for Preliminary Injunction for a hearing on October 8, 2021. *Id.* The day before that hearing, however, United filed a Partial Motion to Dismiss, alleging the Court lacked personal jurisdiction over claims raised by several Plaintiffs against United. *See* ECF No. 47. To permit Plaintiffs reasonable time to respond to United's jurisdictional challenge, the Court set an expedited briefing scheduling and reset the evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction to October 13, 2021. ECF No. 49.

Then, on October 12, 2021, the Court concluded it was necessary to issue a Temporary Restraining Order ("TRO") to avoid the risk of irreparable injury and to maintain the status quo in this case pending the Court's hearing and resolution of Plaintiffs' Motion for Preliminary Injunction. *See* ECF No. 66. Specifically, the Parties stipulated on September 24, 2021, that United would temporarily refrain from placing

exempted employees on leave due to their lack of compliance with United's vaccine mandate. As detailed in the Court's TRO, and further clarified in the Court's October 18, 2021 Order, the TRO merely extended the Parties' stipulated agreement pending a decision on whether a preliminary injunction was warranted. *See* ECF Nos. 66, 72.

Then, on October 20, 2021, the Court issued a Mediation Order that appointed Hon. Kent Hance, Chancellor-Emeritus, as Lead Mediator and Hon. Royal Furgeson (Ret.), Dean-Emeritus, as Local Mediator, and required the Parties to attend a mediation by October 26, 2021. ECF No. 81. This Mediation Order also requires the Parties to file a Joint Mediation Report by October 29, 2021, at 12:00 p.m. to apprise the Court of the Parties' progress towards settlement and lingering issues that remain in front of the Court after the mediation, if any. *See id.*

The Court may extend the TRO for up to an additional 14 days "for good cause shown" and for longer periods upon the consent of the Parties. *See* FED. R. CIV. P. 65(b). The rule does not define "good cause." *See id.* There are few decisions meaningfully applying this standard. While there is a dearth of case law commenting on "what constitutes 'good cause' for purposes of extending a Rule 65(b) order, a showing that the grounds for originally granting the temporary restraining order continue to exist should be sufficient." *See* 11A Charles A. Wright, Arthur R. Miller, Mary Kay Kane*, Federal Practice and Procedure* § 2953 pp. 311–12 (2013).

Here, the reasons that necessitated the initial TRO remain.[1] Specifically, the Court seeks to maintain the status quo that the Parties voluntarily stipulated to at the September 24, 2021 hearing, and that was then preserved by the TRO issued on October 12, 2021. *See* ECF Nos. 28, 66. And while the Court has since held an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction, the Court has not yet

---

[1] The Court acknowledges receipt of United's Advice to the Court (ECF No. 94), filed on October 25, 2021, that attempts to address an issue raised at the Preliminary Inunction hearing regarding the indefinite nature of United's unpaid leave policy for exempted employees. As United submitted this filing on the eve of mediation, the Court will await the Joint Mediation Report to determine whether United's update to its policy affects the outcome of the pending motions.

issued a ruling on this Motion. *See* ECF No. 28. Further, the Parties have not yet attended the mediation ordered by the Court on October 20, 2021. ECF No. 81. Accordingly, it is unclear which issues, if any, will remain for the Court to decide after mediation is completed.

Thus, if the TRO expires without an injunction in place, whether agreed to by the Parties at mediation or ordered by the Court, nothing would prevent hundreds of workers from ostensibly either: (1) being compelled to take a vaccination in violation of their religious beliefs or medical restrictions, or (2) being placed on indefinite unpaid leave. Further, if the TRO expires by its original terms on October 26, 2021, the Parties' ability to proceed with the mediation in good faith would be undermined. Finally, without the benefit of the Joint Mediation Report, the Court cannot ascertain what issues presented in the Motion, if any, remain to be decided. The Court thus concludes that good cause exists to extend the TRO.

Accordingly, the Court concludes that Plaintiffs' Motion to Extend Temporary Restraining Order (ECF No. 82) should be and is **GRANTED**. It is therefore **ORDERED** that the Temporary Restraining Order issued by the Court on October 12, 2021 (ECF No. 66), as clarified on October 18, 2021 (ECF No. 72), is **EXTENDED** for the first time for a period of 14 days. The Temporary Restraining Order will expire on Monday, November 8, 2021, at 4:00 p.m. *See* FED. R. CIV. P. 65(b)(2).

**SO ORDERED** on this **25th day** of **October, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

3