**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*,

*Plaintiffs*,

v.

UNITED AIRLINES, INC.,

*Defendant*.

Civil Action No.: 4:21-01074-P

**PLAINTIFFS' MOTION FOR PROVISIONAL CLASS CERTIFICATION AND MEMORANDUM IN SUPPORT**

## TABLE OF CONTENTS


BACKGROUND .......... 2

ARGUMENT .......... 3

I. Provisional Class Certification is Appropriate at the Preliminary Injunction Stage. .......... 3

II. The Proposed Class Satisfies the Requirements of Federal Rule of Civil Procedure 23. .......... 3

A. Plaintiffs satisfy Rule 23(a). .......... 4

1. The provisional class is sufficiently numerous. .......... 5

2. There are questions of law or fact common to the provisional class. .......... 5

3. Plaintiffs' claims are typical of the claims or defenses of the class. .......... 7

4. Plaintiffs will fairly and adequately protect the interests of the class. .......... 8

B. Plaintiffs satisfy Rule 23(b). .......... 9

1. Provisional certification is appropriate under Rule 23(b)(2). .......... 9

2. Provisional certification is also appropriate under Rule 23(b)(3). .......... 11

CONCLUSION .......... 13


## TABLE OF AUTHORITIES

**Cases**


*Harris v. Graddick*,
593 F. Supp. 128 (M.D. Ala. 1984) .......... 3

*In re Deepwater Horizon*,
739 F.3d 790 (5th Cir. 2014) .......... 12

*Kaiser v. Cty. of Sacramento*,
780 F. Supp. 1309 (E.D. Cal. 1991) .......... 3

*Mullen v. Treasure Chest Casino, LLC*,
186 F.3d 620 (5th Cir. 1999) .......... 5

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins.*,
559 U.S. 393 (2010) .......... 3

*Stirman v. Exxon Corp.*,
280 F.3d 554 (5th Cir. 2002) .......... 7, 8

*Street v. Diamond Offshore Drilling*,
No. 00-cv-1317, 2001 WL 568111 (E.D. La. May 25, 2001) .......... 5

*Thomas v. Johnston*,
557 F. Supp. 879 (W.D. Tex. 1983)........................................................................... 3

*Yates v. Collier*,
868 F.3d 354 (5th Cir. 2017) ................................................................................. 9, 10

*Wal-Mart Stores v. Dukes*,
564 U.S. 338 (2011)................................................................................................... 5

**Other Authorities**

William B. Rubenstein, *Newberg on Class Actions* (5th ed. 2018)............................................... 9

**Rules**

Fed. R. Civ. P. 12........................................................................................................ 8

Fed. R. Civ. P. 23........................................................................................... 1, 4, 9, 11

Plaintiffs seek provisional class certification to eliminate any doubt as to this Court's authority to issue preliminary injunctive relief in favor of the entire class. Plaintiffs are United Airlines ("United") employees who requested religious and medical accommodations from United's COVID-19 vaccine mandate. United responded by offering only the false accommodation of indefinite unpaid leave. In doing so, United violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").

Certification is appropriate because the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and 23(b). Indeed, United not only failed to provide the named Plaintiffs with reasonable accommodations, it failed to provide reasonable accommodations to several thousand United employees—and, instead, provided the same unreasonable "accommodation." Accordingly, Plaintiffs and all similarly situated employees are entitled to advance the same claims under Title VII and the ADA. Accordingly, Plaintiffs request that the Court provisionally certify the following class:

> All United employees who have requested or will request accommodations from United's COVID-19 vaccine mandate and for whom United has refused to provide a reasonable accommodation as required by federal civil rights laws.

Further, Plaintiffs request that the Court provisionally certify the following two subclasses of United employees:

a. Customer-facing United employees who requested or will request accommodations from United's COVID-19 vaccine mandate and for whom United offered only the unreasonable accommodation of unpaid leave.

b. Non-customer facing employees who requested or will request accommodations from United's COVID-19 vaccine mandate and for whom United has offered only temporary accommodations that may be revoked at any time and replaced with unpaid leave.

