UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*,

*Plaintiffs,*

v.

UNITED AIRLINES, INC.,

*Defendant.*

Civil Action No.: 4:21-01074-P

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR LIMITED RECONSIDERATION

It is undisputed that Plaintiffs and other "accommodated" employees will lose the ability to bid on all job benefits while on indefinite unpaid leave. This will cause permanent, unquantifiable harms, and United Airlines has no response to this, opting instead to mischaracterize the facts and law. But once those mischaracterizations are set aside, the only possible conclusion is that Plaintiffs face irreparable harm that will affect their entire careers. None of the four arguments United advances changes this fact. The Court should thus reconsider its Order, conclude that Plaintiffs have shown irreparable injury, and issue a preliminary injunction to prevent that injury—in addition to the injury from the forced choice between "jobs and jabs" that the Fifth Circuit recently held constitutes irreparable injury. *See BST Holdings, LLC v. OSHA*, --- F.4th ----, 2021 WL 5279381 (5th Cir. Nov. 12, 2021) (App.2-13).

1. Relief is appropriate under Rule 59(e). United argues that reconsideration is inappropriate because Plaintiffs have not "identif[ied] any 'new' evidence" and are instead "seek[ing] to [relitigate] a point they already made[.]" Opp. at 3 (ECF No. 109). But United's own authority acknowledges that reconsideration is appropriate when a court's order is based on an error of law or fact. *See id.* at 2. The Court's Order included an error of law and fact—it overlooked evidence showing that Plaintiffs will lose the ability to bid for job benefits that will affect their future careers and thus the Court did not apply those facts when conducting its irreparable harm analysis. Accordingly, reconsideration is available and appropriate.

2. Although related, lost bidding opportunities are distinct from the loss of seniority that the Court addressed. Plaintiffs showed that extended unpaid leave will cost them their seniority positions, and the Court concluded that it could remedy that injury by retroactively placing "accommodated" employees into their seniority positions as though they were never removed. Order at 8–9 (ECF No. 104). But that addresses only part of the problem.

Plaintiffs also showed that they will lose bidding opportunities *now*, and that this loss will affect the rest of their careers with United. That is why the only remedy the Court identified—retroactive seniority—cannot repair the bidding-related harms Plaintiffs are currently suffering and will continue to suffer. *Id.* at 9. Indeed, it would be impossible for the Court to retroactively disentangle every bidding decision over the coming months (or years) of unpaid leave. The Court would need to order United to reopen every bidding decision and force all United employees to resubmit bids to see how each bid would have been resolved had Plaintiffs (and others similarly situated) been able to participate. There is nothing speculative about this; United has not disputed that bids are ongoing or that Plaintiffs are precluded from participating.

Contrary to United's suggestion, this is far more complicated than just "bumping" one employee to make room for another upon return. Opp. at 1. Rather, it would require "bumping" *every* employee down the line for *every* bidding decision (work locations, vacation schedules, management positions, etc.), the results of which would have been in place for months or years.[1]

Unsurprisingly, United failed to put forward *any* evidence at the evidentiary hearing suggesting that it could do this—it would be entirely infeasible, and the Court should reject United's disingenuous and unsupported suggestion now that it could remedy Plaintiffs' harms by "bumping" employees out of their positions and schedules. Rather, the *only* evidence from United's witnesses on this issue is Mr. Limacher's testimony that United could *not* "bump" employees. *See* 10/13 Tr. at 177:19-22. While United now attempts to distance itself from that testimony, it still has not identified any contrary evidence. It remains true that any future attempt

---

[1] In support of its misguided "bumping" argument, United also points to portions of the collective bargaining agreements ("CBA"). *See* Opp. at 5 (citing ECF No. 78 at 157, 562). Those provisions simply confirm what Plaintiffs have been saying all along—seniority is everything in an airline. Bates Decl. ¶¶ 57-58. But further, United's focus on the CBAs is surprising, considering the CBAs do not provide for the unpaid leave that United is forcing on "accommodated" employees.

