UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>*Defendant.* | Civil Action No.: 4:21-01074-P |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION
AND MOTION FOR LEAVE TO FILE A SUR-REPLY**

Fearing that the Court and the public will learn additional details about its discriminatory and retaliatory actions, United Airlines ("United") filed an objection (ECF No. 113) asking the Court to strike evidence from Plaintiffs' reply in support of motion for reconsideration (ECF No. 111). Specifically, United objects to the evidence Plaintiffs provided demonstrating United's discrimination and retaliation, and showing the irreparable harms United is causing. As shown below, Plaintiffs appropriately supported their reply with affidavits and authority responding to United's arguments and supporting previous arguments Plaintiffs made. Accordingly, Plaintiffs did not include new authority or evidence, and the Court should deny United's request that the materials be stricken. Similarly, the Court should deny United's alternative request for leave to file a sur-reply.

First, United's certificate of conference is incorrect. ECF No. 113 at 5. United states that its counsel conferred with Plaintiffs' counsel about the relief United requested in its objection. Not so. United's counsel requested Plaintiffs' position on a motion to strike, which Plaintiffs opposed. *See* E-mail from J. Matthews to B. Field (Nov. 17, 2021) (attached). United never conferred with Plaintiffs about a request for leave to file a sur-reply or the schedule United now proposes for such a filing. United has thus failed to comply with its obligations to confer in good faith. *See* LR 7.1; *LCP RCP LLC v. Ally Bank*, No. 3:19-cv-0396, 2021 WL 5285068, at *1 (N.D. Tex. Mar. 4, 2021) (stating that parties have a duty to confer "in good faith" and "in an earnest attempt to ensure that the issues presented are unbridgeable").

In addition to filing a motion for leave about which the Parties have not conferred, United has not actually filed a motion to strike. After sending the conferral e-mail yesterday, United likely realized that such a motion would be procedurally suspect. "[I]t is generally accepted that [m]options to strike under Rule 12(f) are not authorized to be filed against motions, only

pleadings." *Winegarner v. Hartz*, No. 3:17-cv-1507, 2018 WL 718478, at *3 (N.D. Tex. Jan. 16, 2018) (quotation marks omitted). Of course, a reply brief is not a pleading. *See* Fed. R. Civ. P. 7. And even when a party seeks to strike portions of pleadings, "[motions to strike] are viewed with disfavor and infrequently granted, both because striking portions of pleadings is a drastic remedy and because it is often sought by a movant simply as a dilatory tactic." *Am. S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626-27 (E.D. Tex. 2010). It is thus clear that a motion to strike would have been improper here. The Court should not allow United to circumvent this procedural obstacle by filing an "objection," which includes a request that the Court strike material from Plaintiffs' reply.

United's request for leave to file a sur-reply is equally misguided. Most notably, United failed to comply with the rules for such a request—United did not include a proposed sur-reply with its motion. Yet, "[t]he court applies the same requirements to a motion for leave to file [a sur-reply] as a motion for leave to amend. That is, '[a] party who moves for leave to file [a sur-reply] must attach a copy of the proposed [filing] as an exhibit to the motion.'" *Lacher v. West*, 147 F. Supp. 2d 538, 540 n.1 (N.D. Tex. 2001).

Moreover, United is mistaken when it argues that a sur-reply is necessary because Plaintiffs included new evidence and argument in its reply. Rather, Plaintiffs' reply simply responded to arguments that United made when opposing Plaintiffs' reconsideration motion, and that evidence and authority supported points that Plaintiffs had already made. A movant may include "evidence … responsive to arguments raised and evidence relied on by" the nonmovant in its opposition. *Lynch v. United Pac. R.R. Co.*, No. 3:13-cv-2701, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015) (including evidence in response to a nonmovant's arguments "is not a situation in which a new issue was raised for the first time in a reply"). And it is "[g]enerally arguments made *for the first time* in a reply [that] are not appropriate for consideration." *Leeuw v. Kroger*

*Tex., L.P.*, No. 3:19-cv-1771, 2021 WL 4295405, at *4 (N.D. Tex. Sept. 21, 2021) (emphasis added). A review of the briefing to date confirms that this is not a case where Plaintiffs have "present[ed] new arguments or legal theories to the court" in its Reply. *AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011).

United objects to four aspects of Plaintiffs' reply—three affidavits and one citation to a recently issued Fifth Circuit decision. But each objection is misplaced. For instance, Plaintiffs included evidence to support their argument that "accommodated" employees face imminent unpaid leave. Brown Aff. ¶ 9. This evidence responded directly to United's inaccurate statement that "non-customer facing employees are already being accommodated" and do not face "any *imminent* risk of harm[.]" Opp. at 8 (ECF No. 109) (emphasis in original). Providing the Court with accurate facts to correct United's incorrect statement was appropriate and does not warrant a motion to strike, or even a sur-reply. *AAR*, 408 F. App'x 830. Moreover, this evidence is not new. *See Leeuw*, 2021 WL 4295405, at *4. United's witness, Kirk Limacher, testified the same: "For the agent on demand, [the accommodation] is limited to 59 days[.]" 10/13 Tr. at 187:13-19.

The same is for the true for the evidence Plaintiffs included showing that "accommodated" employees are being forced into jobs and positions below their seniority levels. *See* Brown Aff. ¶¶ 2-5; 2d Suppl. Jonas Decl. ¶¶ 4-5, 8-9. Here again, this evidence responds directly to United's inaccurate statement that the "non-customer facing employees" have been accommodated and are not facing any harm. Opp. at 8. Rather than being accommodated, as United suggested, these employees are suffering immediate irreparable harms—they are being denied their seniority and the benefits from the positions they would otherwise hold. *See, e.g.*, 2d Suppl. Jonas Aff. ¶ 9 (explaining that the temporary accommodation prevents her from earning the payments "for every United Credit Card applicant I sign up").

