UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

D*AVID* S*AMBRANO ET AL.*,

   Plaintiffs,

v.                                  **No. 4:21-cv-1074-P**

U*NITED* A*IRLINES*, I*NC.*,

   Defendant.

### ORDER

    Before the Court is Plaintiffs' Motion for Limited Reconsideration ("Motion"), filed November 11, 2021. Mot. to Recons., ECF No. 105. Plaintiffs argue the Court erred by concluding that Plaintiffs failed to meet their burden to show irreparable harm because the Court overlooked one theory of alleged harm—lost bidding opportunities while on unpaid leave. *Id.* at 2. But the Court did not overlook this argument. Plaintiffs' Motion thus attempts to relitigate the issues and arguments that previously led the Court to deny Plaintiffs' Motion for Preliminary Injunction. *See* Order, ECF No. 104. The Court will therefore **DENY** Plaintiffs' Motion.

    In deciding Plaintiffs' Motion for Preliminary Injunction, the Court spent seven-and-a-half pages of analysis considering each specific irreparable-harm theory offered by Plaintiffs. *See id.* at 6–13. The Court concluded, under binding precedent, that each theory fell short. In reaching this conclusion, the Court considered the Parties' extensive briefing and supporting evidence, as well as the arguments and testimony offered at the two-day Preliminary Injunction Hearing.

    Contrary to the assertions in the Motion, the Court did not "overlook" any of Plaintiffs' arguments or evidence that they would suffer irreparable harm from losing the ability to bid on jobs while on leave. *See* Mot. to Recons. at 2–3. For instance, Plaintiffs claim the Court ignored the expert testimony of Fred Bates. *Id.* at 3. Not so. The Court

expressly addressed Mr. Bates's declaration testimony. *See Sambrano v. United Airlines, Inc.*, No. 4:21-CV-1074-P, 2021 WL 5176691, at *5 (N.D. Tex. Nov. 8, 2021). The precise portion of Mr. Bates's Declaration cited by the Court (¶¶ 56–60) includes his testimony on the "bidding opportunities" that Plaintiffs now claim the Court ignored. *See id.* (citing Bates Decl., PI Hr'g App'x at 178–80, ECF No. 75). Specifically, the Court's Order stated that the "[t]estimony offered by one of Plaintiffs' experts, Fred Bates, shows how seniority permeates nearly every aspect of an airline employee's job." *Id.* The Court then detailed how seniority impacts "flight schedules," "the amount and timing of vacation time-off," "ability to relocate to more desirable terminals," the ability to "choose more desirable jobs," and "myriad other aspects of [] employment." *Id.* (citing Bates Decl.). Accordingly, Plaintiffs' claim that the Court failed to consider their arguments relating to "job openings, management positions, vacation schedules, and job locations" is unfounded. *Compare id.*, *with* Mot. to Recons. at 2–3.

Plaintiffs also attempt to introduce new evidence and present new caselaw in their Reply Brief, to which United objects. *See* Objection, ECF No. 113. Specifically, Plaintiffs proffered supplemental affidavits from Debra Jonas and Genise Kincannon, along with an affidavit from a non-party named Tracy Brown. *See* Reply App'x at 51–60, ECF No. 112. These affidavits are improper, and the Court will not consider them in resolving the Motion. Plaintiffs also point to a recent opinion from the Fifth Circuit to argue the Court should reconsider Plaintiffs' "impossible choice" theory of irreparable harm. *See id.* at 1–13; *see also* Reply Br. at 5, ECF No. 111 (citing *BST Holdings, LLC v. OSHA*, --- F.4th ----, 2021 WL 5279381 (5th Cir. Nov. 12, 2021)). Plaintiffs, however, moved for reconsideration on the argument that the Court overlooked their "lost bidding opportunities" theory of harm; Plaintiffs did not move the Court to reconsider the "impossible choice" theory of harm in their Motion. *See, e.g.*, Mot. to Recons. The Court therefore declines to consider Plaintiffs' newly proffered evidence or arguments about Plaintiffs' "impossible

choice" theory.[1] *See, e.g.*, *RedHawk Holdings Corp. v. Schrieber Tr. of Schreiber Living Tr. – DTD 2/8/95*, 836 F. App'x 232, 235 (5th Cir. 2020) ("Generally, neither [the Fifth Circuit] nor the district courts of this circuit will review arguments raised for the first time in a reply brief.").

To clarify any perceived ambiguity stemming from the omission of Plaintiffs' preferred phrasing, however, the Court reiterates the conclusion detailed in its previous Order: Bound by precedent, the Court again concludes that Plaintiffs failed to show they would suffer irreparable harm from lost bidding opportunities while on unpaid leave.[2] Accordingly, Plaintiffs' Motion for Limited Reconsideration is **DENIED.**

The Court recognizes that United's policy has created much consternation for Plaintiffs, and the Court remains deeply disturbed by United's intolerance of its employees' legitimate medical conditions and religious beliefs. However, regardless of these concerns, the Court is first and foremost obligated to faithfully apply binding precedent that governs its analysis of Plaintiffs' Motion for Preliminary Injunction. *See, e.g.*, *Poindexter v. R.J. Reynolds Tobacco Co.,* No. CIV.A.399-CV-262-X, 2000 WL 358473, at *2 (N.D. Tex. Apr. 7, 2000) (Kendall, J.) ("Although this Court is not without sympathy towards the Plaintiffs' outrage, this Court is bound by the Fifth Circuit[']s legal interpretations."), *aff'd*, 237 F.3d 630 (5th Cir. 2000). If the Court has erred on the facts or in

---

[1] Even if it considered *BST Holdings* in its analysis, the Court would reach the same conclusion. That case involved the potential unconstitutionality of a rule promulgated by a federal agency mandating that private employers impose a vaccine mandate or adopt a testing regime for their employees. *See BST Holdings*, 2021 WL 5279381, at *1. Because no such federal regulation is at issue in this case, *BST Holdings* is inapposite.

[2] Even if the Court were to grant Plaintiffs' Motion and enter a preliminary injunction, Plaintiffs would simply be placed on paid leave, rather than unpaid leave. Plaintiffs failed to offer evidence that they could bid on jobs while on paid leave that they would be unable to bid upon while on unpaid leave. Thus, even if the Court entered a preliminary injunction preventing United from putting Plaintiffs on unpaid leave, Plaintiffs would seemingly remain unable to bid on job opportunities while on paid leave.

applying the preliminary injunction standard, *see In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943) (recognizing that a district judge's findings "may be erroneous, for, being human, he is not infallible"), the Court looks forward to such guidance from the Fifth Circuit.

**SO ORDERED** on this **19th day** of **November, 2021.**

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE