UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*,

*Plaintiffs,*

v.

UNITED AIRLINES, INC.,

*Defendant.*

Civil Action No.: 4:21-01074-P

**PLAINTIFFS' MOTION FOR STAY OF DISTRICT COURT PROCEEDINGS**

Plaintiffs respectfully request that the Court stay all pending deadlines until 21 days after the U.S. Court of Appeals for the Fifth Circuit resolves Plaintiffs' pending appeal.

On November 8, 2021, this Court denied Plaintiffs' motion for preliminary injunction and denied in part Defendant's motion to dismiss. *See* Orders (ECF Nos. 103, 104). After the Court denied Plaintiffs' motion for reconsideration, *see* Order (ECF No. 115), Plaintiffs filed a notice of appeal, *see* Notice of Appeal (ECF No. 116). Additionally, Plaintiffs filed an emergency motion for an injunction pending appeal or, alternatively, expedited appeal with the Fifth Circuit. Defendant's response to that emergency motion is currently due by December 10, 2021, and Plaintiffs have requested that the Fifth Circuit resolve that motion by December 15, 2021.

Plaintiffs respectfully request that the Court stay all current deadlines in this Court pending resolution of the appeal, including deadlines related to Plaintiffs' amended complaint and motion for provisional class certification. Defendant's responses to both are currently due by December 7, 2021. *See* Electronic Order (Nov. 12, 2021).

As courts in this Circuit have held, a stay of district court proceedings is appropriate to promote judicial economy when a pending appeal may impact future district court proceedings. As the Eastern District of Texas explained in a class action where the plaintiffs appealed the denial of a preliminary junction:

> [T]he interests of the putative class, as well as the public at large, would best be served by a stay. If the Court has erred in denying preliminary relief, the putative class members would benefit substantially from an interlocutory reversal of that error. Because a favorable ruling on Plaintiffs' appeal could substantially impact the course of these proceedings, a stay will foster the most efficient resolution of this litigation. The public interest in the efficient administration of justice therefore weighs in favor of a stay.

*Nichols v. Alcatel USA, Inc.*, No. 5:05-cv-0043, 2007 WL 9724542, at *3 (E.D. Tex. June 19, 2007). This is true even where "the Fifth Circuit will not decide [*all*] issue[s] related to" Plaintiffs' claim. *Sierra Club v. Energy Future Holdings Corp.*, No. 5:10-cv-0156, 2011 WL 13220652, at *5 (E.D. Tex. Mar. 11, 2011) (emphasis added).

Here, the putative class "would benefit substantially from an interlocutory reversal" of this Court's denial of the motion for preliminary injunction. *Id.* In fact, this Court expressly invited such review: "[i]f the Court has erred on the facts or in applying the preliminary injunction standard, the Court looks forward to such guidance from the Fifth Circuit." Order at 3-4. In resolving Plaintiffs' appeal, the Fifth Circuit may address various issues that are directly relevant to future proceedings in this Court, including Plaintiffs' irreparable harm, likelihood of success on the merits, and the availability of class-wide injunctive relief.

Accordingly, the Court should exercise its "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice" and stay these proceedings pending the Fifth Circuit's resolution of Plaintiffs' appeal. *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). "To determine whether a stay is appropriate, the Court weighs the parties' competing interests and the Court's." *ETC Sunoco Holdings LLC v. United States*,

No. 20-cv-2981, 2021 WL 3774218, at *1 (N.D. Tex. June 14, 2021).  Here, Plaintiffs have an interest in the Fifth Circuit's review of this Court's conclusion that they are not suffering irreparable harm, despite the fact that Defendant is coercing Plaintiffs and similarly situated employees to forsake their religious beliefs and health daily.  As Plaintiffs demonstrated, that conclusion is in tension with the Fifth Circuit's recent decision in *BST Holdings LLC v. OSHA*, 17 F.4th 604 (5th Cir. 2021).  In contrast, Defendant has no competing interest in proceeding immediately in this Court while the Fifth Circuit considers Plaintiffs' appeal.  The only conceivable justification for Defendant's opposition to this motion is its desire to force Plaintiffs to expend resources in multiple fora simultaneously.

Ultimately, "[i]n the face of a pending Fifth Circuit proceeding that will decide issues important to the disposition of [Plaintiffs' claims], it would be contrary to the traditional notions of judicial economy and efficiency for this Court to go forward on [Plaintiffs' claim.]" *Sierra Club*, 2011 WL 13220652, at *5.  Accordingly, Plaintiffs respectfully request that the Court stay all pending district court deadlines until 21 days after the Fifth Circuit resolves Plaintiffs' pending appeal.

December 6, 2021                                                     Respectfully submitted,

*/s/ John C. Sullivan*
John C. Sullivan
Texas Bar No. 24083920
john.sullivan@the-sl-lawfirm.com
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891

*/s/ Robert C. Wiegand*
Robert C. Wiegand
Texas Bar No. 00791924
bob.wiegand@swolegal.com

3

Melissa J. Swindle
Texas Bar No. 24013600
Melissa.swindle@swolegal.com
Stewart Wiegand & Owens PC
325 N. St. Paul Street, Suite 3750
Dallas, TX 75201
Telephone: (469) 899-9800
Facsimile: (469) 899-9810

*/s/ Mark R. Paoletta*
Mark R. Paoletta*
D.C. Bar No. 422746
mpaoletta@schaerr-jaffe.com
Gene C. Schaerr*
D.C. Bar No. 416368
Brian J. Field*
D.C. Bar No. 985577
Kenneth A. Klukowski*
D.C. Bar No. 1046093
Annika M. Boone*
Utah Bar No. 17176
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
* Admitted *pro hac vice*

*Counsel for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>*Defendant.* | Civil Action No.: 4:21-01074-P |

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Motion for Stay of District Court Proceedings, and the entire record herein, it is hereby:

ORDERD that Plaintiffs' Motion is GRANTED; and it is

FURTHER ORDERED that all deadlines in this matter are stayed until 21 days after the U.S. Court of Appeals for the Fifth Circuit issues a decision resolving Plaintiffs' appeal.

SO ORDERED.

_____                              _____
Date                                                                                    Judge Mark T. Pittman

## CERTIFICATE OF CONFERENCE

On December 3, 2021, I conferred with Don Munro, counsel for Plaintiffs regarding the relief requested herein. Mr. Munro stated that Defendant opposes the relief requested in this motion.

                                                 */s/ Brian J. Field*
                                                 Brian J. Field, Counsel for Plaintiffs and the
                                                 Proposed Class

## CERTIFICATE OF SERVICE

On December 6, 2021, I filed the foregoing document with the clerk of court for the United States District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) (ECF System).

                                                 */s/ Brian J. Field*
                                                 Brian J. Field, Counsel for Plaintiffs and the
                                                 Proposed Class