IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID SAMBRANO, individually, and on behalf of all others similarly situated, | § § § § § § § § § § § § | Civil Action No. 4:21-CV-01074-P |
| Plaintiffs, | | |
| v. | | |
| UNITED AIRLINES, INC., | | |
| Defendant. | | |

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR STAY OF DISTRICT COURT PROCEEDINGS**

On the eve of an agreed-upon deadline for Defendant United Airlines ("United") to answer the Amended Complaint and to respond to Plaintiffs' pending motion for class certification, Plaintiffs have filed a Motion for Stay of District Court Proceedings ("Motion"). ECF No. 123; *see* ECF Nos. 107-108. This Court should deny the Motion. In any event, the Court should require Plaintiffs to complete the briefing on their pending motion for class certification. ECF No. 101.

**ARGUMENT**

In most circumstances, a district court "has broad discretion to stay proceedings in the interest of justice and to control its docket" and "[p]roper use of this authority calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, No. 4:16-CV-00350-ALM, 2017 WL 3671862, at *2 (E.D. Tex. Apr. 28, 2017) (citing and quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). However, it is well-settled that stays of district court proceedings pending appeal are disfavored. *See, e.g.*, *United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963) (explaining there is a

1

"general proposition that an appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on the merits"). *See also California v. Azar*, 911 F.3d 558, 583-84 (9th Cir. 2018) ("We have repeatedly admonished district courts not to delay trial preparations to await an interim ruling a preliminary injunction" and noting that the "disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits"); *Southern Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, No. 2:16-cv-861, 2016 WL 10637077, at *2-4 (S.D. Ohio Dec. 14, 2016) (denying motion to stay district court proceedings pending preliminary injunction appeal because the appeal is not duplicative of proceedings in the district court and discovery is necessary to resolve disputed issues of law and fact); *cf.* 16 Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 3921.2 (3d ed.) ("The desirability of prompt trial-court action in injunction cases justifies trial-court consideration even of issues that may be open in the court of appeals" and noting that "Courts of appeals, indeed, occasionally remind trial courts of the need to continue toward judgment.").

In this case, there are several reasons why a stay pending appeal is inappropriate. *First,* a stay pending appeal should not be granted here because "any determination by the Court of Appeals regarding [Plaintiffs'] motion for preliminary injunction will not be dispositive of all issues . . . in this case." *Curtiss-Wright Flow Control Corp. v. Velan, Inc.*, No. SA-04-CA-1157-OG, 2005 WL 8156669, at *1 (W.D. Tex. May 18, 2005). This Court's ruling addressed only the issue of irreparable injury for purposes of a preliminary injunction. Regardless of whether the Fifth Circuit affirms or reverses that ruling, it will not resolve, among other things, (a) whether the case should be certified as a class action and what the scope of any class should be (the subject of

Plaintiffs' pending class certification motion); and (b) the ultimate merits of Plaintiffs' Title VII and ADA claims (the subject of United's forthcoming answer and subsequent proceedings).[1]

*Second*, Plaintiffs are wrong when they assert that "Defendant has no competing interest in proceeding immediately in this Court while the Fifth Circuit considers Plaintiffs' appeal." Mot. at 3. Plaintiffs are seeking back pay damages in this case, and the potential amount at issue grows every day. United as well as the Plaintiffs have an interest in promptly ascertaining whether there is indeed any plausible claim to back pay (and if the back pay issue is limited to the five named Plaintiffs or is a class-wide issue).

*Third*, Plaintiffs' asserted interest in not proceeding expeditiously with the litigation is in serious tension with their representations to this Court that they face significant imminent and continuing harms absent injunctive relief. *See Azar*, 911 F.3d at 584 (explaining that a party "might have been better served to pursue aggressively" its litigation in the district court, "rather than apparently awaiting the outcome of this [preliminary injunction] appeal").

*Fourth*, as one of cases cited by Plaintiffs (Mot. at 2) explains, "[i]n deciding whether to stay litigation, courts typically consider" if "a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Sierra Club v. Energy Future Holdings Corp.*, No. 5:10CV156, 2011 WL 13220652, at *2 (E.D. Tex. Mar. 11, 2011). Granting a stay now would give Plaintiffs a tactical advantage with respect to the pending briefing on class certification. Several weeks ago, both sides agreed to propose a schedule whereby United would file its opposition brief on December 7, 2021. *See* ECF Nos. 107-108. Despite being aware of that deadline, Plaintiffs waited until December 6, just before United is due to file its opposition.

---

[1] Plaintiffs' reliance (Mot. at 2) on *Nichols v. Alcatel* in support of a stay is misplaced. There, in contrast to this case, the district court had denied the preliminary injunction based in substantial part on an analysis of likelihood of success on the merits, including by rendering detailed factual findings. *See Nichols v. Alcatel USA, Inc.*, No. 5:05-CV-43-DF, 2007 WL 9724511, at *2-24 (E.D. Tex. Apr. 26, 2007).

Granting a stay now would, in effect, give Plaintiffs an indefinite extension of time on their reply. Hence, even if the Court grants a stay, it should require Plaintiffs to complete the briefing on their pending motion for class certification.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Stay of District Court Proceedings should be denied and, in any event, Plaintiffs should be required to complete briefing on their pending motion for class certification.

Dated: December 7, 2021	Respectfully submitted,

       */s/ Jordan M. Matthews*
Jordan M. Matthews
IL Bar No. 6300503
JONES DAY
77 W. Wacker Drive, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: jmatthews@jonesday.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: dmunro@jonesday.com

Alexander V. Maugeri
NY Bar No. 5062666
JONES DAY
250 Vesey Street
New York, NY  10281-1047
Telephone: (212) 326-3880
Facsimile: (212) 755-7306
Email: amaugeri@jonesday.com

Russell D. Cawyer
State Bar No. 00793482
**KELLY HART & HALLMAN LLP**
201 Main St., Ste. 2500
Fort Worth, Texas  76102
(817) 878-3562 (telephone)
(817) 335-2820 (facsimile)
Email: russell.cawyer@kellyhart.com

**ATTORNEYS FOR DEFENDANT UNITED AIRLINES, INC.**

## CERTIFICATE OF SERVICE

      On December 7, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                            */s/ Jordan M. Matthews*
                                            Jordan M. Matthews