IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID SAMBRANO, individually, and on behalf of all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:21-CV-01074-P |
| v. | § § | |
| UNITED AIRLINES, INC., | § § § | |
| Defendant. | § § | |

**DEFENDANT UNITED AIRLINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND IMMEDIATE ENTRY OF PRELIMINARY INJUNCTION**

In their Motion for a Temporary Restraining Order and Immediate Entry of Preliminary Injunction ("Motion"), the Plaintiffs abandon any pretense of compliance with the basic rules of civil procedure, jurisdiction, and injunctive relief. By demanding that the Court issue an order "immediately," Plaintiffs are asking this Court to ignore the following:

- The Fifth Circuit has not yet issued a mandate, and thus this Court currently lacks jurisdiction to address whether an injunction should be issued;

- United Airlines, Inc. ("United") has the right to and will be seeking *en banc* review, as Judge Smith's lengthy dissent expressly invites;

- This Court has already entered a TRO and an extension, and thus cannot issue another TRO under Rule 65, but instead should proceed only as to a preliminary injunction, with all of the factual findings that entails;

- There is currently a stay in place – one that the Plaintiffs themselves demanded – and no one has requested that it be lifted;

- The Fifth Circuit majority opinion expressly adopts this Court's observation that "further briefing and evidentiary development was necessary," App. at 21 n.17, and that "[t]he district court on remand should consider the other elements necessary to support an injunction, including, of course, whether the plaintiffs are likely to succeed on the merits," *id.* at 13 n.11; *see also id.* at 22;

- When those proceedings take place, United will prove up new facts – facts that arose subsequent to this Court's November 8 Order – that conclusively dispose of any conceivable argument that the Plaintiffs can show the kind of ongoing "coercive choice" that the panel majority identified as the *only* form of harm at issue here. Both Captain Sambrano and Ms. Kincannon have been offered the option of returning to work and both have declined; and

- Plaintiffs are apparently still demanding some sort of *ad hoc* class-wide relief despite the fact that the Court has yet to resolve any questions of class certification. There is no basis whatsoever for such relief.

\* \* \* \*

To be clear, United does not object to prompt proceedings if and when a mandate issues on the panel majority's ruling. But there is no basis for the kind of "shade tree justice" – ignoring all of the usual rules – that the Plaintiffs desire.[1] App. at 78.

---

[1] Plaintiffs also failed to comply with this Court's local rules by meeting and conferring with United before filing this motion. Although United would have, of course, opposed immediate injunctive relief for the reasons set forth here, Plaintiffs short circuited a process that could have narrowed the issues for this Court or, alternatively, resulted in an agreed-upon and orderly process for the parties to appropriately respond when the Fifth Circuit concludes its work.

Defendant's Opposition to Plaintiffs' Motion for Temporary Restraining Order and Immediate Entry Of Preliminary Injunction  2
3486153_1.docx

## ARGUMENT

1.    ***Jurisdiction.***  It is black-letter law that filing of a notice of appeal divests the district court of jurisdiction of the order appealed from, which does not return until the Court of Appeals' mandate issues. *See, e.g.*, *Arenson v. S. Univ. L. Ctr.*, 963 F.2d 88, 90 (5th Cir. 1992) ("The district court regained jurisdiction over the case upon our issuance of the mandate."); *BHTT Ent., Inc. v. Brickhouse Cafe & Lounge, L.L.C.*, 858 F.3d 310, 313 (5th Cir. 2017) (observing that the "mandate is the jurisdictionally significant document" and controls whether the district court or court of appeals retains jurisdiction); 16AA Wright & Miller, Federal Practice and Procedure § 3987, p. 2 (5th ed. 2021) ("Until the mandate issues . . . the case ordinarily remains within the jurisdiction of the court of appeals and the district court lacks power to proceed further with respect to the matters involved with the appeal."); *see also Kusay v. United States*, 62 F.3d 192, 195–96 (7th Cir. 1995) (Easterbrook, J.) (finding before "the issuance of the mandate" the district court "lack[s] adjudicatory power" and its "proceedings are a nullity"); *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989) (explaining that until the appellate mandate, the district court only has the power to "preserve the status quo of the case *as it sat before the court of appeal*").[2]

In this case, the Fifth Circuit majority has not issued a mandate. It is scheduled to issue on March 11, 2022. In the meantime, United intends to seek en banc review, and given Judge Smith's 60-page dissent expressly calling for reconsideration by the full court, it would be particularly inappropriate for this Court to short circuit that process with a TRO or Preliminary Injunction that alters the status quo before the Fifth Circuit finishes its work. *See* App. at 78 n. 95 ("[B]y today's ruling, the Good Ship Fifth Circuit is afire. We need all hands on deck.").

