UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED AIRLINES, INC., <br><br> *Defendant.* | Civil Action No.: 4:21-01074-P |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR A TEMPORARY RESTRAINING ORDER AND IMMEDIATE PRELIMINARY INJUNCTION**

Once again, United Airlines asks the Court to delay these proceedings to allow it more time to coerce employees into abandoning their beliefs and risking their health. This would be surprising if it hadn't happened at every turn. But the Fifth Circuit has now confirmed that United is not just exercising its reasonable business judgment—it is irreparably harming its employees. Immediate action is necessary and available.

Accordingly, after the Fifth Circuit confirmed this ongoing and irreparable harm, Plaintiffs returned to this Court and asked that it take immediate action to prevent any further harm. *See* Pls.' Mot. for TRO & Immediate Entry of Prelim. Inj. ("Mot.") (ECF No. 135). In its response, United suggests that this Court cannot provide Plaintiffs with any relief now or ever. *See* United Opp. (ECF No. 136). But each of United's arguments falls short. Because this Court now has the guidance from the Fifth Circuit that it requested (ECF No. 115 at 3–4), it should, at the very least, enter a limited injunction pending the resolution of any *en banc* proceedings. If it does not, United will be given license to continue irreparably harming its employees.

*First*, as to jurisdiction, United's right to seek *en banc* review says nothing about this Court's ability to enter a *new* temporary restraining order ("TRO") or preliminary injunction based on Plaintiffs' new motion for a temporary restraining order or preliminary injunction. Whatever the status of the first request for a preliminary injunction, which this Court denied, the Fifth Circuit has no jurisdiction over a new motion for injunctive relief that this Court has never previously addressed. That is precisely what has now occurred here. *See* Mot.

United nevertheless argues (at 3) that the notice of appeal challenging the denial of the original preliminary-injunction motion divests this Court of jurisdiction over *any* subsequent requests for injunctive relief. Not so. To begin, it is black letter law that "[a] notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's

jurisdiction over the case[.]" *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007) (per curiam). Instead, "it only divests the district court of jurisdiction over those aspects of the case on appeal." *Id.* But Plaintiffs' new request for relief is not currently "on appeal," and thus nothing precludes this Court from granting Plaintiffs' new request for injunctive relief.

United's argument is further mistaken because it ignores the fact that the Federal Rules of Civil Procedure expressly permit a district court to grant injunctive relief *after* a notice of appeal is filed. *See* Fed. R. Civ. P. 62(d) ("While an appeal is pending from an interlocutory order ... that ... refuses . . . an injunction, the court may ... grant an injunction."). The Federal Rules of Appellate Procedure likewise provide for entry of an injunction, even after the filing of a notice of appeal. Fed. R. App. P. 8(a)(1)(C) ("A party must ordinarily move first in the district court for ... an order ... granting an injunction while an appeal is pending"). In neither instance does the rule provide that a district court is forever stripped of jurisdiction to issue injunctive relief until after resolution of the appeal. Rather, the plain language of these rules emphasizes that a temporary injunction can be entered while an appeal is pending.[1] This of course makes sense: it cannot be that the possibility of eventual *en banc* review requires a party found to be irreparably harmed by delay to withstand further delay while the *en banc* proceedings continue. That is exactly why the Federal Rules afford district courts the authority to issue injunctions while the appellate process continues, which is what Plaintiffs have requested here. *See* Mot. at 1 n.1.

Accordingly, United's jurisdictional argument fails. This Court maintains jurisdiction over every aspect of this case other than the appeal of the previous denial of Plaintiffs' first preliminary injunction motion. That is of no moment with respect to Plaintiffs' new request for an injunction,

---

[1] Nevertheless, out of an abundance of caution, and to ensure that this Court is confident in its jurisdiction, Plaintiffs are also filing a motion with the Fifth Circuit for immediate issuance of the mandate.

2

and it is certainly of no moment with respect to Plaintiffs' new request for an injunction pending resolution of any remaining appellate procedures.

*Second*, United's argument (at 4) that granting another TRO would be improper is implausible on its face. United confuses extending a TRO with granting a new TRO. Federal Rule of Civil Procedure 65(b)(2) addresses only the length of any TRO a court enters. It says nothing about the number of TROs a court may issue during the pendency of a case. Rather, for well over a century, it has been recognized that a temporary restraining order's "life ceases with the disposition of [a] motion" for a preliminary injunction. *Houghton v. Cortelyou*, 208 U.S. 149, 156 (1908). United, of course, knows this. When the TRO expired in this case, it was able to do what it had wanted all along, namely place its employees on indefinite unpaid leave.

