IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID SAMBRANO, et al., individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED AIRLINES, INC., <br><br> Defendant. | § § § § § § § § § § § § | Civil Action No. <br><br> 4:21-CV-01074-P |

**JOINT STATUS REPORT**

Pursuant to the Court's August 22, 2022 Order (ECF No. 143), Plaintiffs Sambrano, Castillo, Hamilton, Jonas, and Kincannon ("Plaintiffs") and Defendant United Airlines, Inc. ("United" or "Defendant") hereby submit the following Joint Status Report.

**1.    Current Status of Employment**

As the Court noted, this case has been pending on interlocutory appeal for several months. ECF No. 143 at 1. Accordingly, the parties provide brief statements about the current status of Plaintiffs' employment and United's COVID-19 vaccine mandate to update the Court on what has transpired since the parties were last before the Court.

**a.    Plaintiffs' statement**

Since the Parties were last before this Court, the Fifth Circuit determined that the Plaintiffs were, in fact, suffering irreparable injury from United's forcing them to choose between their beliefs and their jobs. As the Fifth Circuit explained, United has been "actively coercing [these] employees to abandon their convictions," which harms them in irreparable ways. *Sambrano v. United Airlines*, No. 21-11159, 2022 WL 486610, *9 (5th Cir. Feb. 17, 2022). Tellingly, as the

1

Fifth Circuit acknowledged, this coercion originated when "United's CEO [Scott Kirby] revealed United's sentiments towards parties like plaintiffs[.]" *Id.*

At the time of the Fifth Circuit's opinion, several Plaintiffs and many members of the putative class were still on indefinite unpaid leave, effectively terminated.[1] After the Fifth Circuit's decision, however, United acquiesced and allowed employees with accommodations to return to work, albeit under significantly constrained and discriminatory circumstances. Specifically, while many members of the putative class were permitted to return to work, United imposed an arbitrary list of approximately 30 countries to which accommodated employees could not travel. Once again, United failed to engage in the interactive process when implementing these new accommodations.[2]

As a result of United's arbitrary restrictions, accommodated employees—including pilots, flight attendants, and employees on other company business—are prohibited from flying many routes that they previously flew and destinations that they may currently visit as tourists. Under threat of discipline, United's restricted-city list forces employees like Plaintiffs Sambrano and Kincannon to bid for schedules and routes they would not normally fly given their seniority. And, if an accommodated pilot is awarded a flight to a restricted city, United removes the trip and the pilot is not paid. Additionally, the pilot may be subject to discipline. Similarly, flight attendants

---

[1] For those whom United ultimately did not place on unpaid leave, United nonetheless imposed unreasonable restrictions on their jobs due to their religious or medical reasons for not being able to receive the COVID-19 vaccine.

[2] In fact, United's statement below underscores its misunderstanding of Plaintiffs' religious beliefs and medical concerns. Pointing to one statement from Novavax about its COVID-19 vaccine, United suggests that Plaintiffs' concerns should be eliminated. Of course, many members of the putative class sought accommodations for reasons having nothing to do with abortion. And many who are concerned with the vaccines' use of fetal cell lines are understandably concerned with the accuracy of the statement United quotes. United's decision to include this statement underscores the coercion Plaintiffs continue to feel from United.

2

not only lose pay when this occurs, United assesses disciplinary points for an unexcused absence, which can lead to termination. Moreover, United is restricting many accommodated below-the-wing employees from any company business travel outside the United States.

While United suggests that it is simply following vaccine restrictions imposed by other countries, the vast majority of those countries impose no such limitations on aircrew or unvaccinated passengers. Rather, Plaintiffs can travel to virtually every city on United's list today as tourists on United planes. And that is precisely why unvaccinated pilots, flight attendants, and mechanics on official business for other airlines fly to those exact cities every day.

Through its arbitrary restrictions, United continues to discriminate against those with sincerely held religious beliefs and medical reasons that prevent them from receiving the COVID-19 vaccine. Thus, Plaintiffs continue to be harmed to this day.[3]

b. **Defendant's statement.**

As a result of materially changed conditions related to COVID-19 and new public-health guidance, United started returning flight crew employees on unpaid leave to regular duty as of March 28, 2022. In so doing, United kept its pledge "[to] review the[] metrics every 30 days and take into account any additional guidance from the Centers for Disease Control (CDC) or state and local public health authorities" and to return employees on unpaid leave to the workforce once the

---

[3] In the interest of brevity, Plaintiffs do not attempt to provide the Court with an update on all relevant changes since the Parties were last before this Court. Indeed, there are many other developments that show United's continued antipathy towards employees with religious or medical reasons for not receiving the COVID-19 vaccine (*e.g.*, refusal to train new pilots who seek an accommodation; terminating employees; creating a culture of hostility towards accommodated employees; sharing Plaintiffs' vaccine status with other employees, etc.). As will be shown, this discrimination extends beyond pilots and flight attendants to gate agents, mechanics, and other below-the-wing employees as well who United has consistently discriminated against because of their religious or medical reasons for not being able to receive the COVID-19 vaccine. Plaintiffs will develop these facts through discovery and will update the Court as this case progresses.

