UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DAVID SAMBRANO, ET AL.,**

   Plaintiffs,

v.                                                          No. 4:21-cv-1074-P

**UNITED AIRLINES, INC.,**

   Defendant.

# ORDER

This Order is being sent to all counsel and unrepresented parties who have appeared. <u>If there are other defendants who have not appeared, but who have been in contact with the plaintiff or plaintiff's counsel, then the plaintiff's counsel (or the plaintiff if the plaintiff is unrepresented) is responsible for contacting such defendants and making every effort to ensure their meaningful participation in the conference.</u>

## I.

Lead counsel for each party (or designee attorney with appropriate authority) and any unrepresented party (except for a prisoner litigant proceeding pro se) shall confer (the "Scheduling Conference") in a **face-to-face conference** as soon as practicable (1) to consider the nature and bases for their claims and defenses; (2) to assess the possibilities for a prompt resolution of the case; (3) to make or arrange for the disclosures required by Federal Rule of Civil Procedure 26(a)(1); and (4) to prepare the joint report described below. **The Court's belief that a personal face-to-face meeting is usually the most productive type of conference. Thus, the parties are <u>required</u> to conduct the Scheduling Conference in person.** As a result of the Scheduling Conference, counsel shall prepare and submit a Report Regarding Contents of Scheduling Order ("Joint Report").

## II.

The Joint Report, which shall be filed on or before **February 28, 2023,** shall include the following in separate numbered paragraphs (but NOT in a proposed order format):

(1) A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement regarding whether meaningful progress toward settlement was made, and—without disclosing settlement figures—a statement regarding the prospect of settlement;

(2) A brief statement of the claims and defenses;

(3) A proposed time limit to amend pleadings and join parties;

(4) A proposed time limit to file various types of motions, including dispositive motions;

(5) A proposed time limit for initial designation of experts and responsive designation of experts;

(6) A proposed time limit for objections to experts (i.e., *Daubert* and similar motions);

(7) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases;

(8) A statement on whether any limitations on discovery need to be imposed, and if so, what limitations;

(9) A statement on how to disclose and conduct discovery on electronically stored information ("ESI") and any statement on disputes regarding disclosure and/or discovery of ESI;

(10) Any proposals regarding handling and protection of privileged or trial-preparation material that should be reflected in a Court Order;

(11) A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded;

(12) A proposed mediation deadline;

(13) A statement as to when and how disclosures under FED. R. CIV. P. 26(1) were made or will be made;

(14) A statement as to whether the parties will consent to a trial (jury or bench) before United States Magistrate Judges Cureton or Ray;

(15) Whether a conference with the Court is desired, and if so, a brief explanation why; and

(16) Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial, and other orders that the Court should enter under FED. R. CIV. P. 16(b), 16(c), and 26(c).

The filing of the Joint Report is mandatory. **When submitting proposed dates to the Court, the parties should assume that the Scheduling Order will be entered by the Court within approximately one month from the date of the parties' Joint Report**. All parties shall endeavor to prepare joint suggestions, but if they cannot agree, the Joint Report shall reflect their respective views. In such a case, the Joint Report shall set forth with each party's respective recommendation a statement of why agreement could not be reached. The names of any persons named in the case who did not participate in the conference shall be identified in the Joint Report.

### III.

Unless the plaintiff is unrepresented, lead counsel for the plaintiff is responsible for initiating contact with opposing counsel and all unrepresented parties for the purpose of arranging the Scheduling

Conference and preparing the Joint Report. Lead counsel for all parties and unrepresented parties are equally responsible for ensuring that this Order is complied with in a timely manner. At least one counsel for each party and all unrepresented parties shall sign the Joint Report before filing.

### IV.

Pursuant to Federal Rule of Civil Procedure 16(b)(2), the Court is to enter a Scheduling Order "as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." FED. R. CIV. P. 16(b)(2). Accordingly, any request for extension of time to file the Joint Report shall be denied absent a showing of good cause.

### V.

Unless a scheduling conference with the Court is set, a Scheduling Order will be issued following the Court's review of the Joint Report.

### VI.

Unless this action is exempted by Federal Rule of Civil Procedure 26(a)(1)(E), or objection to disclosure is asserted at the Scheduling Conference, in good faith, as provided in Rule 26(a)(1)(C), the parties must make the disclosures described in Federal Rule of Civil Procedure 26(a)(1) within fourteen days of the date set out in Paragraph II hereof.

### VII.

<u>Miscellaneous</u>

(1) All briefs filed with the Court shall comply with the most recent edition of *The Bluebook: A Uniform System of Citation*. Counsel are specifically directed to provide, where applicable, the subsections of cited statutes, and to provide pin cites when citing cases.

(2) Pursuant to Federal Rule of Civil Procedure 5 and Local Civil Rule 7.1(b), certificates of service and of conference shall address all parties, including co-defendants and co-plaintiffs.

(3) Pursuant to Local Civil Rules 7.1(i) and 56.6, all documentary and non-documentary evidence submitted in support of or in opposition to a motion must be included in an appendix. Regarding documentary evidence submitted in an appendix, the Court requires that the proponent of the appendix underline, or for large passages bracket in the margins, the portion of each page of the appendix upon which he relies to support his position.

**SO ORDERED** on this **9th day** of **February 2023**.

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE