IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID SAMBRANO, et al., individually, and on behalf of all others similarly situated, | § § § § | |
| | § | Civil Action No. |
| Plaintiffs, | § § | |
| | § | 4:21-CV-01074-P |
| v. | § § | |
| | § | |
| UNITED AIRLINES, INC., | § § | |
| Defendant. | § § | |

# DEFENDANT UNITED AIRLINES, INC.'S AMENDED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND BRIEF IN SUPPORT

Respectfully submitted,

Russell D. Cawyer
Texas State Bar No. 00793482
Taylor J. Winn
Texas State Bar No. 24115960
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: +1.817.878.3562
Facsimile: +1.817.335.2820
Email: russell.cawyer@kellyhart.com
Email: taylor.winn@kellyhart.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626-1700
Email: dmunro@jonesday.com

**ATTORNEYS FOR DEFENDANT
UNITED AIRLINES, INC.**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. THE DISPUTED DISCOVERY REQUESTS ..................................................................... 2

III. BROAD DISCOVERY STANDARD OF REVIEW ........................................................... 4

IV. ARGUMENT AND AUTHORITIES ................................................................................... 4

    A. Plaintiffs Waived any Clergy Privileged by Failing to Timely Assert it. ................ 4

    B. Plaintiffs provided United with a deficient privilege log insufficient to preserve any perceived clergy-penitent privilege. ............................................... 5

    C. Plaintiffs waived the clergy-penitent privilege putting their religious beliefs at issue and trying to use privilege as both a sword and a shield. ............... 6

        i. The shield and sword doctrine applies to the clergy-penitent privilege. ............................................................................ 7

        ii. Plaintiffs have waived any clergy privilege by putting religious beliefs at issue. ............................................................................ 8

V. CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Alvarado v. Tex. Rangers*,
    492 F.3d 605 (5th Cir. 2007) ..................................................................................................10

*Crosby v. La. Health Serv. and Indem. Co.*,
    647 F.3d 258 (5th Cir. 2011) ....................................................................................................4

*Doe 1 v. Baylor Univ.*,
    335 F.R.D. 476 (W.D. Tex. 2020) ............................................................................................7

*E.E.O.C. v. BDO USA, L.L.P.*,
    876 F.3d 690 (5th Cir. 2017) .................................................................................................5, 6

*Eubank v. Lockhart Indep. Sch. Dist.*,
    No. A-15-CV-1019-RP-ML, 2016 WL 11214437 (W.D. Tex. Nov. 8, 2016),
    *aff'd*, 734 F. App'x 295 (5th Cir. 2018) ....................................................................................7

*Favero v. Huntsville Ind. Sch. Dist.*,
    939 F. Supp. 1281 (S.D. Tex. 1996) .........................................................................................8

*Garza v. Scott and White Mem. Hosp.*,
    234 F.R.D. 617 (W.D. Tex. 2005) ............................................................................................7

*In re Anadarko Petroleum Corp. Secs. Lit.*,
    No. 4:20-cv-00576, 2023 WL 2733401 (S.D. Tex. Mar. 31, 2023) ..........................................7

*In re Santa Fe Int.'l Corp.*,
    272 F.3d 705 (5th Cir. 2001) ....................................................................................................5

*Jolivet v. Compass Grp. USA, Inc.*,
    340 F.R.D. 7 (N.D. Tex. 2021) .................................................................................................9

*MC Asset Recovery, LLC v. Commerzbank AG*,
    No. 4:06-CV-013-Y, 2015 WL 13730252 (N.D. Tex. Feb. 18, 2015) (Cureton, Mag. J.)........4

*Nguyen v. Excel Corp.*,
    197 F.3d 200 (5th Cir. 1999) ................................................................................................3, 4

*Samsung Elecs. Am., Inc. v. Yang Kun Chung*,
    321 F.R.D. 250 (N.D. Tex. 2017) (Horan, Mag. J).....................................................................5

*Schier v. Outback Steakhouse of Florida, Inc.*,
    No. SA05CA0689XR, 2006 WL 1149152 (W.D. Tex. Apr. 24, 2006) ....................................7

