IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID SAMBRANO, et al., individually, and on behalf of all others similarly situated,　　Plaintiffs,　v.　UNITED AIRLINES, INC.,　　Defendant. | §§§§§§§§§§§§ | Civil Action No.　4:21-CV-01074-P |

**DEFENDANT UNITED AIRLINES, INC.'S UNOPPOSED MOTION TO EXTEND THE DEADLINES IN COURT'S ORDER REGARDING CLASS CERTIFICATION AND DISCOVERY AND BRIEF IN SUPPORT**

For good cause shown, Defendant United Airlines, Inc. ("United") respectfully moves the Court to modify the Order Regarding Class Certification and Discovery (Dkt. No. 164) ("the Order") and extend the parties' deadlines pertaining to class discovery and certification briefing. Plaintiffs do not oppose this motion.

**I. LEGAL STANDARD**

A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). In determining whether there is good cause to allow an amendment to the scheduling order, the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). A court should assess these factors "holistically." *EEOC v. Service Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL

3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, J.). "[T]he good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *Id.*

## II. REASONS FOR AN EXTENSION

**A.   The volume of records that United must review and unique issues related to the RAP files justify an extension.**

When the Court issued its order regarding class certification briefing and the coinciding deadlines, United immediately began analyzing its files and collecting potentially relevant material. As soon as United received Plaintiffs' First Set of Requests for Production, United began collecting and reviewing potentially responsive material. United collected approximately 3,036,404 records across dozens of custodians. United then narrowed that collection down to approximately 312,000 records that were most likely to be responsive to Plaintiffs' discovery requests, which now need to be reviewed for responsiveness.

United has taken a two-pronged approach to reviewing these records. First, United is leveraging Technology Assisted Review ("TAR") software – a widely accepted method of document review – to speed up the review process and to further hone in on the documents most likely to be responsive to Plaintiffs' discovery requests. Second, United is manually reviewing documents with a team of attorneys. United's team began with five, then expanded to ten, and has now expanded again to twenty attorneys.

Despite these efforts, United anticipates the first level review will not be complete until mid-August. United conservatively estimates another two weeks for quality control review and privilege review before it can produce the final round of documents to Plaintiffs. United will, as it has done all along, continue to produce documents on a rolling basis. However, United will not be able to finish producing all responsive documents by the current discovery deadline of August 24.

In addition to the difficulties of collecting, processing, and reviewing hundreds of

thousands of documents, United has also encountered substantial technical obstacles relating to production of the reasonable accommodation request ("RAP") files. The United employee who was the subject-matter technological expert on the RAP database left the company before the documents could be exported, forcing United to find an outside vendor to write a new algorithm to mass export over 5,000 RAP files. Further, the supporting attachments for the RAP files are stored in a different system and could not be exported alongside the corresponding RAP data, but rather as separate items that must then be matched back to the appropriate RAP file. Once these processes are finished, United must then conduct a quality control and privilege review, and redact the attorney-client protected portions of these files. Accordingly, there will simply be no way to produce the RAP files without more time.

**B.     The standard factors support extending the deadlines in the Order Regarding Class Certification and Discovery.**

When considering the four factors — (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice — an extension of the current deadlines is appropriate. First, United's motion is timely – the current discovery cut-off is still more than six weeks away – and United has explained why more time is necessary. Second, amendment of the schedule established by the Court is of utmost importance – it would be unfair to both sides to try to proceed with depositions before the document productions are complete. The third and fourth factors also weigh in favor of an extension as Plaintiffs will not be prejudiced by an extension, but rather will be given access to full and complete discovery ahead of briefing on the issue of class certification, and the parties' proposal below ensures a corresponding extension of the briefing schedule.

Because the motion is timely, an extension is important to finding all facts surrounding

class certification, and there is no prejudice to Plaintiffs, good cause exists to extend the deadlines pertaining to class discovery and certification as explained in more detail in Section III below.

### III. PROPOSED SCHEDULE

Plaintiffs and United have conferred and agree on the following proposed discovery schedule. Both parties agree to abide by this schedule and to not request any further extensions on class certification discovery.[1]

- Class certification discovery shall be completed on or before October 6, 2023.

- Both parties will issue their final document productions no later than August 31, 2023.

- Both parties will continue to make rolling productions throughout the discovery period to avoid a large dump of materials at the end of the process. Specifically, both parties will endeavor to release productions on, or about, August 1, 2023, August 15, 2023, and August 31, 2023.

- All depositions will occur after August 31, 2023.

- Plaintiffs' opening brief in support of class certification shall be filed on or before November 6, 2023.

- United's brief in opposition to class certification shall be filed on or before December 4, 2023.  United agrees not to request an extension of this deadline, absent extraordinary circumstances.

- Plaintiffs' reply brief in support of class certification shall be filed on or before December 18, 2023.

---

[1] This proposed discovery schedule intentionally omits any changes to the deadlines for designation of class discovery experts as those deadlines have already passed.

## IV. CONCLUSION

For the reasons stated above, United respectfully requests that the Court grant its Unopposed Motion to Extend the Deadlines in the Order (Dkt No. 164) Regarding Class Certification and Discovery.

Respectfully submitted,

/s/ Russell D. Cawyer
Russell D. Cawyer
Texas State Bar No. 00793482
Taylor J. Winn
Texas State Bar No. 24115960
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: +1.817.878.3562
Facsimile: +1.817.335.2820
Email: russell.cawyer@kellyhart.com
Email: taylor.winn@kellyhart.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626-1700
Email: dmunro@jonesday.com

Jordan M. Matthews
IL Bar No. 6300503
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585
Email: jmatthews@jonesday.com

**ATTORNEYS FOR DEFENDANT
UNITED AIRLINES, INC.**

## CERTIFICATE OF CONFERENCE

On June 29, 2023, counsel for United conferred with Brian Field, counsel for the Plaintiffs, concerning the relief requested in this Motion. On July 3, Mr. Field stated by email that the Plaintiffs were not opposed to the relief requested herein, subject to the adoption of the conditions identified.

                                                              */s/ Don Munro*

                                                              Donald J. Munro

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-mail to all counsel of record this 7th day of July, 2023:

| | |
|---|---|
| John C. Sullivan<br>Austin R. Nimocks<br>SL LAW, PLLC<br>610 Uptown Blvd., Ste. 2000<br>Cedar Hill, Texas 75104<br>john.sullivan@the-sl-lawfirm.com<br>austin.nimocks@the-sl-lawfirm.com | Mark R. Paoletta<br>Gene C. Schaerr<br>Brian J. Field<br>Cristina Martinez Squiers<br>Kenneth A. Klukowski<br>Joshua J. Prince<br>Annika M. Barkdull<br>SCHAERR JAFFE, LLP<br>1717 K Street NW, Ste. 900<br>Washington, D.C. 20006<br>mpaoletta@schaerr-jaffe.com<br>gschaerr@schaerr-jaffe.com<br>bfield@schaerr-jaffe.com<br>csquiers@schaerr-jaffe.com<br>kklukowski@schaerr-jaffe.com<br>jprince@schaerr-jaffe.com<br>abarkdull@schaerr-jaffe.com |

                                                     */s/ Russell D. Cawyer*
                                                  Russell D. Cawyer