**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DAVID SAMBRANO, et al., individually, and on behalf of all others similarly situated,** | § | |
| **Plaintiffs,** | § | **Civil Action No.** |
| **v.** | § | **4:21-CV-01074-P** |
| **UNITED AIRLINES, INC.,** | § | |
| **Defendant.** | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION**
**FOR EXTENSION OF DISCOVERY SCHEDULE**

In most circumstances, Defendant United Airlines, Inc. ("United") would readily consent to Plaintiffs' request for a thirty day extension of the discovery schedule. The parties in this case have worked hard to resolve an array of similar disputes over discovery and scheduling matters, and for the most part have been able to do so without burdening the Court.

With respect to the pending motion for an extension, however, United cannot consent because Plaintiffs' motion is based on unfair and inaccurate criticisms of United's conduct in discovery. It would be one thing if Plaintiffs were simply saying that they need more time to prepare for depositions. But instead, they are trying to place the blame on United, suggesting that the airline improperly turned over a large number of documents at the end of the written discovery period. The number of documents produced is a direct result of the forty-nine sweeping document requests served by the Plaintiffs in this case. It is not reasonable for Plaintiffs to demand the production of a huge range of materials and then complain when United complies.

Moreover, with respect to the timing of the production, it is not true that United waited "until the last week of discovery" to produce the bulk of its materials. United has produced 34,970 documents in this case, and only 16 percent of those documents (5,421) were handed over in the last week. In addition, a large percentage of the produced documents are individual RAP files and other materials that are not plausibly useful in or relevant to the depositions of some or all of United's witnesses.

In addition, Plaintiffs' Motion includes gratuitous discussion of other discovery disputes or issues that do not bear on whether an extension is appropriate and/or have already been resolved by agreement. For example, Plaintiffs acknowledge that the parties have reached a compromise regarding depositions of putative class members, yet nevertheless argue that such depositions are improper.[1] Mot. at 2. They also reference the debate over the scope of discovery that was the primary issue in United's original motion to compel, but was subsequently settled. *Id.* at 1-2. As noted above, the parties have, to this point, avoided bothering the Court with these and a number of similar issues. To raise them now – especially after the parties have reached agreements on those points – is inappropriate and a waste of the Court's time and attention, and cannot go without a response from United.

Finally, Plaintiffs' request for an extension comes on the heels of the Court's recent scheduling order shortening the time for completion of the class certification phase of this case.

---

[1] While there is of course no need for the Court to address this issue, United disagrees with Plaintiffs' analysis. Courts often allow depositions of putative class members, especially when the individual has injected themself into the dispute in some form or fashion. *E.g. Fishon v. Peloton Interactive, Inc*., 336 F.R.D. 67 (S.D.N.Y. 2020). Moreover, the Court has already heard from the parties on this point. In the parties' February 28 report, United argued that it "needs to depose the 8 named plaintiffs plus a small representative sampling of the putative class members in the various sub-classes alleged in the complaint." Report (ECF No. 158) at 6-7. The Court granted United the right to take a total of 16 depositions, see ECF No. 164, thereby indicating that United may take some – albeit not all – of the putative class member depositions it had requested.

ECF No. 199. United interpreted that order as directing the parties to move more expeditiously, and hence regards the Plaintiffs' pending request as inconsistent with that directive.

For these reasons, United cannot consent to the Plaintiffs' request for an extension of time. However, contrary to the implications in Plaintiffs' Motion, United is not opposed to giving Plaintiffs' counsel additional time to prepare for depositions. United will work in good faith with the Plaintiffs to complete this phase of this litigation under either the current schedule or any other schedule that the Court may direct.

Respectfully submitted,

*/s/ Russell D. Cawyer*

Russell D. Cawyer
Texas State Bar No. 00793482
Taylor J. Winn
Texas State Bar No. 24115960
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: +1.817.878.3562
Facsimile: +1.817.335.2820
Email: russell.cawyer@kellyhart.com
Email: taylor.winn@kellyhart.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626-1700
Email: dmunro@jonesday.com

Jordan M. Matthews
IL Bar No. 6300503
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585
Email: jmatthews@jonesday.com

**ATTORNEYS FOR DEFENDANT UNITED AIRLINES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via e-mail to all counsel of record this 7th day of September, 2023:

John C. Sullivan
Austin R. Nimocks
SL LAW, PLLC
610 Uptown Blvd., Ste. 2000
Cedar Hill, Texas 75104
john.sullivan@the-sl-lawfirm.com
austin.nimocks@the-sl-lawfirm.com

Mark R. Paoletta
Gene C. Schaerr
Brian J. Field
Cristina Martinez Squiers
Kenneth A. Klukowski
Joshua J. Prince
Annika M. Barkdull
SCHAERR JAFFE, LLP
1717 K Street NW, Ste. 900
Washington, D.C. 20006
mpaoletta@schaerr-jaffe.com
gschaerr@schaerr-jaffe.com
bfield@schaerr-jaffe.com
csquiers@schaerr-jaffe.com
kklukowski@schaerr-jaffe.com
jprince@schaerr-jaffe.com
abarkdull@schaerr-jaffe.com

*/s/ Russell D. Cawyer*
Russell D. Cawyer