IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID SAMBRANO, *et al.*, individually, and on behalf of all others similarly situated, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:21-CV-01074-P |
| UNITED AIRLINES, INC., | § § | |
| Defendant. | § § § | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS RENEWED MOTION
FOR PARTIAL DISMISSAL OF THE SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

1. Plaintiffs Cannot Escape Their Previous Concession That Masking and Testing Is a Reasonable Accommodation ........................................................................................... 1

2. The Accommodations Offered To Castillo, Jonas and Hamilton Were Reasonable as a Matter of Law ........................................................................................................... 2

3. Plaintiffs Still Have Not Identified Any Adverse Action for Castillo and Hamilton ........ 3

4. Jonas and Rains Have Not Plausibly Alleged Any "Disability." ....................................... 4

5. Plaintiffs' Retaliation Claims Are Still "Incoherent." ........................................................ 5

6. Plaintiffs' Online Inquiries Are Not EEOC Charges .......................................................... 7

7. Equitable Tolling Does Not Apply ..................................................................................... 8

8. Relation-Back Does Not Apply .......................................................................................... 8

9. Jonas's Title VII Claims and the Original Plaintiffs' Retaliation Claims Must Be Dismissed As Beyond the Scope of Their EEOC Charges ................................................. 9

10. Plaintiffs' Permanent Injunction Request Should Be Dismissed ..................................... 10

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Ahrens v. Perot Sys. Corp.*,
  205 F.3d 831 (5th Cir. 2000) ...................................................................................................1

*Antoine v. First Student, Inc.*,
  713 F.3d 824 (5th Cir. 2013) ...................................................................................................2

*Arkansas v. Wilmington Tr. Nat'l Ass'n*,
  2020 WL 1249570 (N.D. Tex. Mar. 16, 2020) .........................................................................9

*Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*,
  217 F.3d 393 (5th Cir. 2000) .................................................................................................10

*Biden v. Sierra Club*,
  142 S. Ct. 56 (2021) ...............................................................................................................10

*Bir v. McKesson Corp.*
  2023 WL 5960640 (E.D. N.C. Sept. 13, 2023) ......................................................................10

*Black v. N. Panola Sch. Dist.*,
  461 F.3d 584 (5th Cir. 2006) ...................................................................................................9

*Bostock v. Clayton Cnty. Ga.*,
  140 S.Ct. 1731 (2020) ..............................................................................................................5

*Breshears v. Or. Dep't of Transp.*,
  *2023 WL 136550* (D. Or. Jan. 9, 2023) ..................................................................................2

*Burlington Indus., Inc. v. Ellerth*,
  524 U.S. 742 (1998) .................................................................................................................3

*Burlington N. & Santa Fe Ry. Co. v. White*,
  548 U.S. 53 (2006) ...................................................................................................................5

*Carter v. Eagle Railcar Servs. Longview, Texas, LLC*,
  2022 WL 17489167 (E.D. Tex. Dec. 7, 2022) .........................................................................4

*Collins v. Tyson Foods, Inc.*,
  2023 WL 2731047 (W.D. Ky. Mar 29, 2023) ..........................................................................9

*Crawford v. Metro. Gov't*,
    555 U.S. 271 (2009)..................................................................................................6

*Daneshpajouh v. Sage Dental Grp. of Fla.*,
    2021 WL 3674655 (S.D. Fla. Aug. 18, 2021)............................................................3

*Davies v. Lackawanna Cnty.*,
    2018 WL 924205 (M.D. Pa. Feb. 14, 2018) ..............................................................6

*EEOC v. Vantage Energy Servs., Inc.*,
    954 F.3d 749 (5th Cir. 2020) ..................................................................................7, 9

*Egelkrout v. Aspirus, Inc.*,
    2022 WL 2833961 (W.D. Wis. July 20, 2022)..........................................................2

*Federal Express v. Holowecki*,
    552 U.S. 389 (2008)..................................................................................................7

*Freeland v. Coors of Austin, L.P*,
    2015 WL 4744362 (W.D. Tex. Aug. 10, 2015).........................................................7

*Hamil v. ACTS Retirement-Life Communities, Inc.*,
    2023 WL 6204571 (S.D. Ala. Aug. 31, 2023).........................................................10

