IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED AIRLINES, INC.,<br><br>　　　　Defendant. | Civil Action No. 4:21-01074-P |

**DEFENDANT'S MOTION TO TRANSFER VENUE UNDER
28 U.S.C. § 1404 TO THE NORTHERN DISTRICT OF ILLINOIS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

DISCUSSION .................................................................................................................................. 3

I.     Venue Is Proper in the Northern District of Illinois, Just as in Hassett ............................. 3

II.    Transfer of this Action to Illinois Will Further the Public Interest.................................... 4

    A.     The Commonly Analyzed Public Interest Factors Support Transfer..................... 4

    B.     Other Relevant Public Interest Factors Favor Transfer to Illinois ......................... 6

        1.     The Public Interest in Conservation of Judicial Resources Supports Transfer ................................................................................................. 6

        2.     Transfer Is in the Interest of the Non-Texas Based Putative Class Members ............................................................................................... 9

III.   The Private Interest Factors Likewise Favor Transfer to Illinois ................................... 10

CONCLUSION............................................................................................................................... 14

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Affinity Labs of Tex. v. Samsung Elecs. Co., Ltd.*,
  968 F. Supp. 2d 852 (E.D. Tex. 2013) ........................................................................................ 8

*Allen v. U.S. Dep't of Homeland Sec.*,
  514 F. App'x 421 (5th Cir. 2013) ............................................................................................... 3

*Anderson et al. v. United Airlines, Inc. et al*,
  No. 1:23-cv-00989 (N.D. Ill. Feb. 17, 2023) ................................................................. 1, 6, 7, 10

*BNSF Ry. Co. v. Float Alaska IP, LLC*,
  No. 4:22-cv-0950-P, 2023 WL 3591683 (N.D. Tex. May 22, 2023) (Pittman, J.) .............. 4, 11

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*,
  582 U.S. 255 (2017) ................................................................................................................ 9, 10

*Career Colls. & Sch. of Tex. v. U.S. Dep't of Educ.*,
  No. 4:23-cv-0206-P, 2023 WL 2975164 (N.D. Tex. Apr. 17, 2023) ......................................... 4

*ColorQuick, L.L.C. v. Vistaprint Ltd.*,
  No. 6:09-CV-323, 2010 WL 5136050 (E.D. Tex. July 22, 2010) ............................................. 8

*Doe v. NorthShore Univ. HealthSystem*,
  No. 21-cv-05683, 2021 WL 5578790 (N.D. Ill. Nov. 30, 2021) ............................................... 6

*Ellis v. United Airlines, Inc.*,
  No. 1:23-cv-00123 (N.D. Ill. Jan. 9, 2023), ECF. No. 36 ................................................. 1, 7, 8

*Engstrom et al v. Air Lines Pilots Ass'n, Int'l et al*,
  No. 6:22-cv-02130, ECF No. 23 (M.D. Fla. Apr. 7, 2023) ....................................................... 7

*Halczenko v. Ascension Health, Inc.*,
  37 F.4th 1321 (7th Cir. 2022) .................................................................................................... 6

*Hassett v. United Airlines, Inc.*,
  No. 4:23-cv-00960-P, ECF No. 34 (N.D. Tex. Oct. 5, 2023) ........................................... passim

*Hinkle v. Phillips 66 Co.*,
  35 F.4th 417 (5th Cir. 2022) ...................................................................................................... 4

*Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*,
  321 F.2d 53 (5th Cir. 1963) ....................................................................................................... 4

*In re: Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*,
   899 F. Supp. 2d 1378 (U.S. Jud. Pan. Mult. Lit. 2012) ..........................................................9

*In re Horseshoe Entm't*,
   337 F.3d 429 (5th Cir. 2003) ...................................................................................................3

*In re: Kmart Corp. Customer Data Sec. Breach Litig.*,
   109 F. Supp. 3d 1368 (U.S. Jud. Pan. Mult. Lit. 2015) ..........................................................9

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009)..............................................................................................13

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) .............................................................................................5, 13

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) (en banc) ........................................................................4, 10, 12

*Lightbeam Health Sols. v. Tidewater Physicians Multispecialty Grp. PC*,
   No. 3:17-cv-0395-M, 2017 WL 3382458 (N.D. Tex. Aug. 7, 2017) .......................................5

