# **CONFIDENTIALITY AGREEMENT**

WHEREAS, it is anticipated that the parties to this lawsuit, brought by David Sambrano et. al against United Airlines Inc., currently pending in the Northern District of Texas, Cause No. 4-21-CV-01074-P, will be producing documents and supplying information that the producing party will regard as proprietary or otherwise confidential;

WHEREAS, it is also anticipated that court filings and discovery papers in this matter will include references to documents and/or information that the producing party will regard as proprietary or otherwise confidential;

WHEREAS, it is further anticipated that deposition testimony in this matter will include references to documents and/or information that the producing party will regard as proprietary or otherwise confidential;

WHEREAS, the parties to this action desire to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of such actions or proceedings;

IT IS HEREBY agreed by the parties that, until this Confidentiality Agreement (hereafter "this Agreement") is amended or superseded, all parties shall follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in these or related actions or proceedings.

A. <u>Scope.</u>

    1. This Agreement shall govern all documents and information produced by any party or persons or entities not a party to this action, whether produced informally, pursuant to a formal discovery request, or in response to a subpoena, and shall also include all documents or information contained in a document, or information revealed during a deposition or in any interrogatory answer or otherwise disclosed in discovery.

EXHIBIT A

2. Nothing in this Agreement precludes any party from seeking relief from the Court with regard to the production of documents or information.

3. This Agreement does not alter any confidentiality obligations that a party may have at law or under another agreement.

4. Nothing in this Agreement shall be construed as an agreement or acknowledgment by the non-producing party that any document, testimony, or other information designated as "Confidential" or "Confidential—Attorney's Eyes Only" constitutes a trade secret or is in fact proprietary or confidential.

B. Confidential Information.

1. Materials that contain sensitive information may be designated as "Confidential" or as "Confidential—Attorney's Eyes Only." The producing party will make such a designation only as to those documents or discovery responses that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or other sensitive information, as well as certain personally identifiable information (*e.g.*, social security numbers, dates of birth, home addresses, and/or personal phone numbers), private medical/health information, or other material that a producing party reasonably believes should remain confidential. Materials so designated are referred to herein as "Confidential Information."

2. Documents shall be designated as Confidential Information by marking or stamping each page of any such document "Confidential," "Confidential—Attorney's Eyes Only," or identifying such documents by bates production numbers or other unequivocal identifier in writing to each party receiving the Confidential Information. In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

3. In order to enable the parties to use Confidential Information in depositions, court filings, trial, and for similar purposes, the party seeking to disclose Confidential Information for

such purposes may request that the producing party redact the Confidential Information and remove the "Confidential" or "Confidential-Attorney's Eyes Only" branding. Such request must be made to the producing party at least seven (7) business days prior to the intended disclosure. If the producing party refuses to honor the request, or if the parties disagree about the scope of redactions, the parties will handle such disputes through the process set forth in Paragraph C.8.

4. With respect to testimony that constitutes or references Confidential Information, confidential portions of the transcript may be designated as such on the record at the time the testimony is given, and additional portions of the testimony may be designated as "Confidential" or "Confidential—Attorney's Eyes Only" within thirty (30) days after receipt of the transcript. Until the thirty-day period has expired, the entire transcript shall be treated as Confidential Information. In addition, any deposition in which documents designated as containing Confidential Information are marked as exhibits or shown to the deponent or otherwise employed shall be considered confidential and subject to the provisions of this Agreement.

C. <u>Treatment of Confidential Information.</u>

1. Except as otherwise provided in this Agreement or subsequent court orders, Confidential Information shall not be disclosed or shown to anyone other than:

    (a) The parties and the employees of those parties to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

    (b) Outside counsel for the parties, the employees of such attorneys, and agents of such attorneys, to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

    (c) Inside counsel for each party to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(d) Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(e) The Court or persons employed by the Court and the jury;

(f) Duly qualified court reporters and videographers participating in these proceedings;

(g) Persons who were the authors or recipients of the documents in the ordinary course of business;

(h) Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(i) Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the party that produced or disclosed the Confidential Information, after notice to all parties and an opportunity has been had to object.

