UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>*Defendant*. | Civil Action No.: 4:21-cv-01074-P |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL**

Pursuant to Federal Rule of Civil Procedure 23 and Local Rule 23.2, Plaintiffs respectfully move this Court to certify a class and appoint undersigned counsel as class counsel. As set forth in the accompanying memorandum, Defendant United Airlines systematically refused to provide its employees with reasonable accommodations to its COVID-19 vaccine mandate. By doing so, United violated Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Accordingly, the Court should certify the following classes to provide relief to the thousands of United employees who were harmed by United's refusal to comply with these important civil rights laws:

- Rule 23(b)(2) class: All individuals who submitted a request for a reasonable accommodation from United's COVID-19 vaccine mandate due to a sincerely held religious belief or medical disability and then faced the choice of: (1) abandoning their religious beliefs or medical needs (*i.e.*, get vaccinated); (2) accepting indefinite leave; or (3) being fired or otherwise separated. This class is entitled to injunctive relief and punitive damages for the harmful impossible choice United imposed.

- Rule 23(b)(3) subclasses:

    o All employees United deemed customer facing who received an accommodation due to a sincerely held religious belief or medical disability and who were put on unpaid leave. This subclass is due backpay and punitive damages.

- o All employees United deemed non-customer-facing who received an accommodation due to a sincerely held religious belief or medical disability and were subject to the purposely punitive masking-and-testing accommodation. This subclass is due punitive damages for being forced to endure United's impossible choice and then being forced into unlawfully harsh accommodations.

January 12, 2024

Respectfully submitted,

*/s/ Mark R. Paoletta*
Mark R. Paoletta*
D.C. Bar No. 422746
Gene C. Schaerr*
D.C. Bar No. 416368
Brian J. Field*
D.C. Bar No. 985577
Cristina Martinez Squiers
Texas Bar No. 24093764
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
mpaoletta@schaerr-jaffe.com

*/s/ John C. Sullivan*
John C. Sullivan
Texas Bar No. 24083920
David Austin R. Nimocks
Texas Bar No. 24002695
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

* Admitted *pro hac vice*

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiffs, Brian Field, conferred with Don Munro, counsel for United, concerning the relief requested in this Motion. Mr. Munro stated that United opposes this motion.

*/s/ Brian J. Field*
Brian J. Field

**CERTIFICATE OF SERVICE**

On January 12, 2024, I filed the foregoing document with the clerk of court for the United States District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) (ECF System).

*/s/ Brian J. Field*
Brian J. Field