IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID SAMBRANO, et al., individually, and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § | 4:21-CV-01074-P |
| UNITED AIRLINES, INC., | § § § | |
| Defendant. | § § | |

APPENDIX IN SUPPORT OF DEFENDANT'S
OPPOSITION TO PLAINTIFFS' MOTION FOR
RECONSIDERATION OF ORDER PARTIALLY GRANTING MOTION TO DISMISS

    NOW COMES, Defendant United Airlines, Inc. and files this Appendix in Support of Its Opposition to Plaintiffs' Motion for Reconsideration of Order Partially Granting Motion to Dismiss.

| | | |
|---|---|---|
| Ex. A | Excerpts from the transcript of the corporate representative deposition of Kirk Limacher taken on November 6, 2023 | App. 1 - 6 |
| Ex. B | Excerpts from the transcript of the deposition of Jarrad Rains taken on October 10, 2023 | App. 7 - 12 |

Respectfully submitted,

      */s/ Russell D. Cawyer*

| | |
|---|---|
| Donald J. Munro<br>D.C. Bar No. 453600<br>Jones Day<br>51 Louisiana Avenue, NW<br>Washington, DC 20001<br>Telephone: (202) 879-3939<br>Facsimile: (202) 626-1700<br>Email: dmunro@jonesday.com | Jordan M. Matthews<br>IL Bar No. 6300503<br>JONES DAY<br>77 W. Wacker Drive, Suite 3500<br>Chicago, Illinois 60601<br>Telephone: (312) 782-3939<br>Facsimile: (312) 782-8585<br>Email: jmatthews@jonesday.com |
| Russell D. Cawyer<br>State Bar No. 00793482<br>Taylor J. Winn<br>State Bar No. 24115960<br>**Kelly Hart & Hallman LLP**<br>201 Main St., Ste. 2500<br>Fort Worth, Texas 76102<br>(817) 878-3562 (telephone)<br>(817) 335-2820 (facsimile)<br>Email: russell.cawyer@kellyhart.com<br>Email: taylor.winn@kellyhart.com | Alexander V. Maugeri<br>NY Bar No. 5062666<br>Jones Day<br>250 Vesey Street<br>New York, NY 10281-1047<br>Telephone: (212) 326-3880<br>Facsimile: (212) 755-7306<br>Email: amaugeri@jonesday.com<br><br>**ATTORNEYS FOR DEFENDANT<br>UNITED AIRLINES, INC.** |

## CERTIFICATE OF SERVICE

On February 6, 2024, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

                                          /s/ *Russell D. Cawyer*
                                          Russell D. Cawyer

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID SAMBRANO, individually and on )
behalf of all others similarly      )
situated, et al.,                   )
                                    )
         Plaintiffs,                )
                                    )
    vs.                             )  No. 4:21-01074-P
                                    )
UNITED AIRLINES, INC.,              )
                                    )
         Defendant.                 )


VIDEOTAPED DEPOSITION OF WILLIAM KIRK LIMACHER
Pursuant to Rule 30(b)(6) - Volume 1
Chicago, Illinois
Monday, November 6th, 2023




REPORTED BY:  GREG S. WEILAND, CSR, RMR, CRR
JOB NO.:      6146533

EXHIBIT A

```
 1
 2
 3
 4                  November 6th, 2023
 5             9:05 a.m. Central Standard Time
 6
 7         Videotaped Deposition of WILLIAM KIRK
 8    LIMACHER, taken before GREG S. WEILAND, CSR, RMR,
 9    CRR, pursuant to Rule 30(b)(6) of the Federal Rules
10    of Civil Procedure for the United States District
11    Court pertaining to the taking of depositions, at
12    Suite 4800, 110 North Wacker Drive, in the City of
13    Chicago, Cook County, Illinois, commencing at
14    9:05 o'clock a.m. Central Standard Time, on the
15    6th day of November, 2023.
16
17
18
19
20
21
22
23
24
25
```

```
 1     PRESENT:
 2
 3     ON BEHALF OF THE PLAINTIFFS:
 4          SCHAERR JAFFE LLP
 5          BY: MR. BRIAN J. FIELD
 6              MS. CRISTINA M. SQUIERS
 7              1717 K Street NW, Suite 900
 8              Washington, D.C. 20006
 9              (202) 787-1060
10              Email: bfield@schaerr-jaffe.com
11                     csquiers@schaerr-jaffe.com
12                       - and -
13          S|L LAW PLLC
14          BY: MR. JOHN C. SULLIVAN
15              610 Uptown Boulevard, Suite 2000
16              Cedar Hill, Texas 75104
17              (469) 523-1351
18              Email: john.sullivan@the-sl-lawfirm.com
19
20
21
22
23
24
25
```

```
 1    PRESENT (CONTINUED):
 2
 3    ON BEHALF OF THE DEFENDANT:
 4         JONES DAY
 5         BY: MR. DONALD J. MUNRO
 6             51 Louisiana Avenue, N.W.
 7             Washington, D.C. 20001-2113
 8             (202) 879-3922
 9             Email: dmunro@jonesday.com
10                     - and -
11         JONES DAY
12         BY: MS. JORDAN M. MATTHEWS
13             110 North Wacker Drive, Suite 4800
14             Chicago, Illinois 60606
15             (312) 269-4169
16             Email: jmatthews@jonesday.com
17
18    ALSO PRESENT:
19         MR. SCOT ZIARKO, The Videographer;
20         MS. SHEILA FREDERICK, United Airlines,
21             Assistant General Counsel.
22
23
24
25
```

