IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |
|---|---|
| DAVID SAMBRANO, et al., individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§   Civil Action No.<br>§<br>§   4:21-CV-01074-P<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT UNITED AIRLINES, INC.'S UNOPPOSED MOTION
TO ENLARGE THE DEADLINE TO FILE ITS APPENDIX IN
SUPPORT OF ITS BRIEF IN OPPOSITION TO CLASS CERTIFICATION**

For good cause shown, Defendant United Airlines, Inc. ("United") respectfully moves the Court to retroactively enlarge—by thirty minutes—the deadline for United to file portions of its Appendix in Support of Defendant's Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. Plaintiffs do not oppose this motion.

**I.  LEGAL STANDARD**

A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). In determining whether there is good cause to allow an amendment to the scheduling order, the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). A court should assess these factors "holistically." *EEOC v. Service Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL

3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, J.). "[T]he good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *Id.*

## II.  REASONS FOR AN EXTENSION

**A.    United experienced technical issues while filing its Appendix in support of its Opposition to Plaintiffs' Motion for Class Certification and exercised due diligence in remedying the issue and getting the Appendix filed.**

The deadline for United to file its opposition to Plaintiffs' Motion for Class Certification was 11:59 p.m. on Friday, February 9, 2023, as established in the Court's December 20, 2023 Order granting the Plaintiffs' Consent Motion for Extension of Time. ECF No. 233. Recognizing the size of the Appendix United was preparing to file, counsel for United contacted the ECF Help Desk to confirm the size limits for documents and the procedures for filing voluminous documents and worked to be in compliance with ECF's requirements. (App. 1 ¶ 4). Based on the advice from the ECF Help Desk, United's efforts include compressing its files to below 35mb, communicating with co-counsel and transmitting documents via a file transfer protocol ("FTP") rather than email, and beginning the filing process well in advance of the midnight deadline. (App. 1-2 ¶¶ 5–9; App. 4 ¶¶ 3–4).

United was able to file its Opposition to Plaintiff's Motion for Class Certification and Appointment of Class Counsel, as well as the first five volumes of its Appendix in Support at 10:58 p.m. on February 9. (App. 4 ¶ 3). At 11:49 p.m., Kelly Hart received the final, compressed volumes of the Appendix and promptly began filing those documents. (App. 4 ¶ 4). The ECF system responded that several volumes exceeded the size limits of the system, rejecting those volumes. *Id.* Kelly Hart proceeded with the filing of volumes 6 and 12, while Jones Day attorneys worked diligently to further reduce the size of the remaining volumes—splitting the volumes to smaller files, recompressing them, and getting them ready for filing. (App. 2 ¶ 10; App. 4 ¶ 4). At

12:14 a.m. on February 10, Kelly Hart received the modified volumes and began the filing process. (App. 4-5 ¶ 5). The filing was completed and fully submitted at 12:26 a.m. *Id.*

**B.     The standard factors support extending the deadline for United to file its Appendix.**

When considering the four factors — (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice — an enlargement of United's deadline to file its Appendix is appropriate. First, United's motion is being filed as early as possible and United's explanation—that the short delay in filing was the result of a technical file compression problem—is valid and reasonable. Second, amendment of the schedule established by the Court will serve the purpose of giving the Court a complete record on which to base its class certification decision. Third, Plaintiffs will not be prejudiced by an extension. The delay in filing was only thirty minutes, and Plaintiffs have access to United's complete brief and appendix in preparing their reply brief. Fourth, a continuance is available and the appropriate remedy in this instance as the appendix volumes have already been filed and United is not seeking any further extension beyond the thirty additional minutes it took for United to remedy its technical issues.

### IV.  CONCLUSION

For the reasons stated above, United respectfully requests that the Court grant its Defendant United Airlines, Inc.'s Unopposed Motion to Extend the Deadline to File its Appendix in Support of its Brief in Opposition to Class Certification.

Respectfully submitted,

      */s/ Russell D. Cawyer*
Russell D. Cawyer
Texas State Bar No. 00793482
Taylor J. Winn
Texas State Bar No. 24115960
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: +1.817.878.3562
Facsimile: +1.817.335.2820
Email: russell.cawyer@kellyhart.com
Email: taylor.winn@kellyhart.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626-1700
Email: dmunro@jonesday.com

Jordan M. Matthews
IL Bar No. 6300503
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585
Email: jmatthews@jonesday.com

**ATTORNEYS FOR DEFENDANT**
**UNITED AIRLINES, INC.**

## CERTIFICATE OF CONFERENCE

On February 10, 2024, counsel for United conferred with Brian Field, counsel for the Plaintiffs, concerning the relief requested in this Motion. Mr. Field stated by email that the Plaintiffs were not opposed to the relief requested herein.

                                                      */s/ Don Munro*
                                                      Donald J. Munro

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-mail to all counsel of record this 12th day of February, 2024:

| | |
|---|---|
| John C. Sullivan<br>Austin R. Nimocks<br>SL LAW, PLLC<br>610 Uptown Blvd., Ste. 2000<br>Cedar Hill, Texas 75104<br>john.sullivan@the-sl-lawfirm.com<br>austin.nimocks@the-sl-lawfirm.com | Mark R. Paoletta<br>Gene C. Schaerr<br>Brian J. Field<br>Cristina Martinez Squiers<br>Kenneth A. Klukowski<br>Joshua J. Prince<br>Annika M. Barkdull<br>SCHAERR JAFFE, LLP<br>1717 K Street NW, Ste. 900<br>Washington, D.C. 20006<br>mpaoletta@schaerr-jaffe.com<br>gschaerr@schaerr-jaffe.com<br>bfield@schaerr-jaffe.com<br>csquiers@schaerr-jaffe.com<br>kklukowski@schaerr-jaffe.com<br>jprince@schaerr-jaffe.com<br>abarkdull@schaerr-jaffe.com |

                                                     */s/ Russell D. Cawyer*
                                                     Russell D. Cawyer