**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>*Defendant*. | Civil Action No.: 4:21-cv-01074-P |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

## TABLE OF CONTENTS

INTRODUCTION ..... 1

ARGUMENT ..... 1

I. The Court Applied the Incorrect Legal Standard. ..... 1

II. The Court Incorrectly Dismissed Plaintiffs' Retaliation Claims. ..... 3

III. The Court Also Incorrectly Dismissed Several Failure-to-Accommodate Claims. ..... 6

IV. The Court Incorrectly Held that Certain Claims Were Time Barred. ..... 8

CONCLUSION ..... 10

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..... 2

*Brandon v. Sage Corp.*,
808 F.3d 266 (5th Cir. 2015) ..... 2

*Burlington N. & Santa Fe Ry. Co. v. White*,
548 U.S. 53 (2006) ..... 7

*Cicalese v. Univ. of Tex. Med. Branch*,
924 F.3d 762 (5th Cir. 2019) ..... 6

*Crawford v. U.S. Steel Corp.*,
660 F.2d 663 (5th Cir. 1981) ..... 10

*Davis v. Fort Bend Cnty.*,
765 F.3d 480 (5th Cir. 2014) ..... 2

*Eyob v. Mitsubishi Caterpillar Forklift Am., Inc.*,
745 F. App'x 209 (5th Cir. 2018) ..... 2

*Fed. Exp. Corp. v. Holowecki*,
522 U.S. 389 (2008) ..... 9

*Greer v. Fowler,*
2022 WL 394762 (N.D. Tex. Feb. 8, 2022) ..... 3

*Groff v. DeJoy,*
600 U.S. 447 (2023) ..... 7

*Hamilton v. Dallas County*,
79 F.4th 494 (5th Cir. 2023) ..... 4, 6, 8

*Harrison v. Brookhaven Sch. Dist.*,
82 F.4th 427 (5th Cir. 2023) ..... 6, 8

*Hibernia Nat'l Bank v. Carner*,
997 F.2d 94 (5th Cir. 1993) .......... 2

*Huggins Realty, Inc. v. FNC, Inc.*,
634 F.3d 787 (5th Cir. 2011) .......... 2

*Lewis v. Fresne*,
252 F.3d 352 (5th Cir. 2001) .......... 1

*Lewis v. N.Y. City Transit Auth.*,
12 F. Supp. 3d 418 (E.D.N.Y. 2014) .......... 5

*Lormand v. US Unwired, Inc.*,
565 F.3d 228 (5th Cir. 2009) .......... 4, 7

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973) .......... 2, 6

*McNeill v. Tyson Fresh Meats, Inc.*,
2023 WL 8532408 (N.D. Tex. Dec. 8, 2023) .......... *passim*

*Nat'l R.R. Passenger Corp. v. Morgan*,
536 U.S. 101 (2002) .......... 9

Oatis v. Crown Zellerbach Corp.,
398 F.2d 496 (5th Cir. 1968) .......... 10

*Sambrano v. United Airlines, Inc.*,
2022 WL 486610 (5th Cir. Feb. 17, 2022) .......... 9

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506 (2002) .......... 6

*Taylor v. Books A Million, Inc.*,
296 F.3d 376 (5th Cir. 2002) .......... 6

*Wilson v. Birnberg*,
667 F.3d 591 (5th Cir. 2012) .......... 2

**Rules**

Fed. R. Civ. P. 12 .......... 3

Fed. R. Civ. P. 15 .......... 3

## INTRODUCTION

The rhetoric and complaints about timing in United's opposition to reconsideration do not obscure the ways that the Court's dismissal decision relied on manifest errors of fact and law. Those errors are made clear by the recent *McNeill* decision, issued just days before this Court's decision, which engaged in a thorough analysis of binding precedent and held that a plaintiff similarly situated to Plaintiffs here stated plausible claims for retaliation and failure to accommodate in a case involving a vaccine mandate and an accommodation of unpaid leave. United's only response is to claim that *McNeill* got it wrong. That argument is meritless. To be sure, there may be questions about the reach of recent Fifth Circuit decisions. But United has no answer for the failure to "resolve[]" any such ambiguities "in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). Accordingly, the Court should reconsider its decision and deny United's motion to dismiss, or, at the very least, allow Plaintiffs to seek leave to amend.

