IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED AIRLINES, INC., <br><br> Defendant. | § § § § § § § § § § § § § Civil Action No. 4:21-01074-P |

**DEFENDANT'S SUPPLEMENTAL BRIEF**

## INTRODUCTION

The Supreme Court's recent decision in *Muldrow v. City of St. Louis*, 144 S. Ct. 967 (2024), does not require any change in this Court's dismissal of the claims of the two below-the-wing employees (Ms. Hamilton and Mr. Castillo) who received masking-and-testing accommodations. Indeed, *Muldrow*'s core holding—that a Title VII plaintiff must allege "some harm" to identifiable terms and conditions of employment, *id.* at 974—is fully consistent with the Fifth Circuit precedent that this Court applied in concluding that Ms. Hamilton and Mr. Castillo failed to allege any legally cognizable, more-than-*de minimis* harm from masking and testing. *Muldrow* likewise supports, rather than undermines, this Court's dismissal of Plaintiffs' retaliation claims, which are flawed since Plaintiffs were treated better, not worse, because they requested accommodations.

Nor does *Muldrow* alter the reasons why class certification should be denied (regardless of whether the claims of Ms. Hamilton and Mr. Castillo are revived). If anything, *Muldrow* further undercuts Plaintiffs' theory that putative class members suffered some actionable injury when they were "threatened" with unpaid leave but were never put on leave or otherwise suffered harm with respect to any "identifiable term or condition of employment." *Id.*

## ARGUMENT

**I.  This Court's Dismissal of the Masking-and-Testing Claims Is Entirely Consistent With *Muldrow*.**

In *Muldrow*, the Supreme Court held that under Title VII, an employee challenging a transfer must plead and prove "some harm respecting an identifiable term or condition of employment." 144 S. Ct. at 974. The Court thus repudiated the decisions of certain lower courts that had instead required the harm to be "significant," "[o]r serious, or substantial, or any *similar adjective* suggesting that the disadvantage to the employee must exceed a heightened bar." *Id.* at 972, 974 (emphasis added); *see also id.* at 973 n.1, 975 (citing such cases).

Consistent with *Muldrow*, this Court's dismissal of the claims of Ms. Hamilton and Mr. Castillo did not apply a "significant" harm requirement or anything "similar." *Compare Muldrow*, 144 S. Ct. at 974, *with* ECF 231 at 6–7. After all, this Court was applying recent Fifth Circuit precedent that had *already rejected* such a heightened standard. *See Hamilton v. Dall. Cnty.*, 79 F.4th 494 (5th Cir. 2023) (en banc); *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427 (5th Cir. 2023) (per curiam). Instead, this Court simply reaffirmed that "Title VII does not permit liability for *de minimis* workplace trifles." ECF 231 at 5.

*Muldrow* did *not* undermine that holding. Requiring "some harm" is just the flip side of rejecting "*de minimis* harm." Because "[t]he law does not take account of trifles," *de minimis* harm is, legally speaking, no harm at all. *See id.* at 7. That is not remotely a "heightened bar" in any way "similar" to requiring "significant" harm. *Muldrow*, 144 S. Ct. at 974. Tellingly, while *Muldrow* carefully catalogued the repudiated cases that had adopted such heightened standards, *see id.* at 973 n.1, it did not purport to abrogate the many cases applying a *de minimis* standard. *See, e.g.*, *Harrison*, 82 F.4th at 431–32 & n.5 (citing cases).

