UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*,

*Plaintiffs,*

v.

UNITED AIRLINES, INC.,

*Defendant.*

Civil Action No.: 4:21-cv-01074-P

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION TO LIFT STAY AND FOR ENTRY OF PARTIAL FINAL JUDGMENT**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1
BACKGROUND ........................................................................................................................... 1
ARGUMENT ................................................................................................................................. 4
    I.    The Court Should Temporarily Lift the Stay of These Proceedings. ................................ 4
    II.   The Court Should Enter Partial Final Judgment. ............................................................... 5
CONCLUSION .............................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
   446 U.S. 1 (1980)..................................................................................................................... 6

*Hamilton v. Dallas County*,
   79 F.4th 494 (5th Cir. 2023) .................................................................................................... 2

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)................................................................................................................. 5

*Sambrano v. United Airlines, Inc.*,
   No. 21-11159, 2022 WL 486610 (5th Cir. Feb. 17, 2022) ...................................................... 2

*Sears, Roebuck & Co. v. Mackey*,
   351 U.S. 427 (1956).............................................................................................................. 5, 6

**Rules**

Fed. R. Civ. P. 23.................................................................................................................... 2, 3
Fed. R. Civ. P. 54....................................................................................................................... 5

## INTRODUCTION

The Court should exercise its discretion to temporarily lift the stay and, under Federal Rule of Civil Procedure 54(b), enter partial final judgment on its December 18, 2023 Order granting in part United Airlines, Inc.'s motion to dismiss. Op. & Order (ECF No. 231). Doing so will ensure the Fifth Circuit can review that order alongside its ongoing review of this Court's decision on class certification. As both of those decisions address related issues, allowing the appeals to proceed simultaneously will be more efficient. Otherwise, it may be that the case will proceed to final judgment on the claims of the currently certified class, only to require additional proceedings later if the Fifth Circuit subsequently reverses this Court's motion-to-dismiss order. Plaintiffs do not believe that is a good use of the parties' or the Court's resources. Rather, the Court should enter partial final judgment on the motion-to-dismiss order now so that Plaintiffs may request the Fifth Circuit's review. Additionally, because this proceeding is currently stayed pending resolution of the current appeal, the Court should temporarily lift that stay to resolve this motion.

## BACKGROUND

As the Court is familiar with the factual background of this case, Plaintiffs will briefly discuss only the background relevant to this Motion.

Following United's refusal to provide reasonable religious or disability accommodations to the company's COVID-19 vaccine mandate, Plaintiffs filed their initial complaint in this Court, seeking a temporary restraining order and preliminary injunction. Compl. (ECF No. 1). The Court ultimately denied Plaintiffs' motion for a preliminary injunction, concluding that Plaintiffs were not suffering irreparable harm. *See* Op. & Order (ECF No. 104). At that point, United carried out its plan to place many "accommodated" employees on indefinite, unpaid leave. For others, United "accommodated" them with intentionally harsh masking-and-testing protocols. But the Fifth Circuit ultimately reversed this Court's decision, holding that Plaintiffs "are actively being coerced

to violate their religious convictions" and thus that their "harm is irreparable." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *6 (5th Cir. Feb. 17, 2022), *reh'g denied*, 45 F.4th 877 (5th Cir. 2022).

On remand, Plaintiffs filed their Second Amended Complaint, identifying eight employees who sought to represent three classes: (i) a Rule 23(b)(2) class of all employees who requested an accommodation; (ii) a Rule 23(b)(3) class of all employees who received the masking-and-testing "accommodation"; and (iii) a Rule 23(b)(3) class of all employees who received unpaid leave as their "accommodation." Second Am. Compl. (ECF No. 156). United moved for partial dismissal, *see* Def.'s Mot. for Partial Dismissal (ECF No. 160), but the Court denied United's motion without prejudice pending the Fifth Circuit's decision in *Hamilton v. Dallas County*, No. 21-10133, *see* Order (ECF No. 181). The parties then began extensive class discovery.

After the Fifth Circuit issued its *en banc* decision in *Hamilton*, 79 F.4th 494 (5th Cir. 2023), United renewed its motion to dismiss. *See* Def.'s Renewed Mot. for Partial Dismissal (ECF No. 209). On December 18, 2023, this Court granted that motion in part. *See* Op. & Order (ECF No. 231). First, the Court dismissed Plaintiffs' retaliation claims, holding that the same set of facts may not support both a retaliation and failure-to-accommodate claim. *Id.* at 15–16. Second, the Court dismissed the failure-to-accommodate claims of Plaintiffs Castillo and Hamilton, holding that masking and testing alone does not constitute an adverse employment action. *Id.* at 3–9. Third, the Court dismissed as time barred the claims of four plaintiffs—Castillo, Rains, Medlin, and Jonas. *Id.* at 17–28.

Plaintiffs subsequently requested that the Court certify classes for those Plaintiffs and claims that remained in the case. *See* Pls.' Mot. for Class Certification (ECF No. 238). Plaintiffs also requested reconsideration of the motion-to-dismiss order. *See* Pls.' Mot. Recon. (ECF No.

