**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| DAVID SAMBRANO, *et al.*, individually, and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:21-CV-01074-P |
| UNITED AIRLINES, INC., | § § | |
| Defendant. | § § | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO LIFT**
**STAY AND FOR ENTRY OF PARTIAL FINAL JUDGMENT**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ...................................................................................................................... 4

I.      THE UNTIMELINESS OF PLAINTIFFS' MOTION DEFEATS THEIR
        ASSERTION THAT "THERE IS NO JUST REASON FOR DELAY"........................... 5

II.     THIS IS NOT THE SORT OF RARE CASE WHERE "HARDSHIP OR
        INJUSTICE" WOULD OCCUR WITHOUT A RULE 54(B) APPEAL ......................... 6

        A.      Plaintiffs Identify No Danger Of Hardship Or Injustice ....................................... 6

        B.      Plaintiffs Cannot Use The Pending Rule 23(f) Appeals To Bootstrap An
                Interlocutory Appeal Of The Dismissal Order........................................................ 8

III.    CERTIFICATION IS NOT A SURE PATHWAY TO MORE EFFICIENT
        PROCEEDINGS IN THIS COURT ............................................................................... 12

CONCLUSION................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Air Liquide Mexico S. de R.L. de C.V. v. Talleres Willie, Inc.*,
2015 WL 13764403 (S.D. Tex. July 31, 2015)........................................................7

*Bank of New York v. Hoyt*,
108 F.R.D. 184 (D.R.I. 1985) .................................................................................5

*Bell v. Ascendant Solutions, Inc.*,
422 F.3d 307 (5th Cir. 2005) .............................................................................9, 12

*Bruff v. N. Miss. Health Servs.*,
244 F.3d 495 (5th Cir. 2001) ................................................................................10

*Charalambopoulos v. Grammer*,
2016 WL 5942225 (N.D. Tex. Oct. 13, 2016)........................................................6

*Chiari v. City of League City*,
920 F.2d 311 (5th Cir. 1991) .................................................................................9

*Curtiss–Wright Corp. v. Gen. Elec. Co.*,
446 U.S. 1 (1980).....................................................................................................1

*DOH Oil Co. v. QEP Res., Inc.*,
2022 WL 18585970 (W.D. Tex. Aug. 25, 2022).....................................................5

*Eldredge v. Martin Marietta Corp.*,
207 F.3d 737 (5th Cir. 2000) .............................................................................4, 9

*Escobar v. Montee*,
895 F.3d 387 (5th Cir. 2018) ...........................................................................9, 11

*Firestone Tire & Rubber Co. v. Risjord*,
449 U.S. 368 (1981)............................................................................................4, 8

*Jasmin v. Dumas*,
726 F.2d 242 (5th Cir. 1984) .............................................................................1, 4

*LeFever v. Ferguson*,
567 F. App'x 426 (6th Cir. 2014) ........................................................................11

*Lucero v. Caterpillar Inc.*,
    2023 WL 6036802 (N.D. Tex. Feb. 23, 2023)......................................................................4, 6

*Medifast, Inc. v. Minkow*,
    2012 WL 13175889 (S.D. Cal. Apr. 13, 2012)..........................................................................5

*Menard v. LLOG Expl. Co.*,
    2017 WL 1426968 (E.D. La. Apr. 21, 2017)............................................................................7

*Miami Tribe of Oklahoma v. United States*,
    2006 WL 3848949 (D. Kan. Dec. 29, 2006)............................................................................5

*Microsoft v. Baker*,
    582 U.S. 23 (2017)................................................................................................................11

*Mims v. Stewart Title Guar. Co.*,
    590 F.3d 298 (5th Cir. 2009) ..................................................................................................9

*Parker v. Ahmsi Ins. Agency Inc.*,
    2021 WL 8565968 (S.D. Fla. July 8, 2021)............................................................................8

*PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*,
    81 F.3d 1412 (5th Cir. 1996) .......................................................................................*passim*

*Regents of Univ. of Cal. v. Credit Suisse First Bos. (USA), Inc.*,
    482 F.3d 372 (5th Cir. 2007) .............................................................................................9, 12

