**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| DAVID SAMBRANO, individually and on behalf of all others similarly situated, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>*Defendant*. | Civil Action No.: 4:21-cv-01074-P |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO LIFT STAY AND FOR ENTRY OF PARTIAL FINAL JUDGMENT**

## TABLE OF CONTENTS

INTRODUCTION ........ 1

ARGUMENT ........ 1

CONCLUSION ........ 9

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*,
760 F.2d 442 (2d Cir.1985) ........ 4, 5

*Bank of New York v. Hoyt*,
108 F.R.D. 184 (D.R.I. 1985) ........ 2, 3

*Campbell v. Westmoreland Farm, Inc.*,
403 F.2d 939 (2d Cir. 1968) ........ 4, 5

*Escobar v. Montee*,
895 F.3d 387 (5th Cir. 2018) ........ 8

*Kelly v. Lee's Old Fashioned Hamburgers, Inc.*,
908 F.2d 1218 (5th Cir. 1990) ........ 3

*Medifast, Inc. v. Minkow*,
2012 WL 13175889 (S.D. Cal. Apr. 13, 2012) ........ 2, 3

*Migdon v. 171 Holdings, LLC*,
No. 21-30411, 2022 WL 404583 (5th Cir. Feb. 9, 2022) ........ 3

*PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*,
81 F.3d 1412 (5th Cir. 1996) ........ 4, 5

*Regents of Univ. of Cal. v. Credit Suisse First Bos. (USA), Inc.*,
482 F.3d 372 (5th Cir. 2007) ........ 8

*Schaeffer v. First Nat'l Bank of Lincolnwood*,
465 F.2d 234 (7th Cir. 1972) ........ 3

**Rule**

Fed. R. Civ. P. 54 ........ 1, 4

## INTRODUCTION

In its continued quest to draw out these proceedings as long as possible, United Airlines, Inc. opposes Plaintiffs' reasonable and well-supported request that the Court enter partial final judgment on its earlier decision granting in part United's motion to dismiss, so that Plaintiffs can appeal that decision and have the Fifth Circuit consider it alongside the other issues that are currently on appeal. Op. & Order (ECF No. 231). By contrast, if United has its way, the parties and the Court will spend the next year proceeding through discovery, motions practice, and trial on the remaining class claims. Then, once a final judgment is entered after trial, the parties will start that process all over if Plaintiffs' eventual appeal of any aspect of the Court's motion-to-dismiss decision is successful.

That is a poor use of the parties' and the Court's resources. And it is no answer for United to assert that this is simply the "common" schedule under the Federal Rules. Opp'n at 1 (ECF No. 282). As the Court no doubt appreciates, this is not the "common" case, and Rule 54(b) exists for instances like these where the "common" schedule would be inefficient and where there is "no just reason for delay." Fed. R. Civ. P. 54(b). But United's opposition is especially misguided considering that proceedings in this Court are already stayed pending appeal, and the Fifth Circuit will be addressing many of the same issues in the current certification appeal that it will address when reviewing the motion-to-dismiss decision. Accordingly, it is reasonable and just to use the current pause of proceedings here to allow the Fifth Circuit to address each of these issues in tandem with other issues that are currently on appeal.

## ARGUMENT

United fails to rebut Plaintiffs' showing that the Court should enter partial final judgment on its motion-to-dismiss decision. *First*, United baselessly claims that Plaintiffs unreasonably delayed in seeking relief under Rule 54(b). *Second*, United misstates the legal standard under

Rule 54(b) and ignores Plaintiffs' showing that delaying the appeal of the motion-to-dismiss decision is inefficient, unjust, and an undue hardship on all parties and the Court.

1. On United's first point: Plaintiffs filed their Rule 54(b) motion fewer than three months after the Court denied reconsideration. That timeline is hardly unreasonable, and it is certainly not "dilatory," as United suggests. Opp'n at 6. United is mistaken on the law and the facts when arguing that this supposed delay is an independent reason to deny Plaintiffs' motion.

