**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **DAVID SAMBRANO, *et al.*, individually, and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED AIRLINES, INC.,**<br><br>**Defendant.** | **CIVIL ACTION. 4:21-CV-01074-P** |

**UNITED'S REPLY BRIEF IN SUPPORT OF RENEWED PARTIAL MOTION TO DISMISS NON-TEXAS CLASS MEMBERS FOR LACK OF PERSONAL JURISDICTION AND VENUE OR ALTERNATIVELY FOR CERTIFICATION FOR INTERLOCUTORY APPEAL UNDER SECTION 1292(b)**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

ARGUMENT ........................................................................................................ 2

I. THE COURT LACKS PERSONAL JURISDICTION OVER THE CLAIMS OF CLASS MEMBERS WHO NEITHER LIVED NOR WORKED IN TEXAS .................. 2

A. The Fifth Circuit Has Not Decided this Issue and Out-of-Circuit Authority Does Not Bind this Court .................................................. 2

B. The Principles Reaffirmed in Bristol-Myers Apply to Class Actions ................... 3

II. THE COURT SHOULD DISMISS OR TRANSFER THE CLAIMS OF OUT-OF-STATE CLASS MEMBERS FOR IMPROPER VENUE .......................................... 7

III. THE COURT SHOULD CERTIFY A § 1292(b) APPEAL ............................................. 9

CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

**CASES**


*Abrams Shell v. Shell Oil Co.*,
343 F.3d 482 (5th Cir. 2003) ....................8

*Allen v. U.S. Dep't of Homeland Sec.*,
514 F. App'x 421 (5th Cir. 2013) ....................8

*Bell v. Ascendant Solutions, Inc.*,
422 F.3d 307 (5th Cir. 2005) ....................9, 10

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
582 U.S. 255 (2017)....................4, 5, 6, 7

*Canaday v. Anthem Cos.*,
9 F.4th 392 (6th Cir. 2021) ....................5

*Cruson v. Jackson Nat'l Life Ins. Co.*,
954 F.3d 240 (5th Cir. 2020) ....................1, 2, 4, 9

*Engstrom v. Air Line Pilots Ass'n, Int'l and United Airlines, Inc.*,
No. 6:22-cv-02130, ECF No. 53 (M.D. Fla. Nov. 6, 2023)....................7

*Fischer v. Fed. Express Corp.*,
42 F.4th 366 (3d Cir. 2022) ....................5

*Hain Celestial Grp., Inc. v. Palmquist*,
607 U.S. 421 (2026)....................10

*Hamdan v. Rumsfeld*,
548 U.S. 557 (2006)....................2

*Johnson v. Lumpkin*,
76 F.4th 1037 (5th Cir. 2023) ....................2

*Lyngaas v. Curaden AG*,
992 F.3d 412 (6th Cir. 2021) ....................1, 5

*Molock v. Whole Foods Mkt. Grp., Inc.*,
952 F.3d 293 (D.C. Cir. 2020) ....................1, 4, 5, 9

*Morrison v. Nat'l Australia Bank Ltd.*,
561 U.S. 247 (2010) ... 2

*Mussat v. IQVIA, Inc.*,
953 F.3d 441 (7th Cir. 2020) ... 2, 4, 5

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999) ... 6

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) ... 4

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
559 U.S. 393 (2010) ... 6

**STATUTES**

28 U.S.C.
§ 1292(b) ... 9, 10
§ 1404 ... 8, 9
§ 1406(a) ... 7, 9

42 U.S.C.
§ 2000e-5(f)(3) ... 7

Rules Enabling Act ... 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 4(k) ... 3