Additionally, Plaintiffs request that the Court provisionally appoint them as class representatives and appoint Plaintiffs' counsel as class counsel in this case.[1]

**BACKGROUND**

In this action, Plaintiffs seek preliminary classwide injunctive relief enjoining United from violating the civil rights of its employees. As set forth in more detail in Plaintiffs' Amended Complaint, United recently issued a mandate requiring all employees to receive a vaccine for COVID-19. *See* Am. Compl. ¶ 22 (ECF No. 67). Plaintiffs, along with several thousand other United employees, sought religious or medical exemptions from that mandate. *See id.* ¶¶ 64-66, 75-77, 84-85, 94-97, 104-06, 113-14, 123. Rather than complying with its obligations under Title VII and the ADA, United refused to provide reasonable accommodations to these employees. Instead, United responded initially by stating that the only available accommodation was indefinite unpaid leave. As Plaintiffs have already demonstrated, this is certainly not a reasonable accommodation, as it is effectively termination. *See* Trial Br. at 7 (ECF No. 37).

Since then, United has purported to grant different accommodations to some United employees—non-customer-facing employees. *See* Def.'s Supp. Br. at 18 (ECF No. 41) (discussing a temporary accommodation of testing and mask wearing). These purported accommodations are equally insufficient as United expressly stated that any such accommodations are temporary and may be revoked at any time, leaving these employees still facing the prospect of indefinite unpaid leave. The same is true of the *temporary* "accommodations" offered to *some* customer-facing employees by moving them to non-customer-facing roles in lower-paying jobs. And for the other

[1] As Plaintiffs previously demonstrated, this Court may proceed to grant classwide relief without first certifying a class. *See* Opp. to Mot. to Dismiss at 13–14 (ECF No. 55). However, as shown below, it is equally appropriate for the Court to provisionally certify a class in this matter alongside resolving the pending motion for a preliminary injunction.

employees—the customer-facing employees on flightcrews—United still offers only the unreasonable accommodation of indefinite unpaid leave. *See* Def's Post-Hr'g Br. at 1 n.1 (ECF No. 77).

**ARGUMENT**

**I. Provisional Class Certification is Appropriate at the Preliminary Injunction Stage.**

This Court may certify a provisional class while resolving the motion for a preliminary injunction. In fact, courts routinely issue preliminary injunctions concurrently with certifying a class or even prior to fully certifying a class. *See, e.g.*, *Harris v. Graddick*, 593 F. Supp. 128 (M.D. Ala. 1984) (certifying class concurrently with preliminary injunction); *Kaiser v. Cty. of Sacramento*, 780 F. Supp. 1309, 1312 (E.D. Cal. 1991) (granting classwide injunctive relief while provisionally certifying class); *Thomas v. Johnston*, 557 F. Supp. 879, 916 n.29 (W.D. Tex. 1983) ("It appears to be settled ... that a district court may, in its discretion, award appropriate classwide injunctive relief prior to a formal ruling on the class certification issue based upon either a conditional certification of the class or its general equity powers").

A plaintiff whose lawsuit meets the requirements of Rule 23 has a "categorical" right "to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins.*, 559 U.S. 393, 398 (2010). The "suit must satisfy the criteria set forth in subdivision (a) [of Rule 23], and it must also fit into one of the three categories described in subdivision (b) [of Rule 23]." *Id.* As discussed below, Plaintiffs satisfy each requirement.