2

to rebid *every* position, schedule, and job from the entire period of unpaid leave would result in an avalanche of lawsuits from the hundreds (or thousands) of United employees displaced from their bids—to say nothing of the likelihood that the various Unions will also step in to block any such actions. Given those obstacles, United will likely protest later that any such remedy is infeasible.

      As there is no way to know how each bid would have been processed if Plaintiffs and others were allowed to participate, this is precisely the type of unquantifiable harm for which preliminary injunctive relief is appropriate: a "finding of irreparable harm is appropriate even where economic rights are involved when the nature of those rights makes establishment of the dollar value of the loss especially difficult or speculative." *Allied Mktg. Grp. v. CDL Mktg.*, 878 F.2d 806, 810 n.1 (5th Cir. 1989) (cleaned up); *accord Heil Trailer Int'l v. Kula*, 542 F. App'x. 329, 335 (5th Cir. 2013). United has not identified any evidence or authority showing that the Plaintiffs will not lose bidding opportunities or that the Court can remedy those harms later.[2] Accordingly, Plaintiffs' unrebutted claims of irreparable injury warrant reconsideration here.

      3.      The evidence shows more than interim lost work opportunities. Opp. at 5. Rather, the evidence shows that Plaintiffs will suffer long-term harms from the lost opportunity to bid for better schedules, job locations, management positions, and many other job benefits. *See* Bates Decl. ¶ 57. The impact of those lost bids will far outlast United's discriminatory unpaid leave. A mechanic will have lost the ability to bid for an indoor job location, a pilot will have lost the ability to bid for more prestigious and lucrative positions, and a flight attendant will have lost the ability

---

[2] United's reliance on *Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390 (5th Cir. 2008), is also misplaced. That case addressed a CBA in place at a different company, which provided that an employee whose job is eliminated may replace a person with lesser seniority in another job. *Id.* at 392. United does not explain the relevance of a case addressing a different CBA.

to bid for a schedule that has him or her home with family over particular holidays.[3]  Mot. at 5. Those losses are permanent, and *this evidence is unrebutted*.  *See* Bates Decl. ¶ 57 ("Once called back to work, those selections will have already been made and the accommodated employee will not be able to go back and bid for such positions").

While United accuses Plaintiffs of relying on speculation (Opp. at 7), United speculates that the "accommodated" employees will be able to bid for similar jobs in the future.[4]  But only one thing is known for certain—the "accommodated" employees immediately lose the ability to bid on important job benefits that will affect their entire future careers in unquantifiable ways. Accordingly, this harm far exceeds the lost ability to work particular positions and schedules during the period of unpaid leave—this harm is permanent and irreparable.

4. Because Plaintiffs have shown irreparable harm, the Court should reconsider its decision and issue a preliminary injunction.  United suggests the Court cannot do so because it "has not ruled on the other issues."  Opp. at 7.  But the Court may do so now.

As United raises the other preliminary injunction factors, it is worth reiterating why such relief is appropriate.  This Court has already concluded that Plaintiffs' claims "appear compelling and convincing," as United's "calloused approach" to accommodation requests is "disturb[ing]."

---

[3] United references non-customer facing employees not yet on unpaid leave, suggesting that they have been fully accommodated. Opp. at 7. But they will be placed on unpaid leave imminently. *See* Brown Aff. ¶ 9 (App.57). Yet even now, United is retaliating against these employees. For instance, "accommodated" gate agents are being forced into other jobs, locations, and schedules, despite seniority. *See, e.g., id.* ¶¶ 2-5 (App.56); 2d Suppl. Jonas Aff. ¶¶ 4-5, 8-9 (App.52-53).