It was similarly appropriate for Plaintiffs to provide the Court with evidence about how United's actions have prevented "accommodated" employees from bidding for positions like the lucrative international purser flight attendant positions. *See* Supp. Kincannon Aff. ¶¶ 2-5. Here again, this is not a new argument "raised for the first time in a reply." *Leeuw*, 2021 WL 4295405, at *4. In fact, this is precisely the harm Plaintiffs showed repeatedly at the evidentiary hearing and which formed the basis of their motion for reconsideration. As Plaintiffs showed, "[e]ach employee on unpaid leave 'during a time when bids are made for particular job locations, flight routes, or schedules … will lose out on the opportunity to secure the selections that would otherwise be available based on his or her seniority.'" Mot. at 3 (quoting Bates Decl. ¶ 57). Similarly, Plaintiffs demonstrated that "[o]nce called back to work, those selections will have already been made and the accommodated employee *will not be able to go back* and bid for such positions." *Id.* (quoting Bates Decl. ¶ 57); *see also* Mot. at 4 ("As Ms. Hamilton confirmed, those missed opportunities are lost forever."). That is exactly what the Supplemental Kincannon Affidavit demonstrates—there are positions for which the "accommodated" employees will be forever prevented from bidding. Indeed, United has never denied this fact,

Finally, Plaintiffs' reliance on the Fifth Circuit's recent decision in *BST Holdings, LLC v. OSHA*, --- F.4th ----, 2021 WL 5279381 (5th Cir. Nov. 12, 2021), was entirely appropriate. Plaintiffs cited this decision—which was issued after Plaintiffs filed their reconsideration motion—in response to United's reference to the Court's treatment of "Plaintiffs' other irreparable harm arguments[,]" which certainly includes Plaintiffs' "impossible choice" theory of irreparable injury. Opp. at 6. United also opened the door to this point by stating that the Court should not grant preliminary injunctive relief on reconsideration because it had not resolved all "other issues" relevant to the preliminary injunction motion. Opp. at 7. As Plaintiffs' "impossible choice" theory

4

of harm was a significant "other issue," it was only reasonable to alert the Court to the Fifth Circuit's treatment of that same point. Moreover, including "'previously un-cited authority'" in a reply is appropriate "'to correct the other side's arguments or supply additional authority.'" *16 Front St., LLC v. Miss. Silicon, LLC*, 162 F. Supp. 3d 558, 561 (N.D. Miss. 2016) (quoting *Sosna v. Bank of Am. N.A.*, No. 10-cv-2374, 2011 WL 1060966, at *6 (D. Kan. Mar. 21, 2011)).

In short, United's arguments about Plaintiffs' reply are unfounded. The Court should thus deny United's request for leave to file a sur-reply—particularly a request that United have four additional days to file a sur-reply, despite the fact that United was required to include a proposed sur-reply with its motion. *See Lacher*, 147 F. Supp. 2d at 540 n.1. In response to Plaintiffs' reconsideration motion, the Court already set an expedited briefing schedule, whereby the motion would be fully briefed in less than a week. United now asks to delay these proceedings even further while its employees continue to suffer irreparable harms every day. Accordingly, the Court should deny United's request. However, if the Court grants United's request for leave to file a sur-reply, it should also permit Plaintiffs an opportunity to submit an additional reply. *See Joseph Paul Corp. v. Trademark Custom Homes, Inc.*, No. 3:16-cv-1651, 2016 WL 4944370, at *14 (N.D. Tex. Sept. 16, 2016) (rather than not considering "new evidentiary material" in a reply, the court may exercise its discretion to "allow the nonmovant an opportunity to file a response to the new materials, followed by an additional final reply brief by the movant").

Finally, there are certainly instances where the Court should exercise its discretion to decline "consider[ing] arguments raised for the first time in a reply brief." *Spring Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991). This is not such a case. Rather, this is a case where Plaintiffs face serious, imminent, and irreparable harms. The Court's recent Order overlooked a key harm—the irreparable impact of being deprived of the ability to bid for

5

job benefits. The Court should deny United's motion and consider all evidence and authority demonstrating that a preliminary injunction is necessary and appropriate here.

November 18, 2021

Respectfully submitted,

*/s/ John C. Sullivan*
John C. Sullivan
Texas Bar No. 24083920
john.sullivan@the-sl-lawfirm.com
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891

*/s/ Robert C. Wiegand*
Robert C. Wiegand
Texas Bar No. 00791924
bob.wiegand@swolegal.com
Melissa J. Swindle
Texas Bar No. 24013600
Melissa.swindle@swolegal.com
Stewart Wiegand & Owens PC
325 N. St. Paul Street, Suite 3750
Dallas, TX 75201
Telephone: (469) 899-9800
Facsimile: (469) 899-9810

*/s/ Mark R. Paoletta*
Mark R. Paoletta*
D.C. Bar No. 422746
mpaoletta@schaerr-jaffe.com
Gene C. Schaerr*
D.C. Bar No. 416368
Brian J. Field*
D.C. Bar No. 985577
Kenneth A. Klukowski*
D.C. Bar No. 1046093
Joshua J. Prince*
D.C. Bar No. 1685532
Annika M. Boone*
Utah Bar No. 17176
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060

6

Facsimile: (202) 776-0136
\* Admitted *pro hac vice*

*Counsel for Plaintiffs and the Proposed Class*

7

**CERTIFICATE OF SERVICE**

On November 18, 2021, I filed the foregoing document with the clerk of court for the United States District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) (ECF System).

*/s/ Brian J. Field*
Brian J. Field, Attorney for Plaintiffs