---

[2] The case went to the Fifth Circuit without any injunction, and a panel affirmed this Court's decision not to issue an injunction pending appeal. *See Sambrano v. United Airlines, Inc.*, No. 21-11159, 2021 WL 5881819, at *1 (5th Cir. Dec. 13, 2021).

2. ***Another TRO Would Be Improper.*** Even apart from the lack of jurisdiction, a TRO cannot lawfully be entered. Federal Rule of Civil Procedure 65(b)(2) is quite clear that a TRO can be sustained for *at most* a period "not to exceed 14 days," with a single extension of "a like period." Accordingly, a TRO cannot be entered for a period of more than 28 days, or else it converts into a preliminary injunction (which is immediately appealable under 28 U.S.C. § 1292(a)). *See, e.g., Connell v. Dulien Steel Prods., Inc.*, 240 F.2d 414, 417 (5th Cir. 1957); *see also Riels v. Bank of America, N.A.*, No. 2:14cv57–KS–MTP, 2014 WL 4964185, at *2 (S.D. Miss. Oct. 3, 2014); *Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 946 (7th Cir. 2006); 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3922.1 (3d ed. 2019). That is true, moreover, regardless of whether the TRO is issued without notice to the adverse party or not. *Connell*, 240 F.2d at 417.

In this case, the full 28-day period has already been exhausted by first issuing and then renewing a TRO, before ultimately denying the Preliminary Injunction, and the Court would therefore violate Rule 65 by issuing any further temporary injunctive relief without making complete findings as required by that Rule.[3] And any injunctive relief the Court orders—no matter how it is styled—would be immediately appealable, as of right.

---

[3] To be sure, a TRO, no less than a preliminary injunction, requires plaintiffs "to establish (1) there is a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary injunction will not disserve the public interest . . . . *see also* Fed. R. Civ. P. 65; *Hassani v. Napolitano*, No. 3:09-cv-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. 2009) (Fitzwater, J.) (explaining that a TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief," which requires that the party seeking such relief to establish the same four elements for obtaining a preliminary injunction)." *BNSF Ry. Co. v. Int'l Ass'n of Sheet Metal, Air, Rail, & Transp. Workers*, No. 4:21-cv-00432-P, 2021 WL 2695141, at *2 (N.D. Tex. Mar. 19, 2021) (Pittman, J.); *accord Turner v. Epps*, 460 Fed. Appx. 322, 325 n.3 (5th Cir. 2012). Thus, even aside from the 28-day limit, it would be legal error to grant a TRO without a ruling as to all four factors of the injunctive-relief standard. *See id.*

3. ***The Case is Stayed.*** On December 7, 2021, the Court issued an Order staying these proceedings "until 21 days after the Fifth Circuit resolves plaintiffs' pending appeal." ECF No. 128. The Plaintiffs themselves sought that stay, and now they come back demanding *immediate* relief without so much as an acknowledgement that a stay is in place.

4. ***The Facts Have Changed.*** Plaintiffs' motion is premised on the notion that they are continuing to suffer the one form of "irreparable harm" identified by the Fifth Circuit, *i.e.*, being "continually subjected to a coercive choice between pay and adhering to religious convictions." App. at 19. However, United will show that the only two individuals covered by the panel majority's opinion – Captain Sambrano and Ms. Kincannon – are no longer suffering any such harm. As to them, the facts have significantly changed since the record closed on appeal. On January 3, 2022, United offered Captain Sambrano a "special assignment" where he would have earned the same or better compensation and benefits as his regular job. *See* App. at 83 ¶¶ 2,5; 87–88. He declined. *Id.* at 94. Likewise, Ms. Kincannon, like all other unvaccinated Flight Attendants, has been offered and has the option of taking any one of a wide variety of alternative non-customer facing roles where she could continue earning a paycheck at United, but has failed to take that opportunity. *See* App. at 83 ¶ 5; 86; 90–91. Thus, they no longer face a "coercive choice" between accepting a vaccine and losing a paycheck.

5. ***United Is Likely to Succeed on Other Injunctive Elements.*** As the Fifth Circuit majority (and the dissent) recognized, this Court has not yet made any rulings on the other injunctive relief factors: likelihood of success, balance of the equities, or public interest. The Fifth Circuit majority expressly "only address[ed] the irreparable-injury prong" and directed this Court to "consider the other elements necessary to support an injunction." App. at 13 n.11.