Moreover, United's characterization of the requested TRO as "improper" reflects the depth of its misunderstanding. Rule 65 permits a TRO to be granted for 14 days, and to be extended by a like amount. *See* Fed. R. Civ. P. 65(b)(2). But even then, Rule 65 does not provide that further extensions are "improper," as United suggests. *See Budget Prepay v. AT&T Corp.*, 605 F.3d 273, 277 (5th Cir. 2010) (noting the district court's multiple extensions of a TRO). Rather, additional extensions of TROs are allowed, but they permit the enjoined party to seek appellate relief. On this point, United again cites (at 4) *Connell v. Dulien Steel Products*, 240 F.2d 414 (5th Cir. 1957).[2] But as Plaintiffs already demonstrated (ECF No. 89 at 5 n.4), *Connell* does not say, as United suggests, that an extension of a TRO beyond 14 days is immediately appealable. Rather, it says that "if a [TRO] is continued for *a substantial length of time* past the period permitted by

---

[2] In fact, United's Opposition curiously copies the authority it cited last October when opposing Plaintiffs' motion to extend the TRO. *Compare* Opp'n at 4, *with* ECF No. 87 at 6. The Court rejected United's misstatement of the law then (ECF No. 95 at 1), and it should do so again here. United has cited no authority that prevents the Court from granting a TRO later during the lifecycle of a case.

3

Rule 65(b)," an appeal would be permitted. In any event, this authority is irrelevant here as Plaintiffs have not asked the Court to *extend* a TRO; they ask the Court to enter *new* TRO. United fails to identify authority providing that the Court cannot do so.

*Third*, United is simply wrong to suggest (at 5) that this Court already "issued an Order staying these proceedings." The Court's Order (ECF No. 128), by its own terms, stayed only the then-pending *deadlines*: "[A]ll other deadlines in this proceeding are **STAYED** pending resolution of the ongoing appeal." Indeed, as the Court correctly noted in its order, "Plaintiffs' Motion requests that 'the Court stay all *pending* district court deadlines.'" *Id.* (emphasis added). There is accordingly no need for Plaintiffs to request that this Court first lift the stay of pending filing deadlines.

*Fourth*, United's attempt (at 5) to avoid injunctive relief by suggesting that it has offered alternative employment to certain employees is not only based on inaccurate factual allegations (as Plaintiffs will explain at the appropriate time), but is also based on an improper attempt to pick off the named plaintiffs to prevent class certification. As Plaintiffs have already demonstrated, that tactic cannot avoid class certification. *See* ECF No. 134. Indeed, the Fifth Circuit has long recognized "the dangers of allowing a defendant to 'pick off' class representatives" to "preclude a viable class action from ever reaching the certification stage." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920 (5th Cir. 2008) (second quotation quoting *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1050 (5th Cir. Unit A July 1981)). Although those cases dealt with attempts to moot an issue through a Rule 68 offer of judgment, the same principles apply to United's clear attempt to preclude a finding of irreparable harm by trying to tweak the facts on the ground whenever its lawlessness becomes evident.

In any event, it is well established that "cessation of illegal activity does not ipso facto justify the denial of an injunction." *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 807 (2d Cir. 1975). Both the Supreme Court *and* the Fifth Circuit have so held. *United States v. Parke, Davis & Co.*, 362 U.S. 29, 48–49 (1960) (holding that a "trial court's wide discretion in fashioning remedies is not to be exercised to deny relief altogether by lightly inferring an abandonment of the unlawful activities from a cessation which seems timed to anticipate suit" and instructing a district court to enter an injunction against "further violations"); *Doe v. Duncanville Indep. Sch. Dist.*, 994 F.2d 160, 166 (5th Cir. 1993) (Smith, J.) (holding that a party's "voluntary cessation of its allegedly violative religious practices does not preclude a finding of irreparable injury"); *see also Boyd v. Adams*, 513 F.2d 83, 89 (7th Cir. 1975) ("The propriety of injunctive relief cannot be foreclosed by a promise to discontinue what has been an established pattern of wrongdoing."); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 800–01 (4th Cir. 2001) (same). In short, any changed facts stemming from United's "unilateral action[s]" are irrelevant here. *Sandoz*, 553 F.3d at 920.

*Fifth*, though United is correct (at 6) that Judge Smith directly evaluated the other preliminary injunction factors (as did Judge Ho when he concluded that he "would grant the injunction pending appeal," *Sambrano v. United*, 19 F.4th 839, 842 (5th Cir. 2021) (Ho, J., dissenting)), the panel rejected Judge Smith's evaluation expressly and thoroughly, finding that his dissent "ignore[d] … fact[s]." *Sambrano v. United Airlines*, 2022 WL 486610, at *3 n.5 (5th Cir. Feb. 17, 2022). Rather, the panel concluded, "the better course is to allow the district court to consider the other factors in the first instance." *Id.* at *9 n.17. That is all that Plaintiffs are asking the Court to do here—to exercise its discretion and find that, in addition to showing that they are irreparably harmed under the legal analysis now adopted by the Fifth Circuit, Plaintiffs have

5

demonstrated each of the other preliminary injunction factors. Indeed, Plaintiffs' Motion addressed each such factor. *See* Mot.