3

pandemic "meaningfully recede[d]," as measured by public-health statistics. ECF No. 94-1. As United told the Fifth Circuit in a sworn declaration, "United does not anticipate reinstating unpaid leave as an accommodation for any plaintiffs." Fifth Cir. Docket, No. 21-11159, Doc. 00516379484, at 16.

Accordingly, all pilots and flight attendants, including Captain Sambrano and Ms. Kincannon, have long since been allowed to return to work in their prior positions (*i.e.*, pilot and flight attendant) at the same base pay rates (for both base pay and route-specific pay) and with the same benefits that they had prior to being place on leave.[4] Since returning to work, Sambrano and Kincannon have flown across the county and internationally to, among other destinations, Los Angeles, Honolulu, London, Paris, and Amsterdam. The only restrictions unvaccinated employees currently face are those imposed due to the regulations of certain foreign countries. As the foreign imposed restrictions are lifted, United has been allowing and will continue to allow unvaccinated crew to fly to those international destinations. For example, since April 2022, several destinations, including Italy and Greece have dropped off.

Moreover, as the judges on the Fifth Circuit recognized, United had previously accommodated "employees with non-customer-facing operational roles . . . [with the ability to] work[] pursuant to a masking-and-testing protocol," *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *2 (5th Cir. Feb. 17, 2022). It also accommodated Customer Service Representatives (CSRs) with alternative non-customer facing jobs, *id.* at *12 n.5 (Smith, J., dissenting). Thus, Plaintiffs David Castillo, Kimberly Hamilton, and Debra Jones were never placed on unpaid leave.

---

[4]    Seth Turnbough, a named plaintiff who was dismissed from this matter, subsequently also returned to his job as pilot.

United additionally offered all employees who were on unpaid leave the option of applying to non-customer facing roles, on a preferential basis. In doing so, United offered those individuals the opportunity to continue earning a paycheck while waiting to return to their usual jobs. Moreover, on January 3, 2022, United offered Captain Sambrano a special assignment based on his skills and qualifications where he would have earned the same compensation and benefits as his regular job. He declined.

There have also been developments with respect to available COVID-19 vaccinations. For many of the Plaintiffs who are raising a religious objection to getting vaccinated against COVID-19, the Novavax COVID-19 vaccine is now available and should mitigate or eliminate those concerns. The Novavax vaccine was designed specially to address certain religious objections, as the company represents that "No human fetal-derived cell lines or tissue [were used] . . . in the development, manufacture or production of the Novavax COVID-19 vaccine."[5]

## 2. Current Procedural Status

This Court stayed all proceedings "pending resolution of the ongoing appeal." ECF No. 128. That interlocutory appeal was resolved on August 18, 2022, with the issuance of the Fifth Circuit's mandate. *See* ECF No. 141.

Under the current schedule, United is required to file its Answer to the Amended Complaint tomorrow, September 8, 2022. United is filing an unopposed motion to extend the time to answer the complaint in light of the parties' proposed schedule set forth below.

---

[5] Jon Jackson, *New COVID Vaccine Could Appeal to Some Religious Skeptics*, NEWSWEEK (Feb. 18, 2022), https://www.newsweek.com/new-covid-vaccine-could-appeal-some-religious-skeptics-1680749; *see also Coronavirus (COVID-19) Update: FDA Authorizes Emergency Use of Novavax COVID-19 Vaccine, Adjuvanted*, FDA NEWS RELEASE (July 13, 2022), https://www.fda.gov/news-events/press-announcements/coronavirus-covid-19-update-fda-authorizes-emergency-use-novavax-covid-19-vaccine-adjuvanted.

### 3. Compliance With Court's Order

The parties held an initial meeting on August 31, 2022, to discuss "an agreed, proposed path forward for resolving this case in a methodical manner." ECF No. 143 at 1. Plaintiffs were represented by Gene Schaerr and Brian Field. Defendant was represented by Russell Cawyer, Taylor Winn, Don Munro, and Jordan Matthews. The parties conducted a second meeting on September 6, 2022. That meeting was attended by Russell Cawyer and John Sullivan.