*Smith v. MV Transp., Inc.*,
  No. 1:21-CV-349-DII-SH, 2023 WL 3467775 (W.D. Tex. May 15, 2023) ............................. 7

*Stevens v. Brigham Young Univ.-Idaho,*
  No. 4:16-cf-00530-DCN, 2018 WL 2974388 (D. Idaho June 11, 2018) ................................ 8

*Torres v. Sugar-Salem Sch. Dist. #332.*,
  No. 4:17-cv-00178-DCN, 2018 WL 5621961 (D. Idaho Oct. 30, 2018) ................................ 8

*Willy v. Admin. Review Bd.*,
  423 F.3d 483 (5th Cir. 2005) ................................................................................................. 9

**State Cases**

*Talley v. Spillar*,
  No. A-16-CV-670-LY-ML, 2017 WL 9288622
  (Tex. App.--Austin Mar. 31, 2017, no pet.) ...................................................................... 3, 4

**Federal Rules**

FED. R. CIV. P. 23 ................................................................................................................... 2

FED. R. CIV. P. 26 ................................................................................................................... 6

FED. R. CIV. P. 26(b)(1) .......................................................................................................... 4

FED. R. CIV. P. 26(b)(5)(A)(ii) ............................................................................................... 5

## I. INTRODUCTION

Plaintiffs bring this religious and disability discrimination case against United following their requests for exemptions to United's COVID-19 vaccination policy. The discovery requests that are the subject of this Amended Motion concern communications between Plaintiffs and their religious and spiritual advisors. Importantly, United does not seek all communications between Plaintiffs and their religious and spiritual advisors. Rather, it seeks only specific, narrow categories of communications about whether the Plaintiffs' religious beliefs actually conflict with United's COVID-19 vaccination policy and similar communications directly relevant to the subject matter of the case.

An essential element of a Title VII religious accommodation claim is that the plaintiff has a sincerely-held religious belief that conflicts with a rule or policy of an employer. EEOC guidance teaches that questions about sincerity can include inquiry into "whether the [plaintiff] has behaved in a manner markedly inconsistent with the processed belief; whether the timing of the request renders it suspect (*e.g.*, it follows an earlier request by the employee for the same benefit for secular reasons); and whether the employer otherwise has reason to believe the accommodation is not sought for religious reasons." EEOC COMPLIANCE MANUAL, Section 12: Religious Discrimination published Jan. 15, 2021; https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination. (ECF 172 at App. 300-301). Additionally, the EEOC recognizes employers should be allowed to seek "additional supporting information" from its employees claiming to hold a sincerely held religious belief. *See id.* ("If, however, an employee requests religious accommodation, and an employer has an objective basis for questioning either the religious nature or the sincerity of a particular belief, observance, or practice, the employer would be justified in seeking additional supporting information.").

A central issue in class certification, and in this case as a whole, is whether Plaintiffs' have sincere religious beliefs that conflict with United's vaccine policy or are merely political, social or other such beliefs that are not be entitled to an accommodation under Title VII. *See id*. at 296. ("Social, political, or economic philosophies, as well as mere personal preferences, are not religious beliefs protected by Title VII."). The differences in the named and the putative plaintiffs' reasons for seeking a vaccine exemption are relevant to Rule 23's commonality and predominance inquiries (*i.e.*, whether individual issues predominate over any common issues to the class). In fact, the EEOC has emphasized that the sincerity of a religious belief is determined on a case-by-case basis where one employee's request for an accommodation might be required under Title VII while another employee, making the same request, but for different reasons would be entitled to no accommodation. *See id.* at 302. ("Remember, where an alleged religious observance, practice, or belief is at issue, a case-by-case analysis is required.").

Pursuant to the Court's order dated May 16, 2023, United has amended its motion to compel to exclude matters that were resolved prior to this filing. (*See* ECF 174). Because of the limited discovery period allowed for the class discovery phase, United requests expedited consideration of this Motion. Additionally, United believes that oral argument may assist the Court in ruling on this Motion.