*Hamilton v. Dall. Cnty.*,
    79 F.4th 494 (5th Cir. 2023) .....................................................................................3

*Henson v. Bell Helicopter Textron, Inc.*,
    128 F. App'x 387 (5th Cir. 2005) .............................................................................8

*Huge v. Boeing Co.*,
    2015 WL 6626568 (W.D. Wash. Oct. 30, 2015) ......................................................6

*Hughes v. Terminix Pest Control, Inc.*,
    2023 WL 2562720 (E.D. La. Mar. 17, 2023) ...........................................................4

*In re Coastal Plains, Inc.*,
    179 F.3d 197 (5th Cir. 1999) ....................................................................................1

*In re Gulf Aerospace Corp.*,
    449 F.2d 733 (5th Cir. 1971) ..................................................................................10

*Jones v. King*,
    2023 WL 5969378 (W.D. Tex. Sept. 13, 2023)......................................................10

*Lawson v. Excel Contractors, L.L.C.*,
   2022 WL 1793511 (5th Cir. June 2, 2022) ................................................................4

*Lindsey v. Am. Airlines, Inc.*,
   2023 WL 5807015 (N.D. Tex. Sept. 7, 2023) ............................................................3

*Love v. City of Dallas*,
   1997 WL 278126 (N.D. Tex. May 14, 1997) ............................................................3

*Madaki v. Am. Airlines, Inc.*,
   2022 WL 227163 (N.D. Tex. Jan. 25, 2022) .............................................................9

*Manning v. Chevron Chem. Co., LLC*,
   332 F.3d 874 (5th Cir. 2003) ....................................................................................8

*Mayorkas v. Innovation Law Lab*,
   141 S. Ct. 2842 (2021) ............................................................................................10

*Perkins v. Starbucks Corp.*,
   2022 WL 17069145 (S.D. Tex. Nov. 17, 2022) ................................................7, 8, 9

*Porter v. New Age Servs. Corp.*,
   463 F. App'x 582 (7th Cir. 2012) .............................................................................8

*Price v. Sw. Bell Tel. Co.*,
   687 F.2d 74 (5th Cir. 1982) ......................................................................................8

*Sambrano v. United Airlines, Inc.*,
   2022 WL 486610 (5th Cir. Feb. 17, 2022) ...............................................................6

*South v. Atlas Air, Inc.*,
   2023 WL 3184346 (Fla. Div. Admin. Hrgs. Apr. 24, 2023) ....................................3

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*,
   570 U.S. 338 (2013) .................................................................................................5

*Welsh v. Fort Bend Indep. Sch. Dist.*,
   941 F.3d 818 (5th Cir. 2019) ....................................................................................3

*Wren v. Midwestern State Univ.*,
   2019 WL 3099408 (N.D. Tex. June 25, 2019) .........................................................4

**STATUTES**

42 U.S.C. § 2000e-2(a) ...................................................................................................................3

42 U.S.C. § 2000e-3(a) ...................................................................................................................5

42 U.S.C. § 12102(1)(A)..................................................................................................................4

42 U.S.C. § 12203(a) .......................................................................................................................5

**OTHER AUTHORITIES**

29 C.F.R. § 1601.12(b) ...................................................................................................................7

29 C.F.R. § 1630.2(i) .......................................................................................................................4

https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/types-of-
 masks.html ................................................................................................................................2

https://www.osha.gov/coronavirus/safework..................................................................................2

## INTRODUCTION

In their Opposition to United's Renewed Motion for Partial Dismissal, plaintiffs again insist that all of their claims are justified by the Fifth Circuit's opinion, despite the fact that the panel majority said almost nothing about the underlying merits. Opp. 1. Plaintiffs continue to cling to essentially all of their arguments, maintaining complex, sweeping, and multi-faceted allegations that are not much different from what they pled in the fall of 2021, when the world was very different.

None of plaintiffs' arguments defeat United's showing that this lawsuit can and should be narrowed and simplified. As discussed below, plaintiffs persist in offering a slew of erroneous legal assertions on a wide range of subjects, including masking-and-testing, retaliation, the ADA claims, and various procedural defects in their case.