*Martinez v. Tyson Foods, Inc.*,
   533 F. Supp. 3d 386 (N.D. Tex. 2021) (Pittman, J.)............................................................2, 9

*Myers v. United Airlines, Inc.*,
   No. 1:23-cv-11113, ECF No. 7 (D. Mass. May 17, 2023)........................................................7

*Oka v. United Airlines, Inc.*,
   No. 2:23-cv-00135, ECF No. 1 (E.D. Ky. Oct. 3, 2023) .........................................................7

*Patent Compliance Grp., Inc. v. Brunswick Corp.*,
   No. 3:10-cv-0287-K, 2010 WL 10991912 (N.D. Tex. 2010).................................................11

*Primoris T&D Servs., LLC v. MasTec, Inc.*,
   No. 4:23-cv-0416-P, 2023 WL 3400525 (N.D. Tex. May 11, 2023) (Pittman, J.)....................4

*Sellman v. Aviation Training Consultants, LLC*,
   No. 4:21-cv-1061-P, 2022 WL 1321554 (N.D. Tex. May 3, 2022) (Pittman, J.).......................4

*Sigoloff v. Austin*,
   No. 4:22-cv-00923-P, 2023 WL 2142982 (N.D. Tex. Feb. 21, 2023) (Pittman, J.) ..............4, 5

*Stacker v. IntelliSearch, LLC*,
   No. 20-2581-JWB, 2021 WL 2646444 (D. Kan. June 28, 2021) ............................................9

*Theriault v. Silber*,
   547 F.2d 1279 (5th Cir. 1977) (per curiam)............................................................................8

*Vargas v. Seamar Divers Int'l, LLC*,
   No. 2:10-cv-178-TJW, 2011 WL 1980001 (E.D. Tex. May 20, 2011) .............................11, 13

*Wickstrom et al v. Airline Pilots Ass'n, Int'l, et al.*,
   No. 1:23-cv-02631 (N.D. Ill. Sept. 7, 2022), ECF. No. 31 ......................................................7

**Federal Statutes**

28 U.S.C. § 1404............................................................................................................... *passim*

28 U.S.C. § 1404(a) ...............................................................................................................3, 8, 13

42 U.S.C. § 2000e-5(f)(3)...............................................................................................................3

**Federal Rules**

FED. R. CIV. P. 23 ........................................................................................................................9, 10

FED. R. CIV. P. 23(f)........................................................................................................................13

FED. R. CIV. P. 45(b)(2)..................................................................................................................13

## INTRODUCTION

United respectfully asks the Court to transfer this action under 28 U.S.C. § 1404 to the Northern District of Illinois, where United is "at home," where United's vaccine-related litigation can be efficiently adjudicated particularly as new plaintiffs continue to receive EEOC right-to-sue notices and file suit, and where all the key relevant witnesses and evidence can be found. United moves to transfer at this time for three reasons:

*First,* as this Court recognized earlier this month in transferring a similar COVID-19 vaccine case against United to the Northern District of Illinois, "both the private and public interest factors on balance favor transfer to Illinois," including the most significant factors—the relative interest of Illinois over Texas in resolving this dispute and the "relative ease of access to evidence and witnesses." *Hassett v. United Airlines, Inc.*, No. 4:23-cv-00960-P, ECF No. 34, at 4–5 (N.D. Tex. Oct. 5, 2023) (App. 154-55). Indeed, this Court's order in *Hassett* repeatedly referenced the *Sambrano* litigation.

*Second*, now—unlike when this case was first filed—a critical mass of cases regarding United's COVID-19 vaccine policy – specifically *Hassett*, *Ellis*, *Wickstrom*, and the *Anderson* mass action brought by 30 United employees – are or have been litigated in the Northern District of Illinois. At least seven other COVID-19 vaccine cases against United are also pending around the country – filed as recently as October 3, 2023 – and United is in the process of seeking to transfer as many as possible to the Northern District of Illinois, a common venue where these geographically dispersed cases can be litigated. Moreover, there remain hundreds of pending EEOC charges against United related to its COVID-19 vaccine policy. As right-to-sue letters are issued and new lawsuits are filed, United will be seeking to transfer those cases to the Northern District of Illinois too.