2. In the event that documents or testimony are designated as "Confidential—Attorney's Eyes Only," such information shall not be disclosed or shown to anyone other than the persons described in paragraph C.1(b) (outside counsel), C.1(d) (outside counsel staff), C.1(e) (Court and jury), and C.1(f) (court reporters/videographers) and, in the event that *in camera* inspection of such information is requested or documents are filed with the Court under seal, C.1(i) (other persons permitted by Court order or stipulation). If such information is disclosed or shown to persons described in paragraph C.1(d), those persons shall not view the information unless and

until they are advised that the information is being disclosed pursuant and subject to the terms of this Confidentiality Agreement and agree in writing to be bound by the terms of this Order.

3. Confidential Information shall be used by the receiving party solely for the prosecution and/or defense of this litigation or related appeal and only as provided in this Confidentiality Agreement. Confidential Information shall not be used or employed for the purpose of any other action, use or proceeding, or for any commercial, business or other purpose whatsoever. It is specifically recognized that certain information, such as medical records, which may have been provided to a producing party by a third party, and shall be marked "Confidential," shall not be utilized by the receiving party for any purpose other than the prosecution and/or defense of this litigation or related appeal.

4. No person shall disclose Confidential Information to any third party except as provided by this Agreement without prior written notice to the producing party of the Confidential Information being disclosed and persons receiving the Confidential Information. Such disclosure shall not be made before: (1) fifteen (15) days after notice to the producing party; (2) consent by the producing party; or (3) judicial resolution of any objections to such disclosure made by the producing party, whichever is earlier. Any objections to such disclosure shall be made in writing by the producing party within fifteen (15) days after receipt of notice of an intent to disclose.

5. Notwithstanding anything to the contrary in the foregoing paragraphs, any party may use without restriction:

    (a) its own documents or information; and

    (b) documents or information developed or obtained by a receiving party independent of discovery in these or related actions or proceedings;

irrespective of whether such document or information has been designated by the producing party as Confidential Information.

6. Each person given access to Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Agreement and may not be disclosed other than as provided by this Agreement.

7. In the event that counsel for any party files with or submits to the Court any Confidential Information or papers containing or referencing Confidential Information, counsel for the filing party shall give written notice to the other party's counsel at least five (5) business days, excluding legal holidays, before such filing or submission so as to give the other party's counsel time to seek a temporary or permanent sealing order, if desired, from the Court. While such temporary or permanent sealing motion is pending, the parties will treat Confidential Information in dispute as subject to this Agreement until the Court enters an order determining otherwise.

8. If the parties cannot come to an agreement regarding the designation of Confidential Information, the party seeking to challenge the designation of all or any portion thereof must provide written notice to counsel for the party disclosing or producing the disputed Confidential Information.  Thereafter, if the parties are unable to agree as to whether the designation is appropriate, the party disclosing or producing the Confidential Information shall have ten (10) business days from the date of the notice to file a motion for protective order with regard to the Confidential Information in dispute.  The party producing the disputed Confidential Information shall have the burden of establishing that the disputed Confidential Information is in fact entitled to confidential treatment.  If the party producing the disputed Confidential Information does not timely file a motion for protective order, then the Confidential Information in dispute shall no longer be subject to confidential treatment pursuant to the terms of this Agreement.  All

properly designated Confidential Information (as specified in Paragraph B.2) is entitled to confidential treatment pursuant to the terms of this Agreement until and unless the parties formally agree in writing to the contrary, a party fails to timely move for protective order, or a contrary determination is made by the Court as to whether all or a portion of the Confidential Information is entitled to confidential treatment.

9. The inadvertent or unintentional disclosure by the supplying party of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter if, within ten (10) business days of discovering the inadvertent failure to designate the material as confidential, the supplying party identifies the material produced and amends the designation.

10. Within thirty (30) days after the settlement or final adjudication, including appeals, of this action, all Confidential Information supplied by the parties and non-parties and all copies thereof shall be returned to the producing party or non-party (if the supplying party so requests within thirty (30) days of the conclusion of the actions and pays the reasonable costs of such return) or shall be certified to have been destroyed; provided, however, that each party may retain a complete file of all litigation documents filed with the Court in these actions and that work product in the possession or control of counsel for any party that reflects or includes information derived from documents or testimony designated as confidential will be destroyed.

11. Any dispute concerning the application of this Confidentiality Agreement shall be heard by the Court upon motion by the objecting party.