1   cannot have conflict, where the safety risk is too
2   great to not be working as a team.
3       Q.   And that's because it would identify
4   somebody as somebody who has not received the COVID
5   vaccine, correct?
6       A.   A sticker -- no one else would be wearing
7   a sticker, you know, as opposed to something like a
8   mask, where KN95 masks were readily available by
9   this point.  You know, they started as something
10  just healthcare professionals wore.  And then there
11  was a run on them.  You were paying $5 a mask.
12          And by this point, they were pretty
13  standard use in the community.
14      Q.   Over on the third -- third page of the
15  document we were just looking at, this is another
16  email from Scott Kirby, beginning with the paragraph
17  that has the Number 4.
18          He asks, "Can we just say termination if
19  there's mask violation instead of up to and
20  including subject to your JCBA?"
21          And then he states, "I'm hoping the policy
22  for group 2 sounds very serious to them.  Masks at
23  all times (including outdoors) and automatic
24  termination for violating the policy."
25          Why would United have wanted to make sure

Page 124

1    that the mask requirement sounds very serious?
2         A.   Well, again, we have to put ourselves in
3    the context of Delta in 2021 and what was going on.
4              One, we wanted to make sure that these
5    unvaccinated individuals were as safe as possible
6    while continuing to work.
7              Two, mask compliance and adherence was a
8    major area of focus because it was legally required
9    in these operating environments to be masked.
10             So meeting the TSA's requirement was
11   something that was very difficult for our HR and
12   leaders to monitor.
13             So from a place of what we were doing in
14   terms of during COVID in airports managing mask
15   policy, and then coupled with now having individuals
16   in a Delta variant environment, to keeping them
17   safe, as part of the RAP, would have gone into this
18   statement.
19        Q.   All right.  So to boil that down, safety
20   was one of the reasons that United wanted the mask
21   policy to sound very serious?
22        A.   Safety would have been a factor, yes.
23        Q.   And you'd agree that safety measures
24   should be based on reliable data, correct?
25        A.   Reliable data is important, and I think

Page 1

```
 1                 UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF TEXAS
 2                     FORT WORTH DIVISION
 3       DAVID SAMBRANO, et al.,      )
         individually, and on         )
 4       behalf of all others         )
         similarly situated,          )
 5                                    ) Civil Action No.
            Plaintiffs,               ) 4:21-cv-01074-P
 6                                    )
         v.                           )
 7                                    )
         UNITED AIRLINES, INC.,       )
 8                                    )
            Defendant.                )
 9
10    *********************************************************
11              ORAL AND VIDEOTAPED DEPOSITION OF
12                        JARRAD RAINS
13                      OCTOBER 10, 2023
14    *********************************************************
15         ORAL AND VIDEOTAPED DEPOSITION OF JARRAD RAINS,
16    produced as a witness at the instance of the Defendant,
17    and duly sworn, was taken in the above-styled and
18    numbered cause on the 10th day of October, 2023, from
19    9:37 a.m. to 7:01 p.m., before Julie C. Brandt, RMR,
20    CRR, and CSR in and for the State of Texas, reported by
21    machine shorthand at Kelly Hart & Hallman, LLP, 201 Main
22    Street, Suite 2500, Fort Worth, Texas, pursuant to the
23    Federal Rules of Civil Procedure and the provisions
24    stated on the record or attached hereto.
25
```