## ARGUMENT

The Court made four errors that require reconsideration. The Court applied the incorrect legal standard, overlooked facts and law when dismissing Plaintiffs' retaliation claims, incorrectly held as a matter of law that Plaintiffs Hamilton and Castillo could not assert failure-to-accommodate claims, and misapplied the facts and law when holding certain claims time barred.

### I. The Court Applied the Incorrect Legal Standard.

As Plaintiffs demonstrated, the Court applied the incorrect legal standard when requiring that Plaintiffs "show[]" various elements of their claims. Mot. at 5–6 (Doc. 242). That is not what the binding precedent requires at the pleading stage. *Id.* (citing cases). And the Court further misapplied those standards when it dismissed the claims with prejudice.

United has two responses, each of which falls flat. *First*, United tries to recast this issue as semantics. Opp'n at 4–5 (Doc. 244). But pleading standards cannot be so glibly ignored.

Rather, they are the basis for reversal. As the Fifth Circuit confirms, it cannot "affirm [a] district court's dismissal of [a] claim unless we determine it is beyond doubt that [the plaintiff] cannot prove a plausible set of facts to support his allegations." *Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012) (quotation marks omitted). And, in this Circuit, that does not allow courts to "look behind [the] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011). Rather, the allegations need only demonstrate that there is more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiffs' complaint amply demonstrated that there is more than a "sheer possibility" that United violated Title VII and the ADA, the Court's application of a more rigorous standard was improper.[1]

*Second*, United cherry picks words from the Court's opinion to suggest that the Court was nonetheless applying the plausibility standard. Despite the Court's reference to plausibility, a fair reading of the opinion confirms that the Court was holding Plaintiffs' complaint to a significantly higher standard. For instance, the Court analyzed certain allegations "under a burden-shifting framework akin to the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting framework." Op. at 4 (quoting *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 485 (5th Cir. 2014)) (Doc. 231). But that is not the test on a motion to dismiss. Indeed, the very case the Court cited—*Davis*—was reviewing a summary judgment decision.[2]

[1] What United calls "insuperable legal barrier[s] to relief" (at 5) are merely contested facts about United's actions and the resulting harm. Those cannot be determined at the pleading stage.

[2] The same is true of the case the Court cited when dismissing the failure-to-accommodate claims. Op. at 7 (citing the Fifth Circuit's review of a *summary-judgment* decision in *Eyob v. Mitsubishi Caterpillar Forklift Am., Inc.*, 745 F. App'x 209 (5th Cir. 2018) (per curiam)). And United commits the same error, discussing cases (at 7) that analyzed what a "reasonable jury would find." That is the standard on summary judgment. *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993). United's reliance (at 9) on *Brandon v. Sage Corp.,* 808 F.3d 266 (5th Cir. 2015), is equally misplaced, as it also addressed summary judgment. Rather *Brandon* confirms the Court's

Under the correct standard, the Court, at most, would have dismissed the claims without prejudice. On this, United criticizes Plaintiffs (at 5) for relying on material outside the complaint. United misses the point. The outside material underscores *why* it is routine practice for Rule 12(b)(6) dismissals to be *without prejudice.* Mot. at 6. Because United moved for dismissal after this case has been proceeding for years, Plaintiffs now have extensive evidence in hand to bolster various allegations. A cursory review of Plaintiffs' reconsideration motion and class certification motion confirms as much. Accordingly, if the Court were concerned with the sufficiency of the allegations, the standard practice would have been dismissal without prejudice.[3]

Accordingly, the Court should reconsider its decision and apply the correct pleading standard, which Plaintiffs easily satisfy. And, if the Court still concludes that Plaintiffs have not satisfied the correct pleading standard, the Court should convert its dismissal to being without prejudice to allow Plaintiffs to request leave to amend. Without a hint of irony, United criticizes this request (at 20–21) for allegedly proposing delays. But the parties are only now completing class certification briefing, and it would be most efficient to update that briefing now, rather than try to put the pieces back together after an appeal.