In applying a *de minimis* standard to Ms. Hamilton and Mr. Castillo, this Court concluded that the law "prevents judges from supervising a company's decisions regarding . . . where employees take lunch, how often they submit COVID-19 test results, and the type of masks they wear." ECF 231 at 7. Such "trifles" are not remotely comparable to the harms identified by *Muldrow*. *Compare id.*, *with Muldrow*, 144 S. Ct. at 977 (noting that transfer diminished the employee's responsibilities, deprived her of fringe benefits, and required more work on weekends), *and id.* at 975 & n.2 (noting similar harms in repudiated lower court cases). In sum, whether the allegations here are described as involving only "*de minimis* harm" or lacking "some harm," the

2

conclusion is the same: Ms. Hamilton and Mr. Castillo fail to state a claim regarding the masking-and-testing accommodations they received.[1]

## II.     *Muldrow* Does Not Support, and Further Refutes, Plaintiffs' Retaliation Claims.

This Court dismissed Plaintiffs' retaliation claims because "[n]o reasonable worker would be deterred by United's unpaid leave policy from seeking an accommodation" as termination was the alternative. ECF 231 at 15. In other words, far from being "treated materially worse than if they had not sought the accommodation at all," Plaintiffs were treated *better*. *Id.* (citing *Burlington N. & Sante Fe Ry. Co. v. White*, 548 U.S. 53, 54 (2006)). *Muldrow*'s holding that Title VII always requires "some harm" confirms that this Court correctly dismissed these retaliation claims. 144 S. Ct. at 977 ("The transfer must have left her worse off . . . ."). In fact, *Muldrow* reaffirmed that, in contrast to discrimination claims, retaliation claims require *more* than "some harm"; they require harm "serious enough" to chill an employee from engaging in protected activity in the first place. *See id.* at 976 (citing *Burlington*, 548 U.S. at 68).

## III.    *Muldrow* Does Not Alter the Class Certification Analysis.

### A.     United's Arguments Why the Proposed Classes Fail to Satisfy Rule 23 Are Not Materially Impacted by *Muldrow*.

Almost all of United's arguments why Plaintiffs' proposed classes cannot be certified remain exactly the same whether or not *Muldrow* requires reviving Ms. Hamilton's masking-and-testing claim. Either way, the Rule 23 requirements of commonality, predominance and superiority cannot be satisfied in light of the many individualized Title VII and ADA issues—protected status; reasonableness of accommodation; undue hardship from accommodation; and defenses to liability—especially given Plaintiffs' claims for monetary relief. *See* ECF 246.

---

[1] In all events, this Court also held that all of Mr. Castillo's claims are time-barred, and *Muldrow* has no relevance at all to that independent basis for the dismissal of his claims.

3

Only two arguments United made opposing class certification warrant brief discussion: (1) the adverse-action requirement and (2) Rule 23(a)'s typicality requirement. Though their contours change slightly, the strength of these arguments remains undiminished.

First, United contended that the need to establish adverse action for each putative class member will preclude commonality and predominance because it will require an individualized assessment of each employee's circumstances: employees like Plaintiff Jonas may allege some harm (*e.g.*, due to the loss of incidental compensation in an alternative job), while others like Plaintiff Hamilton may not. ECF 246 at 24, 38. Even if this Court decides that Ms. Hamilton's allegations now suffice under *Muldrow*, there still would need to be individualized inquiries whether each of the other putative class members could claim the same. After all, the class discovery record showed that many employees had *no objection* to masking and testing, ECF 246 at 21 & App. 67–72 (Table 8), and so they, at the very least, suffered *no harm* under *Muldrow.*

Second, on typicality, even if Ms. Hamilton (and/or Mr. Castillo) were to return to the case, they, like the other named Plaintiffs, have "circumstances unique to [them that] will likely become the litigation's focus." *See Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 133 (N.D. Tex. 2020); ECF 246 at 29–31. Ms. Hamilton contended that she was unusually isolated from other United personnel compared to other non-customer-facing employees because she worked alone during the night shift in an office (Suppl. App. 3–6), and Mr. Castillo worked exclusively outside (Suppl. App. 12–13). As a result, their objections to masking and testing would not be representative of non-customer-facing employees who worked indoors in close proximity to other employees.[2]

---

[2] If Ms. Hamilton were to return to the case, United acknowledges that it could no longer argue that the masking-and-testing (b)(3) subclass lacks a named Plaintiff with a Title VII claim, *see* ECF 246 at 31, but all of the other arguments against certifying that subclass would remain.