241). Shortly thereafter, the Court issued an order resolving both motions. *See* Op. & Order (ECF No. 263).

As to certification, the Court certified a Rule 23(b)(3) class of all employees who received a religious "accommodation" and were put on indefinite, unpaid leave. *Id.* However, the Court denied class certification of: (i) a Rule 23(b)(2) class of all employees who requested an accommodation; (ii) a Rule 23(b)(3) subclass of all employees who received a harsh masking-and-testing "accommodation;" and (iii) any class involving employees with claims under the Americans with Disabilities Act. *Id.* In denying certification, the Court expressly incorporated its earlier motion-to-dismiss order. *See* Op. & Order at 10 n.2 (ECF No. 263) ("The Court has already rejected Plaintiffs' contention that United's initial decision to put all unvaccinated employees on unpaid leave was itself an adverse action" (citing ECF No. 231 at 8)); *id.* at 15 ("This Court has already held that Plaintiffs who were required to mask and test did not suffer a more than *de minimis* adverse employment action." (citing ECF No. 231 at 7)).

As to reconsideration, the Court denied Plaintiffs' motion without discussion. *Id.* at 41. Several appeals followed, and the Court stayed these proceedings pending resolution of the appeals. *See* Order (ECF No. 265).

Both Plaintiffs and United sought permission to appeal the district court's class-certification decision, and the Fifth Circuit granted those petitions and docketed the case as a cross appeal (5th Cir. Case No. 24-10708). Plaintiffs also filed a timely notice of appeal of the motion-to-dismiss order (ECF No. 266). United moved to dismiss that appeal for lack of appellate jurisdiction, *Sambrano v. United Airlines, Inc.*, No. 24-10656 (5th Cir. Aug. 22, 2024), Doc. No. 37, and Plaintiffs voluntarily dismissed that appeal, 24-10656 (5th Cir. Aug. 29, 2024), Doc. No. 38. Plaintiffs did so to first request this Court's entry of partial final judgment pursuant to

3

Rule 54(b). Additionally, because of the overlapping issues in the motion-to-dismiss and class-certification orders, Plaintiffs requested that the Fifth Circuit hold the class-certification appeal in abeyance until this Court rules on Plaintiffs' motion for partial final judgment. The Fifth Circuit granted that request, and the class-certification appeal remains stayed. *Sambrano v. United Airlines, Inc.*, No. 24-10708 (5th Cir. Sept. 11, 2024), Doc. No. 38.

## ARGUMENT

The Court should exercise its discretion to temporarily lift the stay currently in place for these proceedings. Doing so will allow the Court to grant Plaintiffs' request for entry of partial final judgment, which will itself further judicial economy. Indeed, as demonstrated below, the Court should enter partial final judgment to avoid piecemeal litigation and discovery. Allowing Plaintiffs to appeal the motion-to-dismiss order now will permit the Fifth Circuit to address the related questions at the same time, thus ensuring that any remand to this Court will address all related issues before the parties proceed with further discovery and trial.

**I.     The Court Should Temporarily Lift the Stay of These Proceedings.**

After the Court's class-certification decision, the parties jointly requested that the Court stay these proceedings pending the Fifth Circuit's review of that decision. *See* Jt. Mot. to Stay Proceedings Pending Appeal (ECF No. 264). The Court granted that request and stayed these proceedings until the Fifth Circuit "has resolved the appeals pending before it related to this case." Order (ECF No. 265). Since then, Plaintiffs voluntarily dismissed their appeal of the motion-to-dismiss decision to permit them to first request entry of partial final judgment from this Court. Plaintiffs also asked the Fifth Circuit to stay the class-certification appeal pending the result of this motion, and the Fifth Circuit granted that request.

As the Supreme Court confirms, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). As the parties previously demonstrated, the factors relevant to this Court's decision on a motion to stay all weighed in favor of staying these proceedings. *See* Jt. Mot. to Stay (ECF No. 264). And that largely remains true today, such that a stay of these proceedings is appropriate pending resolution of the Fifth Circuit's review of this Court's recent decisions. However, to allow the Fifth Circuit to simultaneously review the related issues presented in the class-certification decision and the motion-to-dismiss order, the Court should exercise its discretion to briefly lift the stay of these proceedings so that the parties may complete briefing on Plaintiffs' contested motion for entry of final judgment. Then, after the Court resolves that motion, it would be appropriate to once again stay these proceedings pending resolution of pending appeals.

## II.     The Court Should Enter Partial Final Judgment.

Under Rule 54(b), a district court may exercise its discretion to enter partial final judgment "as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). As the Supreme Court explains, "some final decisions, on less than all of the claims, should be appealable without waiting for a final decision on all of the claims." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 432 (1956). The motion-to-dismiss order readily meets these requirements, and the Court should exercise its discretion to enter partial final judgment and thus allow this case to move forward in the most expeditious manner.