*Sahr v. City of Des Moines*,
    693 F. Supp. 3d 999 (S.D. Iowa 2023) ...................................................................................7

*SBN V FNBC LLC v. Baldone*,
    2023 WL 2213257 (E.D. La. Feb. 24, 2023)...........................................................................7

*Schaeffer v. First Nat. Bank of Lincolnwood*,
    465 F.2d 234 (7th Cir. 1972) ..................................................................................................5

*Schexnaydre v. Travelers Ins. Co.*,
    527 F.2d 855 (5th Cir. 1976) ..................................................................................................9

*Spiegel v. Tr. of Tufts Coll.*,
    843 F.2d 38 (1st Cir. 1988)......................................................................................................7

*Swint v. Chambers Cnty. Comm'n*,
    514 U.S. 35 (1995)................................................................................................................12

*Tetra Techs., Inc. v. Cont'l Ins. Co.*,
   755 F.3d 222 (5th Cir. 2014) ................................................................................8

*United States v. Crow, Pope & Land Enters., Inc.*,
   474 F.2d 200 (5th Cir. 1973) ...............................................................................9

**STATUTES**

28 U.S.C. § 1291 ......................................................................................................4, 6

**OTHER AUTHORITIES**

Fed .R. Civ. P. 23 .............................................................................................. *passim*

Fed. R. Civ. P. 54 .............................................................................................. *passim*

Wright & Miller, Federal Practice & Procedure § 2659 ...............................................4

# INTRODUCTION

As an exception to the usual rule that interlocutory orders are not immediately appealable, entry of a partial final judgment under Federal Rule of Civil Procedure 54(b) "should be [used] sparingly," not "routinely." *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984).  One would never know this from Plaintiffs' motion, which identifies no extraordinary circumstances warranting Rule 54(b) treatment and ignores several countervailing considerations.

*First*, Plaintiffs do not satisfy Rule 54(b)'s requirement that "there is no just reason for delay," for their motion is itself untimely.  They have unjustifiably delayed seeking permission to appeal the partial dismissal order, which this Court entered more than nine months ago and denied reconsideration of more than three months ago.

*Second*, a district court may enter a Rule 54(b) judgment "only when there exists some danger of hardship or injustice." *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).  Plaintiffs simply disregard this controlling precedent.  They speak about "judicial administration" and "efficien[cy]," ECF 280 at 8–9, but never identify any hardship or injustice.  Nor is there any.  This is a common situation where some claims were dismissed and others were not.  That does not warrant an exception to "the historic federal policy against piecemeal appeals." *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

The pending Rule 23(f) appeals do not alter that analysis.  While Plaintiffs assert there is "substantial overlap" between those class-certification appeals and the dismissal order, ECF 280 at 9, that is both irrelevant and wrong.  Even if there were such overlap, Plaintiffs "articulate[] no hardship or danger" from applying the ordinary appellate timing rule to the dismissal order. *PYCA Indus.*, 81 F.3d at 1421.  And anyway, any overlap is minimal at best.  The class-certification order is entirely unrelated to this Court's dismissal of (1) the retaliation claims on the merits and (2) some other claims on procedural grounds.  While the partial denial of class certification did rely in part

1

on this Court's prior ruling interpreting the adverse-action requirement when dismissing some Plaintiffs' accommodation claims, there are multiple independent grounds on which the Fifth Circuit may affirm the class-certification denial.  Using the class-certification appeals to justify bootstrapping an appeal of separate dismissal rulings that the Fifth Circuit otherwise has no need to consider would unnecessarily complicate the Rule 23(f) appeals.  Worse, it would end-run the limits on pendent appellate jurisdiction and undermine Rule 23(f)'s purpose, which is to allow an interlocutory appeal focused on a single topic: class certification.

*Third*, even if "efficiency" could justify a Rule 54(b) certification, Plaintiffs are wrong when they insist that allowing an appeal now is inevitably the most efficient way to dispose of this case.  The reverse could easily be true.  If, for example, the Fifth Circuit were to reverse the partial dismissal order, it might require this Court to redo its class-certification analysis, in whole or in part.  While Plaintiffs can, no doubt, posit different scenarios, the point is that there is no guarantee that certifying an appeal now will improve the chances of a prompt resolution.