As to the law, United's motion is notable for one thing it is missing—a single case from this Circuit denying a Rule 54(b) motion due to delay. *See* Opp'n at 5–6. Instead, United grasps at inapposite, out-of-circuit cases to bolster its argument. But even those cases don't help United. Take *Medifast, Inc. v. Minkow*, 2012 WL 13175889 (S.D. Cal. Apr. 13, 2012), where, according to United (at 5), the court held that a "delay of five months weighed against granting [the] motion." Not so. That court only held that a Rule 54(b) motion must be "seasonable," and the court further held that it "does not see the delay in filing the motion as a reason to deny it." *Medifast*, 2012 WL 13175889, at *2 (citation omitted from first quote).[1]

Similarly unhelpful to United is *Bank of New York v. Hoyt*, 108 F.R.D. 184 (D.R.I. 1985). United suggests (at 5) that the *Hoyt* court criticized the movants for "thumb-twiddling" when seeking Rule 54(b) relief. But the *Hoyt* court held that the Rule 54(b) motion was *timely*, and it explained that timeliness "should not be accorded talismanic importance," as there are "no express temporal restrictions" in Rule 54(b).[2] 108 F.R.D. at 185–86. United's failure to marshal any authority to support its argument speaks volumes.

[1] Additionally, United states (at 5) that *Medifast* is an example of where "courts routinely deny Rule 54(b) motions[.]" The trouble for United is that the *Medifast* court *granted* the request for partial final judgment. 2012 WL 13175889, at *2.

[2] Other examples abound. United suggests a "general rule" that "it is an abuse of discretion … to grant" Rule 54(b) relief when the motion is filed more than thirty days after the underlying order.

As to the facts, United is equally misguided. For one, United mischaracterizes the case history by repeatedly referencing a nine-month delay in requesting Rule 54(b) relief. *See* Opp'n at 5. That ignores Plaintiffs' request for reconsideration less than one month after the motion-to-dismiss decision, and it ignores that Plaintiffs filed their Rule 54(b) motion fewer than *three months* after the Court denied reconsideration. That timeline is hardly "dilatory." Opp'n at 6.

United is also mistaken when suggesting (at 6) that Plaintiffs' appeal of the motion-to-dismiss decision lacked any "plausible jurisdiction[]" or that Plaintiffs "acquiesced" to "United's motion to dismiss" the appeal. Plaintiffs simply opted for a more efficient route. Plaintiffs would have demonstrated on appeal that Rule 54(b) does not bar their appeal because there was an "unmistakable intent to enter a partial final judgment." *Migdon v. 171 Holdings, LLC*, No. 21-30411, 2022 WL 404583, at *1 (5th Cir. Feb. 9, 2022) (quoting *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc) (per curiam)). That is clearly the case here: (i) the dismissal was entered with prejudice (ECF No. 231 at 32); (ii) the Court denied reconsideration, including the request to convert the dismissal to being without prejudice (ECF No. 241; ECF No. 263); and (iii) the Court subsequently administratively closed the case pending appeal, thereby confirming that it did not anticipate additional proceedings until after the Fifth Circuit's proceedings concluded (ECF No. 265). However, Plaintiffs determined that a protracted procedural dispute would be inefficient, and they opted instead to return to this Court for approval of a Rule 54(b) motion.

---

Opp'n at 5 (emphasis omitted) (citing *Schaeffer v. First Nat'l Bank of Lincolnwood*, 465 F.2d 234, 236 (7th Cir. 1972)). But United fails to note that other cases—like the *Hoyt* decision it cites—"eschew[] [*Schaeffer*'s] inflexible criterion." 108 F.R.D. at 185; *accord Medifast*, 2012 WL 13175889, at *2 (granting Rule 54(b) relief after five months).