Fed. R. Civ. P. 23 ... passim

Tex. Disciplinary R. Prof'l Conduct 3.03(a)(4) ... 2

## INTRODUCTION

Plaintiffs offer no convincing reason for this Court not to apply the jurisdictional principles the Supreme Court handed down in *Bristol-Myers Squibb* to this Rule 23 class action. Counting noses of courts is no way to resolve this weighty constitutional question, though this Court would be in esteemed company if it exercises its independent judgment to limit this nationwide class to Texas claims. *See, e.g.*, *Lyngaas v. Curaden AG*, 992 F.3d 412, 443 (6th Cir. 2021) (Thapar, J., concurring in part and dissenting in part) ("[I]nvoking that [class action] device neither excuses nor satisfies the personal jurisdiction requirement."); *Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 306 (D.C. Cir. 2020) (Silberman, J., dissenting) ("Although the Supreme Court [in *Bristol-Myers*] avoided opining on whether its reasoning in the mass action context would apply also to class actions, . . . logic dictates that it does."); *cf. Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 251–52 (5th Cir. 2020) (clearing the way for a defendant to assert exactly this argument in the district court). The Court should grant United's partial motion for lack of personal jurisdiction and venue (or at a minimum certify an appeal). None of Plaintiffs' rebuttals succeed:

- Plaintiffs do not dispute that, in line with this Court's prior decision, general jurisdiction is lacking, and over 75% of the class members' claims lack specific personal jurisdiction.

- The only issue then is whether Rule 23, which cannot alter substantive rights, allows class members to litigate in a forum that lacks jurisdictional power over their claims. It cannot. Plaintiffs are simply mistaken that "party" status or *Bristol-Myers*' discussion of the Fifth Amendment is relevant: at bottom, Plaintiffs want to use the coercive power of this Court to enter a preclusive judgment that would bind each class member, while Rule 4(k) only gives this Court power equal to that of a Texas state court under the Fourteenth Amendment.

- Adhering to the Constitution here creates no inefficiency or anomaly: the Texas plaintiffs can continue their class action here and non-Texas class members can pursue their claims (either alone or with the rest of the class) in Illinois (or Delaware), where United is "at home."

- Finally, lack of venue is an alternative reason to limit this case to Texas-only claims via dismissal under Rule 12(b)(3) or a transfer such claims under Section 1406. United does not seek "reconsideration"—it has never moved to dismiss the class members' claims or sought their mandatory transfer until now, since this Court deferred motion practice against them.

# ARGUMENT

## I. THE COURT LACKS PERSONAL JURISDICTION OVER THE CLAIMS OF CLASS MEMBERS WHO NEITHER LIVED NOR WORKED IN TEXAS.

### A. *The Fifth Circuit Has Not Decided this Issue and Out-of-Circuit Authority Does Not Bind this Court.*

Plaintiffs do not dispute that the application of the principles in *Bristol-Myers* to class actions remains an open question in the Fifth Circuit, and they offer no authority binding on this Court. Although United acknowledged the existence of contrary authority beginning on the first page of its brief and cited split decisions from other circuits (Br. at 1, 9), Plaintiffs falsely accuse United of failing to satisfy its "duty of candor."[1] In addition, Plaintiffs attempt to discount *Cruson*, but *Cruson* made clear that this is an unsettled legal issue on which "courts have split." *Cruson*, 954 F.3d at 247 n.4 ("district court[ ] decisions have advanced divergent interpretations of *Bristol-Myers Squibb*'s effect on class action practice").

The application of *Bristol-Myers* to class actions remains contested today, as Plaintiffs' opposition illustrates by walking through authorities on both sides. While some circuits have gone the other way (two over hotly-contested dissents by Judges Thapar and Silberman), other courts and scholars agree Rule 23 must be limited by personal jurisdiction and, ultimately (*see* Br. at 9–11), it is the quality of the reasoning, not the tally of decisions, that matters.[2] The Court should reject Plaintiffs' invitation to decide this issue based on numbers rather than its merits.

---

[1] The duty of candor requires that a lawyer not "fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Tex. Disciplinary R. Prof'l Conduct 3.03(a)(4); *see also Johnson v. Lumpkin*, 76 F.4th 1037, 1038 (5th Cir. 2023) (requiring attorneys to disclose "binding precedent"). United has been transparent about the state of the law and the absence of any binding Fifth Circuit case law.

[2] Two additional points bear note. *First*, the Supreme Court has not hesitated to reject even the *unanimous* view of the circuits—here, only a few circuits have weighed in. *See, e.g.*, *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010). *Second*, that then-Judge Barrett joined the decision in *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 446–47 (7th Cir. 2020), does not immunize it from error. The Supreme Court has reversed decisions by its current members when they served on the courts of appeals. *See, e.g.*, *Hamdan v. Rumsfeld*, 548 U.S. 557 (2006) (reversing opinion joined by then-Judge Roberts).