**II. The Proposed Class Satisfies the Requirements of Federal Rule of Civil Procedure 23.**

In their Amended Complaint, Plaintiffs seek to represent a class of all United employees who have requested or will request accommodations from United's vaccine mandate and for whom United has failed to provide a reasonable accommodation. *See* Am. Compl. ¶ 120. This includes the two subclasses identified above—(1) customer-facing employees, and (2) non-customer-facing

employees. With slight variations between the two subclasses, United has threatened both with indefinite unpaid leave. Specifically, customer-facing employees face indefinite unpaid leave immediately upon expiration of the Court's existing TRO. And non-customer-facing employees face indefinite unpaid leave at an unknown time in the future—whenever United decides to rescind the temporary accommodations it offered during this litigation. Accordingly, the Court should certify a provisional class and grant Plaintiffs' motion for a preliminary injunction as to both subclasses, so as to prevent United from placing on unpaid leave or terminating any employee who requested (or sought to request) an accommodation.[2]

**A. Plaintiffs satisfy Rule 23(a).**

At the outset, provisional certification is appropriate because Plaintiffs satisfy the requirements of Rule 23(a). Under Rule 23(a), a proposed class must meet the following prerequisites: (i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These prerequisites exist to ensure that the named Plaintiffs are appropriate representatives of the class whose claims

[2] As noted in Plaintiffs' Motion to Extend the Temporary Restraining Order, the injunction should be broader that the current TRO because of United's role in preventing individuals from fully participating in their proposed "reasonable accommodation" (RAP) process. For instance, the company sought third-party letters from individuals requesting a religious accommodation but told employees that they only had three calendar days in which to supply those letters. Individuals unable to meet that deadline were left out of the process. Other individuals—such as Plaintiff David Castillo who was unable to provide a pastoral letter (when that was the requirement from United as opposed to just a third-party letter)—were also excluded from the RAP process. Moreover, United is currently terminating individuals because their accommodation request was not timely completed on HelpHub and was, instead, conveyed to management through union representatives. Not only is such a communication proper under Title VII, it is in accordance with United's policy at the time.

they wish to litigate. *See Wal-Mart Stores v. Dukes*, 564 U.S. 338, 349 (2011). Here, Plaintiffs satisfy each requirement.

**1. The provisional class is sufficiently numerous.**

Rule 23(a)(1) establishes that a class is sufficiently numerous if "the class is so numerous that joinder of all members is impracticable." As another district court in this Circuit has noted, "any class consisting of more than forty members 'should raise a presumption that joinder is impracticable.'" *Street v. Diamond Offshore Drilling*, No. 00-cv-1317, 2001 WL 568111, at *4 (E.D. La. May 25, 2001) (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999)). Plaintiffs clearly satisfy this requirement. While the exact provisional class size is unknown at this time, it is expected to exceed 2,000 employees. The precise number and identification of the class members will be ascertainable from United's records during discovery, but there are clearly too many class members for joinder to be possible. Accordingly, United cannot dispute that the class is so numerous that joinder of all members is impracticable.

**2. There are questions of law or fact common to the provisional class.**

To establish commonality, Plaintiffs must show that their claims depend upon a common contention. *See Dukes*, 564 U.S. at 350. And that common contention must be capable of classwide resolution—meaning that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Where a company "operates under a general policy of discrimination," companywide class certification is appropriate. *Id.* at 358 (citation omitted).

Plaintiffs also satisfy this requirement. Here, the discriminatory policy, which came from the very top of United management, was evidenced in both how the company processed requests for accommodation and the accommodation it purported to provide. United decided that the only

available accommodation to its vaccine mandate was indefinite unpaid leave. Even for non-customer facing employees, United continues to hold the threat of unpaid leave over them. That choice makes it feasible for this Court to examine all provisional class members' claims for relief and "produce a common answer to the crucial question": is indefinite—and unwanted—unpaid leave a reasonable accommodation? The answer is clearly no, as Plaintiffs have shown repeatedly through this litigation.