[4] Many desirable positions are only occasionally "open," as one recent example shows. Mot. at 5. International purser positions for flight attendants—a lucrative position with the best schedules, routes, prestige, and pay—are now open for bids. Such positions are only occasionally available and employees on unpaid leave will miss the chance to bid for this position. *See* Supp. Kincannon Aff. ¶¶ 2-5 (App.59-60). This is just one example of the types of permanent career impacts caused by lost bidding opportunities. But the same principle applies at all levels—there are desirable positions and schedules that are rarely available, and Plaintiffs will lose the ability to bid for these career-changing positions. And there is no way to reverse engineer all the missed opportunities.

*Id.* at 13-14. And the "trifling pittance of indefinite unpaid leave" is hardly reasonable given "that there is virtually no chance to transmit COVID-19 on [United's] planes." *Id.* at 14.

Moreover, the Fifth Circuit recently underscored the need for preliminary injunctive relief when it comes to vaccine mandates, endorsing the same "impossible choice" theory of irreparable injury harm Plaintiffs advanced here. *See BST,* 2021 WL 5279381, at *6-8. The Fifth Circuit concluded that a mandate "substantially burden[s] the liberty interests of reluctant individuals," including those seeking a religious exemption "put to a choice between their job(s) and their jab(s)." *Id.* Although this Court previously disagreed with that argument, *see* Order at 6-8, the Fifth Circuit has now indicated that such an impossible choice is an irreparable harm. While the Fifth Circuit focused on constitutional claims in that portion of its decision, its rationale was not limited to such claims. *See BST*, 2021 WL 5279381, at *8.[5] Indeed, the *BST* petitioners did not rely exclusively on constitutional claims. *See* Pet'rs Stay Mot. at 21-24, *BST*, No. 21-60845 (5th Cir. Nov. 5, 2021) (App.14-50). Rather, the *BST* petitioners made—and the Fifth Circuit adopted—the same "impossible choice" argument Plaintiffs made here. *BST*, 2021 WL 5279381, at *20 (noting that "the principles at stake when it comes to the Mandate are not reducible to dollars and cents").[6]

On reconsideration, this Court should conclude likewise. Because unpaid leave is not a reasonable accommodation, and because United's unlawful actions are creating irreparable harm daily, the Court should reconsider its Order and issue a preliminary injunction.

---

[5] Of course, as Plaintiffs showed, Title VII exists in part to provide private protections for the same religious rights that the First Amendment protects in the public context. *See* ECF No. 61-1 at 8.

[6] While the decision in *Bilyeu v. UT-Battelle, LLC*, No. 3:21-cv-352 (E.D. Tenn. Oct. 29, 2021), is subject to its own criticism, United's reliance on it is inappropriate in this Circuit after *BST*.

November 17, 2021

Respectfully submitted,

*/s/ John C. Sullivan*
John C. Sullivan
Texas Bar No. 24083920
john.sullivan@the-sl-lawfirm.com
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891

*/s/ Robert C. Wiegand*
Robert C. Wiegand
Texas Bar No. 00791924
bob.wiegand@swolegal.com
Melissa J. Swindle
Texas Bar No. 24013600
Melissa.swindle@swolegal.com
Stewart Wiegand & Owens PC
325 N. St. Paul Street, Suite 3750
Dallas, TX 75201
Telephone: (469) 899-9800
Facsimile: (469) 899-9810

*/s/ Mark R. Paoletta*
Mark R. Paoletta*
D.C. Bar No. 422746
mpaoletta@schaerr-jaffe.com
Gene C. Schaerr*
D.C. Bar No. 416368
Brian J. Field*
D.C. Bar No. 985577
Kenneth A. Klukowski*
D.C. Bar No. 1046093
Joshua J. Prince*
D.C. Bar No. 1685532
Annika M. Boone*
Utah Bar No. 17176
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
* Admitted *pro hac vice*

*Counsel for Plaintiffs and the Proposed Class*

6

## CERTIFICATE OF SERVICE

On November 17, 2021, I filed the foregoing document with the clerk of court for the United States District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) (ECF System).

*/s/ Brian J. Field*
Brian J. Field, Attorney for Plaintiffs