As things currently stand, Judge Smith is the *only* judge to have evaluated these other essential elements. After reviewing the record evidence and briefing Judge Smith concluded that, even accepting the full force of the majority's opinion: plaintiffs "do not answer United's defenses, so they have not shown that they are likely to win. And if they had shown that, the equities and the public interest would preclude an injunction." App. at 23 (Smith, J., dissenting); *see also id.*, at 63-64 (concluding United has satisfied Title VII's "low bar" for the undue hardship defense); *id.* at 68 (concluding "[t]he equities disfavor injunctive relief" because "[a]n injunction will force United to bear unrecoverable costs that far exceed the plaintiffs' irreparable harm"); *id.* at 71 (concluding that "[a]n injunction would disserve the public interest").

Even if the Court believes that it might disagree with Judge Smith, his views deserve respectful attention. The judicial process and fairness to all parties would be served by proceedings that allow a full airing of the current facts (as Plaintiffs themselves appear to recognize in arguing that the pandemic may be receding).

6. ***Scope of Relief Cannot Extend Beyond Two Named Plaintiffs.*** Finally, even if the Plaintiffs could overcome all of the barriers set forth above, any injunctive relief at this time must be limited to Ms. Kincannon and Captain Sambrano. As the Fifth Circuit just made clear, most United employees cannot have irreparable injury at all. That is why the Fifth Circuit only reversed as to "plaintiffs, Sambrano and Kincannon" (who the Court then refers to as plaintiffs throughout its opinion). App. at 6 n.6. It was only those plaintiffs who, accordingly to the majority, "are being subjected to ongoing coercion based on their religious beliefs." *Id.* at 6-7. Accordingly, the majority explained, "[w]e do not reverse the district court as to any plaintiffs who have been provided other accommodations and are not on unpaid leave." *Id.* at 6 n.6. That would include at

least all of those employees given on-the-job accommodations (the non-customer facing employees).

And even as to other pilots and flight attendants, the nature of the coercive injury the Fifth Circuit relied on underscores why it is improper to grant relief to absent class members prior to class certification—an issue on which the parties have sharply joined issue in their briefing and has wide-ranging implications beyond this case. The Court cannot simply assume that absent individuals it knows nothing about are being "continually subjected to a coercive choice." App. at 19. Indeed, the Court cannot even be confident it has personal jurisdiction over those absent class members, which is another reason it cannot issue them any injunctive relief.[4] Nor can the Court grant class-wide relief before certifying a Rule 23-compliant class, which would be unprecedented in a Title VII and ADA reasonable accommodation case and flout Fifth Circuit and Supreme Court caselaw, for all the reasons United has already briefed.

## CONCLUSION

For the foregoing reasons, as well as those stated in previous briefing, Plaintiffs' Motion for a Temporary Restraining Order and Immediate Entry of Preliminary Injunction ("Motion") must be denied.

---

[4] The need to limit any injunctive relief to Kincannon and Sambrano is underscored by the fact that this Court dismissed Captain Turnbough from the case because he neither lives nor works in Texas and there are numerous absent class members in the same position. The Court expressly deferred its consideration of United's personal jurisdiction challenge to those absent class members until class certification and any injunctive relief now would likewise ignore that jurisdictional issue.

Dated: February 18, 2022

Respectfully submitted,

*/s/ Russell D. Cawyer*

Russell D. Cawyer
State Bar No. 00793482
Taylor Winn
State Bar No. 24115960
**KELLY HART & HALLMAN LLP**
201 Main St., Ste. 2500
Fort Worth, Texas  76102
(817) 878-3562 (telephone)
(817) 335-2820 (facsimile)
Email: russell.cawyer@kellyhart.com

Jordan M. Matthews
IL Bar No. 6300503
JONES DAY
77 W. Wacker Drive, Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: jmatthews@jonesday.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: dmunro@jonesday.com

Alexander V. Maugeri
NY Bar No. 5062666
JONES DAY
250 Vesey Street
New York, NY  10281-1047
Telephone: (212) 326-3880
Facsimile: (212) 755-7306
Email: amaugeri@jonesday.com

**ATTORNEYS FOR DEFENDANT
UNITED AIRLINES, INC.**

Defendant's Opposition to Plaintiffs' Motion for Temporary Restraining Order and Immediate Entry Of Preliminary Injunction
3486153_1.docx

8

## CERTIFICATE OF SERVICE

On February 18, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Russell D. Cawyer*
Russell D. Cawyer

Defendant's Opposition to Plaintiffs' Motion for Temporary Restraining Order and Immediate Entry Of Preliminary Injunction

3486153_1.docx

9