The record before this Court is sufficient to make such a finding, particularly given that this Court has already suggested (1) that "United's actions may not have been motivated by safety concerns" and (2) that "United's actions may be viewed as merely pretextual." Order at 15 (ECF No. 104). It is difficult to imagine finding that the balance of the equities or that the public interest favors United if this Court adheres to its apparent view that United's safety concerns are but pretext. Likewise, if the interests are only pretextual, United can show no undue hardship from offering Plaintiffs a reasonable accommodation. Accordingly, this Court should now analyze each of the other factors and enter an injunction.

*Sixth*, United's tired argument (at 6–7) that classwide relief is improper pending class certification is as wrong now as it has always been. As Plaintiffs explained in October, a "court may issue a classwide preliminary injunction in a putative class action suit prior to a ruling on the class certification motion or in conjunction with it." ECF No. 64 at 4 (quoting *Newberg on Class Actions* § 4:30 (5th ed. June 2021 update)). Indeed, "courts routinely issue preliminary injunctions concurrently with certifying a class or even prior to fully certifying a class." ECF No. 101 at 3 (collecting cases). United offers nothing new here. Furthermore, United's suggestion that the "nature of the coercive injury" makes it "improper to grant relief to absent class members" finds no support in the caselaw. The Fifth Circuit has now held that being placed to the "coercive choice" of a jab or one's job imposes irreparable injury, and all United employees put to that choice are being irreparably harmed even now.

United's renewed objection (at 7) to this Court exercising "personal jurisdiction over … absent class members" fares no better, as United still has no answer to the fact that the only circuits

6

to squarely address the applicability of *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017), have agreed with Plaintiffs. *See* ECF No. 55 at 2, 10–11.[3] In the months since, two circuits have mentioned the issue without deciding it. *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1228 (10th Cir. 2021); *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 99 n.15 (1st Cir. 2022). But the fact remains that there is currently no split on whether courts can exercise personal jurisdiction over the claims of absent class members. They can. *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 446 (7th Cir. 2020), *cert. denied* 141 S. Ct 1126 (2021); *Lyngaas v. Curaden AG*, 992 F.3d 412, 435 (6th Cir. 2021).

\*   \*   \*

Every day that this Court waits to enter an injunction, United employees on indefinite unpaid leave are irreparably harmed. And that harm continues through United's obvious attempts to evade an injunction because United can change course at any time. Because the law is clear that unilaterally changed facts do not moot irreparable harm, and because there are no other legal barriers to this Court's entering an injunction, the motion should be granted to provide immediate injunctive relief pending further proceedings in the Fifth Circuit or this Court, or both.

February 21, 2022                                Respectfully submitted,

/s/ John C. Sullivan
John C. Sullivan
Texas Bar No. 24083920
john.sullivan@the-sl-lawfirm.com
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891

---

[3] Moreover, the Supreme Court denied certiorari in one of the cases asking it to adopt United's flawed personal-jurisdiction argument. *IQVIA Inc. v. Mussat*, 141 S. Ct. 1126 (2021) (mem.) (denying certiorari).

        <u>*/s/ Robert C. Wiegand*</u>
Robert C. Wiegand
Texas Bar No. 00791924
bob.wiegand@swolegal.com
Melissa J. Swindle
Texas Bar No. 24013600
Melissa.swindle@swolegal.com
Stewart Wiegand & Owens PC
325 N. St. Paul Street, Suite 3750
Dallas, TX 75201
Telephone: (469) 899-9800
Facsimile: (469) 899-9810

<u>*/s/ Mark R. Paoletta*</u>
Mark R. Paoletta*
D.C. Bar No. 422746
mpaoletta@schaerr-jaffe.com
Gene C. Schaerr*
D.C. Bar No. 416368
Brian J. Field*
D.C. Bar No. 985577
Kenneth A. Klukowski
D.C. Bar No. 1046093
Joshua J. Prince
D.C. Bar No. 1685532
Annika M. Boone*
Utah Bar No. 17176
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
* Admitted *pro hac vice*

*Counsel for Plaintiffs and the Proposed Class*

8

## CERTIFICATE OF SERVICE

On February 21, 2022, I filed the foregoing document with the clerk of court for the United States District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) (ECF System).

*/s/ Gene C. Schaerr*
Gene C. Schaerr, Attorney for Plaintiffs