### 4. Mediation

The Court's August 22 Order directs the parties to "include a statement as to whether the Parties would expect a second round of mediation to be fruitful." ECF No. 143 at 1. The parties continued to engage in settlement talks during the pendency of the appeal. Based on those discussions, the parties agree that a second round of mediation is not likely to be productive at this time. However, the parties suggest that the Court could revisit the prospect of mediation later in these proceedings.

### 5. Plaintiffs' Motions For Temporary Restraining Order and Preliminary Injunction

The Fifth Circuit remanded for further consideration of Plaintiffs' motion for preliminary injunction (ECF No. 5) and Plaintiffs have also filed a second motion for a temporary restraining order that remains pending. *See* ECF Nos. 135-138. The parties agree that this case should proceed without the Court ruling on the merits of Plaintiffs' motions at this time. However, the parties differ regarding how to dispose of the pending motions.

#### a. Plaintiffs' proposal

As noted above, Plaintiffs acknowledge that circumstances have changed in the nine months since this Court denied their preliminary injunction motion. But, as further noted, United continues to subject Plaintiffs and similarly situated individuals to discrimination and harassment

based solely on their religious or medical reasons for not receiving a COVID-19 vaccine. Moreover, United refuses to commit to not reinstate its "accommodation" of indefinite unpaid leave. Rather, as noted below, United states only that it "has no intention of reinstating unpaid leave." Accordingly, Plaintiffs believe that the Court should hold the pending preliminary injunction motions in abeyance, which would allow Plaintiffs to renew them quickly if United changes course and resumes its discriminatory and harmful unpaid leave policy.[6]

This approach is more efficient than the Court's denial of the motions, which would require the parties to proceed through the entire motions process again if United places its employees on unpaid leave. Indeed, that would be highly inefficient and would cause undue delay, as much of the parties' briefing would be duplicative of what they have already briefed. In contrast, if the Court holds the motions in abeyance and United resorts to its unpaid leave policy, the parties could file short supplemental briefs and the Court could immediately proceed to resolving the motions.

If, however, the Court is inclined to proceed as United suggests and deny the pending motions without prejudice, Plaintiffs request that United provide them at least 30-days' notice before any employee is placed on unpaid leave as an "accommodation" for not receiving the COVID-19 vaccine. That would allow the parties to seek preliminary injunctive relief from this Court before being placed on unpaid leave.

**b. Defendant's proposal.**

Defendant suggests that the pending motions should be denied without prejudice. For the reasons set out in prior briefing, *see, e.g.*, ECF No. 136; and the lack of any urgency now that unpaid leave has ended, there is no reason for the Court to hold this motion in abeyance

---

[6] If United would agree to not reimpose an "accommodation" of unpaid leave, Plaintiffs would withdraw the pending motions.

7

indefinitely. United has no intention of reinstating unpaid leave, and Plaintiffs can always move for a temporary restraining order at a later date if they deem it necessary. Moreover, given the significant change in factual circumstances, any resolution of the pending request for emergency relief would require additional briefing. As set forth above, since Plaintiffs' motion was filed, all Plaintiffs have been returned to work, a new COVID-19 vaccine has been approved, and the pandemic has fundamentally changed. All of these issues would need to be fully briefed prior to any ruling by the Court, so no resources are conserved by holding the current motions in abeyance. Moreover, while United would provide as much advance notice as possible in the highly unlikely event that it had to reinstate unpaid leave, it cannot predict the circumstances under which that might occur, and so cannot commit to any specific period of advance notice. Plaintiffs' request for 30 days' notice is tantamount to a modified demand for injunctive relief that would, in any event, require further briefing.

## 6. Proposed Case Procedures

Plaintiffs have not yet received their right to sue notices from the EEOC, and the parties agree that they should have an opportunity to promptly seek those notices and/or otherwise exhaust their administrative remedies. Plaintiffs shall request those notices from the EEOC no later than ten days after the date of the Status Conference. The parties further agree that the next steps in this case, following receipt of the right to sue notices, should be as follows:

**a. Second Amended Complaint**: Plaintiffs intend to file a second amended complaint. Defendant does not object. The proposed due date for the second amended complaint is September 29, 2022, or fourteen days after all named Plaintiffs have received their right to sue notices, whichever is later.

**b. Responsive Pleading**: United's responsive pleading, which may be an answer or a

motion under Federal Rule 12, shall be filed thirty days after the second amended complaint is docketed. In the event that United files a motion, Plaintiffs' opposition shall be due twenty-one days thereafter, and United's reply shall be due fourteen days after the opposition is filed.