## II.   THE DISPUTED DISCOVERY REQUESTS

United sought discovery from the Plaintiffs bringing Title VII religious discrimination and failure to accommodate claims for a limited set of communications with their religious or spiritual advisors regarding vaccines, immunizations, United's vaccine policy, the COVID-19 vaccine, their requests for accommodation and the placement on leave of absence of this Lawsuit. Specifically, United made the following requests for production:

**REQUEST FOR PRODUCTION NO. 7:** Produce all communications with any religious or spiritual advisors regarding vaccines or immunizations since the age of 18.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** Produce any communications you sent to or received from with any religious or spiritual leaders about the subject of United's vaccine policy, the COVID-19 vaccine, your requests for accommodation, your placement on unpaid leave, or this Lawsuit itself, from January 1, 2020 through time of trial.

**RESPONSE:**

(ECF 172 at App. 5, 8). Plaintiffs objected to Request for Production No. 7 that it was overbroad, unduly burdensome and premature prior to class certification. (*Id.* at 206). Significant to this Motion is the fact no privilege objection was made to these specific Requests when serving their response to the Requests for Production. *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999) (privilege is waived when privileged information is sought and no objection lodged); *see also Talley v. Spillar*, No. A-16-CV-670-LY-ML, 2017 WL 9288622, at *3 n.1 (Tex. App.--Austin Mar. 31, 2017, no pet.) (finding objections made in supplemental responses filed two months after initial production were waived).

On May 15, 2023, after United filed its motion to compel production of documents responsive to Requests 7 and 22 (ECF 171), Plaintiffs produced a "privilege" log attempting to belatedly support a clergy-penitent privilege with respect to Plaintiffs' communications regarding United's vaccine policy, the COVID-19 vaccine, their requests for accommodation and placement on unpaid leave or the Lawsuit. (App. 1).

Because United's requests seek relevant, discoverable materials and any objections to United requests are without merit and/or are waived, the Court should overrule those objections and order Plaintiffs to produce responsive documents.

### III. BROAD DISCOVERY STANDARD OF REVIEW

As a general rule, the scope of discovery is broad and includes "any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1); *see Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (recognizing the broad scope of discovery). The relevance threshold is met when "the request seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (internal quotation and citation omitted). Here, no dispute exists that the requests United moves on in this Amended Motion to Compel seek relevant information.

### IV. ARGUMENT AND AUTHORITIES

United's discovery requests seek relevant evidence. Plaintiff waived any objection they had to these discovery requests in a variety of ways, including failure to timely assert the objections; failing to provide an adequate privilege log to support a privilege objection; and by placing their religious beliefs in issue by bringing Title VII religious accommodation claims asserting that United's COVID-19 policy conflicted with their sincerely held religious beliefs. For these reasons, United's Motion should be granted, Plaintiffs' objections overruled and Plaintiffs ordered to produce responsive documents.

**A.    Plaintiffs Waived any Clergy Privileged by Failing to Timely Assert it.**

As an initial matter, Plaintiffs waived any objections that they did not timely raise in response to United's requests for production. *Nguyen,* 197 F.3d at 206 (privilege is waived when privileged information is sought and no objection lodged); *Talley*, 2017 WL 9288622, at *3 n.1 (finding untimely objections waived); *MC Asset Recovery, LLC v. Commerzbank AG*, No. 4:06-CV-013-Y, 2015 WL 13730252, at *1 (N.D. Tex. Feb. 18, 2015) (Cureton, Mag. J.) (granting discovery sanctions against party who raised new discovery objections for the first time in supplemental responses).

United served its discovery requests on February 21, 2023. (ECF 172 at App. 1 - 120). Following several extensions granted to them, Plaintiffs served their objections on April 7, 2023. (*Id.* at App. 201 - 228). Plaintiff did not lodge any objection to the production of responsive communications on the basis of a clergy-penitent privilege. (*Id.* at App. 206). It is well-settled that objections not timely made are waived. *See e.g., Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 283 (N.D. Tex. 2017) (noting that a party who does not timely object to discovery request waives all objections not made and not included in the response) (Horan, Mag. J). Thus, Plaintiffs' objection that the requests seek privileged communications with clergy or spiritual members is waived and United should not be forced to litigate over objections that have been waived or raised belatedly.