## ARGUMENT

**1. Plaintiffs Cannot Escape Their Previous Concession That Masking and Testing Is a Reasonable Accommodation.**

Plaintiffs say that they are not estopped from contesting the reasonableness of United's masking and testing accommodation because they supposedly only "suggest[ed]" that such accommodations "may be" reasonable. Opp. 6. However, the standard for judicial estoppel is simply "assuming an inconsistent position"—not "directly contradictory" arguments, as plaintiffs claim. *See In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999); *Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 833 (5th Cir. 2000). Plaintiffs' counsel unequivocally represented to the Court that United's protocol was reasonable, which prevents them from now taking the inconsistent position that it is unreasonable. *See* Oct. 14, 2021 Hr'g Tr., Vol. 3: Tr. 41:8–12; ECF Nos. 6 at 13, No. 37 at 6–7 ; *see also* ECF No. 1 ¶¶ 25, 119, at p. 30, Prayer for Relief ¶ f.

## 2. The Accommodations Offered To Castillo, Jonas and Hamilton Were Reasonable as a Matter of Law.

Plaintiffs contend that a particular accommodation cannot be reasonable as a matter of law. Opp. 3–5. But while *Antoine v. First Student, Inc.*, 713 F.3d 824 (5th Cir. 2013), described the reasonableness of an accommodation as "a question of fact," *id.* at 831, it meant only that there were "genuine disputes of material fact regarding the very nature of the purported accommodation in [that] case," *id.* at 834. *Antoine* did not suggest that the reasonableness of an accommodation is always a fact issue that must go to a jury, even where plaintiffs have alleged nothing that would permit a fact-finder to conclude that the accommodation was legally unreasonable.

Nor have plaintiffs plausibly distinguished decisions from those "courts outside the Fifth Circuit [that] have approved masking and testing options at the motion-to-dismiss stage." Opp. 4. Plaintiffs assert that United's policy was materially different, pointing to the requirement to use an N95 mask and to "produce COVID-19 test results even when not coming to work." Opp. 5. But *Breshears* dismissed a Title VII claim where the plaintiff was required to wear "an N95 mask," *Breshears v. Or. Dep't of Transp.*, 2023 WL 136550, at *3 (D. Or. Jan. 9, 2023), and *Egelkrout* dismissed a claim from an employee who "was working remotely" while being required to test for COVID-19. *Egelkrout v. Aspirus, Inc.*, 2022 WL 2833961, at *1, *3 (W.D. Wis. July 20, 2022). These cases are *not* distinguishable. Moreover, the supposedly unreasonable details of United's policy were rooted in CDC guidelines at the time.[1] If following public health guidance gave rise to a Title VII claim, then nearly every accommodated employee during the pandemic could sue.

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/types-of-masks.html (noting that "well-fitting NIOSH-approved respirators (including N95s) offer the highest level of protection"); https://www.osha.gov/coronavirus/safework (recommending employers require "workers to get vaccinated or to undergo regular COVID-19 testing – in addition to mask wearing").

### 3. Plaintiffs Still Have Not Identified Any Adverse Action for Castillo and Hamilton.

As this Court recently observed, the new *Hamilton* standard for Title VII claims requires a "tangible, objective, and material" adverse action. *Lindsey v. Am. Airlines, Inc.*, 2023 WL 5807015, at *2 (N.D. Tex. Sept. 7, 2023) (quoting *Hamilton v. Dall. Cnty.*, 79 F.4th 494 (5th Cir. 2023)). Whether analyzed under this standard (which is comparable to the "materially adverse" rule in other circuits) or under the "more than de minimis" standard, Castillo and Hamilton have not alleged anything that suffices.

Plaintiffs continue to claim, however, that they can pursue a Title VII claim because "United made the decision to terminate Plaintiff Castillo and to put Plaintiff Hamilton on unpaid leave," even though those actions were never carried out. Opp. 7. That is incorrect. Title VII prohibits discriminatory "*employment practice[s]*", not theoretical decisions to take such actions that are never actually implemented. *See* 42 U.S.C. § 2000e-2(a) (making it an "unlawful employment practice for an employer [] to fail or refuse to hire or to discharge . . . or otherwise to discriminate against"). Accordingly, it is clear that "to be actionable, an employment decision must actually be carried out." *Daneshpajouh v. Sage Dental Grp. of Fla.*, 2021 WL 3674655, at *7 (S.D. Fla. Aug. 18, 2021); *see also South v. Atlas Air, Inc.*, 2023 WL 3184346, at *12 (Fla. Div. Admin. Hrgs. Apr. 24, 2023) (holding that, as to airline's potential unpaid leave COVID-19 accommodation, "an employer's mere 'threat' to take adverse employment action is not actionable under Title VII"); *cf. Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 754 (1998) ("unfulfilled threats" are only actionable under "hostile work environment claim").[2]