*Third*, while the Plaintiffs have informed United that they oppose transfer, litigating this case in Illinois would be in the interests of the putative class members they seek to represent and be a more efficient use of judicial resources. The Court previously dismissed a non-Texas named plaintiff for lack of personal jurisdiction and invited United to re-urge its motion as to absent class members when ripe. *See* ECF No. 103; *see also See Martinez v. Tyson Foods, Inc.*, 533 F. Supp. 3d 386 (N.D. Tex. 2021) (Pittman, J.) (applying similar principles in wage and hour case). If the Court applies the same principles in deciding any challenge to personal jurisdiction over the non-Texas putative class members, those class members' claims would be dismissed, and they would need to file new (duplicative) actions in Illinois or elsewhere if they wish to proceed. Any debate over personal jurisdiction with respect to the putative class members – and potentially costly duplicative litigation across the United States – can be avoided if this case is transferred to Illinois, where United is "at home," and subject to general jurisdiction.

\*   \*   \*   \*

In short. a transfer of this case to Illinois will increase the likelihood of a swift and complete resolution of this matter, which, as this Court has noted, has already dragged on too long and currently has no end in sight. A transfer will not further delay this case. Indeed, United's view – which Plaintiffs undoubtedly share – is that the continuation of this litigation in the Northern District of Illinois can and should proceed on the pre-existing schedule set by this Court. United intends to ask the transferee Court to maintain all of the existing deadlines for discovery and briefing on class certification. This is also an opportune moment for transfer – from a case scheduling and management perspective – because the parties have not yet briefed or argued the class certification question. If the case is transferred now, that significant issue can be handled in its entirety by the transferee court.

# DISCUSSION

**I.      Venue Is Proper in the Northern District of Illinois, Just as in *Hassett*.**

Title VII and the ADA authorize motions to transfer venue under 28 U.S.C. § 1404. *See In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); 42 U.S.C. § 2000e-5(f)(3). "The first issue that a district court must address [ ] under § 1404(a) is [ ] whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d at 433. This case could have been filed in the Northern District of Illinois. Title VII—and, by incorporation, the ADA—contains "a specific venue provision." *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 (5th Cir. 2013). That provision states that "an action may be brought in any judicial district in the State in which the [(1)] unlawful employment practice is alleged to have been committed, [(2)] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [(3)] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).

Here, the relevant "employment records" for each of the named Plaintiffs and absent class members are in Chicago. Limacher Decl. ¶ 5 (App. 1-2). Moreover, the allegedly "unlawful employment practice" – United's accommodation policy – was designed and overseen from Chicago. *See* ECF No. 103 at 2–3 (concluding that "the evidence shows the *accommodation* policy was formulated, socialized, and issued from Chicago"). Thus, this action "could have been brought . . . [in] the Northern District of Illinois." *Hassett*, ECF No. 34, at 3 (App. 153). *See also id.* at 5 (App. 155) (holding that the Title VII venue provision authorized transfer to Illinois because it allows a "case to the be brough[t] where the relevant employment records are maintained, or alternatively where Defendant has its principal office").

**II.     Transfer of this Action to Illinois Will Further the Public Interest.**

There is no set checklist for deciding whether to transfer a case under Section 1404. Although a set of public and private interest factors "are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Instead, "[d]ecisions to transfer venue are 'committed to the sound discretion' of the Court." *BNSF Ry. Co. v. Float Alaska IP, LLC*, No. 4:22-cv-0950-P, 2023 WL 3591683, at *3 (N.D. Tex. May 22, 2023) (Pittman, J.) (quoting *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988)). *See also Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963) ("Whether or not [a] transfer was indicated was a matter to be weighed and decided by the District Judge in his discretion upon a consideration of all of the factors."). There are "a host of decisions by this Court in which it has used its 'wide discretion' to transfer matters out of the Northern District of Texas and to other jurisdictions." *Hassett*, ECF No. 34, at 4 (App. 154).[1]

**A.     The Commonly Analyzed Public Interest Factors Support Transfer.**

The four commonly analyzed public interest factors in the transfer inquiry under § 1404 are: "'(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *In re Volkswagen of Am.*, 545 F.3d at 315.