D. <u>Inadvertent Production of Privileged Documents or Information</u>

1.      Pursuant to FED. R. EVID. 502(d), a party's inadvertent disclosure or production of any documents or information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that party of any privilege or protection applicable to those documents, including the attorney-client privilege, work product protection, and any other privilege or protection recognized by law.

2.      The provisions of FED. R. EVID. 502(b) are inapplicable to the production of documents or information under this Agreement. Specifically, there has been no waiver if a party discloses privileged or protected information, inadvertently or otherwise, regardless of whether the party took reasonable steps to prevent the disclosure or to rectify the error.

3.      Such privileged documents or information may be considered Confidential Information under this Confidentiality Agreement

4.      Any party receiving privileged documents or information shall return them to the producing party, upon request, within three (3) business days of receiving such request, delete any versions of the documents it maintains, and make no use of the information contained therein, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection.

5.      Nothing in this Agreement shall prevent a receiving party from challenging the privilege or protection asserted by the producing party. Pursuant to FED. R. CIV. P. 26, the producing party bears the burden of establishing the privilege or protection of all such challenged documents. While the privilege claim remains contested, the receiving party may not use or otherwise disclose the information contained in the challenged documents.

Dated: May 1, 2023

| | |
|---|---|
| /s/ *John C. Sullivan* | /s/ *Russell D. Cawyer* |
| John C. Sullivan | Russell D. Cawyer |
| Texas Bar No. 24083920 | Texas Bar No. 00793482 |
| Austin Nimocks | Taylor J. Winn |
| Texas Bar No. 24002695 | Texas Bar No. 24115960 |
| **S|L LAW PLLC** | **KELLY HART & HALLMAN LLP** |
| 610 Uptown Boulevard, Suite 2000 | 201 Main St., Ste. 2500 |
| Cedar Hill, TX 75104 | Fort Worth, Texas 76102 |
| Telephone: (469) 523-1351 | (817) 878-3562 (telephone) |
| Facsimile: (469) 613-0891 | (817) 335-2820 (facsimile) |
| john.sullivan@the-sl-lawfirm.com | russell.cawyer@kellyhart.com |
| austin.nimocks@the-sl-lawfirm.com | taylor.winn@kellyhart.com |
| | |
| Mark R. Paoletta | Donald J. Munro |
| D.C. Bar No. 422746 | D.C. Bar No. 453600 |
| Gene C. Schaerr | **JONES DAY** |
| D.C. Bar No. 416368 | 51 Louisiana Avenue, NW |
| Brian J. Field | Washington, DC 20001 |
| D.C. Bar No. 985577 | Telephone: (202) 879-3939 |
| Kenneth A. Klukowski | Facsimile: (202) 626-1700 |
| D.C. Bar No. 1046093 | dmunro@jonesday.com |
| Joshua James Prince | |
| D.C. Bar No. 1685532 | Jordan M. Matthews (*Pro Hac Vice*) |
| Annika M. Boone | Illinois Bar No. 6300503 |
| Utah Bar No. 17176 | **JONES DAY** |
| **SCHAERR | JAFFE LLP** | 110 N. Wacker Drive, Suite 4800 |
| 1717 K Street NW, Suite 900 | Chicago, Illinois 60606 |
| Washington, DC 20006 | Telephone: (312) 782-3939 |
| Telephone: (202) 787-1060 | Facsimile: (312) 782-8585 |
| Facsimile: (202) 776-0136 | jmatthews@jonesday.com |
| mpaoletta@schaerr-jaffe.com | |
| gschaerr@schaerr-jaffe.com | Alexander V. Maugeri (*Pro Hac Vice*) |
| bfield@schaerr-jaffe.com | New York Bar No. 5062666 |
| kklukowski@schaerr-jaffe.com | **JONES DAY** |
| jprince@schaerr-jaffe.com | 250 Vesey Street |
| aboone@schaerr-jaffe.com | New York, NY 10281-1047 |
| | Telephone: (212) 326-3880 |
| **COUNSEL FOR PLAINTIFFS** | Facsimile: (212) 755-7306 |
| **AND THE PROPOSED CLASS** | amaugeri@jonesday.com |
| | |
| | **ATTORNEYS FOR DEFENDANT** |
| | **UNITED AIRLINES, INC.** |