EXHIBIT B

1                     APPEARANCES
2
3   FOR THE PLAINTIFFS:
4        John C. Sullivan
5        SL LAW, PLLC
6        610 Uptown Blvd., Suite 2000
7        Cedar Hill, Texas 75104
8        john.sullivan@the-sl-lawfirm.com
9
10  FOR THE DEFENDANT:
11       Alexander V. Maugeri
12       Lauren N. Brown
13       JONES DAY
14       250 Vesey Street
15       New York, New York 10281-1047
16       212-326-3880
17       amaugeri@jonesday.com
18       laurenbrown@jonesday.com
19  -and-
20       Russell D. Cawyer
21       KELLY HART & HALLMAN LLP
22       201 Main Street, Suite 2500
23       Fort Worth, Texas 76102
24       817-878-3562
25       russell.cawyer@kellyhart.com

Page 3

```
 1   ALSO PRESENT:
 2        Mary O'Neil - United (remote via Zoom)
 3
 4   VIDEOGRAPHER:
 5        David Crenshaw - Veritext Legal Solutions
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 229

1  So you understood that United would give
2  people medical RAPs even if they weren't necessarily
3  disabled?
4      A.   Correct.
5      Q.   Okay.  Are you claiming any history of
6  allergic reaction as a basis for your medical RAP?
7      A.   No, sir.
8      Q.   Okay.  So in the -- what's called the second
9  amended complaint, the first complaint that you appear
10 in in this case, paragraph 163 states that Mr. Rains
11 updated his accommodation request on September 8, 2021,
12 with a form completed by his doctor noting a history of
13 allergic reactions, including anaphylaxis, and stating
14 that he could not take the vaccine.
15        That's incorrect, isn't it?
16     A.   Yeah.  Where -- is that --
17        THE WITNESS:  Any recollection?
18     A.   I'm like -- I know he can't answer.
19     Q.   (BY MR. MAUGERI)  My best assumption, sir, is
20 that there was a confusion between you and Ms. --
21 Ms. Jonas.
22     A.   Okay.  Yeah.
23     Q.   So -- but I wanted to confirm.
24     A.   No.
25     Q.   I thought that was going to be your answer.

Page 230

1  You're not claiming any allergies --
2       A.   No previous medical history of that, no, sir.
3       Q.   Okay.  So just so we have a clear record and
4  aren't talking over each other, no part of your medical
5  RAP is based on anything to do with allergic reactions,
6  including anaphylaxis?
7       A.   Correct.
8       Q.   And no part of your Americans with
9  Disabilities Act claim in this case is based on any type
10 of allergic reaction history?
11      A.   Correct.
12      Q.   Okay.  And so then by definition, you're not
13 claiming, are you, that any history of allergies makes
14 your heart condition, you know, any worse when it comes
15 to taking the COVID vaccine, right?
16      A.   I'm confused now because I thought we were
17 talking about two different things, but it seems like to
18 me you're trying to associate allergic reaction with
19 part of my medical claim.  I didn't think there was any
20 distinction between either question, so I'm like what
21 are we doing?
22      Q.   Yeah, so I just want to be clear about what
23 you're claiming or not.  So because you said you're not
24 claiming allergies, you're not claiming that there's any
25 kind of interaction between your heart issues and any

Page 231

```
 1   allergies as part of this case, are you?
 2       A.   I'm trying to find relevance in the question,
 3   man, I mean, because there's nothing that associates me
 4   with anaphylaxis allergies or this whatever.  That's not
 5   even relevant to my particular case or part.
 6       Q.   Okay.  That's what I wanted to confirm.
 7            I'll represent to you that your attorneys have
 8   represented in a motion to the Court --
 9       A.   Okay.
10       Q.   --- that you have both a heart condition and
11   allergies and, when you put them together, it creates
12   even more of a problem.
13       A.   Okay.
14       Q.   That's not correct, is it?
15       A.   To my knowledge, no, sir.
16       Q.   Okay.  So your -- your sole medical basis for
17   a RAP is your heart condition, correct?
18       A.   Well --
19       Q.   Okay.
20       A.   -- I do have one other medical condition that
21   I didn't even realize at the time.  So I'm blind in my
22   left eye, and it's a Coats disease.  So it's a blood
23   coagulant problem issue, too, but it's not something at
24   the time that I realized.  My sole focus was my heart
25   condition.
```