## II. The Court Incorrectly Dismissed Plaintiffs' Retaliation Claims.

The Court also misapplied the law and facts when it dismissed Plaintiffs' retaliation claims. At each turn, these errors are made clear by reviewing the recent decision in *McNeill v. Tyson Fresh Meats, Inc.*, 2023 WL 8532408 (N.D. Tex. Dec. 8, 2023). Although United understandably wishes to diminish that decision (at 8), there is no better comparison to this case than *McNeill*.

---

errors here, as it analyzed the factual record to determine if the possibility of lost income might have a deterrent effect. *Id.* at 271. Plaintiffs must be permitted to develop similar facts here.

[3] United also confuses Rule 15 and Rule 12(b)(6) when suggesting that Plaintiffs were required to submit a proposed amended complaint. Opp'n at 21 (citing *Greer v. Fowler,* 2022 WL 394762 (N.D. Tex. Feb. 8, 2022), which dealt with a request for leave to amend).

*McNeill* addressed a COVID-19 vaccine mandate, an employer that developed a plan to offer only extended unpaid leave as an accommodation, and a plaintiff who claimed retaliation *and* failure to accommodate after the pressure of facing lost income caused him to abandon his beliefs and receive the COVID-19 vaccine. Mot. at 9–10. Under those strikingly similar facts, *McNeill* applied Supreme Court and Fifth Circuit precedent and concluded that the plaintiff had stated a claim for retaliation. 2023 WL 8532408, at *6–7. The same result should follow here.

1. Plaintiffs plausibly pleaded a materially adverse action, and the Court and United are mistaken on the facts and law when suggesting that this question turns on whether Plaintiffs were treated "materially worse" than those who were terminated. Opp'n at 6.[4] On the facts, the Court's presentation of the issue as a binary choice—accommodation or termination—was mistaken. Rather, as *McNeill* confirms, United's actions presented *three* choices, "[n]one of [which] pass[es] muster"—"(1) capitulate on [their] religious belief so to comply with the policy; (2) accept immediate termination; or (3) accept up to one-year unpaid leave until either the policy was rescinded, the employee complied, or the leave period expired—culminating in termination."[5] 2023 WL 8532408, *6. And on the law, this misunderstands binding precedent, as *McNeill* again confirmed: The Fifth Circuit's recent decision in *Hamilton v. Dallas County*, 79 F.4th 494 (5th Cir. 2023), "now guides" courts that facing a "'realistic, drastic pay cut threat' amounts to a

[4] In an attempt to equate "materially worse" with the Supreme Court's "materially adverse" employment action requirement, United baldly suggests (at 16) that "worse" and "adverse" are synonyms and that these standards are the same. United's failure to cite any support speaks volumes, and it confirms that the Court's "treated materially worse" standard is distinct from the applicable Supreme Court test, which only asks whether Plaintiffs suffered a "materially adverse" employment action. Mot. at 7–8. Moreover, the adverse impact of United's actions are hotly disputed, and the Court incorrectly adopted United's factual argument about Plaintiffs' being treated better than other employees, when "all reasonable inferences [were to be drawn] in the plaintiff's favor." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009).

[5] United's plan was even harsher, threatening six years of unpaid leave. SAC ¶ 83 (Doc. 156).

'materially adverse' employment action." *McNeil,* 2023 WL 8532408, at *6 (citing cases). United offers no response, other than suggesting that *McNeill* is wrong. But a reading of *McNeill* easily puts that accusation to bed, as it closely applied Supreme Court and Fifth Circuit precedent.