**B.    Plaintiffs' Argument That an Unrealized "Threat" of Unpaid Leave Is an Actionable Common Issue Is Refuted by *Muldrow*.**

*Muldrow* puts the nail in the coffin of Plaintiffs' argument that they can allege a common injury arising from a universal "threat" of unpaid leave. ECF 239 at 15–16. *Muldrow* expressly emphasized that the requisite "harm" has to be caused by "discrimination" with respect to an "identifiable term or condition" of employment. 144 S. Ct. at 974 (explaining that the latter phrase "circumscribes the injuries that can give rise to a suit like this one"). And merely telling certain employees that they would be put on leave—without ultimately doing so—means that they never suffered any discrimination *at all* with respect to an "identifiable term or condition of employment." As this Court ruled, "United's unpaid leave policy did not affect [Hamilton or Castillo's] terms, conditions, or privileges of employment." ECF 231 at 8. Nothing in *Muldrow* suggests that an unactualized threat constitutes "some harm" flowing from discrimination with respect to terms or conditions of employment. To the contrary, *Muldrow* involved a job transfer that all parties agreed "implicated 'terms' and 'conditions' of [her] employment, changing nothing less than the what, where, and when of her [ ] work." 144 S. Ct. at 974.

Moreover, even if the "threat" of unpaid leave were an adverse action, the accommodation each employee ultimately received would still bear on reasonableness and undue hardship, and there would remain individualized inquiries into protected status, defenses, and damages. *See* ECF 246 at 14–42. For all of those reasons, commonality, predominance, and superiority still would not be satisfied.

## CONCLUSION

*Muldrow* does not alter the conclusion that this Court should deny Plaintiffs' motions for partial reconsideration of the motion to dismiss ruling and for class certification.

Dated: May 2, 2024                                      Respectfully submitted,

/s/ *Russell D. Cawyer*
Russell D. Cawyer
TX Bar No. 00793482
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: +1.817.878.3562
Facsimile: +1.817.335.2820
Email: russell.cawyer@kellyhart.com

Donald J. Munro
D.C. Bar No. 453600
JONES DAY
51 Louisiana Avenue, NW
Washington, D.C. 20001
Telephone: +1.202.879.3939
Facsimile: +1.202.626-1700
Email: dmunro@jonesday.com

Jordan M. Matthews
IL Bar No. 6300503
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585
Email: jmatthews@jonesday.com

Alexander V. Maugeri
NY Bar No. 5062666
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone: +1.212.326.3939
Facsimile: +1.212.755.7306
Email: amaugeri@jonesday.com

**ATTORNEYS FOR DEFENDANT UNITED AIRLINES, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served via e-mail to all counsel of record this 2nd day of May, 2024:

| | |
|---|---|
| John C. Sullivan<br>Austin R. Nimocks<br>SL LAW, PLLC<br>610 Uptown Blvd., Ste. 2000<br>Cedar Hill, Texas 75104<br>john.sullivan@the-sl-lawfirm.com<br>austin.nimocks@the-sl-lawfirm.com | Mark R. Paoletta<br>Gene C. Schaerr<br>Brian J. Field<br>Cristina Martinez Squiers<br>Kenneth A. Klukowski<br>Joshua J. Prince<br>Annika M. Barkdull<br>SCHAERR JAFFE, LLP<br>1717 K Street NW, Ste. 900<br>Washington, D.C. 20006<br>mpaoletta@schaerr-jaffe.com<br>gschaerr@schaerr-jaffe.com<br>bfield@schaerr-jaffe.com<br>csquiers@schaerr-jaffe.com<br>kklukowski@schaerr-jaffe.com<br>jprince@schaerr-jaffe.com<br>abarkdull@schaerr-jaffe.com |

                */s/ Russell D. Cawyer*
                Russell D. Cawyer