1. Plaintiffs easily satisfy the threshold requirement that the underlying order resolve some—but not all—claims in a case. Fed. R. Civ. P. 54(b). The motion-to-dismiss order "dismissed with prejudice": (1) the failure-to-accommodate claims of Plaintiffs Hamilton and Castillo; (2) the retaliation claims of all Plaintiffs; and (3) all claims of Plaintiffs Medlin, Rains, Castillo, and Jonas, while leaving the failure-to-accommodate claims of other Plaintiffs alive. Op.

5

& Order at 9, 17, 32 (ECF No. 231). The Court also denied Plaintiffs' request to convert that dismissal to being "without prejudice." Op. & Order at 41 (ECF No. 263) (denying Plaintiffs' Motion for Reconsideration). The Court has thus issued a "final judgment" upon "one or more, but fewer than all," of the claims and parties at issue in this action. Fed. R. Civ. P. 54(b).

2. There is also "no just reason to delay." *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). As the Supreme Court confirms, "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.* (quoting *Sears*, 351 U.S. at 435). The Supreme Court continued: "This discretion is to be exercised, 'in the interest of sound judicial administration'" and with consideration for "the equities involved." *Id.* (quoting *Sears*, 351 U.S. at 437). Because reasons of justice, judicial administration, and equities support partial final judgment here, the Court should exercise its discretion to enter final judgment on the motion-to-dismiss order.

As to judicial administration, the Fifth Circuit will already consider portions of the motion-to-dismiss order in the current class-certification appeal. As noted, this Court denied Plaintiffs' request to certify a class of all employees subject to United's universal unpaid-leave plan because some employees did not ultimately receive the "accommodation" of unpaid leave and therefore did not suffer an adverse employment action. Op. & Order at 10 & n.2 (ECF No. 263). The Court also denied Plaintiffs' request to certify a class of those subject to United's draconian masking-and-testing "accommodation" because they did not suffer more than *de minimis* harm. *Id.* at 15. On both of these conclusions, the Court incorporated its reasoning from the motion-to-dismiss order. *See id.* at 10 n.2, 15 ("The Court has already rejected Plaintiffs' contention that United's initial decision to put all unvaccinated employees on unpaid leave was itself an adverse action"); *id.* at 15 ("This Court has already held that Plaintiffs who were required to mask and test did not

6

suffer a more than *de minimis* adverse employment action."). Thus, the Fifth Circuit's resolution of the class certification appeal will require it to also consider these holdings from the motion-to-dismiss order.

As to the equities, Plaintiffs plan to appeal the remaining issues from the motion-to-dismiss order as soon as they are permitted to do so. However, if Plaintiffs must wait until there is a final judgment in this case, the parties and the Court may end up needing to start over years from now with new discovery and briefing on critical issues that are intertwined with pending issues in the case.

Thus, the most efficient way forward is for the Court to enter partial final judgment on the motion-to-dismiss order. Plaintiffs may then appeal that order and request that the Fifth Circuit consolidate the appeals of the motion-to-dismiss order and the class-certification order. Moreover, clarity on all aspects of the motion-to-dismiss order will allow proceedings in this Court, especially discovery, to proceed more efficiently.

Finally, interests of justice and judicial economy further counsel in favor of a partial final judgment here because the district court litigation is already paused pending appeal. Permitting the immediate appeal of the Court's dismissal order alongside the pending class-certification appeal will cause no greater delay. Rather, as discussed above, it will move this case forward in the most expeditious manner, avoiding piecemeal litigation in both this Court and the Fifth Circuit. Accordingly, the interests of justice, judicial administration, and the equitable interests of the parties support entering partial final judgment on the motion-to-dismiss order.

## CONCLUSION

Given the substantial overlap between the Court's motion-to-dismiss decision and its class-certification decision, the Court should temporarily lift the stay and enter partial final judgment on the motion-to-dismiss order to allow the Fifth Circuit to review them simultaneously. Doing so

will ensure that the Fifth Circuit is able to resolve the issues common to both decisions at the same time, thereby ensuring that this Court does not risk receiving piecemeal remands that require disjointed and inefficient proceedings. Accordingly, Plaintiffs request that the Court enter partial final judgment on its motion-to-dismiss order.

September 19, 2024

John C. Sullivan
Texas Bar No. 24083920
David Austin R. Nimocks
Texas Bar No. 24002695
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

Respectfully submitted,

*/s/ Mark R. Paoletta*
Mark R. Paoletta*
D.C. Bar No. 422746
Gene C. Schaerr*
D.C. Bar No. 416368
Brian J. Field*
D.C. Bar No. 985577
Cristina Martinez Squiers
Texas Bar No. 24093764
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
mpaoletta@schaerr-jaffe.com
* Admitted *pro hac vice*

8

## CERTIFICATE OF SERVICE

      On September 19, 2024, I filed the foregoing document with the clerk of court for the United States District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) (ECF System).

                                                  */s/ Brian J. Field*
                                                  Brian J. Field