In sum, this is not the sort of rare case that warrants an early appeal under Rule 54(b).  This Court should deny Plaintiffs' motion.

## BACKGROUND

On December 18, 2023, this Court granted in part United's motion to dismiss Plaintiffs' second amended complaint.  ECF 231 at 1, 31.  *First*, the Court dismissed the retaliation claims as meritless.  *Id.* at 14–17.  *Second*, the Court dismissed on procedural grounds some of the failure-to-accommodate claims brought by four Plaintiffs:  Mr. Castillo, Ms. Medlin, and Mr. Rains failed to file a timely charge with the EEOC, *id.* at 17–26, and Ms. Jonas's Title VII claim fell outside the scope of her EEOC charge, *id.* at 27–28.  *Third*, the Court dismissed the failure-to-accommodate claims brought by Mr. Castillo and Ms. Hamilton, holding that their masking-and-testing allegations did not plead an adverse employment action.  *Id.* at 3–9.

2

Following the partial dismissal order, on January 12, 2024, the remaining Plaintiffs moved for class certification on their remaining claims.  ECF 238; ECF 280 at 4.  Four days later, Plaintiffs also sought reconsideration of the partial dismissal order.  ECF 241.  Plaintiffs did not, however, ask this Court in the alternative to enter Rule 54(b) judgment on the dismissed claims.

On June 21, 2024, this Court ruled on Plaintiffs' motion for class certification, granting it in part and denying it in part.  ECF 263 at 1.  The Court certified a class under Rule 23(b)(3) consisting of "all employees United deemed customer-facing who received an accommodation . . . and who were put on unpaid leave."  *Id.* at 41 (emphasis omitted).  This Court declined to certify any other classes.  It held that there are significant individualized issues concerning employees who either received a masking-and-testing accommodation or raised only an ADA claim, which precluded certification of any class including such employees under Rule 23(a), 23(b)(2), and 23(b)(3).  *Id.* at 4, 6–16, 20–21, 25–26, 35, 40.  The Court also held that Plaintiffs' request for punitive damages independently foreclosed certification of any class under Rule 23(b)(2), because such damages are not incidental to class-wide injunctive relief.  *Id.* at 27–30.  Finally, in the same document, the Court also included a separate order denying Plaintiffs' motion for reconsideration of the partial dismissal order.  *Id.* at 41.

United filed a timely petition under Rule 23(f) for permission to appeal the order partially granting class certification.  Two of the eight Plaintiffs—Mr. Sambrano and Ms. Kincannon—filed a Rule 23(f) petition for permission to appeal the order partially denying class certification.  On August 1, 2024, a panel of the Fifth Circuit granted both petitions.

While the Rule 23(f) petitions were still pending, Plaintiffs filed a notice of appeal from the dismissal order and the reconsideration denial.  ECF 266.  Rather than asking this Court to enter partial final judgment on the dismissed claims under Rule 54(b), Plaintiffs incorrectly

asserted that the dismissal order was itself a final decision under 28 U.S.C. § 1291.  ECF 266 at 1.

United promptly moved to dismiss that appeal for lack of appellate jurisdiction.  5th Cir. No. 24-

10656, Doc. 25.  In response, Plaintiffs voluntarily dismissed it.  5th Cir. No. 24-10656, Doc. 26.

Plaintiffs now belatedly ask this Court to enter a Rule 54(b) judgment so that they may again

appeal the dismissal order.  ECF 279.

## ARGUMENT

Ordinarily, parties must wait until a district court enters the final judgment for the entire

case before appealing.  *See* 28 U.S.C. § 1291.  That general rule "serves a number of important

purposes," including by limiting "piecemeal appeals" and focusing litigation on "just claims."

*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981).

Federal Rule of Civil Procedure 54(b) provides a narrow exception where a trial court may

"direct entry of a final judgment as to one or more, but fewer than all, claims or parties" in a case.

But "Rule 54(b) judgments are not favored," *Lucero v. Caterpillar Inc.*, 2023 WL 6036802, at *1

(N.D. Tex. Feb. 23, 2023), as the Fifth Circuit has admonished that they "should be [used]

sparingly" rather than "routinely," *Jasmin*, 726 F.2d at 244; *see* Wright & Miller, Federal Practice

& Procedure § 2659 & n.10 (collecting cases agreeing that Rule 54(b) judgments should rarely be

entered).  For starters, the exception applies only when "there is no just reason for delay," Fed. R.