When United's mistaken view of the law and facts is set aside, it is clear that there was no undue delay on Plaintiffs' part, and the timing of the Rule 54(b) motion is not a reason to deny it. On the contrary, and as explained next, Plaintiffs easily show that there is "no just reason for delay." Fed. R. Civ. P. 54(b).

2. Indeed, it would be *unjust* to deny Plaintiffs' motion because doing so would impose inefficiencies and an undue hardship on the parties and the Court. Here again, United is wrong on the law. United argues that Plaintiffs' motion should be denied because they ignored controlling precedent by not separately invoking a supposed "danger of hardship or injustice" standard. Opp'n at 1 (quoting *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)). In fact, United repeats this refrain throughout its opposition as though it is a separate requirement beyond the requirement to show "no just reason for delay." *See id.* at 1, 4, 6, 7, 8, 12 (citing *PYCA Indus.*, 81 F.3d at 1421). But that is not so. Rather, "danger of hardship or injustice" is just another way of saying "no just reason for delay," as *PYCA* confirms: "A district court should grant certification only when there exists some danger of hardship or injustice *through delay* which would be alleviated by immediate appeal[.]" *PCYA Indus.*, 81 F.3d at 1421 (emphasis added).

That fact is made even clearer by the authority the Fifth Circuit cites in *PYCA*. *See id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 445 (2d Cir.1985)). The *Ansam* court took the phrase "hardship or injustice" from an earlier Second Circuit decision, which explained that "danger of hardship or injustice" is another way of saying "no just reason for delay." *Ansam Assocs.*, 760 F.2d at 445 (citing *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2d Cir. 1968)). The Second Circuit could not have been clearer: "Before the trial judge may make a finding of finality, however, the words of Rule 54(b) require that there be 'no just reason for

delay.' *In other words*, there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Campbell*, 403 F.2d at 942 (emphasis added).

United is thus flat wrong in its repeated insistence that Plaintiffs' motion must be denied for failing to separately address a "danger of hardship or injustice." Rather, Plaintiffs must only show that there is "no just reason for delay," which they did in their motion.

Indeed, Plaintiffs clearly demonstrated that it would be unjust to delay an appeal of the motion-to-dismiss decision as that would work a hardship on the parties and the Court. *See* Pls.' Mot. at 6 (ECF No. 280) ("Because reasons of justice, judicial administration, and equities support partial final judgment here, the Court should exercise its discretion to enter final judgment on the motion-to-dismiss order."). Specifically, as Plaintiffs demonstrated (at 6–7), the Fifth Circuit will already be reviewing several aspects of the motion-to-dismiss decision in the class-certification appeal. It would be a quintessential piecemeal appeal if the Fifth Circuit must wait to consider the other part of the motion-to-dismiss decision after full discovery and trial. And, as the Fifth Circuit explains: "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus.*, 81 F.3d at 1421 (citing *Ansam Assocs.*, 760 F.2d at 445). Such a piecemeal appeal necessarily creates hardship on the parties and courts by duplicating efforts and wasting time.[3] United's counterarguments to this point all fail.

For instance, United resists the conclusion that there are overlapping issues between the Court's decisions because, in United's estimation, the Fifth Circuit might just affirm on one of "numerous independent grounds." Opp'n at 10–11 (emphasis omitted). In other words, because

[3] Of course, in the mine-run case, it might be reasonable not to permit an appeal under Rule 54(b). This is not a mine-run case, however, as there are significant overlapping issues between the motion-to-dismiss decision and the certification decision, the proceedings in this Court are already stayed, and thus no delay will be caused by granting Plaintiffs' motion.