**B. *The Principles Reaffirmed in Bristol-Myers Apply to Class Actions.***

As United explained, in all cases, personal jurisdiction is assessed on a claim-by-claim basis, where each claim must arise out of or relate to the defendant's activities in the forum state. *See* Br. at 11 (citing *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 265 (2017)). Because class actions are a "species" of joinder, the claims of absent class members are in the case and a judgment will bind them and the defendant. Thus, traditional notions of personal jurisdiction must attach to each claim. *See* Br. at 12 (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408 (2010) (plurality opinion)). Rule 23 cannot override the requirements of personal jurisdiction because it does not address jurisdictional requirements at all. Jurisdiction is addressed by Rule 4(k), and the Rules Enabling Act makes clear that Rule 23 cannot expand or modify a court's jurisdictional reach. *See* Br. at 12–13.

Significantly, Plaintiffs do not challenge the absence of general jurisdiction or specific personal jurisdiction over the claims of out-of-state class members. *See generally* Opp. That is undisputed. Instead, they insist the Court should resist a straightforward application of jurisdictional principles, but none of their arguments succeed.

*First*, Plaintiffs try to manufacture a conflict between United's position and "*Bristol-Myers* itself." Opp. at 10. Plaintiffs note that *Bristol-Myers* left open the question of "whether the *Fifth* Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* (emphasis added). But that issue is irrelevant here, where the Court's jurisdiction is limited to the reach of a Texas state court under the *Fourteenth* Amendment since Title VII has no nationwide service provision. *See* Fed. R. Civ. P. 4(k)(1)(A); *see also* ECF 103 at 5 (this Court explaining that "service can only be effective to the extent a Texas state court of general jurisdiction could exercise jurisdiction over a defendant"). Thus, the question answered in *Bristol-Myers*—whether a state court (*i.e.*, a Texas court) could exercise personal jurisdiction over a

nonresident defendant with respect to nonresidents' claims—is the same question this Court must answer. United does not claim, and the Court need not address, whether *Bristol-Myers* "silently overturned" case law involving nationwide classes relying on specific jurisdiction. *See* Opp. at 11. *Bristol-Myers* reaffirmed that personal jurisdiction must be assessed on a claim-by-claim basis. Because personal jurisdiction defenses are waivable if not raised by a defendant, reliance on earlier cases where the defense was never raised proves nothing. *See, e.g.*, *Molock*, 952 F.3d at 310 n.13 (Silberman, J., dissenting) (noting that *Bristol-Myers* "seems to have focused the attention of defendants on the *implications* of the Court's prior personal jurisdiction decisions"). On that score, the Fifth Circuit has spoken. *See Cruson*, 954 F.3d at 251 ("*Bristol-Myers* provided new legal support for [the defendant's personal jurisdiction] objection.").

*Second*, Plaintiffs argue that absent class members are not "parties" for the purposes of personal jurisdiction, but party status is irrelevant. *Bristol-Myers* confirms that personal jurisdiction is assessed by *claim*, 582 U.S. at 264, and Plaintiffs do not contend that absent class members' *claims* are not in the case—indeed, they seek money damages and a judgment on those claims. Therefore, whether absent class members are "parties" is the wrong question. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811 (1985) (a court in a class action "seeks to adjudicate the[] claims" of the absent class members); *Molock*, 952 F.3d at 307 (Silberman, J., dissenting) ("the party status of absent class members" is "irrelevant" to the personal jurisdiction inquiry).