More specifically, the questions of law and fact common to all members of the provisional class or provisional subclasses include, but are not limited to, the following:

a. Did United provide its employees with an adequate mechanism for requesting an accommodation when it required requests to be submitted by an arbitrary date (August 31, 2021) and prevented employees from requesting accommodations for both religious and medical reasons?[3]

b. Did United comply with its obligations under federal civil rights law to engage in the interactive process when responding to each accommodation request?

c. Did United comply with its obligations under federal civil rights law to reasonably accommodate employees with religious or medical objections to the vaccine mandate when the only accommodation offered to customer-facing employees was indefinite unpaid leave?

d. Did United comply with its obligations under federal civil rights law to reasonably accommodate employees with religious or medical objections to the vaccine mandate when it provided only temporary accommodations to non-customer facing employees, informing employees that it may convert their accommodation to unpaid leave at any time?

e. Did United comply with federal civil rights law when it denied accommodation requests?

f. Did United retaliate against employees who engaged in protected activity when it responded to each request by formally or effectively terminating their

[3] This question is becoming even more important as United has determined that it will withdraw all medical accommodations granted for prior COVID-19 infections after approximately two months. Anyone who would have also sought a religious accommodation but was unable to do so will be left without a RAP in place after mid-November.

> employment or by engaging in coercive conduct to dissuade employees from requesting (or continuing to seek) an accommodation?

The answers to these questions are central to the validity of Plaintiffs' Title VII and ADA claims, and the claims of all class members. Accordingly, the claims at issue in this case are based on common questions of fact and law such that the Court should provisionally certify the class.

**3. Plaintiffs' claims are typical of the claims or defenses of the class.**

Plaintiffs also satisfy the typicality requirement. As the Fifth Circuit has held, "the test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent. Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (citation omitted).

Here, the provisional class members' claims arise from the same events affecting the named Plaintiffs. Plaintiffs include customer-facing employees and non-customer-facing employees. *See* Am. Compl. ¶¶ 5–10. And, like the provisional class members, Plaintiffs requested religious or medical accommodations from United's COVID-19 vaccine mandate and are facing immediate or imminent unpaid leave. Plaintiff David Castillo, like many others in the class, will be facing termination for not timely following the protocols put in place by United for requesting a RAP. Accordingly, there is no daylight between the provisional class members' claims and Plaintiffs' claims. Accordingly, Plaintiffs also satisfy this requirement of Rule 23(a).

**4. Plaintiffs will fairly and adequately protect the interests of the class.**

Plaintiffs also satisfy the adequate representation requirement. As the Fifth Circuit has held, "Rule 23(a)'s adequacy requirement encompasses class representatives, their counsel, and the relationship between the two." *Stirman*, 280 F.3d at 563 (citation omitted). The Court "must consider "[1] the zeal and competence of the representative[s'] counsel and ... [2] the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees." *Id.*

Since its inception, the Plaintiffs have been actively involved in this litigation. For instance, they have each provided declarations in support of their claims and testified during the recent evidentiary hearing. They also participated in mediation proceedings, working diligently to find a solution on behalf of their fellow employees. And no Plaintiff has a conflict of interest with the members of the provisional class. Rather, Plaintiffs, like the provisional class, have sincerely held religious beliefs and/or disabilities that prevent them from receiving the COVID-19 vaccine. Accordingly, Plaintiffs' interests are exactly those that Title VII and the ADA protect, and Plaintiffs' claims will rise and fall with the claims of the rest of the class.

Additionally, class counsel will adequately represent the class. On this question, courts consider counsel's experience "identifying or investigating potential claims in this action," "handling class actions" and other "complex litigation," "knowledge of the applicable law," and "resources." Fed. R. Civ. P. 12(g)(1)(A). Here, Plaintiffs' counsel have been extensively involved in identifying and investigating the claims at issue in this case. A brief review of the docket in this case confirms their zealous advocacy. As made clear in the Amended Complaint, the motion for preliminary injunction, and the evidentiary hearing, Plaintiffs' counsel worked with Plaintiffs extensively to explore the claims and defenses at issue here. Additionally, Plaintiffs' counsel routinely handle complex litigation, including class actions. This includes counsel from Stewart,

Wiegand, & Owens, PC, and S|L Law PLLC, who have extensive experience litigating complex cases in this District and in federal courts across the country. Additionally, attorneys from Schaerr | Jaffe routinely handle complex litigation in federal district and appellate courts across the country. Further, Plaintiffs' counsel are deeply familiar with the applicable law, having significant experience litigating cases involving Title VII and ADA claims on behalf of both employers and employees. Accordingly, Plaintiffs also satisfy the adequacy requirement of Rule 23(a).