**c. Class Certification**: Plaintiffs' motion for provisional class certification is currently pending before the Court. *See* ECF Nos. 101, 129, 130, and 134. The parties agree that the Court should resolve that pending motion after Plaintiffs file their second amended complaint. The parties have different proposals for other procedures related to that motion.

United proposes that the parties engage in discovery limited to class certification for a period of sixty days following the filing of Plaintiffs' second amended complaint. United did not previously seek discovery in the context of expedited briefing of a provisional class-certification motion that was relevant to a pending motion for preliminary injunction. Now that the parties agree that there is no immediate need for injunctive relief, United should be entitled to the regular and ordinary procedures that apply to motions for class certification, which includes limited discovery. In this case, that would include, for example, deposition testimony from the proposed class representatives regarding the typicality and commonality of their claims. United further proposes that fourteen days after the close of class discovery, each party may file a supplemental brief on class certification, not to exceed fifteen pages.

Plaintiffs do not believe any such class-related discovery is necessary. Indeed, as United notes, the parties have already completed briefing Plaintiffs' motion for class certification. And, during that briefing, United did not suggest that it needed any discovery to respond to Plaintiffs' motion. *See* ECF No. 129. Doing so now would only serve to delay this case further. Indeed, the Fifth Circuit reversed this Court's preliminary injunction decision on February 17, 2022. *See Sambrano*, 2022 WL 486610. Plaintiffs have already been prevented from obtaining any further

relief for more than six months. There is no need allow further delay in these proceedings. Rather, Plaintiffs propose that the parties file short supplemental briefs on class certification, not to exceed 15 pages, within twenty-one days of when United files an answer or this Court resolves United's Rule 12 motion. These supplemental briefs would update the Court on the status of United's class-wide actions, and also update the Court on other recent developments in class action litigation involving COVID-19 vaccine mandates.

    **d. Rule 26 Conference**: The parties propose to conduct a Rule 26 conference no later than fourteen days following the filing of Plaintiffs' second amended complaint and to file a joint Rule 26 report within ten days thereafter.

Dated: September 7, 2022

    */s/ John C. Sullivan*
John C. Sullivan
Texas Bar No. 24083920
john.sullivan@the-sl-lawfirm.com
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891

Robert C. Wiegand
Texas Bar No. 00791924
bob.wiegand@swolegal.com
Melissa J. Swindle
Texas Bar No. 24013600
Melissa.swindle@swolegal.com
**STEWART WIEGAND & OWENS PC**
325 N. St. Paul Street, Suite 3750
Dallas, TX 75201
Telephone: (469) 899-9800
Facsimile: (469) 899-9810

Mark R. Paoletta (*Pro Hac Vice*)
D.C. Bar No. 422746
mpaoletta@schaerr-jaffe.com
Gene C. Schaerr (*Pro Hac Vice*)
D.C. Bar No. 416368
Brian J. Field (*Pro Hac Vice*)
D.C. Bar No. 985577
Kenneth A. Klukowski (*Pro Hac Vice*)
D.C. Bar No. 1046093
Annika M. Boone (*Pro Hac Vice*)
Utah Bar No. 17176
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136

**COUNSEL FOR PLAINTIFFS
AND THE PROPOSED CLASS**

Respectfully submitted,

    */s/ Donald J. Munro*
Donald J. Munro
D.C. Bar No. 453600
Email:dmunro@jonesday.com
Hashim M. Mooppan
D.C. Bar No. 981758
hmmooppan@jonesday.com
**JONES DAY**
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Russell D. Cawyer
Texas Bar No. 00793482
**KELLY HART & HALLMAN LLP**
201 Main St., Ste. 2500
Fort Worth, Texas 76102
(817) 878-3562 (telephone)
(817) 335-2820 (facsimile)
russell.cawyer@kellyhart.com

Jordan M. Matthews (*Pro Hac Vice*)
Illinois Bar No. 6300503
**JONES DAY**
110 N. Wacker Drive, Suite 4800
Chicago, Illinois 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: jmatthews@jonesday.com

Alexander V. Maugeri (*Pro Hac Vice*)
New York Bar No. 5062666
**JONES DAY**
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3880
Facsimile: (212) 755-7306
Email: amaugeri@jonesday.com

**ATTORNEYS FOR DEFENDANT
UNITED AIRLINES, INC.**

## CERTIFICATE OF SERVICE

On September 7, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Russell D. Cawyer*
Russell D. Cawyer