**B.   Plaintiffs provided United with a deficient privilege log insufficient to preserve any perceived clergy-penitent privilege.**

The Party asserting privilege over responsive documents and information has the burden to establish the applicability of the claimed privilege and to provide a privilege log. *See In re Santa Fe Int.'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) ("A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability."). Privilege logs exist in discovery to allow responding parties to assert privilege over documents and information while simultaneously permitting the requesting party "to assess the claim" of the privilege. FED. R. CIV. P. 26(b)(5)(A)(ii). To further this purpose, a privilege log must contain a description of "the nature of the documents, communications, or tangible things not produced or disclosed." *Id.* A privilege log that does not contain enough factual information to allow the court and other parties to test the claim of privilege is insufficient. *See E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (" . . . [A] privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to test the merits of the privilege claim."

(internal quotation omitted)). The failure to comply with Rule 26—including timely providing a sufficient privilege log—can result in a waiver of privilege. *See id.* ("Continual failure to adhere to Rule 26's prescription may result in waiver of the privilege where a court finds that the failure results from unjustified delay, inexcusable conduct, or bad faith.").

A review of the privilege log Plaintiffs did finally serve is, on its face, wholly inadequate. Plaintiffs' privilege log, attached hereto as App. 1, provides no information that would allow United or this Court to be able to assess the applicability of the privilege. It only lists the privilege log number, the record type, the file extension, the sort date/time, the PLOG from/author/custodian, the recipient, the email cc, the email bcc and the type of privilege claimed. (App. 1). It does not provide the subject line, nor does it provide any indication of the contents of the purportedly privileged documents. (App. 1). In fact, Plaintiffs do not even provide the name or title of the individual to whom the communications were made—making it impossible to determine whether the privilege would arguably attach in the first instance.[1] (App. 1). Based upon Plaintiffs' continued failure to comply with Rule 26, this Court should deem Plaintiffs' clergy-penitent privilege objections waived. *See BDO USA, L.L.P.*, 876 F.3d at 697 (recognizing privilege objections may be waived as a result of continued failure to comply under Rule 26)

**C.     Plaintiffs waived the clergy-penitent privilege putting their religious beliefs at issue and trying to use privilege as both a sword and a shield.**

Plaintiffs also waived any objection to the production of communications with spiritual and religious advisors about the COVID-19 vaccine or United's vaccine policy by putting their

---

[1] During the Parties' meet and confer on May 23, 2023, Plaintiffs agreed to disclose the names of the alleged clergy with whom Plaintiffs communicated. Until such disclosure has been made; however, United deems it important to reference Plaintiffs' attempt at anonymity.

religious beliefs in issue by bringing a Title VII religious discrimination case and alleging that those religious beliefs conflict with United's COVID-19 vaccine policy.

### i. The shield and sword doctrine applies to the clergy-penitent privilege.

Federal courts sitting with federal question jurisdiction apply the federal common law of privilege—not state law. *See Garza v. Scott and White Mem. Hosp.*, 234 F.R.D. 617, 624 (W.D. Tex. 2005) ("Generally, the federal common law of evidentiary privilege applies in disputes arising under the federal court's federal question jurisdiction."). Under Fifth Circuit law, "waiver [of privilege] occurs when a party puts information protected by privilege in issue 'by some affirmative act' to his own benefit, for 'to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.'" *In re Anadarko Petroleum Corp. Secs. Lit.*, No. 4:20-cv-00576, 2023 WL 2733401, at *3 (S.D. Tex. Mar. 31, 2023) (quoting *In re Itron, Inc.*, 883 F.3d 553, 564 (5th Cir. 2018)). This "sword and shield doctrine" has been widely recognized within the Fifth Circuit in a variety of contexts. *See e.g.*, *Smith v. MV Transp., Inc.*, No. 1:21-CV-349-DII-SH, 2023 WL 3467775, at *4 (W.D. Tex. May 15, 2023) (party waived attorney client privilege by relying on attorney advice as sword and then trying to protectively shield that advice under privilege); *Doe 1 v. Baylor Univ.*, 335 F.R.D. 476, 498-99 (W.D. Tex. 2020) (holding work product and investigative privileges of internal investigation waived by party placing material in issue of litigation); *Schier v. Outback Steakhouse of Florida, Inc.*, No. SA05CA0689XR, 2006 WL 1149152, at *1 (W.D. Tex. Apr. 24, 2006) (plaintiff waived the content of the communications with psychotherapist under psychotherapist-patient privilege by bring claim that employer caused plaintiff's emotional distress and mental anguish); *Eubank v. Lockhart Indep. Sch. Dist.*, No. A-15-CV-1019-RP-ML, 2016 WL 11214437, at *4 (W.D. Tex. Nov. 8, 2016), *aff'd*, 734 F. App'x 295 (5th Cir. 2018) (plaintiff waived psychotherapist-patient

privilege by bringing discrimination claims under the ADA and seeking compensatory damages for mental anguish and emotional distress).