---

[2] In the two cases that plaintiffs cite (Opp. 7), the challenged employment actions had been carried out. *See Love v. City of Dallas*, 1997 WL 278126, at *6 (N.D. Tex. May 14, 1997) (defendant "placed [plaintiffs] on leave without pay and later hired them to different positions"); *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 824 (5th Cir. 2019) (plaintiff "placed in a growth plan").

### 4. Jonas and Rains Have Not Plausibly Alleged Any "Disability."

Plaintiffs primarily contend that United "fail[ed] to understand the ADA Amendments Act ('ADAAA')." Opp. 8. But that legislation did not alter the obligation to allege how an employee's impairment "substantially limits one or more major life activities of such [employee]." 42 U.S.C. § 12102(1)(A); *accord Lawson v. Excel Contractors, L.L.C.*, 2022 WL 1793511, at *5 (5th Cir. June 2, 2022); *cf. also Hughes v. Terminix Pest Control, Inc.*, 2023 WL 2562720, at *3 (E.D. La. Mar. 17, 2023) (rejecting COVID-19 ADA claim for lack of a disability because "the inability to take . . . vaccinations is not a major life activity").

Plaintiffs cannot point to anything in the SAC alleging that critical aspect of the claim. For Jonas, plaintiffs cite only the allegation that she "lives with the threat of severe reactions to various allergens." Opp. 11 (citing SAC at ¶ 137). That does not even identify a "major life activity," let alone one that is "substantially limited." *Wren v. Midwestern State Univ.*, 2019 WL 3099408, at *9 (N.D. Tex. June 25, 2019). In the case plaintiffs cite (Opp. 9), by contrast, the plaintiff had "alleg[ed] that [his] allergic reaction caused his swallowing and breathing to become restricted." *Carter v. Eagle Railcar Servs. Longview, Texas, LLC*, 2022 WL 17489167 at *3 (E.D. Tex. Dec. 7, 2022).

Likewise, Rains does not allege, cite, or even identify any major life activity allegedly limited by any impairment. While Rains alleges that his "history of allergic reactions" includes "anaphylaxis," (SAC at ¶ 163), nothing in the SAC alleges "how [his] allergies substantially limit" any major life activity. *Wren*, 2019 WL 3099408, at *9. *See also* 29 C.F.R. § 1630.2(i) (rules regarding "major life activity" requirement). And the SAC's conclusory allegations regarding his heart condition fall short of the heart-condition allegations that the Fifth Circuit in *Lawson* rejected as inadequate under the ADAAA.

### 5. Plaintiffs' Retaliation Claims Are Still "Incoherent."

Plaintiffs do not deny that if they had not sought accommodations, they would have been subject to termination. SAC at ¶¶ 5, 42. Nor do they deny that because they requested an accommodation, they kept their jobs. SAC at ¶¶ 43 n.1, 145. Their arguments that they nevertheless suffered "retaliation" for seeking accommodations are contrary to statutory text, precedent, and common sense.

*First*, Title VII and the ADA prohibit "discriminat[ing] against" an employee "because he has" engaged in protected activity. 42 U.S.C. § 2000e-3(a); *see also id.* § 12203(a). To "discriminate" means "treating that individual *worse* than others who are similarly situated," *Bostock v. Clayton Cnty. Ga.*, 140 S.Ct. 1731, 1740 (2020) (emphasis added), and thus discriminating "because of" protected activity means treating an employee worse than those who did not engage in protected activity, *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 350 (2013). Plaintiffs ignore the statutory text and never explain how treating employees *better* because they requested accommodations is "discrimination" "because of" protected activity.