---

[1] *See, e.g.*, *Primoris T&D Servs., LLC v. MasTec, Inc.*, No. 4:23-cv-0416-P, 2023 WL 3400525, at *6 (N.D. Tex. May 11, 2023) (Pittman, J.); *Sigoloff*, 2023 WL 2142982, at *3–4 (Pittman, J.); *Career Colls. & Sch. of Tex. v. U.S. Dep't of Educ.*, No. 4:23-cv-0206-P, 2023 WL 2975164, at *3–4 (N.D. Tex. Apr. 17, 2023); *BNSF Ry. Co.*, 2023 WL 3591683, at *3–5 (Pittman, J.); *Sellman v. Aviation Training Consultants, LLC*, No. 4:21-cv-1061-P, 2022 WL 1321554, at *2–3 (N.D. Tex. May 3, 2022) (Pittman, J.). Consistent with their discretionary nature, transfers decisions are not appealable. *Hinkle v. Phillips 66 Co.*, 35 F.4th 417, 421 (5th Cir. 2022).

As to the first factor, this Court has recently recognized that "the Court has a very busy docket, with little capacity to hear cases better suited in another venue." *Sigoloff v. Austin,* No. 4:22-cv-00923-P, 2023 WL 2142982, at *4 (N.D. Tex. Feb. 21, 2023) (Pittman, J.). Indeed, last month in *Sambrano*, the Court noted "that the Fort Worth Division of the Northern District of Texas has one of the busiest dockets in the country." ECF No. 207, at 1.

The second factor – "the local interest in having localized interests decided at home" –also favors transfer. Just as in *Sigoloff*, the proposed transferee court has "a significant interest in adjudicating cases involving [United] since its offices are in their jurisdiction." *Sigoloff*, 2023 WL 2142982, at *4. And as the Court stated in *Hassett*, it "cannot think of a more poignant local interest than having [United's] case—as an Illinois resident—decided in Illinois." ECF No. 34, at 5 (App. 155). Given that was true in *Hassett*, which concerned *one* pilot's challenge under Title VII to accommodations from United's COVID-19 vaccine policy, it follows *a fortiori* that Illinois has a far greater interest in resolving challenges under Title VII and the ADA to accommodations under that policy by a nationwide putative class. The comparative interest of Illinois over Texas in this dispute is particularly meaningful here, as "[t]he analysis of the public interest factors is primarily directed to [this] second factor." *Lightbeam Health Sols. v. Tidewater Physicians Multispecialty Grp. PC*, No. 3:17-cv-0395-M, 2017 WL 3382458, at *3 (N.D. Tex. Aug. 7, 2017).

Relatedly, Plaintiffs have requested a trial by jury. *See* SAC p. 47. The Fifth Circuit instructs that "[j]ury duty is a burden that ought not to be imposed upon the people of a community" lacking an appropriate connection to the litigation. *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004). The Chicago area, where United is at home, should bear that burden—not the people of the Fort Worth Division of the Northern District of Texas.

As to the third and fourth public interest factors, they are neutral. This Court has ruled that in a federal question case like this "the avoidance of conflicts of law and the familiarity of the governing law in the forum hearing the case are inapplicable." *Hassett*, ECF No. 34, at 5 (App. 156). That said, the Northern District of Illinois is currently adjudicating other cases concerning United's COVID-19 vaccine policy, and that court and the Seventh Circuit have experience with similar COVID-19 vaccine employment litigation under Title VII and the ADA as well, so there will be no inefficiency caused by the transfer. *See, e.g.*, *Doe v. NorthShore Univ. HealthSystem*, No. 21-cv-05683, 2021 WL 5578790 (N.D. Ill. Nov. 30, 2021); *Halczenko v. Ascension Health, Inc.*, 37 F.4th 1321 (7th Cir. 2022).

**B.      Other Relevant Public Interest Factors Favor Transfer to Illinois.**

    1.      *The Public Interest in Conservation of Judicial Resources Supports Transfer.*

Illinois is the most efficient venue to adjudicate the matters related to United's COVID-19 vaccine policy. A critical mass of other employment claims related to United's COVID-19 vaccine policy is now pending in Illinois and more charges of discrimination remain pending at the EEOC subject to further investigation, potential Commission action, or issuance of right-to-sue letters and subsequent lawsuits.