2. Further, the Court overlooked a wealth of authority confirming that Plaintiffs may rely on the same events *at the pleading stage* to state claims for retaliation and failure-to-accommodate. Mot. at 10–12 (citing cases). Although United curiously states (at 9) that Plaintiffs have not identified "any authority" to support this argument, that is false. Rather, Plaintiffs have identified several cases. Most significantly, *McNeill* applied Fifth Circuit authority and concluded that a plaintiff may plead claims of retaliation and failure-to-accommodate based on the same facts. 2023 WL 8532408, at *12. Rather than follow this authority, the Court incorrectly held *as a matter of law* that retaliation claims cannot factually overlap with failure-to-accommodate claims. United offers no response other than to quibble (at 9–10) with the holdings of the various courts that held retaliation and failure-to-accommodate claims may rely on the same factual allegations.

By trying to distinguish this authority, United only underscores Plaintiffs' point. For instance, United suggests (at 10) that *Lewis* is inapposite because the plaintiff in that case was "treat[ed] … worse" than others.[6] Not only is that the incorrect standard, but it confirms that whether an employee is treated "worse" is a highly fact-intensive question that cannot be decided on a motion to dismiss. *See Lewis v. N.Y. City Transit Auth.*, 12 F. Supp. 3d 418 (E.D.N.Y. 2014) (deciding these issues *on summary judgment*).

3. The Court also misapplied facts and law when it found no causal link between Plaintiffs' protected activity and harm. The Court was again applying the incorrect standard *at the pleading*

---

[6] United's suggestion (at 10) that the transfer in *Lewis* "was not an accommodation at all" would likely surprise the *Lewis* court, which extensively discussed the *accommodation* and its lawfulness.

*stage*. According to the Court (at 16), because United previously discussed unpaid leave as an accommodation, it was not retaliatory *as a matter of law* when United instituted that policy after receiving accommodation requests. While it is possible that Plaintiffs will be unable to *prove* the causal link, the allegations suffice to state a claim, as *McNeill* again confirms. Taking Plaintiffs' allegations as true and "constru[ing] them in the light most favorable to the plaintiff[s]," the complaint sufficiently alleged that United only began implementing its unpaid leave accommodation *after* Plaintiffs' protected activity. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## III. The Court Also Incorrectly Dismissed Several Failure-to-Accommodate Claims.

As to Hamilton's and Castillo's failure-to-accommodate claims, the Court again erred when it subjected Plaintiffs' complaint to the evidentiary standard in *McDonnell Douglas*. The Fifth Circuit confirms that doing so is *reversible error*. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019). And the Supreme Court has explained that it "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). Plaintiffs were thus not required to plead facts satisfying each of the *McDonnell Douglas* factors. That burden comes later. *See Hamilton*, 79 F.4th at 502 n.45. At the pleading stage, Plaintiffs' *only* obligation was to plausibly allege discrimination "in the *terms, conditions, or privileges* of his or her employment." *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 430 (5th Cir. 2023).[7]

[7] United's response relies on a misleading quote of the Fifth Circuit's *Cicalese* decision. According to United (at 11), *Cicalese*, 924 F.3d at 766, held that a plaintiff "must plead sufficient facts on all of the ultimate elements of [the] claim." (alteration in original). But United fails to note that the sentence continues, stating that: (1) "plaintiffs do not have to submit evidence to establish a prima facie case of discrimination at this stage"; and (2) plaintiffs "must plead sufficient

Plaintiffs cleared that hurdle by alleging that they suffered more than "very small or trifling" harms.[8] For instance, the complaint details the harms that Hamilton and Castillo suffered from United's informing them that they would be placed on unpaid leave for several years. Mot. at 17–18. That is enough on its own, as *McNeill* confirms. 2023 WL 8532408, at *2. And it is supported by the Supreme Court's decision in *Burlington Northern*, which recognized the "deterrent" effect of a period "without pay." 548 U.S. 53, 72–73 (2006).