Civ. P. 54(b), and only as to the dismissal of "distinct" claims (or parties), *see Eldredge v. Martin

Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000).  In addition, to ensure Rule 54(b) judgments

remain an exception, the Fifth Circuit has held that such orders must be limited to cases of

"hardship or injustice."  *PYCA Indus.*, 81 F.3d at 1421 (reversing Rule 54(b) order as "abuse of

discretion" where district court "articulate[d] no hardship or danger warranting immediate

appeal").  Plaintiffs' motion fails these requirements several times over.

4

I. **THE UNTIMELINESS OF PLAINTIFFS' MOTION DEFEATS THEIR ASSERTION THAT "THERE IS NO JUST REASON FOR DELAY"**

At the outset, to receive a Rule 54(b) judgment, the movant must show that "there is no just reason for delay." Fed. R. Civ. P. 54(b); *see DOH Oil Co. v. QEP Res., Inc.*, 2022 WL 18585970, at *4 (W.D. Tex. Aug. 25, 2022) (describing the movant's "burden of establishing that there is no just reason for delay"). That showing is particularly demanding when the movant delays in seeking a Rule 54(b) judgment, as "such thumb-twiddling is itself" reason to conclude that delayed appellate review is "a tolerable circumstance." *Bank of New York v. Hoyt*, 108 F.R.D. 184, 185–86 (D.R.I. 1985).

Applying that rule, courts routinely deny Rule 54(b) motions when a party waits for months to file. *See Miami Tribe of Oklahoma v. United States*, 2006 WL 3848949, at *4 (D. Kan. Dec. 29, 2006) (filing Rule 54(b) motion "ten months after the entry of the adjudication to which it relates[] is too long of a delay"); *Medifast, Inc. v. Minkow*, 2012 WL 13175889, at *2 (S.D. Cal. Apr. 13, 2012) (delay of five months weighed against granting motion); *see also Schaeffer v. First Nat. Bank of Lincolnwood*, 465 F.2d 234, 236 (7th Cir. 1972) (establishing "a *general rule* [that] it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed *more than thirty days* after the entry of the adjudication to which it relates" (emphasis added)).

Here, Plaintiffs have waited far too long to seek entry of a Rule 54(b) judgment. This Court issued its dismissal order *more than nine months ago*, on December 18, 2023, ECF 231, and it denied reconsideration of that order *more than three months ago*, on June 21, 2024, ECF 263. Yet Plaintiffs waited until now to seek entry of a partial final judgment to pursue an appeal of that order. In fact, before recently reversing course, Plaintiffs agreed that the case should be stayed in this Court pending the Rule 23(f) class-certification appeals. ECF 264.

5

Plaintiffs give no explanation for the timing of their motion, breezing past Rule 54(b)'s requirement that there be "no just reason for delay."  ECF 280 at 8–9.  To be sure, Plaintiffs filed an improper appeal from the partial dismissal order on July 18, 2024, ECF 266, but that hardly justifies their delay in bringing a timely Rule 54(b) motion.  There was no plausible jurisdictional basis for that appeal, as confirmed by Plaintiffs' acquiescence when confronted with United's motion to dismiss.  5th Cir. No. 24-10656, Docs. 25, 26.  Plaintiffs' baseless assertion that the dismissal order was appealable as of right under 28 U.S.C. § 1291 only underscores their lack of diligence.  Besides, even once Plaintiffs knew their appeal was flawed, they still delayed, letting nearly 30 days pass from the filing of United's dismissal motion to when they filed their motion here.  5th Cir. No. 24-10656, Doc. 25; ECF 279.  This Court should not reward their dilatory pursuit of a Rule 54(b) judgment, especially when such judgments are so heavily disfavored.

## II.    THIS IS NOT THE SORT OF RARE CASE WHERE "HARDSHIP OR INJUSTICE" WOULD OCCUR WITHOUT A RULE 54(B) APPEAL

Under Fifth Circuit precedent, a "district court should grant certification [under Rule 54(b)] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  *PYCA Indus.*, 81 F.3d at 1421.  That standard plainly is not met here.  Nor can Plaintiffs evade this rule by pointing to the pending class-certification appeals.