United believes the Fifth Circuit will completely agree with United's arguments, there will not be any overlapping issues between the class-certification appeal and the motion-to-dismiss appeal. Of course, that is simply United's "guessing," to use its word, about what will occur on appeal. *See id.* at 13. That is not a basis for denying Plaintiffs' motion, as the substantial likelihood remains that the Fifth Circuit will consider some or all of the various overlapping issues.[4]

Relatedly, United asks the Court (at 8) to deny Plaintiffs' motion because Plaintiffs have a "low likelihood of success" in challenging the Court's "persuasive" motion-to-dismiss decision. To be sure, United felt differently about this Court's class-certification decision, which United told the Fifth Circuit was "completely unprecedented" and "contrary to well-established principles in [the Fifth] Circuit governing class certification." United's Pet. for Leave to Appeal at 8, No. 24-90016 (5th Cir. filed July 8, 2024), Doc. 2. United appears to believe immediate appeals are warranted when the Court rules against it, but they are improper when United agrees with the decision. Once again, that is not a sound basis for denying Plaintiffs' motion.

United also ignores serious inefficiencies and injustices that would result from denying Plaintiffs' motion. Indeed, United overlooks that the Court's motion-to-dismiss decision eliminated several named Plaintiffs. For example, the Court dismissed with prejudice the claims of those subject to United's harsh masking-and-testing policies, including Kimberly Hamilton and David Castillo. *See, e.g.*, Op. & Order at 8–9 (ECF No. 231). Yet the lawfulness of United's masking-and-testing accommodation is part of the certification appeal. *See, e.g.*, Op. & Order

[4] This similarly dooms United's attempt (at 9 n.1) to prevent the Court from granting Rule 54(b) relief with respect to the dismissed retaliation claims of Plaintiffs Sambrano and Kincannon. As United sees it, those retaliation claims are just repackaged failure-to-accommodate claims, and thus they do not satisfy the requirement that the dismissed claims be distinct. *See id.* And, while that is certainly United's legal argument, Plaintiffs have already demonstrated why United is mistaken. *See* ECF No. 242 at 10–12.

at 8–9 (ECF No. 263). Suppose the Fifth Circuit reverses this Court's decision about the proposed masking-and-testing subclass and holds that United's severe masking-and-testing accommodations plausibly caused more than *de minimis* harm. That reversal will be hollow, because there will be no named plaintiff to represent that subclass on remand. Rather, the Fifth Circuit must also reverse the portion of the motion-to-dismiss decision that dismissed parties on that same basis. Surely having no named plaintiff for a class at this stage of the litigation, when class-certification discovery has concluded, is an undue hardship and highly inefficient.[5]

Relatedly, if Plaintiffs must wait until after trial to appeal the motion-to-dismiss decision and the scope of the class changes during that appeal because, for example, the Fifth Circuit concludes that planning to place employees on unpaid leave, even if United later reversed course, is an adverse employment action, the parties and the Court must start the class-certification process from scratch after having already completed discovery and a trial on the currently certified class.[6]

Perhaps recognizing the obvious injustice of this approach, United next claims (at 9) that if the motion-to-dismiss and class-certification issues were truly intertwined, Plaintiffs should have asked the Fifth Circuit to exercise pendent appellate jurisdiction. United's sole authority for that

[5] There are several other overlapping issues the Fifth Circuit will need to address when reviewing the class-certification decision and the motion-to-dismiss decision. The lawfulness of the masking-and-testing accommodation arises in both decisions. *See* ECF No. 231 at 6–7; ECF No. 263 at 15. So too does the lawfulness of related requirements, including being forced to eat alone outside. *See* ECF No. 231 at 6–7; ECF No. 263 at 15. Similarly, both decisions held that the plan to place all "accommodated" employees on unpaid leave was not an adverse action unless the employee was actually placed on unpaid leave. *See* ECF No. 231 at 8; ECF No. 263 at 10. Of course, there is not complete overlap between the decisions. But even for the few issues that do not overlap, there are still ramifications for the remaining parties and claims. Thus, it remains most beneficial to the parties and the Court to have the Fifth Circuit consider all of these issues at the same time.