Even if "party" status mattered, absent class members should be considered parties for purposes of the personal jurisdiction inquiry in this case. Plaintiffs admit that "party" status is a legal conclusion, not an "absolute characteristic." *See* Opp. at 11; *see also Mussat*, 953 F.3d at 447 ("The proper characterization of the status of absent class members depends on the issue.") (citing *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002)). So, regardless of whether absent class members are

"parties" for other purposes, the relevant inquiry here is whether the class members should be treated as parties for purposes of personal jurisdiction.[3] And because personal jurisdiction concerns the power of the court over the defendant with respect to *claims*, the answer is "yes." Thus, the Court should reject the reasoning of the Seventh Circuit in *Mussat* (or the Sixth Circuit), where the court declared absent class members were not parties *ipse dixit* without addressing the unavoidable fact that the court was being asked to hold the defendant liable for those class members' *claims*. *See Mussat*, 953 F.3d at 447; *Lyngaas*, 992 F.3d at 435; *Fischer*, 42 F.4th at 375; *see also Molock*, 952 F.3d at 307 (Silberman, J., dissenting) (noting that "party status" is not the "key to all disputes about absent class members").

*Third*, Plaintiffs contend that Rule 23 provides the requisite "due-process" for class actions by "ensur[ing] that the claims of the class members are similar enough to those of the named plaintiffs that a judgment can fairly bind the defendant as to the entire class," but this is unavailing. Opp. at 11. "Similarity of claims" as a proxy for personal jurisdiction was explicitly rejected in *Bristol-Myers*. The Court made clear that similarity is no substitute for the jurisdictional requirement that there be a "connection between the forum and the specific claims at issue." 582 U.S. at 265. Rule 23 does not require a nexus between the forum and the claims. Plaintiffs' attempt to bridge the gap between Rule 23 and personal jurisdiction by asserting that Rule 23 requires *so much* similarity that absent class members' claims must "relate to" the defendant's contacts with the forum, Opp. at 12 (citing 2 Rubenstein, *supra*, § 6:30), conflates separate issues (*i.e.*, similarity

[3] Courts that treat absent class members as nonparties have recognized that plaintiffs who affirmatively opt in, as in FLSA collective actions, must establish personal jurisdiction. *See Canaday v. Anthem Cos.*, 9 F.4th 392, 397 (6th Cir. 2021); *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 385 (3d Cir. 2022). Following the Court's October 28, 2026 Scheduling Order, absent class members here must "opt in" and participate in this case by responding to a questionnaire or face dismissal of their claims. ECF 312. This is another reason the personal jurisdiction principles underlying *Bristol-Myers* should not be disregarded for lack of a "party" label.

of the claims under Rule 23 and the defendant's connection with any given plaintiff's claims) and conflicts with *Bristol-Myers*. *See* 582 U.S. at 264–65 (citing *Walden v. Fiore*, 571 U.S. 277, 286 (2014)) ("a defendant's relationship with a [plaintiff or] third party, standing alone, is an insufficient basis for jurisdiction[,]" and that "remains true even when third parties . . . can bring claims similar to those brought by the nonresidents"). The focus remains on the connection between the forum and each claim, not similarities between claims. Moreover, Rule 23 does not protect a defendant's due process rights as Plaintiffs imply—it protects the rights of absent class members. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 847 (1999).

*Fourth*, Plaintiffs attempt to distinguish *Bristol-Myers* and *Shady Grove,* contending that *Bristol-Myers* did not hold that personal jurisdiction requires a connection between the forum and "each *class member's* claim," Opp. at 13 (emphasis added), and that *Shady Grove* did not involve personal jurisdiction, *id.*, but those distinctions are meaningless. *Bristol-Myers* reiterated the principles for specific personal jurisdiction. It is Plaintiffs who fail to explain why those principles do not apply to the claims of class members even though Plaintiffs want to hold United liable for those absent class members' claims. Indeed, that unavoidable fact is the "reason," Opp. at 13, why the "claim-by-claim approach to personal jurisdiction" that applies in all other cases should apply to class members' claims here. *Shady Grove* explains what the class action mechanism is and does—*i.e.*, it is a species of joinder that leaves all rights and duties "unchanged." 559 U.S. at 408 (plurality opinion). Rule 23 was never intended to circumvent personal jurisdiction requirements, nor could it, given the Rules Enabling Act. And the example of former named plaintiff Turnbough, *see* Br. at 8–9—which Plaintiffs do not dispute—illustrates exactly why a class action should not disturb the basic principles of personal jurisdiction. Plaintiffs assert that there is nothing "anomalous" about the prospect of Turnbough springing back into the case after his claims were

dismissed for lack of personal jurisdiction, Opp. at 15, but ignore the irregularity that he would be able to obtain a binding judgment in this Court (if the Court had certified an ADA class) after the Court already had held that it lacked the power to adjudicate his claims.