**B. Plaintiffs satisfy Rule 23(b).**

The provisional class also satisfies the requirements of Rule 23(b)(2) and (b)(3). Provisional certification is appropriate under Rule 23(b)(2) because United universally responded to religious and medical accommodation requests with an across-the-board false accommodation of unpaid leave—either immediately for customer-facing employees or imminently for non-customer-facing employees. Alternatively, provisional certification is appropriate under Rule 23(b)(3) because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating Plaintiffs' claims.

**1. Provisional certification is appropriate under Rule 23(b)(2).**

Under Rule 23(b)(2), class certification is appropriate if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The rule "focuses on the defendant and questions whether the defendant has a policy that affects everyone in the proposed class in a similar fashion." William B. Rubenstein, *Newberg on Class Actions* § 4:28 (5th ed. 2018). To maintain a class under Rule 23(b)(2), there must be "common behavior by the defendant towards the class such that class members ... have been harmed in essentially the same way." *Yates v. Collier*, 868 F.3d 354, 367 (5th Cir. 2017) (citations

and quotation marks omitted). Additionally, Rule 23(b)(2) requires that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The Fifth Circuit has held that this means the injunctive relief sought must be "specific" and that there be "content given so that final injunctive relief may be crafted to describe in reasonable detail the acts required." *Yates,* 868 F.3d at 367 (citation and internal quotation marks omitted).

The provisional class satisfies these requirements. United has acted unilaterally to place all customer-facing employees who requested religious and medical accommodations on unpaid leave. And, after promising unpaid leave, United has given all non-customer-facing employees only temporary accommodations that may be revoked at any time and replaced with indefinite unpaid leave. This policy of relying on indefinite unpaid leave as a supposed "accommodation" affects all provisional class members in a similar fashion, and all have been harmed in essentially the same way—they are faced with the impossible choice of risking their livelihoods or risking their conscience or health. All members of the class will also begin losing seniority and bid opportunities—for jobs or schedules—as soon as the period of unpaid leave begins. This will either be immediate or imminent, depending on United's disposition toward employee groups.

Furthermore, Plaintiffs have sought specific injunctive relief that would remedy the harms faced by the entire class. Specifically, Plaintiffs seek a preliminary injunction enjoining United from termination or placing on indefinite unpaid leave any employee with a religious or medical basis for seeking an accommodation; from denying requests for religious or medical accommodations as untimely; and from engaging in adverse employment actions until United has completed the individual interactive process for all employees who request such accommodations and has granted reasonable accommodations as required by federal law. *See* Am. Compl., Prayer for Relief.

And, despite not having the burden to do so, Plaintiffs have also identified several potential reasonable accommodations. *See* Pls.' Trial Br. at 6–8. The reasonableness of these accommodations may be seen through what United's primary competitor—Delta Airlines—offers its employees in lieu of mandated vaccination or furlough, accommodations that are very similar to those suggested by the Plaintiffs. *See* Attachment A. Accordingly, provisional certification under Rule 23(b)(2) is appropriate.

**2. Provisional certification is also appropriate under Rule 23(b)(3).**

Under Rule 23(b)(3), class certification is independently appropriate if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In making that finding, the Court considers: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.*

Plaintiffs satisfy each of these requirements. First, there is no reason to conclude that the class members have any individual interests in controlling the prosecution of their claims separate from this class action. Quite the opposite—Plaintiffs have vigorously advanced claims on behalf of themselves and other similarly situated employees. And the Plaintiffs' position in this case amply represents the interests of individual class members—Plaintiffs seek to prevent United from violating federal civil rights laws by placing even a single employee on indefinite unpaid leave—

or terminating them—if that employee has a legitimate religious or medical reason for seeking an accommodation.