While courts in the Fifth Circuit routinely apply waiver in the context of other privileges, it does not appear that they have ever considered the issue in the clergy-penitent context. Federal courts in other jurisdictions have, however, found that a party putting religious beliefs in issue waives any privilege that otherwise would attach to those communications. In *Stevens v. Brigham Young Univ.-Idaho*, the District of Idaho held that, similar to other privileges, "a claimant can waive the priest-penitent privilege" by "putting the privileged information at issue." No. 4:16-cf-00530-DCN, 2018 WL 2974388, at *7 (D. Idaho June 11, 2018). Approximately four months later, that court reached the same conclusion in *Torres v. Sugar-Salem Sch. Dist. #332*. In *Torres*, the court again explained the implicit waiver rule and noted that the priest-penitent privilege falls within that scope. No. 4:17-cv-00178-DCN, 2018 WL 5621961, at *2 (D. Idaho Oct. 30, 2018) ("As with other privileges, a claimant can waive the priest-penitent privilege."). The logic stemming from *Stevens* and *Torres* aligns with the general Fifth Circuit "sword and shield" principles, and should therefore be extended to the clergy-penitent privilege.

    ii.    **Plaintiffs have waived any clergy privilege by putting religious beliefs at issue.**

An essential element of Plaintiffs' Title VII religious discrimination claim is that they have a sincerely held religious belief that conflicts with United's policy requiring its employees to get the COVID-19 vaccine. *See Favero v. Huntsville Ind. Sch. Dist.*, 939 F. Supp. 1281, 1286 (S.D. Tex. 1996) (recognizing that an employee's *prima facie* case of religious discrimination "is established by showing that: he holds a sincere religious belief that conflicts with an employment requirement; he has informed his employer of the conflict; and he was discharged or disciplined for failing to comply with the conflicting requirement"). United therefore has a right to discovery regarding that very element. Having been sued over this matter, United is not obligated to take

Plaintiffs at their word, without any evidence in support.

In analogous circumstances, during an investigation of an employee's religious discrimination claims, the EEOC instructs its investigators that employers may seek more information from employees regarding the sincerity of their religious beliefs, and that seeking such information is permitted. *See* EEOC COMPLIANCE MANUAL, Section 12: Religious Discrimination published Jan. 15, 2021; https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination. (ECF 172 at App. 300 - 301). In fact, when an employee's sincerity is in dispute, EEOC investigators are even trained to inquire into several areas of the employee's religious sphere to determine whether such religious belief is "sincerely held"—areas that United likewise seeks to receive information regarding through its discovery requests. *See id.* (detailing certain "factors" that assist in determining the sincerity of an employee's religious beliefs, including "whether the employee has behaved in a manner markedly inconsistent with the professed belief" and "whether the employer otherwise has reason to believe the accommodation is not sought for religious reasons").

Despite putting their religious beliefs at issue, Plaintiffs hide behind the shield of clergy privilege in an attempt to protect against discovery of communications that might tend to undermine any claim of sincerity, or that may otherwise show their positions on vaccines are not supported by the religious teachings of their church and instead are motivated by political, secular or other reasons not protected by Title VII. *See Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 20 (N.D. Tex. 2021) (quoting, with approval, a Northern District of Texas court's reliance on the Ninth Circuit's position that "[t]he principle is often expressed in terms of preventing a party from using the privilege as both a shield and sword" and "[i]n practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately

dispute unless it has access to the privileged materials"); *see also Willy v. Admin. Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005) (recognizing that the "shield and sword" analogy "is a product of [the court's] parallel reasoning behind the doctrine of implied waiver; a party may not use privileged information both offensively and defensively at the same time"). Without access to the contemporaneous communications made by Plaintiffs regarding the specific areas over which are relevant to this suit, United is left with essentially nothing more to evaluate the sincerity of Plaintiffs' religious beliefs than to take them at their word. The trust requirement runs contradictory to the adversarial nature of our justice system, which allows parties to verify and test the credibility of parties' assertions. *See Alvarado v. Tex. Rangers*, 492 F.3d 605, 617–18 (5th Cir. 2007) (denying summary judgment when employer provided subjective reasoning for an adverse employment action not readily confirmable from objective evidence).

Here, as evidenced by Plaintiffs' "privilege log", at least some of the Plaintiffs communicated with religious or spiritual advisors about the COVID-19 vaccine, United's vaccine policy, their request for religious accommodation, placement on unpaid leave, and/or this lawsuit. (App. 1). Those documents come squarely within the purview of relevant information put in issue by Plaintiffs in bringing this religious discrimination and failure to accommodate lawsuit. When Plaintiffs put their religious beliefs related to the COVID-19 vaccination and United's associated policy at issue by filing this lawsuit, they waived the privilege to then refuse disclosure of related communications and information to their religious and spiritual advisors. Plaintiffs should therefore be compelled to produce documents responsive to United's Requests for Production Nos. 7 and 22.

## V. CONCLUSION

For the reasons set forth above, Defendant United Airlines requests that the Court (a) grant its Amended Motion to Compel in its entirety; (b) overrule each of Plaintiffs' objections to Defendant's First Requests for Production of Documents identified herein; (c) order Plaintiffs to provide full and complete production responsive to Defendant's First Requests for Production of Documents; and (d) award United its reasonable and necessary attorneys' fees incurred in seeking and obtaining the relief requested herein. United seeks such other and further relief to which it is justly entitled, whether at law or in equity.

Respectfully submitted,

*/s/ Russell D. Cawyer*
Russell D. Cawyer
Texas State Bar No. 00793482
Taylor J. Winn
Texas State Bar No. 24115960
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: +1.817.878.3562
Facsimile: +1.817.335.2820
Email: russell.cawyer@kellyhart.com
Email: taylor.winn@kellyhart.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626-1700
Email: dmunro@jonesday.com

        Jordan M. Matthews
        IL Bar No. 6300503
        JONES DAY
        110 North Wacker Drive, Suite 4800
        Chicago, IL 60606
        Telephone: +1.312.782.3939
        Facsimile: +1.312.782.8585
        Email: jmatthews@jonesday.com

        Alexander V. Maugeri
        NY Bar No. 5062666
        JONES DAY
        250 Vesey Street
        New York, NY 10281
        Telephone: +1.212.326.3939
        Facsimile: +1.212.755.7306
        Email: amaugeri@jonesday.com

        **ATTORNEYS FOR DEFENDANT**
        **UNITED AIRLINES, INC.**

## CERTIFICATE OF CONFERENCE

      I certify that United has conferred verbally and in writing with Plaintiffs' counsel on the relief requested in this Motion. No agreements could be reached and therefore the Motion is presented to the Court for consideration.

          */s/ Russell D. Cawyer*
          Russell D. Cawyer

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served via e-mail to all counsel of record this 30th day of May, 2023:

| | |
|---|---|
| John C. Sullivan<br>Austin Nimocks<br>SL LAW, PLLC<br>610 Uptown Blvd., Ste. 2000<br>Cedar Hill, Texas 75104<br>john.sullivan@the-sl-lawfirm.com<br>austin.nimocks@the-sl-lawfirm.com | Mark R. Paoletta<br>Gene C. Schaerr<br>Brian J. Field<br>Kenneth A. Klukowski<br>SCHAERR JAFFE, LLP<br>1717 K Street NW, Ste. 900<br>Washington, D.C. 20006<br>mpaoletta@schaerr-jaffe.com<br>gschaerr@schaerr-jaffe.com<br>bfield@schaerr-jaffe.com<br>kklukowski@schaerr-jaffe.com |

                                                       */s/ Russell D. Cawyer*
                                                  Russell D. Cawyer