*Second*, the Supreme Court holds that discrimination in the retaliation context not only requires worse treatment, but worse treatment that rises to the level of "materially adverse"—*i.e.*, "harmful to the point that [it] could well dissuade a reasonable worker" from engaging in the protected activity in the first place. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). An employer's actions do not meet this definition if it treated employees better than they would have been treated if they had never requested an accommodation at all. Plaintiffs argue that the accommodations were "draconian and arbitrary," Opp. 13, but cannot plausibly assert that the nature of the accommodation would have dissuaded a reasonable employee from requesting one, since the alternative (termination) was unquestionably worse.

Unsurprisingly, plaintiffs do not cite a single case in the history of Title VII or the ADA that deems a retaliation claim cognizable where the employee was treated better because of the allegedly protected activity. Instead, plaintiffs solely point to the Fifth Circuit's conclusion in this case that the employees on unpaid leave had shown irreparable harm. Opp. 13. But the point of that holding was that plaintiffs facing unpaid leave might be entitled to an injunction enabling them to keep their pay (*i.e.*, with an alternative accommodation). The Fifth Circuit did not remotely suggest that a reasonable employee might have been dissuaded from seeking an accommodation at all and thus get fired. *Sambrano v. United Airlines, Inc.*, 2022 WL 486610, at *7 (5th Cir. Feb. 17, 2022) (no injunction for terminated employees).[3]

*Third*, none of this is to say that employers have free rein to treat employees who have requested accommodations harshly or vindictively. If the accommodation is unreasonable, then the employer may be liable for a failure-to-accommodate. But it cannot be that whenever an employer adopts an accommodation that is reasonable but not the employee's preference, the employee can assert "retaliation" on a "harsher-than-necessary" theory.[4]

---

[3] In the two cases plaintiffs cite (Opp. 12), the allegedly retaliatory conduct was not the same as the reasonable accommodation the employer offered. In *Huge v. Boeing Co.*, the unpaid leave at issue was not the accommodation, but was imposed while the accommodations were assessed. 2015 WL 6626568, at *11 (W.D. Wash. Oct. 30, 2015). And *Davies v. Lackawanna Cnty.* involved a motion *in limine* ruling that a jury could hear evidence relevant to retaliation despite not adjudging that claim. 2018 WL 924205, at *2 (M.D. Pa. Feb. 14, 2018).

[4] Additionally, plaintiffs offer no textual justification for construing their accommodation requests as protected oppositional activity under Title VII. As plaintiffs concede, "the Fifth Circuit has not addressed this issue" (Opp. 14), so this Court should apply the Supreme Court's precedent itself. "The term 'oppose,' being left undefined by the statute, carries its ordinary meaning: '[t]o resist or antagonize . . . to contend against; to confront; resist; withstand[.]'" *Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009). Here, "Plaintiffs d[id] not challenge the vaccine mandate itself." ECF No. 6 at 1. Nor can plaintiffs claim their requests for accommodation were "to contend against; to confront; resist; [or] withstand" United's unpaid leave policy because the SAC alleges that United did not announce that accommodation until after the deadline for submitting requests. SAC at ¶¶ 17, 75.

## 6. Plaintiffs' Online Inquiries Are Not EEOC Charges.

Plaintiffs persist in making a mockery of the administrative process that must be exhausted before bringing a lawsuit; they sought an injunction and pursued an appeal before ever filing any charges of discrimination. While they suggest that the date an individual first reaches out to the EEOC to begin the charge process is the "charge date," Opp. 17–18, they eventually concede that the test for whether an inquiry can serve as a "charge" is set forth in *Federal Express v. Holowecki*, 552 U.S. 389 (2008). *See EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 754 (5th Cir. 2020).[5] However, plaintiffs fail to properly apply the *Holowecki* test.