For example, in *Anderson et al. v. United Airlines, Inc. et al*, No. 1:23-cv-00989 (N.D. Ill. Feb. 17, 2023), 30 United employees are individually (not as a class action) asserting Title VII religious accommodation claims against United. Similar to this case, the *Anderson* plaintiffs allege they "all submitted, or attempted to submit requests for religious accommodations that would have allowed them to continue working at United without receiving coronavirus vaccinations," and they object to "being 'terminated in place' by being placed into an unpaid medical leave or unpaid leave of absence." *Anderson*, No. 1:23-cv-00989, ECF No. 1-1 ¶¶ 1, 136.

Beyond the *Anderson* mass action, another two cases are also pending in the Northern District of Illinois involving United's COVID-19 vaccine policy. Those cases are the *Hassett* case that this Court transferred on October 5, 2023, which involves a United pilot's challenge under Title VII to his unpaid leave accommodation, s*ee Hassett*, ECF No. 34 at 2, and *Wickstrom et al v. Airline Pilots Ass'n, Int'l, et al.*, which concerns ADA claims related to United's COVID-19 policy, brought against the pilot's union. *See* No. 1:23-cv-02631 (N.D. Ill. Sept. 7, 2022), ECF. No. 31.[2] And until October 18, 2023 – when judgment was entered for United – a third lawsuit by a pilot challenging United's COVID-19 policy under the ADA was pending in the Northern District of Illinois. *See Ellis v. United Airlines, Inc.*, No. 1:23-cv-00123 (N.D. Ill. Jan. 9, 2023), ECF. No. 36. Moreover, United has moved or will soon move to transfer several other cases pending in federal courts throughout the country related to its COVID-19 vaccine policy.[3]

Most, if not all, of the plaintiffs in each of the foregoing cases in Illinois – or potentially heading to Illinois – are part of the putative class asserted in Plaintiffs' Second Amended Complaint, which they allege should include "all United employees who have submitted claims of discrimination or retaliation to the EEOC and who requested or attempted to request a medical or religious accommodation from United's Mandate and, because of United's response, were put to

---

[2] *Wickstrom* was transferred to the Northern District of Illinois from the Western District of Texas based on access to evidence, court congestion, and the comparative local interests. *See id.*

[3] *See Oka v. United Airlines, Inc.*, No. 2:23-cv-00135, ECF No. 1 (E.D. Ky. Oct. 3, 2023) (Title VII and state-law COVID-19 vaccine claims); *Soto v. United Airlines, Inc.*, No. 2:23-cv-02148, ECF No. 1 (E.D. Cal. Sept. 27, 2023) (state-law COVID-19 vaccine claims); *Caraffa v. United Airlines, Inc.*, No. 1:23-cv-01800, ECF No. 1 (N.D. Ohio Sept. 15, 2023) (Title VII and state-law COVID-19 vaccine claims); *Engstrom et al v. Air Lines Pilots Ass'n, Int'l et al*, No. 6:22-cv-02130, ECF No. 23 (M.D. Fla. Apr. 7, 2023) (ADA, Title VII, and state-law COVID-19 vaccine claims). An additional case in Massachusetts was voluntarily dismissed in August 2023. *See Myers v. United Airlines, Inc.*, No. 1:23-cv-11113, ECF No. 7 (D. Mass. May 17, 2023) (Title VII and state-law vaccine claims). In *Engstrom*, in which pilots assert Title VII, ADA, and other claims related to United's unpaid leave policies, there is a pending motion seeking, among other things, dismissal for improper venue. *See* No. 6:22-cv-02130, ECF No. 48.

the decision of either taking a vaccine to which they object, or suffering termination . . . ." ECF No. 156 ¶ 189.  Moreover, many of the substantive individualized legal questions in this case – such as religious sincerity or disability – overlap with questions in the cases that are currently pending in (or that United is seeking to transfer to) Illinois.