But contrary to the Court's conclusion (at 18), Plaintiffs also plausibly alleged that Hamilton and Castillo were not subject to the types of rules about masks and testing that were commonplace during the COVID-19 pandemic. Rather, the complaint alleges that United developed a scheme to impose a particularly harsh "accommodation" to punish religious requesters. Mot. at 18–20. And the factual record developed through discovery confirms that this was exactly what Scott Kirby desired—use harsh masking-and-testing requirements to punish "accommodated" employees.[9] Further, the complaint detailed various ways that United devised a unique and burdensome accommodation process to pressure its employees. Mot. at 15 (discussing allegations about United's accommodation process). These are far from "workplace trifles."[10]

United has no response to the sufficiency of Plaintiffs' allegations, other than

---

facts on all of the *ultimate elements* of a disparate treatment claim to make [their] case plausible." *Id.* (alteration in original; quotation marks omitted). Plaintiffs satisfy these thresholds.

[8] United offers no reason (at 11 n.7) that the Supreme Court's definition of "*de minimis*" in *Groff v. DeJoy,* 600 U.S. 447, 469 (2023)—a Title VII case—would be somehow inapplicable to the Fifth Circuit's use of that same term.

[9] United's quibbling about Mr. Kirby's motivations underscores the inappropriateness of dismissal. United may believe it has arguments for why it needed to subject accommodated employees to harsh standards. But those are arguments for summary judgment. At the pleading stage, the Court was to accept Plaintiffs' allegations as true. *Lormand*, 565 F.3d at 232–33.

[10] United's dismissive suggestion (at 12) that Plaintiffs are complaining about "trivial" impacts of its masking-and-testing accommodation ignores that United was sanctioned for failing to provide trainings for the respirators it required "accommodated" employees to wear. Doc. 239 at 20 n.17.

mischaracterizing the law and relying on alternative facts. For instance, United tries (at 13) to rewrite history when suggesting that its unpaid leave accommodation was only a "tentativ[e] announce[ment.]" As the Court no doubt recalls from the preliminary injunction proceedings, there was nothing "tentative" about United's plans, other than the fact that it subsequently scrambled to change course slightly after this lawsuit began to hold the company accountable. But the fact that Hamilton and Castillo were not ultimately forced onto unpaid leave is irrelevant, as the plaintiff in *McNeill* also did not go on unpaid leave, but he still pleaded an "adverse employment action" due to his employer's threat of unpaid leave. 2023 WL 8532408, at *2, *4.

Similarly, United is mistaken when it baldly suggests (at 12) that context has "no bearing" here. True, Plaintiffs have not alleged a hostile work environment claim in their complaint. But that is of no moment. Rather, *Hamilton*'s discussion of hostile work environments underscored that Plaintiffs like Hamilton and Castillo can suffer a "materially adverse employment action" without financial harms, as the Court suggested were necessary under *Harrison*. *See* Mot. at 16–17. And Plaintiffs Hamilton and Castillo sufficiently alleged non-economic harms to the "terms and conditions" of their employment, which sufficiently alleged failure-to-accommodate claims.

## IV. The Court Incorrectly Held that Certain Claims Were Time Barred.

With respect to Plaintiffs Medlin, Rains, and Castillo, United has no answer for the fact that the Court erred in concluding that their claims are time barred.

1. As to Medlin, two critical facts confirm that her claims are timely. First, because she was on maternity leave at the time, her September 2021 accommodation denial had no effect until March 2022, when she sought to return to work. Second, Medlin *again* asked for—and was *again* denied—a religious accommodation in March 2022, thus resetting the clock on her claims. SAC ¶ 177. United ignores these properly pleaded facts. Thus, even assuming there was no continuing violation, Medlin's EEOC charge was indisputably timely because of the March 2022 events.