### A.    Plaintiffs Identify No Danger Of Hardship Or Injustice

Plaintiffs' motion does not even acknowledge the "hardship or injustice" standard, let alone attempt to satisfy it.  ECF 280 at 8–9.  That omission is fatal in this Circuit.  *See, e.g.*, *Lucero*, 2023 WL 6036802, at *2 ("Plaintiffs have not demonstrated any danger of hardship or injustice through delay which would be alleviated by immediate appeal."); *Charalambopoulos v. Grammer*, 2016 WL 5942225, at *5 (N.D. Tex. Oct. 13, 2016) ("[Plaintiff] has not explained what hardship or delay will be avoided by an immediate appeal, and the court thus exercises its discretion not to

6

enter a final judgment under Rule 54(b)."); *SBN V FNBC LLC v. Baldone*, 2023 WL 2213257, at *4 (E.D. La. Feb. 24, 2023) (refusing to enter a Rule 54(b) judgment where movant "does not argue . . . that there is a danger of denying justice by delay or a danger of hardship"); *Air Liquide Mexico S. de R.L. de C.V. v. Talleres Willie, Inc.*, 2015 WL 13764403, at *4 (S.D. Tex. July 31, 2015) (denying 54(b) motion where movant had not "shown any danger of hardship or injustice").

In any event, Plaintiffs cannot possibly satisfy the "hardship or injustice" standard. Although Plaintiffs contend that, from the perspective of litigation in the trial court, it would be "most efficient" to gain "clarity" as to the appellate court's views about the dismissed claims before litigating the still-pending claims, ECF 280 at 9, that looks at the issue from the wrong end of the telescope.  From the appellate court's perspective, those are truisms that would always justify a Rule 54(b) appeal of a partial dismissal. Courts thus reject Rule 54(b) motions resting on these types of assertions without any unusual harm to the movant from delay.  *See, e.g.*, *Spiegel v. Tr. of Tufts Coll.*, 843 F.2d 38, 46 (1st Cir. 1988) ("hypothetical . . . of additional trials" did not warrant Rule 54(b) judgment because "[v]irtually *any* interlocutory appeal from a dispositive ruling said to be erroneous contains the potential for requiring a retrial"); *Sahr v. City of Des Moines*, 693 F. Supp. 3d 999, 1003–04 (S.D. Iowa 2023) (refusing to enter Rule 54(b) judgment where plaintiff failed to "distinguish [case] from a mine-run multi-count lawsuit" merely by emphasizing that "all the parties would benefit from a ruling on the issue immediately, rather than at the conclusion of the case" (cleaned up)); *Menard v. LLOG Expl. Co.*, 2017 WL 1426968, at *2 (E.D. La. Apr. 21, 2017) ("delay and expense to monitor the continuing litigation . . . is present in every case in which claims are dismissed against some defendants but not others[] and does not indicate that this is the sort of 'infrequent hard case' that Rule 54(b) was designed to address").

If anything, a Rule 54(b) appeal of Plaintiffs' dismissed claims would be especially inappropriate, because their low "likelihood of success on appeal"—as demonstrated in this Court's persuasive dismissal order—creates "the high likelihood of judicial resources being wasted by allowing an appeal to proceed at this time." *Parker v. Ahmsi Ins. Agency Inc.*, 2021 WL 8565968, at *5 (S.D. Fla. July 8, 2021); *see Tetra Techs., Inc. v. Cont'l Ins. Co.*, 755 F.3d 222, 231 (5th Cir. 2014) (in reversing trial court's Rule 54(b) certification, faulting it for having asked appellate court "to sign-off mid-litigation on legal questions" that the district court itself had found did not even present "substantial ground for difference of opinion"); *cf. Firestone Tire & Rubber*, 449 U.S. at 374 (final-judgment rule keeps focus of litigation on "just claims").