[6] United also argues (at 13) that similar inefficiencies may result from granting Plaintiffs' motion because the Court has already issued its certification decision. While the parties may need to engage in supplemental briefing about class certification on remand, it would be far preferable to do so now, before discovery resumes, rather than to do so after trial.

proposition is *Escobar v. Montee*, 895 F.3d 387 (5th Cir. 2018). But that case is not instructive, as it addressed a plaintiff's attempt to have the Fifth Circuit review a motion-to-dismiss order on one claim alongside a decision on qualified immunity. *Id.* at 390. The case says nothing about pendent appellate jurisdiction in the context of class certification. In any event, United cannot demand that Plaintiffs follow United's preferred litigation strategy, nor may it show that deviating from that strategy is a reason to deny Plaintiffs' motion.

United further claims (at 11) that a partial final judgment would "defeat the purpose of Rule 23(f)'s specialized appellate-review provision." United goes on to argue that Rule 23(f) "does not permit 'wide-ranging inquiries into the merits of claims.'" Opp'n at 12 (citing *Regents of Univ. of Cal. v. Credit Suisse First Bos. (USA), Inc.*, 482 F.3d 372, 381 (5th Cir. 2007)). But *Credit Suisse* cuts against United. The quote about "wide-ranging inquiries" concerned *district courts* examining the merits when determining whether to certify a class. *Credit Suisse*, 482 F.3d at 381. The quote has nothing to do with Rule 23(f). What's more, *Credit Suisse* states that, while Rule 23(f) only permits a review of class-certification issues, "[t]he fact that an issue is relevant to both class certification and the merits, however, does not preclude review of that issue." *Id.* at 380; *accord id.* at 381 (explaining that, in a "rule 23(f) appeal, this court can, and in fact must, review the merits of the district court's theory of liability insofar as they also concern issues relevant to class certification"). Thus, nothing about Plaintiffs' motion compromises the proper use of Rule 23(f).

Finally, United repeatedly argues that it would be inefficient for the Fifth Circuit to consider these issues in a consolidated appeal. *See, e.g.*, Opp'n at 9 (discussing what Rule 23(f) permits the Fifth Circuit to consider in a single appeal); *id.* at 12 (arguing that the presence of any independent issues would make a consolidated appeal "less efficient"). But that puts the cart

before the horse. Plaintiffs are not asking the Court to authorize them to pursue a consolidated appeal of the motion-to-dismiss decision and the certification decision. That is a question for the Fifth Circuit. The question here is only whether it is efficient and just to allow appeals of both decisions to occur at the same time while the proceedings here are stayed. The answer to that narrow question is obviously "yes."

**CONCLUSION**

United proposes to extend this case, unnecessarily, for several more years. But Rule 54(b) gives the Court an efficient mechanism for avoiding such a harmful and unjust delay. The proceedings here are currently stayed, and allowing the Fifth Circuit to consider both the certification decision and the motion-to-dismiss decision at the same time (if it so chooses) will provide the most sensible path forward, and it will clearly define what issues need to be addressed during discovery and trial. United has failed to provide any reason to conclude otherwise. Accordingly, the Court should grant Plaintiffs' motion so the Fifth Circuit may address each of these issues now before the proceedings here resume.

September 27, 2024

Respectfully submitted,

John C. Sullivan
Texas Bar No. 24083920
David Austin R. Nimocks
Texas Bar No. 24002695
S|L LAW PLLC
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

*/s/ Mark R. Paoletta*
Mark R. Paoletta*
D.C. Bar No. 422746
Gene C. Schaerr*
D.C. Bar No. 416368
Brian J. Field*
D.C. Bar No. 985577
Cristina Martinez Squiers
Texas Bar No. 24093764
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
mpaoletta@schaerr-jaffe.com

* Admitted *pro hac vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

On September 27, 2024, I filed the foregoing document with the clerk of court for the United States District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rule of Civil Procedure 5(b)(2) (ECF System).

*/s/ Brian J. Field*
Brian J. Field