*Finally*, Plaintiffs repeatedly argue that if *Bristol-Myers* were extended to class actions, it "would force parties to litigate the same claims in multiple courts." Opp. at 12; *see also id.* at 14, 16. But this is incorrect, as United explained: "U.S.-based defendants [like United] will always be suable in their home jurisdictions." Br. at 13. Here, non-Texas class members are free to sue in Illinois. Even considering Plaintiffs' alleged "efficiency" concerns, the Supreme Court has made clear that factors such as the convenience of the forum state do not override the Due Process Clause, under which the primary concern is "the burden on the defendant." *Bristol-Myers*, 582 U.S. at 263.

## II. THE COURT SHOULD DISMISS OR TRANSFER THE CLAIMS OF OUT-OF-STATE CLASS MEMBERS FOR IMPROPER VENUE.

Class members who did not work in Texas cannot establish venue here for their Title VII claims because (1) the unlawful employment practice was not committed in Texas for any class members, (2) the relevant employment records are not in Texas, and (3) for class members who work for United outside of Texas, there is no argument that they "would have worked [in this state] but for the alleged unlawful employment practice." *See* 42 U.S.C. § 2000e-5(f)(3); *Engstrom v. Air Line Pilots Ass'n, Int'l and United Airlines, Inc.*, No. 6:22-cv-02130, ECF No. 53 at 5–7 (M.D. Fla. Nov. 6, 2023). Not only do Plaintiffs fail to address the application of Title VII's venue provision as to class members' claims, they misconstrue United's arguments.

*First*, Plaintiffs improperly characterize United's request for dismissal or transfer for improper venue under 28 U.S.C. § 1406(a) for class members who did not work in Texas as a request for reconsideration. Opp. at 16. It is not. As explained, this is the first opportunity United

has had to raise the issue of improper venue as to the claims of the *class* members, since the Court previously held that it could not decide defenses as to absent class members until after class certification. *See* Br. at 15 n.5 (citing ECF 103 at 12 (noting the class is not subject to the Court's power before certification); *Cruson*, 954 F.3d at 250. Plaintiffs thus spend much of their opposition responding to an argument United did not make.

*Second*, Plaintiffs also misunderstand Title VII's venue provision, arguing it is "permissive, not exclusive." Opp. at 18. But here again, Plaintiffs are wrong because the "venue provisions of § 2000e–5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions . . . ." *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (quoting *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006)).

*Third*, Plaintiffs assert that venue is satisfied here because it is "proper as to the named plaintiffs," Opp. at 18, but fail to contend with *Abrams Shell v. Shell Oil Co.*, 343 F.3d 482, 489 (5th Cir. 2003) (finding venue should be satisfied "among the parties who have in fact been brought personally before the court"). Unlike the class in *Abrams*—given the Fifth Circuit's instruction regarding individual discovery and in light of this Court's Scheduling Order—class members here are required to participate in the litigation or be dismissed from the class. *See* ECF 312 at 3 (requiring class members to respond to a factual questionnaire regarding religious sincerity). Thus, unlike *Abrams*, class member participation is integral to this case, meaning proper venue for the class is essential. Moreover, venue is improper in Texas for Named Plaintiffs Sambrano (based in New Jersey), Kincannon (based in California), and Burk (based on California). *See* Br. at 17 n.6.[4]

[4] To be clear, United did also note the Court has the inherent power to transfer under 28 U.S.C. § 1404 given the case developments, lack of personal jurisdiction, and other venue concerns. *See* Br. at 17 n.6. But United did not move for reconsideration of the Court's prior order.