Second, with minor exceptions, individual class members have not advanced separate litigation advancing the same claims. *See* Pls.' Resp. to Def.'s Advice (ECF No. 74). Rather, this civil action is the primary one advancing the claims of Plaintiffs and other similarly situated United employees.

Third, it is undoubtedly preferable to concentrate the class claims in this action. If the Court does not grant class certification, thousands of United employees will be forced to file similar actions across the country. That would be highly inefficient as it would risk piecemeal resolution of the same core claims and would cause a significant strain on limited judicial resources.

Finally, it would not be particularly difficult to manage a class action here. Again, the Plaintiffs present the same factual allegations and legal claims held by the provisional class. The Court may address those facts and arguments in one single action without needing to explore in depth the factual details of each employee's situation.[4]

**D. The Provisional Class Is Ascertainable.**

Finally, the class satisfies the ascertainability requirement. As the Fifth Circuit has held, "[i]n order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *In re Deepwater Horizon*, 739 F.3d 790, 821 (5th Cir. 2014) (citation

[4] Of course, United *should have* engaged with each employee individually to identify a reasonable accommodation for their religious and medical accommodation requests. But United did not do so, opting instead to treat all employees collectively. As such, this case should be maintained as a class action because United treated its requesting employees as a class.

omitted). But "the possibility that some [claimants] may fail to prevail on their individual claims will not defeat class membership on the basis of the ascertainability requirement." *Id.*

Members of the class can be determined using objective criteria. The members of the provisional class are those United employees who have requested or will request[5] accommodations from United's vaccine mandate and who have had those accommodation requests either formally or effectively denied through indefinite unpaid leave. The names of requesters will be apparent from United's records, which will be ascertainable during discovery.

## CONCLUSION

As Plaintiffs have previously demonstrated, the Court may grant classwide injunctive relief without first certifying a class. *See* Opp. to Mot. to Dismiss at 13–14. But the Court may also provisionally certify a class concurrently with its decision on the motion for a preliminary injunction. As set forth herein, Plaintiffs satisfy all requirements for class certification and the Court should provisionally certify a class concurrently with granting classwide relief.

November 1, 2021

Respectfully submitted,

*/s/ John C. Sullivan*

John C. Sullivan
Texas Bar No. 24083920
john.sullivan@the-sl-lawfirm.com
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891

[5] It is appropriate for this Court to include those employees who will request accommodations in the future in the provisional class for purposes of issuing a preliminary injunction. United required employees to submit accommodation requests by an arbitrary cut-off date of August 31, 2021. *See* Am. Compl. ¶ 44–46. The company also instituted arbitrary and unreasonable deadlines for individuals to provide third-party letters confirming the request for an accommodation, giving employees just three calendar days over the Labor Day weekend to provide such a letter. Accordingly, Plaintiffs have requested that this Court enjoin United from denying as untimely any request for a religious or medical accommodation. *See id.*, Prayer for Relief.

*/s/ Robert C. Wiegand*
Robert C. Wiegand
Texas Bar No. 00791924
bob.wiegand@swolegal.com
Melissa J. Swindle
Texas Bar No. 24013600
Melissa.swindle@swolegal.com
Stewart Wiegand & Owens PC
325 N. St. Paul Street, Suite 3750
Dallas, TX 75201
Telephone: (469) 899-9800
Facsimile: (469) 899-9810

*/s/ Mark R. Paoletta*
Mark R. Paoletta*
D.C. Bar No. 422746
mpaoletta@schaerr-jaffe.com
Gene C. Schaerr*
D.C. Bar No. 416368
Brian J. Field*
D.C. Bar No. 985577
Kenneth A. Klukowski*
D.C. Bar No. 1046093
Joshua J. Prince*
D.C. Bar No. 1685532
Annika M. Boone*
Utah Bar No. 17176
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136

* Admitted *pro hac vice*

*Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing has been served via the Court's electronic filing system upon all counsel of record.

*/s/ Brian J. Field*
Brian J. Field