The decisive question under *Holowecki* is whether a plaintiff's inquiry satisfies the "request-to-act condition." *Vantage*, 954 F.3d at 755. "A review of the case law in this circuit applying *Holowecki* . . . [reveals that] [in the] absence of any statement indicating a request for remedial action", the document "is not a charge." *Freeland v. Coors of Austin, L.P.*, 2015 WL 4744362, at *8 & n.4 (W.D. Tex. Aug. 10, 2015); *Perkins*, 2022 WL 17069145, at *5. Following *Holowecki*, the EEOC added a box on the intake questionnaire, stating "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above." *Perkins*, 2022 WL 17069145, at *1. Here, there was no comparable box to check on plaintiffs' online inquiries, and they were advised they had ***not*** filed a charge. ECF No. 170; Mot. 19 & n.7. Nor do plaintiffs' online inquiries contain any other "specific statement that can reasonably be

---

[5] Plaintiffs also claim that under *Vantage,* assignment of a "charge number" to an online inquiry makes it "functionally a charge." (Opp. 18–19). However, *Vantage* involved an intake questionnaire, not an online inquiry. *See Perkins v. Starbucks Corp.*, 2022 WL 17069145, *1–2, *6 & n.2 (S.D. Tex. Nov. 17, 2022) ("an online inquiry form [is] not an intake questionnaire"). Moreover, *Vantage* explains that "the EEOC's characterization of the [document] is not dispositive." 954 F.3d at 755. As such, plaintiffs' reliance on 29 C.F.R. § 1601.12(b) and the online activity log are no help. (Opp. 16–17, 19). And the EEOC takes the position that the requirements in § 1601.12(b) are in addition to, not a substitute for, the *Holowecki* test. EEOC Amicus, *Woods v. FacilitySource LLC*, No. 15-3138, 2015 WL 1606789, *11–12 (6th Cir. 2015).

construed as a request for the EEOC to take remedial action." *Perkins*, 2022 WL 17069145, at *5.[6]

### 7. Equitable Tolling Does Not Apply.

Plaintiffs are not entitled to equitable tolling because there are no factual allegations in the SAC to support equitable tolling, plaintiffs have never alleged equitably tolling as a plea in avoidance; and equitable tolling is not appropriate where plaintiffs were represented by counsel and could have filed a verified Form 5 Charge of Discrimination at any time.

Plaintiffs argue that their delay can be attributed to the EEOC and grants them "equitable tolling." Opp. 19–20 (citing *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 881 (5th Cir. 2003)). *Manning*, however, is of no help to plaintiffs. It holds that "[w]e apply equitable tolling when an employee seeks information from the EEOC, and the organization gives the individual *incorrect information* that leads the individual to file an untimely charge." *Id.* Here, plaintiffs "do[] not allege that the EEOC gave [them] any incorrect information *with respect to the proper time for filing* [their] charge[s]." *Id.* (emphasis added). Plaintiffs are also wrong when they assert (Opp. 20, n.10) that Castillo is entitled to tolling because United had "ample notice" of his claim. *Porter v. New Age Servs. Corp.*, 463 F. App'x 582, 585 (7th Cir. 2012) (notice does not excuse exhaustion).

### 8. Relation-Back Does Not Apply.

Next, plaintiffs argue that the charges they eventually filed "relate[] back" to their online inquiry forms. Opp. 17 (*citing Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982)). Again, they are misconstruing the law. *Price* involved a "technical defect[]" that the charge was "neither signed nor sworn". 687 F.2d at 77–78. "An untimely EEOC charge can relate back to a timely

---

[6] Plaintiffs do not dispute that the charge date (instead of the online inquiry) renders all of Castillo's and Rains's claims time barred. Plaintiffs' assertion (Opp. 19 n.9) that Medlin's claims are not partially time barred because her denial of accommodation and termination is one "continuous process" fails. *See Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 391 (5th Cir. 2005) (denial of an accommodation is a "discrete act[]", not a "continuing violation").

EEOC filing if the earlier filing itself would have been 'sufficient as a charge' but for a 'technical' defect such as being unverified or unsigned." *Perkins*, 2022 WL 17069145, at *4; *see also Vantage*, 954 F.3d at 756 (noting that plaintiffs' cited *Edelman* case (Opp. 17) involved technical defects). However, the "online inquiry form did not constitute a charge to which [Plaintiff's] late-filed charge can relate back." *Perkins*, 2022 WL 17069145, at *5. The same is true here. ECF No. 170, Exs. 1–7. Also, relation back is a plea in avoidance and the SAC lacks facts to support it.

### 9. Jonas's Title VII Claims and the Original Plaintiffs' Retaliation Claims Must Be Dismissed As Beyond the Scope of Their EEOC Charges.