In this circumstance – where there are multiple cases raising similar or related issues – it is well-settled that transfer to one venue under Section 1404 can avoid duplication of effort and reduce the burden on the courts.  *E.g.*, *Affinity Labs of Tex. v. Samsung Elecs. Co., Ltd.*, 968 F. Supp. 2d 852, 860 (E.D. Tex. 2013) (ordering transfer under Section 1404 to "avoid wasteful duplication of effort by two courts on essentially the same issues"); *Theriault v. Silber*, 547 F.2d 1279, 1280 (5th Cir. 1977) (per curiam) (approving of transfer under Section 1404 where "[t]o have done otherwise would have caused . . . 'extravagantly wasteful and useless duplication of time and effort of the federal courts'"); *see also ColorQuick, L.L.C. v. Vistaprint Ltd.*, No. 6:09-CV-323, 2010 WL 5136050, at *7 (E.D. Tex. July 22, 2010) ("The purpose of § 1404(a) 'is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'").

Litigation in multiple jurisdictions also creates the risk of multiple courts providing inconsistent substantive answers to similar legal questions for different individuals.  That may lead to complicated issues of preclusion that this Court may need to resolve.  For example, plaintiffs who lose their individual claims against United under Title VII or the ADA elsewhere will not be able to participate in any putative class here (*e.g.*, *Ellis*).

Even if United is correct that it would be legally erroneous to certify any class in this case (*see* ECF No. 129), bringing all of the COVID-19 vaccine cases to a single court in Illinois – the only place they can all be heard – will enable a coordinated, rational, and efficient approach to

merits discovery and trial. *See In re: Kmart Corp. Customer Data Sec. Breach Litig.*, 109 F. Supp. 3d 1368, 1369 (U.S. Jud. Pan. Mult. Lit. 2015) (Section 1404 transfers "avoid duplicative discovery or inconsistent pretrial rulings"); *In re: Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (U.S. Jud. Pan. Mult. Lit. 2012) ("[T]ransfer under Section 1404 may moot the multidistrict character of a litigation and allow a consolidated proceeding.").

      2.  *Transfer Is in the Interest of the Non-Texas Based Putative Class Members.*

The putative class pled by Plaintiffs includes individuals spread out across the country. This Court already ruled – in partially granting United's motion to dismiss for lack of personal jurisdiction – that an employee who neither lived nor worked in Texas could not establish specific jurisdiction to pursue Title VII or ADA claims. ECF No. 103 at 9–11.[4] The Court deferred ruling on the related question of whether the claims of non-Texas putative class members can proceed here, *id.* at 12–14, but the reasoning from this Court's earlier decision – as well as other case law – strongly suggests that this Court cannot exercise personal jurisdiction over non-Texas putative class members.[5] Thus, even if a class could be certified, the only members would be Texas-based employees, which are a fraction of all putative class members nationwide as the class is defined in the SAC. *See* ECF No. 129.

---

  [4] United preserves its position that the Court lacks personal jurisdiction over employees who live but do not work in Texas. *See* ECF. No. 47.

  [5] *See, e.g.*, *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 265 (2017); *id.* at 278 (Sotomayor, J., dissenting) ("[E]ffect of the Court's opinion [in *Bristol-Myers*] is to eliminate nationwide mass actions in any State other than those in which a defendant is 'essentially at home.'"); *Stacker v. IntelliSearch, LLC*, No. 20-2581-JWB, 2021 WL 2646444, at *8 (D. Kan. June 28, 2021) ("While there are differences between *Bristol-Myers*' mass action and a Rule 23 nationwide class action, the court agrees that the due process concerns recognized in *Bristol-Myers* and other Supreme Court precedent would foreclose a nationwide class action that is not limited to a nonresident defendant's conduct in the forum state."); *Martinez*, 533 F. Supp. 3d at 390–92 (Pittman, J.) (applying *Bristol-Myers*); *see also generally* ECF No. 129 at 25; ECF Nos. 47 & 58 (outlining United's jurisdictional defense against claims by putative class members outside of Texas).

Transfer to the Northern District of Illinois would eliminate the need for this Court to decide these personal jurisdiction questions. *See Bristol-Myers*, 582 U.S. at 268 (recognizing that any plaintiffs, including non-residents, can "join[] together in a consolidated action in the States that have general jurisdiction" over the defendant). There is no issue of personal jurisdiction in Illinois as to any plaintiffs' claim. *See* ECF No. 103 at 6–7 (holding that United is subject to general jurisdiction in Illinois and Delaware, not Texas). Thus, the parties' class certification briefing can focus on the elements of Rule 23 rather than this jurisdictional question.