Yet, under *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), the March 2022 denial only matters if United's September 2021 actions were "independently discriminatory"—*i.e.*, there was no causal link between the September 2021 denial and the March 2022 termination. But United's treatment of Medlin in March 2022 was indisputably linked to September 2021. Indeed, the Court correctly recognized that an unlawful termination claim *is* available to Medlin. Op. at 22. And that claim must be based on the denied accommodation, as that was United's sole reason for terminating Medlin. Accordingly, there is no way to separate the denied accommodation and the ultimate termination.[11]

2. Likewise, United cannot refute two separate facts with respect to Rains. First, because Rains's TWC request asked for remedial action and such a request sets the administrative machinery into motion—both with TWC and EEOC—Rains's claims are timely. The TWC charge satisfied *Holowecki*, and it should have been sent to the EEOC. United never explains why Rains should be punished for TWC's mistake. Second, United ignores that the Fifth Circuit has *already held* that United's actions created harm by daily subjecting employees "to ongoing coercion based on their religious beliefs." *Sambrano v. United Airlines, Inc.*, 2022 WL 486610, at *3 (5th Cir. Feb. 17, 2022). Under the law of the case, United's coercive unpaid-leave scheme created ongoing harm—the very definition of a continuing violation—that reset the clock each day.

3. Finally, United continues to insist that Castillo's active lawsuit—pending during the EEOC process—failed to put United on notice of a claim. Contrary to United's assertions (at 18), Plaintiffs did not suggest that the EEOC charge satisfied *Holowecki* or that *Holowecki* did not

[11] It is revealing that United argues (at 16) that denying an accommodation request is a "discrete and salient event[] that should put an employee on notice that a cause of action has accrued." At the same time, however, United continues to argue that effectively terminating employees through indefinite, unpaid leave is not functionally a denied accommodation that also provides a cause of action. United cannot have it both ways.

matter because the EEOC regarded Castillo's inquiry as a charge. Rather, Plaintiffs showed that *Holowecki* is irrelevant because a charge *was prepared* for his case—only missing a signature. Op. at 25. Additionally, United disingenuously claims (at 18) there is "no indication that the EEOC investigated Mr. Castillo's pre-charge filing, issued a determination about his allegations, or attempted conciliation[.]" Not so. The EEOC investigated the facts of this case for months and United engaged with the EEOC at length, leading to United submitting one of the form denials it was using in this case, no matter what the individual said. As Plaintiffs will further demonstrate in this case, United communicated with the EEOC specifically about Castillo's charge and filed a form response. Thus, rejecting Castillo's claims as untimely undermines *Holowecki*.

Of course, United's argument (at 18) about interactions with the EEOC is particularly misguided because the Fifth Circuit has long recognized that "[i]t would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful[?]" *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496, 498 (5th Cir. 1968). The Circuit has thus held that, "in an action involving claims of several persons arising out of similar discriminatory treatment, not all of them need to have filed EEOC charges as long as one or more of the plaintiffs had satisfied the requirement." *Crawford v. U.S. Steel Corp.*, 660 F.2d 663, 665 (5th Cir. 1981).

## CONCLUSION

Because the Court's decision dismissing certain of Plaintiffs' claims relied on significant errors of fact and law, reconsideration is necessary. Accordingly, the Court should reconsider its decision and deny United's motion to dismiss. Or, at the very least, the Court should convert its dismissal to being without prejudice.

February 20, 2024

Respectfully submitted,

/s/ Mark R. Paoletta
Mark R. Paoletta*
D.C. Bar No. 422746
Gene C. Schaerr*
D.C. Bar No. 416368
Brian J. Field*
D.C. Bar No. 985577
Cristina Martinez Squiers
Texas Bar No. 24093764
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
mpaoletta@schaerr-jaffe.com

*Admitted *pro hac vice*

/s/ John C. Sullivan
John C. Sullivan
Texas Bar No. 24083920
David Austin R. Nimocks
Texas Bar No. 24002695
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

*Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

On February 20, 2024, I filed the foregoing document with the clerk of court for the United States District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) (ECF System).

*/s/ Brian J. Field*
Brian J. Field