## B. Plaintiffs Cannot Use The Pending Rule 23(f) Appeals To Bootstrap An Interlocutory Appeal Of The Dismissal Order

Plaintiffs' argument depends, in large part, on the premise that the dismissal order raises issues "related" to the class-certification appeals pending under Rule 23(f). ECF 280 at 3, 6, 8–9. That argument is legally and factually flawed in multiple respects.

Most fundamentally, any purported relationship between the class-certification denial and the dismissal order would not establish "hardship or injustice," as required by the Fifth Circuit's rule that a "district court should grant certification *only* when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *PYCA Indus.*, 81 F.3d at 1421 (emphasis added). At most, if the appeals truly were related, that might make an early appeal of the dismissal order more efficient; but it would not mean Plaintiffs will suffer any unusual "hardship or injustice" if the dismissal order nevertheless must be appealed after final judgment in the entire case. Tellingly, Plaintiffs cite no case—either within this Circuit or from anywhere else—that authorizes a Rule 54(b) appeal based on a pending class-certification appeal that is purportedly related.

8

Moreover, Plaintiffs are wrong that the rulings in the dismissal order are closely related to the class-certification appeals. A Rule 23(f) appeal permits consideration "only [of] the issue of class certification; no other issues may be raised." *Bell v. Ascendant Solutions, Inc.*, 422 F.3d 307, 314 (5th Cir. 2005). It thus does not permit "wide-ranging inquiries into the merits of claims . . . without reference to the criteria for class certification." *Regents of Univ. of Cal. v. Credit Suisse First Bos. (USA), Inc.*, 482 F.3d 372, 381 (5th Cir. 2007); *accord Mims v. Stewart Title Guar. Co.*, 590 F.3d 298, 302 (5th Cir. 2009). Accordingly, "the merits of the plaintiffs' claims . . . may only be considered" in a Rule 23(f) appeal *if* they are "relevant to the class certification question," *Mims*, 590 F.3d at 304, *and* "essential[] to the resolution of" the appeal, *Escobar v. Montee*, 895 F.3d 387, 392 (5th Cir. 2018). Here, *none* of the dismissal rulings satisfies that standard.

*First*, this Court dismissed the retaliation claims of all Plaintiffs, holding that United did not treat Plaintiffs worse because they requested accommodation. ECF 231 at 14–17, 32. The Court's class-certification order in no way depended on the dismissal of the retaliation claims. In fact, it never even mentioned the retaliation ruling, *see* ECF 263, as Plaintiffs sought certification only "for those Plaintiffs and claims that remained in the case," ECF 280 at 4.[1]

---

[1] Even if this Court were to grant Rule 54(b) certification as to some claims, it must deny Plaintiffs' request to certify the dismissal of the retaliation claims of Mr. Sambrano and Ms. Kincannon. "To enter a Rule 54(b) final judgment, the district court must have disposed of 'one or more . . . claims or parties.'" *Eldredge*, 207 F.3d at 740 (quoting Fed. R. Civ. P. 54(b)). The dismissal of fewer than all of a particular plaintiff's claims satisfies this standard only if the dismissed claim constitutes "a distinct 'claim for relief.'" *Id.* The required distinctiveness is not present when a "plaintiff merely presents alternative theories, drawn from the law of the same sovereign, by which the same set of facts might give rise to a single liability." *Schexnaydre v. Travelers Ins. Co.*, 527 F.2d 855, 856 (5th Cir. 1976). Here, the dismissed retaliation claims of Mr. Sambrano and Ms. Kincannon do not satisfy the distinct-claim requirement, as they constitute "a mere variation in legal theories" from their still-pending accommodation claims. *See United States v. Crow, Pope & Land Enters., Inc.*, 474 F.2d 200, 202 (5th Cir. 1973); *see also Chiari v. City of League City*, 920 F.2d 311, 314 (5th Cir. 1991) ("A final determination as to one of several legal theories is not an appealable final judgment.").

*Second*, this Court dismissed the failure-to-accommodate claims of Mr. Castillo, Ms. Medlin, and Mr. Rains for lack of a timely EEOC charge, and dismissed Ms. Jonas's Title VII failure-to-accommodate claim because it fell outside the scope of her EEOC charge. ECF 231 at 17–26, 28, 32. Again, the dismissal of those claims had no relationship to, or bearing on, the partial denial of class certification. This Court's class-certification order never mentioned those procedural rulings either. *See* ECF 263.