*Finally*, Plaintiffs' description of the public and private interest factors, Opp. at 19, relates to transfer for convenience under 28 U.S.C. § 1404(a), which United is not seeking. What matters here is whether 28 U.S.C. § 1406(a) and Rule 12(b)(3)requires dismissal or, in the interests of justice, transfer for lack of venue. For the out-of-state class members who do not satisfy Title VII's mandatory venue provision, the Court should dismiss or transfer their claims.[5]

## III. THE COURT SHOULD CERTIFY A § 1292(b) APPEAL.

Plaintiffs dispute that this issue is ripe for Fifth Circuit review under Section 1292(b), claiming "all relevant circuit authority" and "nearly all" district court opinions go their way. Opp. at 21. But the only relevant circuit court—the Fifth Circuit—has unequivocally *not* decided this issue, and acknowledged—*after* the circuit court decisions in *Molock* and *Mussat*—that it remains a contested question. *Cruson*, 954 F.3d at 247 n.4, 249.

Plaintiffs also assert that United waived its ability to challenge jurisdiction as to the class. Opp. at 21. But not only has United preserved this defense at every available opportunity—ECF 47 at 3, ECF 160 at 3 n.2, ECF 236 at 59—the Court directed that "[i]f the class is certified, United may then re-urge its Motion as to that class." ECF 103 at 14. The Court's invitation made clear that the jurisdiction motion should be raised *after* class certification ("if the class is certified"), not in parallel. And contrary to Plaintiffs' assertion that the Court "again rejected" the argument at class certification, Opp. at 4, the Court's order never mentions personal jurisdiction and does not indicate the Court ruled *sub silentio* on this important issue that it deferred in 2021. *See* ECF 263. Even so, in a Rule 23(f) appeal, "a party may appeal only the issue of class certification; no other issues may be raised." *Bell v. Ascendant Solutions, Inc.*, 422 F.3d 307, 314 (5th Cir. 2005). As a

[5] Plaintiffs mischaracterize United's discussion regarding the class definition. United does not seek "reconsideration" of the Court's order on class certification. Opp. at 19–21. Rather, as one way to effectuate a dismissal of out-of-state class members, the Court can exercise its inherent authority to amend the class definition. *See* Br. at 17–18.

result—even if this Court had ruled on these issues—United could not have properly appealed them to the Fifth Circuit earlier.

Finally, Plaintiffs suggest that a Section 1292(b) appeal would not materially advance the litigation because its consideration would take time and "delay the resolution of this case further." Opp. at 22. But applying that logic, no interlocutory appeals would ever be certified. More fundamentally, Plaintiffs ignore the harsh reality of a delayed ruling on this threshold issue: any decision on the "merits" of the class members' claims by a court with no jurisdiction would be vacated, requiring Plaintiffs to re-file in the proper forum, significantly delaying ultimate judgment. *See Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 432 & n.3 (2026) (an "uncured jurisdictional defect means that the judgment must be vacated . . . regardless of how efficient it might be to leave the judgment in place" and noting that Section 1292(b) exists for parties to reduce this type of "wasteful litigation"). If the Court certifies an appeal, it is reasonable to expect it to be resolved before the class trial in this case (or any subsequent individualized proceedings) such that it will save resources.

**CONCLUSION**

For the foregoing reasons, the Court should grant United's partial motion to dismiss or transfer for lack of personal jurisdiction and/or venue, or in the alternative, the Court should certify its ruling for interlocutory appeal under 28 U.S.C. § 1292(b). The Court should dismiss the non-Texas claims or send them to Illinois.

Dated: November 19, 2026

Respectfully submitted,

*/s/ Russell D. Cawyer*
Russell D. Cawyer
Texas Bar No. 00793482
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 878-3562
Facsimile: (817) 335-2820
russell.cawyer@kellyhart.com

Jonathan M. Linas (*pro hac vice)*
Illinois Bar No. 6290055
Jordan M. Matthews (*pro hac vice*)
Illinois Bar No. 6300503
**JONES DAY**
110 N. Wacker Drive, Suite 4800
Chicago, Illinois 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
jlinas@jonesday.com
jmatthews@jonesday.com

Alexander V. Maugeri (*pro hac vice*)
New York Bar No. 5062666
**JONES DAY**
250 Vesey Street
New York, New York 10281-1047
Telephone: (212) 326-3880
Facsimile: (212) 755-7306
amaugeri@jonesday.com

**ATTORNEYS FOR DEFENDANT UNITED AIRLINES, INC.**

**CERTIFICATE OF SERVICE**

On this day, November 19, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ *Russell D. Cawyer*
Russell D. Cawyer