Plaintiffs fail to respond to United's argument that Jonas's Title VII religion claims exceed the scope of her EEOC charge, which solely discusses the ADA.[7] Courts routinely dismiss claims on this basis. *See, e.g.*, *Madaki v. Am. Airlines, Inc.*, 2022 WL 227163, at *3 (N.D. Tex. Jan. 25, 2022) (Pittman, J.) (dismissing Title VII race claim where plaintiff only checked the box for and described a Title VII sex discrimination claim); *Collins v. Tyson Foods, Inc.*, 2023 WL 2731047, at *5 (W.D. Ky. Mar 29, 2023) (dismissing ADA claim where charge only addressed Title VII).

As to retaliation, contrary to plaintiffs' argument (Opp. 20), none of the original five plaintiffs procedurally exhausted this claim. They did not check the box for retaliation and their "charge narrative [lacks] facts alleging retaliation". *Madaki*, 2022 WL 227163, at *3. This bars plaintiffs from pursuing retaliation based on any facts other than the accommodations they received (which is improper for the reasons discussed above). Nevertheless, plaintiffs now appear to be trying to include all manner of allegations – such as co-worker harassment – as part of their "retaliation" claims. Opp. 13. That sort of sleight-of-hand has been repeatedly rejected in other

---

[7] "Failure of a party to respond [in its opposition] to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district court level." *Arkansas v. Wilmington Tr. Nat'l Ass'n*, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (same).

vaccine cases. *See, e.g.*, *Bir v. McKesson Corp.* 2023 WL 5960640, at *3–4 (E.D. N.C. Sept. 13, 2023) (Title VII claim objecting to unpaid leave accommodation did not exhaust retaliation claim); *Hamil v. ACTS Retirement-Life Communities, Inc.*, 2023 WL 6204571, at *9–10 (S.D. Ala. Aug. 31, 2023) (religious harassment claims did not grow out of charge for religious accommodation).

**10.    Plaintiffs' Permanent Injunction Request Should Be Dismissed.**

United moved to dismiss the injunction because of mootness *and* as a matter of the Court's equitable discretion. While plaintiffs insist that mootness does not apply because of "voluntary cessation." Opp. 21–22, they completely ignore United's point about equitable discretion, which does not implicate voluntary cessation at all. The simplest path for the Court to dispose of the injunction request is to hold that there is no "need for a determination by this court" because "the facts and circumstances have changed substantially". *In re Gulf Aerospace Corp.*, 449 F.2d 733, 734 (5th Cir. 1971). "The COVID-19 pandemic has passed," ECF No. 211 n.1, there is no vaccine policy left to enjoin, a general injunction to obey the law is prohibited, and any injunction would be based on implausible and speculative events.

Plaintiffs' arguments about mootness are also wrong. *First*, courts can take judicial notice of facts to resolve mootness on a motion to dismiss. *E.g.*, *Jones v. King*, 2023 WL 5969378, at *41 (W.D. Tex. Sept. 13, 2023); *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 396 (5th Cir. 2000). *Second*, the voluntary cessation doctrine does not apply when the change in circumstances is the result of a combination of external factors and the defendant's choices. Mot. 22 (citing *Laidlaw*). *See also Mayorkas v. Innovation Law Lab*, 141 S. Ct. 2842 (2021) (case is moot following election that results in change in Administration); *Biden v. Sierra Club*, 142 S. Ct. 56 (2021) (same). The cases that plaintiffs cite (Opp. 21–23) did not involve a similar combination of a defendant's response to an external event outside its control.

Dated: October 2, 2023                                 Respectfully submitted,


                                                /s/ *Russell D. Cawyer*
Russell D. Cawyer
TX Bar No. 00793482
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: +1.817.878.3562
Facsimile: +1.817.335.2820
Email: russell.cawyer@kellyhart.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626-1700
Email: dmunro@jonesday.com

Jordan M. Matthews
IL Bar No. 6300503
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60601
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585
Email: jmatthews@jonesday.com

Alexander V. Maugeri
NY Bar No. 5062666
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: +1.212.326.3939
Facsimile: +1.212.755.7306
Email: amaugeri@jonesday.com


**ATTORNEYS FOR DEFENDANT
UNITED AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 2, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ *Russell D. Cawyer*