If the Court does not transfer the matter, and United prevails on the issue of jurisdiction, any non-Texas putative class members will no longer have their interests represented in the *Sambrano* matter. Something similar happened in the *Anderson* mass action case, discussed above, which is now pending in the Northern District of Illinois. The case originally was filed in federal court in Florida, but after United moved to dismiss all non-forum plaintiffs for lack of personal jurisdiction, plaintiffs dismissed their case and re-filed it in Illinois to avoid the personal jurisdiction challenge. *See Anderson*, 3:21-cv-1050-TJC, ECF Nos. 45, 45-1, 59 (M.D. Fla.). A transfer now will eliminate the risk that these putative class members will be unable to assert claims in this Court. Thus, Plaintiffs' opposition to transfer here is not in the interest of the majority of the putative class members they seek to represent. ECF Nos 47, 58.

### III. The Private Interest Factors Likewise Favor Transfer to Illinois.

Private interest factors include "'(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *In re Volkswagen of Am.*, 545 F.3d at 315. As in *Hassett*, the first, third, and fourth factors decisively favor transfer to Illinois.

As to the first, United's corporate leadership and other relevant corporate personnel are in Chicago. ECF No. 48 ¶¶ 3–4. The Northern District of Illinois is also where "the vast majority of the documentary evidence" about United's accommodation policies and these claims is located, such that "this factor weighs in favor of transfer." *Vargas v. Seamar Divers Int'l, LLC*, No. 2:10-cv-178-TJW, 2011 WL 1980001, at *4 (E.D. Tex. May 20, 2011). *See also Patent Compliance Grp., Inc. v. Brunswick Corp.*, No. 3:10-cv-0287-K, 2010 WL 10991912 (N.D. Tex. 2010) (transferring action to the Northern District of Illinois where defendant was headquartered in Illinois and relevant witnesses were located in Illinois); *BNSF Ry. Co.*, 2023 WL 3591683, at *4 (Pittman, J.) (transferring action to Central District of California "[g]iven that [defendant's] principal place of business is in Pomona, California [and] the sources of proof available to the court will be easily accessible"). Specifically, the key witnesses who made all the relevant decisions are in Illinois. The same is true of United's Employee Service Center, which processed, implemented, and administered accommodations, leaves and other relevant policies. Limacher Decl. ¶ 5 (App. 1-2). Given this, "the relative ease of access to evidence and witnesses clearly points toward transferring this case to Illinois." *Hassett*, ECF No. 34, at 4 (App. 154). *See id.* (concluding that "[a]ll the pertinent records and data involved in this litigation will be in Defendant's possession in Illinois, as will the majority of Defendant's witnesses—like those involved in fashioning the vaccine policy").

The fact that the named Plaintiffs have ties to Texas is not dispositive. *First*, the named Plaintiffs' employment-based connection to Texas is "not heavy enough to anchor this matter to Fort Worth." *Hassett*, ECF No. 34, at 4 (App. 154). None of United's pilots or flight attendants are based out of the Dallas Fort Worth airport, so none of them have a work location within this judicial district. Instead, at best, pilots or flight attendants would—like the plaintiff in *Hassett*—

have their base in Houston. And, as the *Sambrano* Plaintiffs illustrate, many flight crew members lack any work-related tie to Texas whatsoever: for example, Captain Sambrano is based in New Jersey, Ms. Kincannon in California, Ms. Medlin in Colorado, and now-dismissed Captain Turnbough lived and was based in Illinois. Indeed, of the named Plaintiffs who are members of the flight crew, solely Mr. Rains is based in Texas. SAC ¶ 21.