*Third*, this Court dismissed the failure-to-accommodate claims brought by Mr. Castillo and Ms. Hamilton, holding in part that masking and testing alone does not constitute an adverse employment action. ECF 231 at 3–9, 32. And Plaintiffs are correct that the Court partly relied on this ruling in denying certification of the Rule 23(b)(2) class and the Rule 23(b)(3) masking-and-testing class, reasoning that additional individual inquiries would be necessary to demonstrate adverse employment action for employees not placed on unpaid leave. ECF 263 at 10, 15–16, 25–26, 35. But there are numerous *independent grounds to affirm* that partial denial of class certification, thus severing any necessary relationship between the Rule 23(f) appeals and the dismissal order's adverse-action ruling.

As to the putative Rule 23(b)(2) class, this Court has already held that class certification is "independent[ly]" foreclosed because of Plaintiffs' request for punitive damages, ECF 263 at 27–30, and because the ADA claims would require individualized disability determinations, *id.* at 20–21, 24, 35. In addition, the Rule 23(b)(2) class would include employees whose accommodation requests were *denied*, *see id.* at 2, which would require individualized determinations of whether such employees forfeited their claims by breaching their "duty to cooperate" with United's accommodation process, *see* ECF 246 at 31 (quoting *Bruff v. N. Miss. Health Servs.*, 244 F.3d 495, 503 (5th Cir. 2001)).

10

A similar analysis applies to the Rule 23(b) masking-and-testing class.   As United explained in its Rule 23(f) petition, there are myriad individualized issues that defeat the commonality and predominance requirements for class certification.   In brief, these issues include (1) whether each employee's subjective need for a religious accommodation was sincere; whether each employee's particular job duties and working conditions were such that (2) masking and testing was a reasonable accommodation or that (3) an alternative accommodation would have caused undue hardship to United; and (4) whether these Title VII claims for compensatory and punitive damages involve predominantly individual-specific issues.   If United were to prevail on *any* of these arguments, that would *render irrelevant* to class certification whether this Court correctly applied Title VII's adverse-action requirement to the masking-and-testing accommodation.

In all events, if any of the rulings in the dismissal order truly were "intertwined" with, or "necessary to ensure meaningful review of," the class-certification decision, then the proper course would have been for Plaintiffs to ask the Fifth Circuit to exercise "pendent appellate jurisdiction" over those specific rulings in the Rule 23(f) appeals.   *Escobar*, 895 F.3d at 391.   Plaintiffs' attempt to get this Court to certify *all* the dismissal rulings under Rule 54(b) would end-run the limits on pendent appellate jurisdiction and usurp the Fifth Circuit's prerogative to deem some or all of those rulings immaterial to the Rule 23(f) appeals.

Plaintiffs' approach also would defeat the purpose of Rule 23(f)'s specialized appellate-review provision.   *See Microsoft v. Baker*, 582 U.S. 23, 27 (2017) (rejecting a different "tactic" that similarly sought to "subvert the balanced solution Rule 23(f) put in place for immediate review of class-action orders"); *cf. LeFever v. Ferguson*, 567 F. App'x 426, 432 (6th Cir. 2014) (appeal of qualified-immunity ruling did not support entering Rule 54(b) judgment on other rulings

because the "distinct jurisdictional bases for these appeals justify separate timing"). As noted, Rule 23(f) permits consideration "only [of] the issue of class certification," *Bell*, 422 F.3d at 314, and does not permit "wide-ranging inquiries into the merits of claims," *Regents*, 482 F.3d at 381. In trying to inject merits issues into the mix through a Rule 54(b) judgment, Plaintiffs improperly seek to "parlay" the Rule 23(f) class-certification appeals into a "multi-issue interlocutory appeal ticket[]." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50 (1995).