Second, although they are "nonparties [that] the Court cannot [yet] dismiss," ECF No. 103 at 14, it is undisputed that the absent putative class members hail from across the United States. "United operates hubs at seven airports throughout the continental United States, only one of which is in Texas: Chicago-O'Hare, Denver, Houston, Los Angeles, Newark, San Francisco, and Washington Dulles International Airports." ECF No. 48 ¶ 7. "Flight attendants can also be based at one of twelve additional flight attendant bases: London, Guam, Boston, Cleveland, Tampa, Orlando, Ft. Lauderdale, Austin, Phoenix, Las Vegas, San Diego, and Honolulu." *Id.* In fact, the parties have deposed or will depose six absent class members, none of whom have ties to this district and five of whom both live and are based outside of Texas.[6]

The fourth factor also cuts decisively in favor of transfer. On this point, courts consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am.*, 545 F.3d at 315. The Court already recognized in *Hassett* that the presence of witnesses and evidence in Illinois means that "the cost of litigation will be drastically reduced by transferring this matter to Illinois and judicial economy will be served by having [the] case heard there." *Hassett*, ECF No. 34, at 4 (App. 154). While this case has been pending longer than

---

[6] These putative class members are: Amber Davis (lives in and based in California), Dennis Cole (lives in and based in Colorado), Diana Tovar (lives in Arizona and based in Houston), Douglas Beyer (lives in Washington State and based in California), John Schuttloffel (lives in Minnesota and based in Colorado), and Katie Hovilla (lives in and based in Virginia).

*Hassett* and the other vaccine cases currently pending in Illinois (or that may soon be transferred there), much of that time was spent on the appeal of the preliminary injunction denial and Plaintiffs' pursuit of their right to sue notices. Indeed, several of the other matters that United expects to seek to transfer to Illinois are procedurally more advanced and likely to be resolved more quickly, particularly given that one of the parties in this matter is likely to seek to appeal the decision on class certification to the Fifth Circuit under Rule 23(f).

The other two private interest factors also support transfer. The "availability of compulsory process" factor concerns the availability of non-party witnesses. *See Vargas*, 2011 WL 1980001, at *5. If either side were to seek trial testimony of former United employees or third parties in the Chicago area, those witnesses could not be compelled to testify in the Northern District of Texas. *See* FED. R. CIV. P. 45(b)(2) (subpoenas may be served anywhere "within the district of the [issuing] court" or "within 100 miles of the place of the deposition, hearing, trial, production, or inspection").

Finally, courts consider the cost of witness attendance at proceedings in evaluating motions to transfer. *See In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (applying Fifth Circuit law). In *In re Volkswagen AG*, the Fifth Circuit established the "100-mile" rule, whereby "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F.3d at 204–05. There is every reason to expect that the lion's share of witnesses at trial, after the class certification decision, will be United personnel who work or worked in and around Chicago. *See Hassett*, ECF No. 34, at 4 (App. 154) (concluding that transfer to Illinois would reduce burden of "compulsion of parties' attendance"). As for depositions of the parties, transfer will not impact the relative

burdens, as the parties have already agreed that depositions of United personnel will take place in Illinois, and each of the named Plaintiffs has already been deposed.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion to transfer this action to the Northern District of Illinois.

Dated: October 24, 2023                             Respectfully submitted,

                                               /s/ *Russell D. Cawyer*
Russell D. Cawyer
TX Bar No. 00793482
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: +1.817.878.3562
Facsimile: +1.817.335.2820
Email: russell.cawyer@kellyhart.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626-1700
Email: dmunro@jonesday.com

Jordan M. Matthews
IL Bar No. 6300503
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60601
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585
Email: jmatthews@jonesday.com

        Alexander V. Maugeri
        NY Bar No. 5062666
        JONES DAY
        250 Vesey Street
        New York, NY 10281
        Telephone: +1.212.326.3939
        Facsimile: +1.212.755.7306
        Email: amaugeri@jonesday.com

        **ATTORNEYS FOR DEFENDANT**
        **UNITED AIRLINES, INC.**

### CERTIFICATE OF CONFERENCE

On October 18, 2023, counsel for United conferred with Brian Field, counsel for the Plaintiffs, concerning the relief requested in this Motion and Mr. Field stated that the Plaintiffs are opposed to the relief requested herein.

        */s/ Russell D. Cawyer*
        Russell D. Cawyer

### CERTIFICATE OF SERVICE

I hereby certify that, on October 24, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

        /s/ *Russell D. Cawyer*
        Russell D. Cawyer