Relatedly, entering a partial final judgment on the dismissal rulings would make the pending appeals less efficient, not more efficient. Rather than being able to focus on the significant class-certification issues, the Fifth Circuit would have to address multiple objections to the dismissal of individual Plaintiffs' claims on procedural and substantive grounds. As the dismissal of those claims plainly would not satisfy the Rule 54(b) standard in the absence of the pending Rule 23(f) appeals, it would be perverse to grant Rule 54(b) certification *because* of the Rule 23(f) appeals notwithstanding that certification would *burden* those appeals rather than benefit them. And that further underscores why Plaintiffs cannot demonstrate the "hardship or injustice" required for Rule 54(b) certification in this Circuit. *PYCA Indus.*, 81 F.3d at 1421.

## III.   CERTIFICATION IS NOT A SURE PATHWAY TO MORE EFFICIENT PROCEEDINGS IN THIS COURT

Because they cannot hope to meet the actual legal standards for Rule 54(b) certification, Plaintiffs' argument boils down to the idea that by granting certification, this Court can ensure that when this case eventually returns to its docket, all of the outstanding issues will be resolved, smoothing the way toward a faster and more efficient resolution. By contrast, they say, delaying the appeal could mean that "the parties and the Court may end up needing to start over years from now with new discovery and briefing on critical issues that are intertwined with pending issues in the case." ECF 280 at 7.

12

Even taken on its own (legally irrelevant) terms, that argument is a mirage. It is just as likely that an immediate appeal of the partial dismissal order will delay—not expedite—final resolution of this case and create more work for everyone. Suppose, for example, that the partial dismissal order goes up to the Fifth Circuit and is reversed. It is conceivable, in that scenario, that the Fifth Circuit might decide that it should not even reach the class-certification issues and instead would remand for reconsideration of class certification in light of its ruling on the partial dismissal. If that happened, this case would be back in virtually the same posture it was almost a year ago. Likewise, it is certainly possible that denying a Rule 54(b) judgment would set up a more efficient outcome. For example, if the Fifth Circuit rejects certification of all the putative classes and United ultimately prevails on the merits of the unpaid-leave claims, then the masking-and-testing claims and the retaliation claims would necessarily fail too. If that happened, there would be no need for either this Court or the Fifth Circuit to further consider those dismissed claims.

Plaintiffs may say that those scenarios are unlikely and/or that it is just as likely that requiring an ordinary appeal after final judgment will drag out these proceedings. They cannot, however, guarantee that their preferred approach is the most efficient, either for this Court or the Fifth Circuit. They are, at best, just guessing. In the end, speculation about what would be "efficient" is neither the legal test under Rule 54(b) nor a wise basis for decision.

## CONCLUSION

For the foregoing reasons, United respectfully requests that the Court deny Plaintiffs' motion for entry of partial final judgment.

13

Dated: September 25, 2024                     Respectfully submitted,


                                              /s/ *Russell D. Cawyer*
                                              Russell D. Cawyer
                                              TX Bar No. 00793482
                                              KELLY HART & HALLMAN LLP
                                              201 Main Street, Suite 2500
                                              Fort Worth, TX 76102
                                              Telephone: +1.817.322.2500
                                              Facsimile: +1.817.335.2820
                                              Email: russell.cawyer@kellyhart.com

                                              Donald J. Munro
                                              D.C. Bar No. 453600
                                              Hashim M. Mooppan
                                              D.C. Bar No. 981758
                                              JONES DAY
                                              51 Louisiana Avenue, NW
                                              Washington, D.C. 20001
                                              Telephone: +1.202.879.3939
                                              Facsimile: +1.202.626.1700
                                              Email: dmunro@jonesday.com
                                              Email: hmmooppan@jonesday.com

                                              Jordan M. Matthews
                                              IL Bar No. 6300503
                                              JONES DAY
                                              110 North Wacker Drive, Suite 4800
                                              Chicago, IL 60606
                                              Telephone: +1.312.269.4169
                                              Facsimile: +1.312.782.8585
                                              Email: jmatthews@jonesday.com

                                              Alexander V. Maugeri
                                              NY Bar No. 5062666
                                              JONES DAY
                                              250 Vesey Street
                                              New York, NY 10281
                                              Telephone: +1.212.326.3939
                                              Facsimile: +1.212.755.7306
                                              Email: amaugeri@jonesday.com

                                              **ATTORNEYS FOR DEFENDANT**
                                              **UNITED AIRLINES, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that, on September 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.


_/s/ *Russell D. Cawyer*_____